IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-CV-00133-MEO-DCK

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,<br><br>Defendants. | **MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Joe Gibbs Racing, LLC ("JGR" or the "Company"), by and through counsel, move this Court to enter a temporary restraining order and preliminary injunction against Defendants Christopher Gabehart ("Gabehart") and Spire Motorsports, LLC ("Spire") and enjoining Gabehart and Spire as set forth in this Motion. In support of this Motion, Plaintiff relies on its supporting Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction ("Memorandum") filed contemporaneously with this Motion and the Declarations of Walter Brown, Tim Carmichael, and Clark Walton attached hereto as **Exhibits A**, **B**, and **C**, respectively:

1. Rule 65 of the Federal Rules of Civil Procedure authorizes courts to enter injunctive relief in appropriate circumstances.

2. A temporary restraining order and preliminary injunction may be issued when a plaintiff shows "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Green v. ABC Companies*, 702 F. Supp.3d 418, 423 (W.D.N.C. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d

249 (2008)) (temporary restraining order); *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020), *as amended* (Jan. 14, 2020) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)) (preliminary injunction).

3. As set forth in the Memorandum, JGR is likely to succeed on the merits of its claims. The evidence establishes that Gabehart and Spire have unlawfully acquired and used JGR's Confidential Information and Trade Secrets—as defined in the Memorandum. Gabehart has actively competed with JGR after his employment with JGR and has joined JGR's direct competitor, Spire, as its Chief Motorsports Officer. In that role, he will provide services to JGR's competitor of the same type he provided JGR and use JGR's Confidential Information and Trade Secrets to do so.

4. Gabehart's conduct is in violation of the noncompete and confidentiality obligations contained in Defendant's Employment Agreement with JGR (the "Agreement") that Defendant and JGR entered into effective December 1, 2024. JGR terminated the Agreement for cause due to Defendant's breaches of the Agreement.

5. Gabehart's and Spire's conduct is in further violation of the federal Defend Trade Secrets Act, 18 U.S.C. §§1836 *et seq.*; the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. §§ 66-152 *et seq.*; and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 *et seq.*

6. Spire's conduct in hiring Gabehart to perform services of the same kind he provided JGR constitutes tortious interference with the noncompete Agreement between JGR and Gabehart.

7. As a direct and proximate result of Gabehart's conduct in breach of the Agreement and in violation of the above-referenced federal and state statutes as well as Spire's tortious interference with the Agreement and violation of the above-referenced federal and state statutes,

JGR has suffered and will continue to suffer irreparable harm if it does not receive immediate injunctive relief pending the outcome of this litigation.

8. The balance of equities lies in favor of JGR as Gabehart's and Spire's conduct is causing and, unless it is restrained, will continue to cause JGR irreparable harm. Conversely, there is no likelihood of harm to Gabehart and Spire if the requested relief is granted.

9. Public interest supports the issuance of injunctive relief to protect JGR's Confidential Information and Trade Secrets, enforce the binding noncompete terms that Defendant agreed to and Spire is aware of, and restrain Spire from tortiously interfering with JGR's rights under the Agreement.

10. Counsel for JGR has conferred with counsel for Gabehart concerning the relief requested in the Motion, and counsel for Gabehart has indicated Gabehart does not consent to the relief requested in the Motion. Similarly, JGR has conferred with Spire concerning the relief requested in the Motion, and Spire does not consent to the relief requested in the Motion.

11. In consideration of the foregoing, and for the reasons set forth in the Memorandum, a temporary restraining order and preliminary injunction should be entered to preserve the status quo.

WHEREFORE, JGR respectfully prays that this Court issue a temporary restraining order and preliminary injunction directing that:

   a. Gabehart cease and desist working or performing any services for Spire similar to those he provided to JGR for the 18 months following February 9, 2026;

   b. Spire cease employing or accepting services from Gabehart in violation of Gabehart's noncompete obligations under the Agreement and using, retaining or disclosing any of

JGR's Confidential Information and Trade Secrets in its possession, custody, or control;

c. Gabehart immediately cease and desist from retaining, transferring, using or copying any Confidential Information and Trade Secrets;

d. Gabehart return any Confidential Information and Trade Secrets in his possession to JGR;

e. Gabehart transfer to the custody of JGR's counsel any device used to store the Confidential Information and Trade Secrets and, through an agreed upon Court ordered process, allow the forensic preservation and review of these devices for identification of Confidential Information and Trade Secrets, the return of any identified Confidential Information and Trade Secrets to JGR, and the removal of any identified Confidential Information and Trade Secrets from the devices;

f. Gabehart cease and desist from using or disclosing JGR's Confidential Information and Trade Secrets to third parties;

g. The Court order any such other relief that is just and proper.

*[Remainder of page intentionally left blank]*

This the 24th day of February, 2026.

                                      **PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this Motion, with the exception of the standard artificial intelligence embedded in WestLaw. Every statement and every citation to an authority contained in this Motion has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing **MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was electronically filed with the Clerk using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 24th day of February, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*