# EXHIBIT C

## Forensic Review Protocol

The following protocol (the "Protocol") will govern the production of electronically stored information ("ESI") and the examination of electronic storage devices ("ESD") to be inspected as part of this agreement between Joe Gibbs Racing, LLC (the "Company" or "JGR") and Christopher Gabehart ("Gabehart") (collectively, the "Parties"). The Company has retained Reliance Forensics, LLC ("Reliance" or "Forensic Expert") to conduct the forensic imaging and/or review of Gabehart's ESD and ESI.

**Preservation of Gabehart's Devices and ESI**: The Company's primary objective is to conduct an inspection of Gabehart's devices and accounts to locate any confidential Company information that Gabehart may have in his possession. The Company seeks to obtain copies of such confidential Company information, to determine what access was made to and what use and further dissemination or transfer of such information was made, and to then ensure the removal of that information from Gabehart's possession in a manner that neither damages the devices nor the contents thereof.

Gabehart's devices and accounts to be inspected and imaged are as follows:

- Gabehart's personal cell phone (which is acknowledged to contain photos of documents that Gabehart prepared that also contain Company information); and

- Gabehart's Google Drive account (which is acknowledged to contain a folder Titled "Spire" and a subfolder titled "Past Setups" regarding Gabehart's notes).

- Gabehart certifies that the only confidential Company information in his possession and control is either on his personal cell phone or in his personal Google Drive account. To that effect, Gabehart shall execute the Declaration of Christopher Gabehart attached hereto as **Exhibit A** contemporaneously with executing this Protocol.

**Review of Devices and Accounts**: Any devices or accounts identified for inspection will have mirror image or, as applicable, forensic extraction ("Images"), created by the Forensic Expert. The Forensic Expert will create the Images in a format that preserves and secures the original data in a format that can be searched.

**Forensic Analysis and Secure Deletion**: The Forensic Expert shall examine the Images for the sole purpose of determining whether any confidential, proprietary, or trade secret information belonging to the Company ("Company Information") remains in Gabehart's possession, custody, or control. In doing so, Forensic Expert shall examine the Images to determine whether any such Company Information is stored thereon, whether in an active or deleted state. Forensic Expert shall not use devices and storage media tendered for examination, or any information or credentials derived from same, to access any electronic information not present on the devices and storage media when tendered for examination. This prohibition includes but is not limited to accessing private online or Cloud accounts, email accounts or servers, private social media sites and banking and credit card accounts and transactions to the extent they are not accessed for the purposes of locating Company Information.

Forensic Expert may use a variety of approaches to identify potential data, including, but not limited to:

a) Comparing files on the Images against known Company files;
b) Performing a search for "JGR," "Joe Gibbs Racing," or any other name commonly used to refer to the Company within the content and metadata of files;
c) Performing a search for the Company's sponsor names or the Company's teams or equipment within the content and metadata of files; and
d) Performing searches for keywords as agreed to by the Parties that are reasonably targeted at identifying Company data.

At the time Forensic Expert prepares the Images, he will also permanently delete any known Company Information that is on Gabehart's personal cell phone including above referenced photos of documents that Gabehart prepared that also contain Company Information.

Upon the Forensic Expert completing preparation of the Images, Gabehart may retain possession of the devices and accounts imaged before the Forensic Expert permanently deletes any Company Information contained on Gabehart's devices and accounts. During such time, Gabehart shall not access, modify or otherwise alter any Company Information stored on any of his devices or accounts and shall not transmit, copy or otherwise retain any Company Information stored on any of his devices or accounts. Prior to permanently deleting any Company Information stored on Gabehart's devices or accounts, the Forensic Expert shall confirm no Company Information was accessed, modified, otherwise altered, transmitted or electronically copied. Should the Forensic Expert determine any Company Information was accessed, modified, otherwise altered, transmitted or electronically copied while Gabehart was in possession of the devices or accounts after the Images were created, Gabehart shall bear the costs of the Forensic Expert conducting a second imaging of the devices and accounts consistent with the procedure outlined above.

