# EXHIBIT I



600 S. Tryon St.
Suite 2300
Charlotte, NC 28202

Spencer T. Wiles
SWiles@rbh.com
T: 704.377.8374

February 11, 2026

**VIA EMAIL**

Tory Ian Summey
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202-1935
torysummey@parkerpoe.com

      Re:    Joe Gibbs Racing, LLC // Christopher Gabehart — Follow-Up to Today's Discussion

Tory:

We write to follow up on our conversation today and your February 9, 2026 letter.

We disagree with your characterization of the facts and, for the reasons we discussed, we do not believe JGR will be able to enforce the non-compete or otherwise restrict Mr. Gabehart's future employment opportunities. Given that the forensic examination (i) confirmed Mr. Gabehart did not use or disclose any JGR Confidential Information and (ii) resulted in the deletion of any such information in his possession, JGR's continued effort to enforce the non-compete seems entirely punitive in nature – *i.e.*, not justified by any legitimate business interest in protecting JGR's confidential information.

Nevertheless, we remain interested in resolving this matter. As we discussed, Mr. Gabehart has an opportunity to work for Spire Motorsports in the role of Chief Motorsports Officer. To address JGR's concern that its Confidential Information may have been transmitted to Spire or could be used by Spire in the future, we are authorized to offer Spire's cooperation in addressing those concerns. We can discuss further what that would look like, but we understand Spire would be willing to allow a neutral forensic examiner, under a mutually agreed protocol, to review its materials solely to confirm that no JGR information was transmitted to or used by Spire. Mr. Gabehart and Spire are confident enough in the results of the forensic examination to invite this additional scrutiny. This offer provides JGR with a concrete mechanism to verify for itself that its information was not compromised and should alleviate the confidentiality concerns outlined in your recent correspondence. We understand Spire also would be willing to enter into an agreement representing that it has not received any JGR Confidential Information from Mr. Gabehart and agreeing not to obtain or use any JGR Confidential Information from Mr. Gabehart in the future.

Additionally, in an effort to resolve this matter, Mr. Gabehart is willing to enter into a separation agreement that includes the terms outlined in your February 9th letter, with the exception of the two-year sit-out period.

Robinson, Bradshaw & Hinson, P.A.
robinsonbradshaw.com

Further, in a good-faith effort to resolve this dispute so all parties can move on, Mr. Gabehart is willing to pay up to $50,000 of JGR's reasonable legal fees, without any admission of liability, and as part of a mutually acceptable written agreement.

Please confirm that these terms are agreeable to your client so we can promptly circulate proposed language for the Spire review protocol and a draft separation agreement.

Sincerely,

ROBINSON, BRADSHAW & HINSON, P.A.

**Spencer T. Wiles**

STW