**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-CV-00133-SCR-DCK**

JOE GIBBS RACING, LLC,

               Plaintiff,

      v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

               Defendants.

## SECOND DECLARATION OF TIM CARMICHAEL

## SECOND DECLARATION OF TIM CARMICHAEL

**Tim Carmichael** states as follows:

1.     I am an adult over the age of 18 years old and competent to testify.

2.     I have worked for Joe Gibbs Racing, LLC ("JGR") from 1997 to 2009 and from 2013 to the present.  I currently serve as JGR's Chief Financial Officer.

3.     I have reviewed the Declaration of Christopher Gabehart dated February 25, 2026 (the "Gabehart Dec.").  DE 12.

4.     In paragraph 7 of his Declaration, Gabehart contends that

> on or around November 6, 2025, I provided written notice to JGR pursuant to Section 6 of the [Employment] Agreement (the 'Written Notice').  The Written Notice identified specific job duties and responsibilities assigned to me that were materially inconsistent with my reasonable expectations when I accepted the position of Director of Cup Series Competition and with the job description provided by JGR and Coach Gibbs prior to the Start Date.

DE 12 ¶ 7.  I am not aware that Gabehart delivered any such written notice to JGR on or about November 6, 2025 or at any other time.

5.     On November 7, 2025 at 10:46 a.m., Gabehart sent me an email with the subject line "RE: Future Planning."  A true and accurate copy of this email chain is attached hereto as **Exhibit 1**.  Based on his Declaration, it appears that Gabehart may contend that this email was written notice under Section 6 of his Employment Contract.

6.     I did not understand Gabehart's email dated November 7, 2025 at 10:46 a.m. to constitute written notice under his Employment Agreement effective December 1, 2025.  The email did not (a) identify any specific job duties or responsibilities assigned to Gabehart that were inconsistent with his reasonable expectations or the job description provided; (b) provide JGR with at least sixty (60) days to resolve such inconsistencies to Gabehart's satisfaction, or (c) provide sixty (60) days prior written notice of termination due to unresolved inconsistencies.

1

7.      On November 8, 2025, after closely reading Gabehart's email, I informed him that "I read this as you are done and you want to tell him all the things they did wrong on your way out." DE 12-3 p. 3.

8.      Gabehart has not signed a complete mutual release agreement with JGR as required by Section 6 of his Employment Agreement.

9.      JGR paid Reliance Forensics $12,081.25 for services rendered from January 1, 2026 to January 30, 2026.

10.      Gabehart contributed a total of $5,500 to the forensic review conducted by Reliance Forensics.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

PPAB 13428422v1

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

**TIM CARMICHAEL**

PPAB 13428422v1

# EXHIBIT 1

**From:** Tim Carmichael <span style="background:black;color:white">Redacted</span>
**Sent:** Friday, November 7, 2025 1:09 PM
**To:** Chris Gabehart <span style="background:black;color:white">Redacted</span>
**Subject:** Re: Future Planning

10-4, thanks for the update.  I hope it all works out.

---

**From:** Chris Gabehart <span style="background:black;color:white">Redacted</span>
**Sent:** Friday, November 7, 2025 10:46 AM
**To:** Tim Carmichael <span style="background:black;color:white">Redacted</span>
**Subject:** RE: Future Planning

This is probably a little late as I am sure you have heard about it already. But for completeness and to keep you in the loop, below is the written version of my discussion with Coach and what I left him with last night.

End of Year Job Resolution
Tuesday, November 4, 2025
10:35 AM

1. I've been embarrassed both internally and externally. You asked me to do a job and then gave me no internal or public support to actually do the job. In my view, the way was never cleared and therefore my ability to do the job was compromised. I am not sure this can be repaired as 1st impressions can be difficult to undo.
   a. NASCAR - <span style="background:black;color:white">Redacted</span>
   b. 23XI - <span style="background:black;color:white">Redacted</span>
   c. Internal - more detail below

2. Job Description - Not, at all, as advertised.
   a. Coach, Heather, Dave, Michael, Tim, Wally and Myself were constantly intertwined in making even low to medium level competition decisions. Let alone high level. That is a dysfunctional organizational structure that I can't continue forward in.

b. In May when asked by you, I showed you the Organization Chart that I was told I would be responsible for in November which is the same as I see it now. The reality of 2025 fell far short of that.

c. Last November, I changed job's under the understanding that I was going to be given the autonomy to be a leader, like I was on the 11 car, not a middle manager. This has fell far short of that.

3. It is important to me to be a part of a professionally ran race team. The 54 is 1 of our 4 cars and, in my view, should be managed and held accountable as such. Right now, it is managed by you and everyone knows it. And while that is ok and certainly your right, in my view it compromises the leadership and values structure that everyone else in the organization is being held accountable to. That is a long term problem with unsustainable unintended consequences. Some examples below:

   a. Ty not coming to meetings that everyone else is expected to attend. With no outward consequences.

   b. Compromising Redacted outward leadership and growth by putting me out front.

   c. Redacted interviewing and onboarding to the team without my council.

   d. Redacted signed to a Redacted without my council.
      i. Constant evaluation of jack men and pit crews through Redacted and others without any council with me first.

   e. Redacted signed to a Redacted without my council Redacted Redacted . A horrible scenario, in my opinion.

   f. Consulting everyone but me on weekly performance conversations about the 54 and by doing so undermining my credibility with the very people that are supposed to be "working for me."

- All of the above suggests to me that you don't value and/or trust my leadership abilities enough to be a leader of the 54 team from an overall competition perspective. And if you don't trust me with that, then I don't expect that you trust me with any of it as a whole.

4. Trust has been broken. Seemingly on both sides. I am not sure this can be repaired.

   a. Even if you and I can repair it, which may be doable, I am not certain that the resentment that Heather and Ty now clearly show towards me will ever be repaired. And with them being the future leaders of this company, I'm afraid that leaves me in a no-win situation.

**Chris Gabehart**
Competition Director
Joe Gibbs Racing
O:(770) 313 4607

---

**From:** Tim Carmichael <span style="background:black;color:white">Redacted</span>
**Sent:** Monday, October 27, 2025 5:07 AM
**To:** Chris Gabehart <span style="background:black;color:white">Redacted</span>
**Subject:** Re: Future Planning

Thanks.  I hope it works out in a way everyone is happy with.  Let me know if you need anything.

Tim

---

**From:** Chris Gabehart <span style="background:black;color:white">Redacted</span>
**Sent:** Sunday, October 26, 2025 8:58 AM
**To:** Tim Carmichael <span style="background:black;color:white">Redacted</span>
**Subject:** Future Planning

Good morning, Tim.

I wanted to let you know that after the conversation you and I had Thursday about my contract and my place with the company moving forward, as well as your follow up with Joe, he asked to have a talk with me last night after our competition meeting.

We did so and both agreed that this year has not gone the way we both believed it would to start the year from an organizational or leadership perspective. Beyond that, it was very open ended with no clear resolve. It was agreed upon that we would get through the rest of the season and then try to figure it out.

While the focus for the next 7 days is clear to us all, I do have some concerns about this dragging out, so I wanted to keep you in the loop and thank you again for helping me get this process started.

Thanks

**Chris Gabehart**
Competition Director
Joe Gibbs Racing
13415 Reese Blvd W, Huntersville, NC 28078
O:(770) 313 4607



IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipients only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing **SECOND DECLARATION OF TIM CARMICHAEL** was electronically filed with the Clerk using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 27th day of February, 2026.

PARKER POE ADAMS & BERNSTEIN LLP

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
T: (704) 372-9000
F: (704) 334-4706
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*