**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:26-CV-00133-SCR-DCK**

|  |
|---|
| JOE GIBBS RACING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC, <br><br> Defendants. |

**DECLARATION OF BRANDON BRIDGES**

## DECLARATION OF BRANDON BRIDGES

I, Brandon Bridges, declare under penalty of perjury, as follows:

1.      I am a resident of Shelby, North Carolina, and I am over eighteen years of age. The statements below are made on the basis of my personal knowledge and belief.

2.      I swear to this Declaration with the understanding that it be used to oppose Plaintiff Joe Gibbs Racing, LLC's ("JGR") Motion for a Temporary Restraining Order and Preliminary Injunction.

3.      I am the Director of IT at Spire Motorsports, LLC ("Spire"), which is a role I have held for two years.  In my role, I oversee Spire's issuance of company-issued devices, and I also manage the company's internal IT resources, including its email and document management systems.

4.      I have been made generally familiar with the allegations in this lawsuit. In connection with Spire's inquiry into same, I reviewed the relevant company records pertaining to Spire's IT resources and confirmed that Christopher Gabehart ("Mr. Gabehart") obtained access to Spire's IT resources on February 17, 2026.  This included access to his corporate Spire email

and Microsoft Teams accounts, as well as access to Spire's document management system, SharePoint. Mr. Gabehart was also assigned a Spire company computer that same day, a Dell Precision 7680 Engineering Laptop.

5.     I personally authorized his access to those systems on February 17, 2026. His date of access is confirmed by the screenshot contained in **Exhibit A**. I am the only person that could have authorized Mr. Gabehart to access Spire's electronic systems. I also personally issued Mr. Gabehart his company laptop on that date.

6.     Therefore, prior to February 17, 2026, I have no evidence or reason to believe that Mr. Gabehart had any access to Spire's IT systems and resources.

7.     Spire did not issue any physical electronic devices to Mr. Gabehart other than the Dell Precision 7680 Engineering Laptop.

8.     Upon being notified that Spire was a named party in the lawsuit identified above, Spire took acted quickly to secure Mr. Gabehart's laptop. Spire has obtained and secured the laptop issued by Spire to Mr. Gabehart and Spire is in the process of transmitting that laptop to an independent forensic examiner for preservation and analysis.

9.     My understanding of the facts is that the JGR files at issue in this lawsuit were deleted by JGR's forensic examiner on or about February 5, 2026 and were thus not available to Mr. Gabehart at the time he was given access to Spire's IT resources and company laptop. At this time, I therefore have no reason to believe that Mr. Gabehart distributed, shared, or transmitted JGR confidential information using Spire's IT systems or company-issued laptop.

10.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 27, 2025

Brandon Bridges

3

# EXHIBIT A

