IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:26-CV-00133-SCR-DCK

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,<br><br>Defendants. | **MOTION FOR EXPEDITED DISCOVERY AND INCORPORATED MEMORANDUM IN SUPPORT** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and Local Rules 7.1(c) and 16.1(f), Plaintiff Joe Gibbs Racing, LLC ("JGR" or "Plaintiff") hereby seeks an order granting limited expedited discovery (the "Motion") that is narrowly tailored to gather documents exclusively in the control of Defendants Christoper Gabehart and Spire Motorsports, LLC ("Spire" and together with Mr. Gabehart, "Defendants") that are relevant to this Court's consideration of Plaintiff's pending Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 9).

Plaintiff has attempted in good faith to confer with Defendants to resolve this matter. Counsel for Plaintiff conferred with counsel for Defendants via email on March 1, 2026 and subsequently provided the proposed requests for production, but the parties were unable to resolve their disagreements related to Plaintiff's requested expedited discovery.

I.    **INTRODUCTION**

On February 19, 2026, Plaintiff filed a complaint (Dkt. No. 1) against Defendants alleging, among others, claims for misappropriation of trade secrets under both federal and state law and unfair trade practices. On February 24, 2026, Plaintiff filed an amended complaint (Dkt. No. 8), further alleging that, in addition to the misappropriation of trade secrets and unfair trade practices,

1

Defendant Gabehart breached his contract with Plaintiff, and Defendant Spire tortiously interfered with Plaintiff's contract with Defendant Gabehart.  Dkt. No. 8, Am. Compl. ¶¶ 126–76.

Plaintiff has filed a Motion for Temporary Restraining Order and Preliminary Injunction, requesting that (i) Defendant Gabehart cease and desist working or performing any services for Defendant Spire similar to those he provided to Plaintiff for the 18 months following February 9, 2026; (ii) Defendant Spire cease employing or accepting services from Defendant Gabehart in violation of Defendant Gabehart's noncompete obligations and using, retaining, or disclosing any of Plaintiff's Confidential Information and Trade Secrets[1] in its possession, custody, or control; (iii) Defendant Gabehart immediately cease and desist from retaining, transferring, using or copying any Confidential Information and Trade Secrets; (iv) Defendant Gabehart return any Confidential Information and Trade Secrets in his possession to Plaintiff; (v) Defendant Gabehart transfer to the custody of Plaintiff's counsel any device used to store the Confidential Information and Trade Secrets and, through an agreed upon Court ordered process, allow the forensic preservation and review of these devices for identification of Confidential Information and Trade Secrets, the return of any identified Confidential Information and Trade Secrets to Plaintiff, and the removal of any identified Confidential Information and Trade Secrets from the devices; (vi) Defendant Gabehart cease and desist from using or disclosing Plaintiff's Confidential Information and Trade Secrets to third parties; and (vii) the Court order any such other relief that is just and proper.

To obtain this preliminary relief, Plaintiff must, among other things, show its likelihood of prevailing in its claims.  The expedited discovery requested by Plaintiff seeks documents that

---

[1] Capitalized terms not otherwise defined herein or in the attached **Exhibit A** shall have the same meaning as set forth in Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.  Dkt. Nos. 9–10.

are exclusively in the hands of Defendants that will be relevant to deciding whether Plaintiff has met its burden of showing the required likelihood of success on the merits.

The need for the materials Plaintiff requests on an expedited basis is highlighted from statements Defendants' counsel made at the February 27, 2026 hearing on Plaintiff's Motion for Temporary Restraining Order. Specifically, neither Gabehart's or Spire's counsel could definitively state the date on which Gabehart's employment with Spire began.[2] Nor could they explain the nature of Gabehart's and Spire's dealings between November 13, 2025—when Gabehart states he first received a job offer from Spire—and the uncertain date when his employment began. *See* Gabehart Dec. ¶ 17.

At the February 27, 2026 hearing, Defendants were also unable to coherently describe Gabehart's role or his responsibilities at Spire. Less than twenty-four hours after the hearing concluded, Spire co-owner, Jeff Dickerson, made a statement to NASCAR reporter Bob Pockrass that Christopher Gabehart's role at Spire includes giving him autonomy to help Spire's NASCAR program. Mr. Dickerson's statement also identified the competition directors that Spire employs and describes various other series in which Spire is involved and for which Gabehart is purportedly providing services. Mr. Dickerson is quoted as stating "[w]e have a significant investment in Chris, and we're giving him the autonomy to do what he needs to do -- again not just to help the

---

[2] Defendants attempted to correct this omission by submitting the Declaration of Heather Masterson. DE 20. In that document, Spire contends that Gabehart's first day of work for Spire was February 16, 2026 and that he signed an employment agreement on February 17, 2026. DE 20 pp. 1-2. Curiously, the Declaration states that Spire "agreed to backdate Mr. Gabehart's compensation to February 9, 2026." DE 20 p. 2. The Declaration says that "[b]efore February 16, 2026, Mr. Gabehart had not come into Spire's shop in Mooresville, North Carolina for purposes of performing services for Spire" but does ***not*** say that Gabehart had not provided services for Spire before February 16, 2026 and further did not denounce that Mr. Gabehart had visited Spire at all. DE 20 pp. 1-2.

