# EXHIBIT C

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,<br><br>Defendants. | Case No. 3:26-CV-00133-SCR-DCK<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS CHRISTOPHER GABEHART AND SPIRE MOTORSPORTS, LLC,** |

## PRELIMINARY STATEMENT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Joe Gibbs Racing, LLC ("JGR" or "Plaintiff") hereby request that Defendants in the above-captioned action respond hereto and produce for inspection and copying complete, true, and accurate copies of the following documents, electronically stored information, and tangible things in conformance with the above rules at the offices of Parker Poe Adams & Bernstein, LLP, 620 S. Tryon St., Suite 800 (or at such other place as may be agreed upon by the parties) within five (5) days of service hereof or such earlier dates as may be imposed by Court order or agreed to by the parties.

## DEFINITIONS

For the purposes of these requests, the following definitions shall apply:

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside of their scope.

2. "Any" and "each" shall mean "all," and "all" shall mean "any and each."

1

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, whether orally, in writing, face-to-face, via any video conferencing platform (*e.g.*, Zoom, FaceTime), by telephone, mail, email, text message, iMessage, short message service, messaging app (*e.g.*, WhatsApp, Slack, Discord), or otherwise.

4. "Confidential Information and Trade Secrets" shall mean JGR's sensitive, confidential, and proprietary information, and intellectual property, including but not limited to, technical information such as racecar setups, analytics, compensation, and revenues.

5. "Document(s)" has the broadest possible meaning permissible under the Federal Rules of Civil Procedure and/or applicable precedent, including, without limitation, electronic or computerized data compilations and electronic email. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" includes Communications.

6. "Each" and "every" shall mean "each and every."

7. "Includes" and "Including" shall mean "includes without limitation'" or "including, but not limited to" and neither term shall be construed as limiting any request.

8. "Relating to" shall be construed in its customary broad sense and means, without limitation, all information, data, facts, Documents, or anything else that directly, indirectly, or in any other way mention, discuss, refer to, contain, explain, show, represent, reflect, embody, constitute, identify, illustrate, describe, evidence, support, concern, negate, approve, condone, consent to, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter about which the request is made.

9. "Spire" means Defendant Spire Motorsports, LLC, and each of its respective subsidiaries and affiliates, and all owners, officers, directors, employees, agents, consultants, attorneys, and/or others acting on their behalf.

10. "The" shall not be construed as limiting the scope of any topic.

11. The use of the present or past tense shall encompass both the present and past tenses as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

## **INSTRUCTIONS**

1. Unless otherwise stated, these requests encompass the time-period from August 1, 2025, through the time of trial.

2. The requests herein cover all Documents within the possession, custody, or control of the following: Dan Towriss, Jeff Dickerson, and Chris Gabehart. For any requested Document no longer in possession, custody, or control of the aforementioned custodians, state what disposition was made of the Document and the date of such disposition, and identify all persons having knowledge of the Document's contents.

3. These requests shall be deemed continuing in nature so as to require timely supplemental responses when necessary to reflect events occurring and information becoming available subsequent to the serving of your initial response. This paragraph shall not be construed to alter any obligations to comply with all other instructions herein.

4. All Documents shall be produced in a manner that identifies how the Documents are kept in the ordinary course of business and by whom; each Document from a particular file, binder, container, or other device shall be accompanied by identifying information, including metadata, indicating the name and location of any such file, binder, container, or device from which the Document was taken and the authors, recipients, and custodians associated therewith.

5. If any part of a Document is responsive to any request herein, produce the entire

Document.

6.  If any Documents and/or other materials requested are not complete, true, and/or accurate, please specifically identify what is missing and/or altered and why it is missing, not included, or redacted.

7.  Where a claim of privilege is asserted in objecting to any request or part thereof and information is not provided on the basis of such assertion, the following information should be provided in a privilege log served with the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (a) the type of Document for which the privilege is claimed; (b) the date of the Document; (c) the author(s), addressee(s), custodian(s), and any other recipient of the Document, and, where not apparent, the relationships of the author(s), addressee(s), custodian(s), and any other recipient to each other; (d) the subject matter of the information requested or the Document withheld; and (e) the nature of the privilege asserted and the basis upon which it is claimed.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All Communications between Defendant Spire and Defendant Gabehart Relating to Gabehart's potential employment at Spire.

**REQUEST NO. 2:**

All Documents and Communications Relating to any potential or actual agreement by Defendant Spire or its owners to indemnify Defendant Gabehart for any breach of his JGR employment agreement or for any other claim that could be asserted by JGR against Defendant Gabehart, including for using, retaining, transferring, or copying any of JGR's Confidential Information and Trade Secrets.

4

**REQUEST NO. 3:**

All Communications from Defendant Gabehart and any other JGR employees Relating to employment at Defendant Spire.

**REQUEST NO. 4:**

All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson Relating to JGR's race setups, strategy, operations, sponsorships, or employees.

**REQUEST NO. 5:**

All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson Relating to the recruitment, hiring, potential employment and employment of Defendant Gabehart.

**REQUEST NO. 6:**

All Documents and Communications Relating to Defendant Gabehart's role as Chief Motorsports Officer at Defendant Spire.

**REQUEST NO. 7:**

All Documents created or generated by Defendant Gabehart from October 1, 2025 until February 17, 2026 Relating to his potential role as Chief Motorsports Officer at Defendant Spire.

This the __th day of March, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*