IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:26-CV-00133-SCR-DCK

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,<br><br>Defendants. | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** |

Since filing its Motion for Expedited Discovery and Incorporated Memorandum in Support on March 1, 2026 (Dkt. No. 22) (the "Motion"), Plaintiff Joe Gibbs Racing, LLC ("JGR") has learned that materials relevant to this litigation were deleted from Defendant Christopher Gabehart's ("Gabehart") Google Drive. Plaintiff therefore submits this Supplemental Memorandum in Support of the Motion based on information learned after it filed the Motion.

I. INTRODUCTION

The Motion requested leave of Court to take early discovery in order to obtain materials from Gabehart and Spire Motorsports, LLC ("Spire") relevant to demonstrating JGR has met its burden of showing a likelihood of success on the merits on its request for preliminary injunctive relief. *See generally* Motion [Dkt. 22]. Since JGR filed the Motion, it became aware that certain files—including some JGR knows are directly relevant to JGR's claims for misappropriation of trade secrets—were deleted from Gabehart's personal Known Google Drive.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. Nos. 9–10.

1

As detailed in the Second Supplemental Declaration of Clark Walton attached as Exhibit K to JGR's Supplemental Memorandum of Law in Support of the Motion for Preliminary Injunction, Mr. Walton observed the deletion of multiple files from the Known Google Drive on November 23 and 25 of 2025, including files belonging to JGR. *See* Walton Second Supp. Dec. ¶ 26. At present, Mr. Walton is aware of at least the following files deleted from Gabehart's Known Google Drive:

    a. "Qual eLap.pdf";

    b. ")Chris Gabehart has shared a file with you";

    c. "Race eLap Cold.pdf";

    d. "25Las2 Post-Race Analytics.pdf";

    e. "Structure_251125_141909.docx"; and

    f. "387A0190.tmp".

*Id.*

That relevant materials, some of which evidence Gabehart's taking of JGR's Confidential Information and Trade Secrets, have been deleted from the Known Google Drive provides JGR a separate factual predicate to obtain early discovery from Defendants.

## II. EXPEDITED DISCOVERY REQUESTS

The Motion seeks permission to propound seven narrowly tailored requests for production of documents from only three custodians. Motion [Dkt. 22] at 6–7; *see also* Motion [Dkt. 22] Ex. C. JGR seeks production of the following documents from Dan Towriss (CEO of Spire's affiliate, TWG Motorsports), Jeff Dickerson (Co-owner of Spire), and Gabehart:

1. All Communications between Defendant Spire and Defendant Gabehart Relating to Gabehart's potential employment at Spire.

2. All Documents and Communications Relating to any potential or actual agreement by Defendant Spire or its owners to indemnify Defendant Gabehart for any breach of his JGR employment agreement or for any other claim that could be asserted by JGR against Defendant Gabehart, including for using, retaining, transferring, or copying any of JGR's Confidential Information and Trade Secrets.

3. All Communications from Defendant Gabehart and any other JGR employees Relating to employment at Defendant Spire.

4. All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson Relating to JGR's race setups, strategy, operations, sponsorships, or employees.

5. All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson Relating to the recruitment, hiring, potential employment and employment of Defendant Gabehart.

6. All Documents and Communications Relating to Defendant Gabehart's role as Chief Motorsports Officer at Defendant Spire.

*Id.*

### III. ARGUMENT

The Court may permit expedited discovery prior to a Rule 26(f) conference when doing so is in the interests of justice. Fed. R. Civ. P. 26. When evaluating a motion for early discovery, the Court applies a "good cause" or "reasonableness" test which accounts for the totality of the circumstances. *See, e.g.*, *Gaming v. W.G. Yates & Sons Constr. Co.*, 2016 WL 3450829, at *3 (W.D.N.C. June 16, 2016).

Courts applying this test consider the timing of the motion, whether the requests are narrowly tailored, and whether the party seeking early discovery has shown a likelihood of irreparable harm absent discovery. *Teamworks Innovations*, 2020 WL 406360, at *3; *W.G. Yates & Sons Constr. Co.*, 2016 WL 3450829, at *3–4. One circumstance weighing in favor of allowing early discovery is when "the information sought would be unavailable or subject to destruction in the absence of expedited production." *Merz North America v. Viveve Medical Inc.*, No. 2:17-CV-15-BR, 2017 WL 11613694, at *2 (E.D.N.C. May 5, 2017) (citing *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015)).

