IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 3:26-CV-00133-SCR-DCK

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,<br><br>   Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** |

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| | a. JGR Will Experience Irreparable Harm if Early Discovery is Not Allowed and Defendants Do Not Have to Respond to Discovery Until After the 2026 NASCAR Season | 2 |
| | b. Defendants' Contention the Motion for Expedited Discovery is not Timely or Procedurally Appropriate Is Wrong | 6 |
| | c. Gabehart's Deletion of Files Containing JGR's Confidential Information and Trade Secrets Saved in the Spire Folder Demonstrates Evidence Has Been Lost and Additional Evidence May be lost | 7 |
| | d. The Requests are Narrowly Tailored | 8 |
| | e. Defendants' Respective Requests for Reciprocal Expedited Discovery are Improper | 9 |
| III. | CONCLUSION | 9 |
| | ARTIFICIAL INTELLIGENCE CERTIFICATION | 11 |
| | CERTIFICATE OF SERVICE | 13 |

Plaintiff Joe Gibbs Racing, LLC ("JGR"), by and through undersigned counsel submits this Reply Memorandum in support of its Motion for Expedited Discovery (the "Motion for Expedited Discovery") (Dkt. No. 22) and states as follows:

I. **INTRODUCTION**

Defendants' opposition to the Motion for Expedited Discovery relies, in large part, on misstatements of the record, mischaracterization of the scope of the limited forensic review Christopher Gabehart ("Gabehart") allowed, and incorrect statements concerning the relief JGR seeks in the Motion for Expedited Discovery. At the February 27, 2026, Temporary Restraining Order hearing, Gabehart's counsel indicated to JGR's counsel an agreement to allow the forensic review JGR sought as part of its Motion for Temporary Restraining Order and Preliminary Injunction. TRO Tr. 9:21–24. Gabehart's counsel proposed this agreement in the moments before the hearing began, and, in explaining that agreement to the Court, stated "[w]e would just need to work through the details of the forensic review and how that would go." TRO Tr. 7:11–15.[1] In the weekend following the February 27 hearing, Gabehart shifted to only agree to a limited review.

In the days following the filing of the Motion for Expedited Discovery, JGR learned for the first time that materials were deleted from Gabehart's Synched Google Drive[2]—which is where he stored files he took from JGR in a folder titled "Spire." (Dkt. No. 35-12 ¶ 26). Now, Gabehart is seeking to avoid limited expedited discovery seeking communications and documents that are urgently relevant to JGR's need for injunctive relief during the 2026 NASCAR season.

---

[1] As detailed in the Declaration of Clark Walton, JGR is aware that Gabehart stored and/or accessed materials and data originating from JGR on the Known Synched Google Drive, the One Drive Account, and his personal cell phone. Dkt. No. 9-4 ¶¶ 14, 22, 27.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. Nos. 9–10.

1

## II. ARGUMENT

Expedited discovery is appropriate where the totality of the circumstances demonstrates "good cause" or "reasonableness" for allowing discovery before a Rule 26(f) conference. *Gaming v. W.G. Yates & Sons Constr. Co.*, 2016 WL 3450829, at *3 (W.D.N.C. June 16, 2016). In applying these tests, the Court considers

> the procedural posture of the case, whether the discovery requested is narrowly tailored, whether the party seeking the information would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference, and whether the information sought would be unavailable or subject to destruction in the absence of expedited production.

*Bojangles' Int'l, LLC v. CKE Restaurants Holdings, Inc.*, 2017 WL 3065115, at *6 (W.D.N.C. July 19, 2017).

### a. JGR Will Experience Irreparable Harm if Early Discovery is Not Allowed and Defendants Do Not Have to Respond to Discovery Until After the 2026 NASCAR Season

JGR has shown a likelihood of irreparable harm if it is not permitted to take expedited discovery, whether it is granted before or after the Court's determination of JGR's preliminary injunction motion. The information it seeks via early discovery is likely to reveal the manner in which Gabehart and Spire discussed the Confidential Information and Trade Secrets Gabehart admittedly took from JGR, and how it was used. The 2026 NASCAR season is well underway, and it is during the season that JGR suffers the greatest competitive harm from Defendants' misappropriation. Race wins and points accumulated during the season determine series champions—losses in these categories cannot be remedied after the fact. Every race that Gabehart and Spire compete using JGR's proprietary strategies and technical information inflicts irreparable harm on JGR, whether through direct competitive disadvantage or through JGR being forced to compete without knowing if its "secret sauce" is being deployed against it. JGR cannot wait until

2

the season ends—or until the conclusion of protracted litigation—to discover the full scope of how Defendants have used and plan to use JGR's Confidential Information and Trade Secrets. Each race that passes with Defendants' actions shielded from scrutiny compounds the irreparable harm. Good cause plainly exists for expedited discovery, and the circumstances demand it.

