# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,

      Plaintiff,

      v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

      Defendants.

**ORDER**

**THIS MATTER** is before the Court on the Motion for Expedited Discovery (Doc. No. 22) filed by Plaintiff Joe Gibbs Racing, LLC's ("JGR") (the "Motion"). In its Motion, JGR seeks leave of Court for expedited discovery related to Defendant Christopher Gabehart ("Defendant Gabehart" or "Mr. Gabehart") and Defendant Spire Motorsports, LLC ("Spire") relevant to JGR's Motion for a Preliminary Injunction scheduled to be heard on March 26, 2026, and prior to the parties conducting a Rule 26(f) conference. Gabehart and Spire each oppose the Motion and requested that, should the Court grant the Motion, they each also be entitled to take early discovery (Doc Nos. 41, 44).

On March 16, 2026, this Court held a hearing on the Motion. During the hearing, JGR's counsel made an oral motion to expand the scope of the relief it requests in the Motion to include leave to issue third-party subpoenas to five individuals. The Court issued its ruling at the conclusion of the hearing, and asked the parties to submit a joint proposed order after meeting and conferring on certain issues identified by the Court. In light of the pleadings, applicable law, the evidence of record, and the arguments presented during the hearing, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion as follows:

1. JGR's request to take early discovery from Spire is denied without prejudice for the reasons stated on the record.

2. Spire's request to take reciprocal discovery from JGR is denied without prejudice.

3. JGR may propound the following six requests for production of non-privileged documents on Defendant Gabehart, which shall be limited to the time period of October 1, 2025, through March 13, 2026:

   i. All Communications between Defendant Spire and Defendant Gabehart (or their respective agents) Relating to Gabehart's potential employment at Spire.

   ii. All Documents and Communications Relating to any potential or actual agreement by Defendant Spire or its owners to indemnify Defendant Gabehart for any breach of his JGR employment agreement or for any other claim that could be asserted by JGR against Defendant Gabehart, including for using, retaining, transferring, or copying any of JGR's Confidential Information and Trade Secrets.

   iii. All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson Relating to JGR's race setups, analytics, sponsorships, or JGR employee recruitment.

   iv. All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson (or their respective agents) Relating to the recruitment, hiring, potential employment and employment of Defendant Gabehart.

   v. All Documents and Communications Relating to Defendant Gabehart's role as Chief Motorsports Officer at Defendant Spire.

vi.     All Documents created or generated by Defendant Gabehart from October 1, 2025, until February 17, 2026, Relating to his potential role as Chief Motorsports Officer at Defendant Spire.

4.     Defendant Gabehart may propound the following requests for production of non-privileged documents on JGR, which shall be limited to the time period of October 1, 2025, through February 19, 2026, (the "Relevant Period") and the following custodians: Joe Gibbs, Heather Gibbs, Tim Carmichael, Dave Alpern, Toni Rogers, Eric Schaffer, JGR's HR/Payroll system (including Mr. Gabehart's employee file)[1]:

    i.     All Documents and Communications relating to Mr. Gabehart invoking his rights pursuant to the second paragraph of Section 6 of his Employment Agreement.

    ii.     All Documents and Communications relating to the calculation, payment, or non-payment of Mr. Gabehart's wages and Performance Bonus during the Relevant Period.

    iii.     All Documents reflecting any proposed or draft separation agreement or mutual release between JGR and Mr. Gabehart.

    iv.     All Documents concerning JGR's decision to terminate Mr. Gabehart's employment "for cause," including documents reflecting the factual basis for that decision, as referenced in the February 9, 2026 notice (Doc. No. 8-3).

    v.     All Documents and Communications discussing or evaluating Mr. Gabehart's November 7, 2025 email to Tim Carmichael (Doc. No. 18).

5.     JGR's request to issue third-party subpoenas is denied without prejudice for the reasons stated on the record.

---

[1] The Court held a telephone conference with the Parties on March 18, 2026, and by separate Text-Only Order clarified that these requests are limited to communications, documents, and information as it relates to these identified custodians within JGR's possession, custody, and control, and not the personal cell phones of the identified custodians. See Text-Only Order, March 18, 2026.

6.     JGR and Defendant Gabehart shall each produce responsive documents on or before March 23, 2026.

7.     Defendant Gabehart shall permit a forensic review, pursuant to a protocol agreed to by the parties, of all devices and accounts (including, without limitation, computers, tablet computers, smartphones, external drives, USB/flash drives, other physical storage media, cloud storage locations, file sharing services, etc.) which Gabehart or others in active concert or participation with him used, access, or stored materials belonging to or originating from JGR.

**IT IS SO ORDERED**, this 18th day of March, 2026.

_____

Susan C. Rodriguez
United States District Judge