To the extent the Forensic Expert has direct or indirect access to information protected by attorney-client privilege, such access will not result in a waiver of attorney-client privilege.

All data and analyses governed by this Protocol are deemed protected material. Possession of such material is limited to the Forensic Expert and the counsel for the parties. Counsel may only share or review the protected material with their respective clients after counsel has had the opportunity to review the data extracted by the Forensic Expert for privilege and personal documents.

Any data or reporting resulting from the forensic analysis will first be produced to counsel for Gabehart. No data will be provided to counsel for JGR (or JGR) until it has been reviewed and released by counsel for Gabehart. Counsel for Gabehart may withhold from production to counsel for JGR only those items deemed in good faith to constitute privileged and/or purely personal materials. Review by counsel for Gabehart shall be completed in a timely fashion after receipt of such data and analyses from the Forensic Examiner.

After completing its review, counsel for Gabehart shall release to counsel for JGR any Company Information received from the Forensic Examiner, excluding those items withheld as privileged and/or purely personal materials. When counsel for Gabehart transmits such data and analyses to counsel for JGR, a listing of the data that was forwarded to counsel for Gabehart will be included with the data. This index will include file name, file path, the dates created, last

PPAB 13184609v2                                   2

accessed and last modified, and the file size, as feasible. Data not in the form of a file will be identified on the listing in a reasonably clear and practical manner. Counsel for Gabehart will identify on the listing any items that will not be produced and the basis for withholding such items. If counsel for JGR believes that any items were improperly withheld from production, the parties agree to promptly discuss and attempt to resolve the dispute. If such dispute is not resolved through discussion, the parties agree to submit the issue to the Forensic Examiner to make a binding determination of whether withheld items constitute privileged and/or purely personal materials.

Counsel for JGR shall be permitted to share Company Information released by counsel for Gabehart directly with any officers or employees of JGR reasonably needed to review and understand such data and analysis. Upon reviewing the data and analyses provided by Forensic Expert and reviewed by Gabehart's counsel per this protocol, if the Company determines Gabehart is in possession of its documents, specifically those containing confidential, proprietary, or trade secret information, the Company may instruct the Forensic Expert to extract and/or safely delete the Company's files from Gabehart's devices and accounts. Gabehart does not take issue with and agrees to cooperate with the secure extraction and/or deletion of files solely relating to the Company Information or its files from his accounts and/or devices. Following the examination, Forensic Examiner will certify that any files containing Company Information have been extracted and deleted from Gabehart's devices and accounts.

**Miscellaneous**: The Parties acknowledge and agree: (a) that they are entering into the Protocol voluntarily; (b) they consent to Reliance performing the work as described herein; and (c) the undersigned have the authority to execute this Protocol on behalf of the Parties. The Company specifically reserves the right to pursue any and all available legal remedies relating to Gabehart's conduct. Gabehart specifically reserves the right to pursue any and all available legal remedies relating to the Company's conduct. This Protocol shall not be construed as a waiver of any of the Company's or Gabehart's potential rights and remedies.

Date: *Tory Ian Summey* 1/9/26

Tory Summey

*Counsel for Company*

Date: 1/9/26 *Cary Davis*

Cary Davis

*Counsel for Gabehart*

## EXHIBIT A: DECLARATION OF CHRISTOPHER GABEHART

I, Christopher Gabehart, declare as follows:

1. I am over 18 years of age and have personal knowledge of the facts contained in this Declaration.

2. As of the date of this Declaration, I have conducted a reasonable search of my files, accounts, and devices.

3. Based on that search, the only confidential information I have in my possession or control relating to Joe Gibbs Racing, LLC ("JGR") is either on my personal cell phone or in my personal Google Drive account.

4. Except for the locations identified above, I have not located and am not otherwise aware of being in possession of any additional confidential information relating to JGR.

5. Since November 1, 2025, I have not transferred confidential information belonging to JGR to any third party, including my spouse, nor have I intentionally allowed any third party, including my spouse, to view any confidential information belonging to JGR.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of January, 2026.

_____
Christopher Gabehart