NASCAR program. We have all these other businesses that need a lot of help too." Burn Dec. ¶ 4.

In light of the inconsistencies and gaps in Defendants' story, JGR endeavored to do what it could with the information it has to fill in these gaps. As detailed in the Declaration of Todd Barrier, Gabehart told him that he had a meeting with and did meet with Dan Towriss, Spire's co-owner, on or about October 21, 2025. Berrier Dec. ¶ 4.[3] Roughly one week later, and while still working for JGR, Gabehart interacted with an unknown Microsoft One Drive while simultaneously interacting with http://joegibbsracing-mysharepoint.com. First Walton Dec. ¶ 17-18. Upon information and belief, that One Drive account appears to be associated with Gabehart's Gmail address. *Id.*

Gabehart met with Jeff Dickerson on December 2nd. Am. Compl. ¶ 110. Shortly after this meeting, Gabehart conducted internet research on the meaning of the word "indemnify" on December 4, 2026. Walton Supplemental Dec. ¶ 7[4]. The timing of this search strongly suggests that Spire intended to and is indemnifying Gabehart for his costs and liability in this action. This evidence, compounded by evidence of material engagement between Spire and Gabehart beginning in at least October, raises important questions regarding Spire's involvement in Gabehart's decision to take JGR's most sensitive Confidential Information and Trade Secrets and access it through November including on December 2nd—the same day he met with Jeff Dickerson. First Walton Dec. ¶ 14.

The above facts demonstrate that expedited discovery would assist the Court in determining the scope of Gabehart's role with Spire so as to appropriately order preliminary

---

[3] The Declaration of Todd Berrier is attached hereto as **Exhibit A**.

[4] The Supplemental Declaration of Clark Walton is attached hereto as **Exhibit B**.

injunctive relief. Additionally, JGR's request for expedited discovery is particularly pertinent to its likelihood of success with respect to claims for tortious interference and unfair and deceptive trade practices against Spire. The requested discovery is directly relevant to the question of whether Spire induced or encouraged Gabehart to violate his agreements with JGR and/or to acquire, disclose, or use JGR's Confidential Information and Trade Secrets.

Plaintiff seeks limited discovery from Defendants' internal documents and communications from only three specific custodians, on an expedited basis. As set forth below, Plaintiff's requests satisfy the "good cause" or "reasonableness" standard for expedited discovery. Therefore, this Court should require Defendants to produce responsive documents within five business days after Defendants are served with an order granting this Motion so that the information can be provided to the Court in connection with its ruling on Plaintiff's request for a preliminary injunction.

JGR requires these materials in the immediate future in order to refer to them in its briefing on its request for issuance of a preliminary injunction, should such briefing be required. As addressed below, the importance of the Court having a fuller factual record in determining the terms and scope of a preliminary injunction is a legitimate and meritorious basis for allowing early discovery. Consequently, Plaintiff requests the Court order Defendants to file any responsive briefing to this Motion no later than Thursday March 5, 2026 by noon and that any reply brief be filed no later than Friday March 6, 2026 by midnight.

## II. EXPEDITED DISCOVERY REQUESTS

Plaintiff requests that the Court order Defendants to produce, within five business days after service of an order granting this Motion, the following sets of documents from the following

individuals:[5] Dan Towriss (CEO of Spire's affiliate, TWG Motorsports), Jeff Dickerson (Co-owner of Spire) Dickerson, and Christopher Gabehart.

1. All Communications between Defendant Spire and Defendant Gabehart Relating to Gabehart's potential employment at Spire.

2. All Documents and Communications Relating to any potential or actual agreement by Defendant Spire or its owners to indemnify Defendant Gabehart for any breach of his JGR employment agreement or for any other claim that could be asserted by JGR against Defendant Gabehart, including for using, retaining, transferring, or copying any of JGR's Confidential Information and Trade Secrets.

3. All Communications from Defendant Gabehart and any other JGR employees Relating to employment at Defendant Spire.

4. All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson Relating to JGR's race setups, strategy, operations, sponsorships, or employees.

5. All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson Relating to the recruitment, hiring, potential employment and employment of Defendant Gabehart.

6. All Documents and Communications Relating to Defendant Gabehart's role as Chief Motorsports Officer at Defendant Spire.

---

[5] Plaintiff's seven expedited discovery requests are included herein for ease of reference and attached to this Motion as **Exhibit C**.