First, the timing of the Motion is appropriate and supports allowing early discovery. JGR filed the Motion while its request for preliminary injunctive relief was pending and in response to Defendants' failure to answer basic questions regarding Gabehart's interactions with Spire before his employment began in earnest. *See Bojangles' Int'l, LLC v. CKE Restaurants Holdings, Inc.*, 2017 WL 3065115, at *6 (W.D.N.C. July 19, 2017) ("expedited discovery may be appropriate when a party requests preliminary injunctive relief"). Second, the requests are narrowly tailored to discrete categories of communications between just three individuals. Again, JGR only sought early discovery when Defendants were collectively unable to explain at the February 27, 2026 temporary restraining order hearing: (1) the date Gabehart became employed by Spire and (2) the nature of Gabehart's dealings with Spire since he purportedly first received a job offer from Spire on November 13, 2025. Motion [Dkt. 22] at 3. The inability to explain these items was further confused by the declaration of Defendant Spire's Head of People Operations, who later stated that Defendant Gabehart's first day of work for Spire was February 16, 2026, yet his compensation began on February 9, 2026. Dkt. 20 at ¶ 5, 8. The requested communications are directly relevant

4

PPAB 13465657v1
Case 3:26-cv-00133-SCR-DCK     Document 34     Filed 03/06/26     Page 4 of 12

to Defendants' conduct, intentions, and state of mind the Court asked about and should receive answers to before determining the nature and scope of a preliminary injunction. However, should the Court rule on the preliminary injunction prior to ruling on the Motion, JGR's proposed early discovery is still warranted under the present circumstances.

Third, JGR is subject to irreparable harm if it is not permitted to take early discovery because, as Mr. Walton observed, files relevant to this litigation have been deleted. The titles of these files indicate at least some contained electronically stored information containing JGR's Confidential Information and Trade Secrets. Early discovery is especially appropriate when electronically stored information was deleted before litigation commenced. *Chryso, Inc.*, 2015 WL 12600175, at *5 (allowing early discovery because deletion of electronically stored information supported a conclusion of further "loss of electronically stored information."); *see also Epic Games, Inc. v. Atas*, 2025 WL 2394877, No. 5:25-CV-318-M-BM, at * 4 (E.D.N.C. Aug. 18, 2025) (allowing early discovery based on allegation of—not evidence of—destruction of evidence).

Other files with seemingly obscure names saved in the Spire Folder within the Known Google Drive were also deleted. At present, JGR and the Court only know: (1) the files were saved in the same location Gabehart saved the other materials he stole from JGR; (2) they were deleted along with files containing JGR's Confidential Information and Trade Secrets; and (3) other files stored in the same location with JGR's Confidential Information and Trade Secrets were not deleted. Given their deletion, JGR and the Court may never know if those files contained JGR's Confidential Information and Trade Secrets. They may also never know if those files contained JGR's Confidential Information and Trade Secrets that Gabehart has ***not*** admitted to taking from JGR—exposing JGR to additional and unknown competitive injury.

5

While Gabehart has acknowledged he took JGR's Confidential Information and Trade Secrets, he denies that he used them, intended to use them or has used them despite accessing them routinely after he ceased performing services for JGR.[2] This assertion is hard, if not impossible, to square—particularly given Defendants' inability to explain, in response to the Court's inquiries on those topics, when Gabehart started working for Spire and the nature of his interactions with Spire during the period after he left JGR and began formally working for Spire.

The early discovery JGR seeks will cast light on those unknown facts. It is probative of the nature and extent of Spire's involvement in Gabehart accessing JGR's Confidential Information and Trade Secrets after he had no reason to access them to benefit JGR. It is also probative of whether Gabehart did so to benefit Spire and whether he did it in concert with Spire before Defendants state he began formally working for Spire. In light of all the circumstances—including the known deletion of relevant evidence—limited early discovery is appropriate and the Court may wish to consider that discovery when ruling on JGR's request for a preliminary injunction.[3] Alternatively, should the Court not permit early discovery prior to its preliminary injunction ruling, it should still grant JGR leave to take early discovery following its preliminary injunction ruling.

IV. CONCLUSION

For the foregoing reasons and the reasons stated in the Motion, JGR respectfully requests that the Court require Defendants to produce documents responsive to each of JGR's expedited

---

[2] *Compare*, Declaration of Christopher Gabehart (Dkt. No. 12 ¶ 13), *with* Declaration of Clark Walton (Dkt. 9-4) and Second Supplemental Declaration of Clark Walton (detailing Gabehart's access to the Known Google Drive and JGR's Confidential Information and Trade Secrets saved therein throughout November and into December 2025).

[3] JGR does not, however, believe it is necessary for the Court to delay consideration of its request for expedited discovery if the Court is inclined to grant immediate relief.

discovery requests within five days of this Court's order granting this Motion and that JGR be permitted to introduce responsive documents in conjunction with its request for a preliminary injunction. Should the Court rule on the preliminary injunction prior to ruling on the Motion, JGR respectfully requests the Court grant the Motion, irrespective of its preliminary injunction ruling, and allow JGR to take the requested early discovery on such terms as the Court deems appropriate.

This the 6th day of March, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*

**KING & SPALDING LLC**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com

Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

## ARTIFICIAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this Motion, with the exception of the standard artificial intelligence embedded in WestLaw. Every statement and every citation to an authority contained in this Motion has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*

**KING & SPALDING LLC**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*

9
PPAB 13465657v1
Case 3:26-cv-00133-SCR-DCK     Document 34     Filed 03/06/26     Page 9 of 12

trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 6th day of March, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
*Attorneys for Joe Gibbs Racing, LLC*

**KING & SPALDING LLC**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com

11

PPAB 13465657v1

Case 3:26-cv-00133-SCR-DCK   Document 34   Filed 03/06/26   Page 11 of 12

Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201