Gabehart argues against expedited discovery by repeating the demonstrably false refrain that "the result of a forensic examination [] confirmed Mr. Gabehart did not disclose any JGR Confidential Information." (Dkt. No. 41 at 5). At best, this is an overstatement of the limited pre-litigation forensic review and further, Mr. Walton has submitted *two* prior declarations showing this contention is false. First, the Declaration of Clark Walton provides that his office emailed Gabehart's counsel that it could "not exclude the possibility of such files [containing JGR information] being sent via email from a web portal, being sent via text message then deleted the message, shared directing via Google Photos or any other filseshare site." (Dkt. No. 9-4 ¶ 30). Next, the Second Supplemental Declaration of Clark Walton makes clear that the forensic review did *not* confirm that Gabehart did not disclose JGR's Confidential Information or Trade Secrets. (Dkt No. 35-12 at ¶ 28). Instead, Mr. Walton again attested that he cannot conclude that the JGR materials were "not shared with other parties or stored in other locations." (*Id.*). Gabehart was aware of this limitation at the time of the review and has been repeatedly reminded of this truth during the litigation to no avail.

Next, Gabehart argues he has not used JGR's Confidential Information and Trade Secrets (Dkt. No. 41 at 8).[3] Again, the Second Supplemental Declaration of Clark Walton details Gabehart

---

[3] Gabehart also states "JGR's forensic examiner examined Mr. Gabehart's devices and found no evidence of misappropriation." (Dkt. No. 41 at 10). Again, Gabehart is wrong. Among other things, Gabehart's wrongful acquisition of JGR's Confidential Information and Trade Secrets is in and of itself a misappropriation. See 18 U.S.C. § 1839(5) (defining misappropriation of trade secrets to include acquisition); N.C.G.S. § 66-152(1) (same).

3

accessing the JGR Confidential Information and Trade Secrets throughout November and into December—after Gabehart ceased providing services to JGR on November 10, 2025. (Dkt. No. 35-12 at ¶¶ 14–23). The most logical inference from this evidence is that Gabehart repeatedly accessed those files to use them for the benefit of Spire. It is hardly conjecture, as Defendants contend, for the Court to conclude that use was for Spire's benefit when Gabehart saved JGR's "secret sauce" in a folder labeled Spire after he took them in a way calculated to avoid detection by JGR.

Gabehart's post-departure conduct provides a particularly strong basis for expedited discovery because he almost certainly believed it was undetectable. After returning his JGR laptop on November 10, 2025, Gabehart continued to access, view, and delete JGR's confidential files on numerous occasions through December 2, 2025. Walton Second Suppl. Decl. ¶¶ 14–22. This activity was only discoverable because of what the forensic examiner described as Gabehart's "technical blunder"—his failure to disable cloud syncing on his accounts before returning the computer. *Id.* at ¶ 14. Gabehart clearly believed that once he returned the JGR laptop, his continued access to JGR's stolen files would leave no trace. This is the same modus operandi he employed when photographing his computer screen rather than taking screenshots—a method he used precisely *because* he believed it would evade detection. *Id.* at ¶ 13. The inescapable inference is that Gabehart engaged in this conduct only because he thought no one would find out. There is no innocent explanation for secretly accessing, reviewing, and selectively deleting an employer's confidential files after your employment has ended and you are negotiating with a direct competitor. Gabehart's belief that he was acting in secret is itself powerful evidence of wrongful intent.

The season ends in November, and it is highly unlikely discovery in the normal course will begin before the season ends. Given Gabehart's and Spire's legal arguments presented to date, JGR expects motions to dismiss are forthcoming from each Defendant, and Gabehart has indicated he intends to file counterclaims (*see* Dkt. No. 12). Briefing and entry of an order disposing of the anticipated motions to dismiss will take many months. Defendants' arguments that JGR will not be harmed if discovery is delayed past a ruling on the preliminary injunction motion and the 2026 NASCAR Season ring hollow. In viewing the totality of the circumstances, JGR has shown a likelihood of experiencing irreparable harm, and the Court should allow early discovery.