7. All Documents created or generated by Defendant Gabehart from October 1, 2025 until February 17, 2026 Relating to his potential role as Chief Motorsports Officer at Defendant Spire.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) permits courts to authorize expedited discovery prior to a Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26. Such expedited discovery is "particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Teamworks Innovations, Inc. v. Starbucks Corp.*, 2020 WL 406360, at *2 (M.D.N.C. Jan. 24, 2020) (internal quotations and citations omitted); *Bojangles' Int'l, LLC v. CKE Restaurants Holdings, Inc.*, 2017 WL 3065115, at *6 (W.D.N.C. July 19, 2017) ("expedited discovery may be appropriate when a party requests preliminary injunctive relief"). Indeed, courts in the Fourth Circuit routinely grant expedited discovery when the request is limited to issues raised in a preliminary injunction motion. *Lab'y Corp. of Am. Holdings v. Cardinal Health Sys., Inc.*, 2010 WL 3945111, at *3 (E.D.N.C. Oct. 6, 2010) (court allowed discovery on issues raised by plaintiff's preliminary injunction motion); *Bojangles' Int'l*, 2017 WL 3065115, at *7 (same).

In evaluating a request for expedited discovery relating to a preliminary injunction motion, courts in the Fourth Circuit apply the "good cause" or "reasonableness" test "that takes into account the totality of the circumstances . . . ." *Gaming v. W.G. Yates & Sons Constr. Co.*, 2016 WL 3450829, at *3 (W.D.N.C. June 16, 2016); *Teamworks Innovations*, 2020 WL 406360, at *3; *see also Me2 Prods., Inc. v. Does 1-16*, 2016 WL 7017268, at *1 (E.D.N.C. Dec. 1, 2016) (applying reasonableness standard to grant request for expedited discovery). In applying this test, courts consider: (1) the timing of the motion; (2) whether the party seeking discovery narrowly tailored its requests to gather information relevant to a preliminary injunction determination; and

(3) whether the requesting party has shown a likelihood of irreparable harm without access to expedited discovery. *Teamworks Innovations*, 2020 WL 406360, at *3; *W.G. Yates & Sons Constr. Co.*, 2016 WL 3450829, at *3–4. For the reasons discussed below, Plaintiff has good cause for the expedited discovery requested in this Motion.

IV. **ARGUMENT**

On February 24, 2026, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 9) asking the Court to issue relief requiring Defendants to cease and desist from using Plaintiff's Confidential Information and Trade Secrets and violating Defendant Gabehart's employment agreement with Plaintiff. The pendency of such an injunction request weighs in favor of the Court granting expedited discovery for documents exclusively in the hands of Defendants relevant to Plaintiff demonstrating the required likelihood of success on the merits. *Teamworks Innovations, Inc.*, 2020 WL 406360, at *5; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 320 (4th Cir. 2000); *Bojangles' Int'l, LLC*, 2017 WL 3065115, at *6.

Here, Plaintiff has timely filed the Motion seeking highly targeted documents from Defendants, directly relevant to showing the required likelihood of success on the merits. The Motion is properly timed so that Plaintiff can "incorporate appropriate information into" the record "that will be helpful to the Court as it works to render a just and fair decision." *Teamworks Innovations, Inc.*, 2020 WL 406360, at *3. Further, Plaintiff's seven discovery requests are narrowly tailored. *See Me2 Prods.*, 2016 WL 7017268, at *1 (allowing expedited discovery where plaintiff narrowly tailored its requests to meet its objective). Plaintiff has further narrowed its discovery requests by limiting them to a search of only three custodians: Dan Towriss, Jeff Dickerson, and Christopher Gabehart. Finally, Plaintiff refers the Court to its Memorandum in Support of its Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 10 at 22–24), demonstrating Plaintiff's ability to show a likelihood of irreparable harm prior to having

any access to expedited discovery. Plaintiff's narrowly tailored discovery requests will create a more complete record, thus providing this Court with stronger and more concrete evidence on which to base its ruling, which supports the granting of Plaintiff's request for expedited discovery. *Teamworks Innovations*, 2020 WL 406360, at *3. With this showing, Plaintiff has satisfied each of the requirements for obtaining expedited discovery in this Circuit. *Id*.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court exercise its discretion to require Defendants to produce documents responsive to each of Plaintiff's expedited discovery requests within five days of this Court's order granting this Motion.

This the 1st day of March, 2026.

    **PARKER POE ADAMS & BERNSTEIN LLP**

    /s/ Sarah F. Hutchins
    Sarah F. Hutchins
    N.C. Bar No. 38172
    Tory Ian Summey
    N.C. Bar No. 46437
    Keith M. Weddington
    N.C. Bar No. 14352
    Charles G. Middlebrooks
    N.C. Bar No. 55171
    Bank of America Tower
    620 South Tryon St., Suite 800
    Charlotte, North Carolina 28202
    sarahhutchins@parkerpoe.com
    torysummey@parkerpoe.com
    keithweddington@parkerpoe.com
    charliemiddlebrooks@parkerpoe.com
    *Attorneys for Joe Gibbs Racing, LLC*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this Motion, with the exception of the standard artificial intelligence embedded in WestLaw. Every statement and every citation to an authority contained in this Motion has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **MOTION FOR EXPEDITED DISCOVERY AND INCORPORATED MEMORANDUM IN SUPPORT** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 1st day of March, 2026.

                                      **PARKER POE ADAMS & BERNSTEIN LLP**

                                      /s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*