Defendants have offered no evidence to counteract the risk that Gabehart has shared and used JGR's Confidential Information and Trade Secrets. While the opportunity has existed to allow further forensic review of Gabehart's imaged phone and Google Drive, Gabehart has denied such access. Defendants have had ample opportunity to review Gabehart's personal computer, Spire computer, previously undisclosed OneDrive account, and any other accounts and devices and they have inexplicably done—nothing. The only argument raised by Defendants has been the false narrative that the prior forensic review foreclosed the chance of sharing and use, and as demonstrated above and repeatedly in the short existence of this matter, this contention is without merit. Similarly, Gabehart's counsel previously indicated Spire would be willing to agree to an undefined process to provide assurances to JGR that it has not received or used any of JGR's information. Now, Spire opposes sharing with JGR *any* communications between Gabehart and two of Spire's senior officials' communications that may exist concerning JGR Confidential Information and Trade Secrets. Again, Defendants performed an about face with what they will agree to share when it is not shared on their terms.

5

The limited requested expedited discovery will be central to the litigation and ultimate production is unavoidable. Defendants fail to rebut the lack of irreparable harm JGR will experience if it is not permitted to take expedited discovery now to ensure the protection of JGR's Confidential Information and Trade Secrets.

### b. Defendants' Contention the Motion for Expedited Discovery is not Timely or Procedurally Appropriate Is Wrong

The Motion For Expedited Discovery requested JGR be granted leave to take expedited discovery prior to a determination on JGR's request for a preliminary injunction. *See Bojangles' Int'l, LLC v. CKE Restaurants Holdings, Inc.*, 2017 WL 3065115, at *6 (W.D.N.C. July 19, 2017) ("expedited discovery may be appropriate when a party requests preliminary injunctive relief"). JGR filed the Motion for Expedited Discovery less than four business days after submitting the motion for preliminary injunction, which is timely. *See Teamworks Innovations*, *Inc. v. Starbucks Corp.*, No. 1:19-cv-1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (expedited discovery motion filed seven business days after motion for preliminary injunction was reasonably timed). Gabehart's assertions that JGR waited too long to file the Motion for Expedited Discovery or that the Court somehow cannot grant it before ruling on a preliminary injunction is misplaced.

Likewise, Spire's position that the Court cannot permit JGR to take expedited discovery before ruling on the preliminary injunction is flawed. Notwithstanding the Court setting the Motion for Expedited Discovery for hearing the same day as the preliminary injunction hearing, the Court of course can extend the temporary restraining order to allow expedited discovery to occur before a continued hearing on the preliminary injunction or grant later relief that expands the injunction. *See* Fed. R. Civ. P. 65 (b)(2).

### c. Gabehart's Deletion of Files Containing JGR's Confidential Information and Trade Secrets Saved in the Spire Folder Demonstrates Evidence Has Been Lost and Additional Evidence May be lost.

That Gabehart deleted files saved in the Spire folder on the Known Synched Google Drive shows an additional risk of harm. Contrary to Gabehart's assertions, Mr. Walton only learned of the deleted files in connection with preparations for the preliminary injunction hearing. (Dkt. No. 35-12 FN 13). The goal of the pre-litigation forensic review Gabehart negotiated was to identify and delete the known information still on Gabehart's devices—not to identify materials Gabehart had already deleted ***prior to the forensic review***. In trying to explain away the file deletion, Gabehart contends the deletion of file names that are patently JGR's Confidential Information and Trade Secrets[4] was "ordinary digital housekeeping." (Dkt. No. 41 at 9). This position is illogical and does not absolve the risk of future selective "housekeeping" deletions. There is no "housekeeping" reason to delete some files containing JGR's Confidential Information and Trade Secrets from the Spire folder and not others. Gabehart's explanation for the deletion of these files is not credible and underscores potential additional harm JGR may experience if it does not obtain expedited discovery. *Epic Games, Inc. v. Atas*, 2025 WL 2394877, No. 5:25-CV-318-M-BM, at *4 (E.D.N.C. Aug. 18, 2025) (allegations of destruction of evidence are sufficient to obtain expedited discovery).

Gabehart contends that all of JGR's materials in his possession have been preserved so there is no risk of spoliation. (Dkt. 41 at 7). Yet, as noted above, neither Defendant offers forensic review to support this assertion. As detailed in The Second Supplemental Declaration of Clark

---

[4] Certain of the file now reveal that these documents contained JGR's Confidential Information and Trade Secrets. The files named "Qual eLap.pdf" and "Race eLap Cold.pdf" which were deleted (Dkt. No. 34 at 2) have the same description in the title as the files Walter Brown describes in paragraph 24(b) of his Declaration (Dkt. No. 9-2). They are created using JGR's proprietary systems. (Dkt. No. 9-2 ¶24(b)).

7

Walton, Gabehart interacted with a personal cloud-based storage account, referred to as the Unknown Microsoft OneDrive, at various times while interacting with JGR's proprietary materials—including after he left JGR. (Dkt. No. 35-12 ¶¶ 9, 18). Notably, Mr. Walton also stated an individual could have transferred JGR's materials into the Unknown Microsoft OneDrive during these simultaneous interactions. (*Id.* ¶ 9). Perhaps tellingly, and nefariously, Gabehart chose not to let Mr. Walton examine the Unknown Microsoft OneDrive before litigation or disclose he accessed it while simultaneously interacting with JGR's materials he saved in his Spire folder. (*Id.*) Gabehart's assertion that there is no risk of spoliation is unreliable and falls flat.

### d. The Requests are Narrowly Tailored

The expedited discovery requests JGR seeks to propound are narrowly tailored to the relief it seeks on its request for a preliminary injunction and only seek communications and documents relevant to what JGR request the Court restrain Defendants from doing during the pendency of this litigation. Only three custodians are requested to produce documents. (Dkt. No. 22, Ex. C). From a temporal perspective, the requested communications and documents only span from August 1, 2025, to the present—a six-month period. (*Id.*). This limited time period and limited number of custodians differ dramatically from the cases cited by Spire in arguing the discovery is overly broad. *See 2311 Racing LLC v. Natl' Ass'n for Stock Car Auto Racing, LLC*, No. 3:-24-CV-00886-FDW-SCR, 2024 WL 4919420, at *3 (W.D.N.C. Oct. 31, 2024) (denying request for expedited discovery seeking <u>eight years</u> of materials requiring review of NASCAR's corporate files and encompassing six custodians).

To the extent the Court disagrees that the requested discovery is not sufficiently narrowly tailored, JGR should be permitted to serve discovery requiring Messers. Gabehart, Dickerson, and Towrisss to produce communications from August 1, 2025 to the present: (1) relating to Spire's

8

decision to hire Gabehart and (2) referencing JGR's Confidential Information and Trade Secrets or data. Those two categories of information go directly to the irreparable harm underlying the preliminary injunction motion—that Spire as an entity or Gabehart as an individual intends to use JGR's Confidential Information and Trade Secrets during the ongoing 2026 NASCAR season to obtain a competitive advantage over JGR.

### e. Defendants' Respective Requests for Reciprocal Expedited Discovery are Improper

Gabehart and Spire both request in their memoranda in response to the Motion for Expedited Discovery leave to take expedited discovery if the Motion for Expedited Discovery is granted. (Dkt No. 41 at 10; Dkt. No. 44 at 9). Defendants offer no argument or evidence of exigency or retention risk. Such requests violate Local Civil Rule 7.1(c)(2) which prohibits parties from including motions in responsive briefing. Notwithstanding that procedural inconformity, JGR agrees discovery should begin in earnest in the immediate future. All interested parties benefit if discovery occurs before the issues join—which will almost assuredly not occur until after the 2026 NASCAR seasons concludes.

## III. CONCLUSION

For the foregoing reasons and the reasons stated in the Motion for Expedited Discovery, JGR respectfully requests that the Court require Defendants to produce documents responsive to each of JGR's expedited discovery requests within five days of this Court's order granting this Motion and that JGR be permitted to introduce responsive documents in conjunction with its request for a preliminary injunction. Should the Court rule on the preliminary injunction prior to ruling on the Motion for Expedited Discovery, JGR respectfully requests the Court grant the Motion for Expedited Discovery, irrespective of its preliminary injunction ruling, and allow JGR to take the requested early discovery on such terms as the Court deems appropriate.

This the 13th day of March, 2026

**KING & SPALDING LLC**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN LLP**

Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

# ARTIFICIAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this filing, with the exception of the standard artificial intelligence embedded in WestLaw. Every statement and every citation to an authority contained in this filing has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered.

This the 13th day of March, 2026

**KING & SPALDING LLC**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN LLP**

Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com

keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

12

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 13th day of March, 2026

**KING & SPALDING LLC**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN LLP**

Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com

torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*