# EXHIBIT A

## Filed Under Seal

# EXHIBIT 1

| | |
|---|---|
| JOE GIBBS RACING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC, <br><br> Defendants. | Case No. 3:26-CV-00133-SCR-DCK <br><br> **DEFENDANT CHRISTOPHER GABEHART'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Christopher Gabehart ("Mr. Gabehart") provides his responses and objections ("Responses") to Plaintiff Joe Gibbs Racing, LLC's First Set of Requests for Production of Documents ("Requests"). Mr. Gabehart provides his Responses pursuant to the Court's March 18, 2026 Order (ECF 48) on Plaintiff's Motion for Expedited Discovery (ECF 22). Accordingly, Mr. Gabehart expressly reserves all rights to raise additional objections to later discovery requests as this matter proceeds. Nothing herein shall constitute a waiver of any argument, objection, defense, or legal position, whether or not expressly raised at this stage of the proceeding.

## GENERAL OBJECTIONS

1.      Mr. Gabehart objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the doctrine preventing disclosure of attorney work product, the joint defense privilege, and/or any other applicable privilege or immunity.

2.      Mr. Gabehart objects to each of the Requests to the extent that responding would be unduly oppressive, burdensome, or costly to Mr. Gabehart as an individual or would impose duties

or obligations on Mr. Gabehart that exceed the duties and obligations imposed by the Federal Rules of Civil Procedure.

3. Mr. Gabehart reserves the right to assert additional objections to the production of information or documents as appropriate, and to supplement and/or amend these objections and Responses. Mr. Gabehart specifically reserves all objections about the competency, materiality, and admissibility of his documents or the subject matter thereof; all objections as to burden, vagueness, overbreadth, and ambiguity; and all objections as to the use of any document (or the subject matter thereof) in any later stage of this proceeding.

4. Discovery in this case is ongoing. Mr. Gabehart reserves the right to supplement these Responses with additional information and/or documents as discovery continues. However, Mr. Gabehart assumes no duty to supplement these responses except to the extent required by the Federal Rules of Civil Procedure.

Mr. Gabehart incorporates the foregoing General Objections into each of his Responses below. Subject to and without waiving the foregoing General Objections, Mr. Gabehart responds to the Requests as follows:

## **REQUESTS FOR PRODUCTION**

1. All Communications between Defendant Spire and Defendant Gabehart (or their respective agents) Relating to Gabehart's potential employment at Spire.

**RESPONSE**: Mr. Gabehart objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or any other legally recognized privilege or protection that provides a basis for withholding otherwise responsive documents. Mr. Gabehart further objects to this Request to the extent it seeks electronically stored information that is not reasonably accessible because of undue burden and/or cost. Subject to and without waiving the foregoing objections, Mr. Gabehart

2

will produce non-privileged documents responsive to this Request that are identified pursuant to a reasonable, good-faith search of documents in Mr. Gabehart's possession, custody, or control.

Mr. Gabehart further responds that his text messages with Mr. Dickerson prior to November 15, 2025 were deleted and are not available at this time. The deletion occurred on November 15, 2025, before litigation was threatened or reasonably anticipated, and therefore Mr. Gabehart was under no legal duty at that time to preserve information related to this lawsuit. Mr. Gabehart did exchange texts with Mr. Dickerson before November 15, 2025, and to the best of his memory at least one of those texts would be responsive to this Request. In particular, Mr. Gabehart recalls receiving a text from Mr. Dickerson on or around November 13, 2025 in which Mr. Dickerson communicated the framework of an unsolicited offer to become the Chief Motorsports Officer at Spire. Mr. Gabehart does not deny that texts with Mr. Dickerson prior to November 15, 2025 regarding potential employment at Spire would be discoverable, if available, and every effort is being made to recover them.

2.      All Documents and Communications Relating to any potential or actual agreement by Defendant Spire or its owners to indemnify Defendant Gabehart for any breach of his JGR employment agreement or for any other claim that could be asserted by JGR against Defendant Gabehart, including for using, retaining, transferring, or copying any of JGR's Confidential Information and Trade Secrets.

**RESPONSE**:  Mr. Gabehart has no documents that are responsive to this Request.

3.      All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson Relating to JGR's race setups, analytics, sponsorships, or JGR employee recruitment.

**RESPONSE**:  Mr. Gabehart has no documents that are responsive to this Request.

4.      All Communications between Defendant Spire, Defendant Gabehart, Dan Towriss, and/or Jeff Dickerson (or their respective agents) Relating to the recruitment, hiring, potential employment and employment of Defendant Gabehart.

**RESPONSE**: Mr. Gabehart objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or any other legally recognized privilege or protection that provides a basis for withholding otherwise responsive documents. Mr. Gabehart further objects to this Request to the extent it seeks electronically stored information that is not reasonably accessible because of undue burden and/or cost. Subject to and without waiving the foregoing objections, Mr. Gabehart will produce non-privileged documents responsive to this Request that are identified pursuant to a reasonable, good-faith search of documents in Mr. Gabehart's possession, custody, or control.

Mr. Gabehart further responds that his text messages with Mr. Dickerson prior to November 15, 2025 were deleted and are not available at this time. The deletion occurred on November 15, 2025, before litigation was threatened or reasonably anticipated, and therefore Mr. Gabehart was under no legal duty at that time to preserve information related to this lawsuit. Mr. Gabehart did exchange texts with Mr. Dickerson before November 15, 2025, and to the best of his memory at least one of those texts would be responsive to this Request. In particular, Mr. Gabehart recalls receiving a text from Mr. Dickerson on or around November 13, 2025 in which Mr. Dickerson communicated the framework of an unsolicited offer to become the Chief Motorsports Officer at Spire. Mr. Gabehart does not deny that texts with Mr. Dickerson prior to November 15, 2025 regarding potential employment at Spire would be discoverable, if available, and every effort is being made to recover them.

5. All Documents and Communications Relating to Defendant Gabehart's role as Chief Motorsports Officer at Defendant Spire.

**RESPONSE**: Mr. Gabehart objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work product doctrine, the joint

4

defense privilege, and/or any other legally recognized privilege or protection that provides a basis for withholding otherwise responsive documents. Mr. Gabehart further objects to this Request to the extent it seeks electronically stored information that is not reasonably accessible because of undue burden and/or cost. Subject to and without waiving the foregoing objections, Mr. Gabehart will produce non-privileged documents responsive to this Request that are identified pursuant to a reasonable, good-faith search of documents in Mr. Gabehart's possession, custody, or control.

Mr. Gabehart further responds that his text messages with Mr. Dickerson prior to November 15, 2025 were deleted and are not available at this time. The deletion occurred on November 15, 2025, before litigation was threatened or reasonably anticipated, and therefore Mr. Gabehart was under no legal duty at that time to preserve information related to this lawsuit. Mr. Gabehart did exchange texts with Mr. Dickerson before November 15, 2025, and to the best of his memory at least one of those texts would be responsive to this Request. In particular, Mr. Gabehart recalls receiving a text from Mr. Dickerson on or around November 13, 2025 in which Mr. Dickerson communicated the framework of an unsolicited offer to become the Chief Motorsports Officer at Spire. Mr. Gabehart does not deny that texts with Mr. Dickerson prior to November 15, 2025 regarding potential employment at Spire would be discoverable, if available, and every effort is being made to recover them.

6.      All Documents created or generated by Defendant Gabehart from October 1, 2025, until February 17, 2026, Relating to his potential role as Chief Motorsports Officer at Defendant Spire.

**RESPONSE**: Mr. Gabehart objects to this Request to the extent that it seeks documents and information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or any other legally recognized privilege or protection that provides a basis for withholding otherwise responsive documents. Mr. Gabehart further objects to this Request to

5

the extent it seeks electronically stored information that is not reasonably accessible because of undue burden and/or cost. Subject to and without waiving the foregoing objections, Mr. Gabehart will produce non-privileged documents responsive to this Request that are identified pursuant to a reasonable, good-faith search of documents in Mr. Gabehart's possession, custody, or control.

6

This the 23rd day of March, 2026.

<div style="margin-left:40%">

*/s/ Cary B. Davis*
Cary B. Davis
N.C. Bar No. 36172
cdavis@rbh.com

Spencer T. Wiles
N.C. Bar No. 53664
swiles@rbh.com

William M. Miller
N.C. Bar No. 36946
wmiller@rbh.com

Anna Claire Tucker
N.C. Bar No. 59457
atucker@rbh.com

**ROBINSON, BRADSHAW & HINSON, P.A**.
600 South Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: 704-377-2536
Facsimile: 704-378-4000

*Attorneys for Defendant Christopher Gabehart*

</div>

7

<div align="center">**CERTIFICATE OF SERVICE**</div>

I hereby certify that on this day the foregoing was served on the following counsel via email:

**KING & SPALDING LLC**

Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN LLP**

Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

This the 23rd day of March, 2026.

/s/ *Cary B. Davis*
Cary B. Davis

# EXHIBIT 2

# [JGR TRADE SECRET] SUBMITTED IN CAMERA

# EXHIBIT 3

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 4

# [JGR TRADE SECRET] SUBMITTED IN CAMERA EXCEL SPREADSHEET

# EXHIBIT 5

# [JGR TRADE SECRET] SUBMITTED IN CAMERA EXCEL SPREADSHEET

# EXHIBIT 6

## OUTSIDE COUNSEL ONLY HIGHLY CONFIDENTIAL

## FILED UNDER SEAL

# EXHIBIT 7

**From:** Heather Masterson [hmasterson@spire-motorsports.com]
**Sent:** 1/31/2026 5:24:51 PM
**To:** chris.gabehart@gmail.com
**CC:** Crista Kettlety [ckettlety@spire-motorsports.com]
**Subject:** Welcome to Spire Motorsports
**Attachments:** Spire Motorsports - Employee Information Form.docx

Hello Chris,

Welcome aboard to the Spire! We are thrilled to have you join our team and look forward to the valuable contributions we know you will bring to our organization.

On your start date is noted as being on February 2, 2026.

There are a few administrative tasks we need to take care of to ensure a smooth onboarding process. We can complete most of your onboarding paperwork prior to you starting on your first day of work. For us to get you into Dayforce to complete these steps, I will need the following information from you. This information is also included on the fillable form attached.

- Frist Name
- Middle Name
- Last Name
- Preferred Name
- Social Security Number
- Date of Birth
- Citizenship
- Current Address
- Phone Number/Type:
- Emergency contact
- Clothing Size

Two other items included completing the I-9 form, which verifies your eligibility to work in the United States and setting up your direct deposit. You will complete your portion of this through the onboarding process in payroll, but will need to you bring with you on your first day, the following documentation:

- A voided check from the bank account into which you would like your paycheck deposited.
- Two forms of identification that satisfies the requirements for the I-9 form. This can include any of the following:
- Passport; or two of the following
- Driver's License
- Birth Certificate
- Social Security Card

Any other document listed on the USCIS Form I-9 as acceptable forms of identification. Please ensure that the identification document you bring is current and unexpired.

Your privacy and security are important to us. Rest assured that all information provided will be handled confidentially and used solely for employment-related purposes.

GABEHART00265

We provide you Spire apparel and will get your shirt and jacket size on your first day when we take your employee picture. In the interim, we do ask that you wear work appropriate black pants/jeans and a black or neutral color shirt.

You will meet with People Operations (PO) while on-site the week of the 2nd to complete all your new hire paperwork. We will coordinate this with Bill and others to ensure you have a smooth and productive schedule your first week in the office. We will schedule around the kick off meeting and other first week events you may have to attend.

As a reminder, if you can provide me with system information needed ahead of Monday, February 2, I can set you up in or system, Dayforce, so you can begin the onboarding process ahead of time. You can either complete the fillable form and return that to me, or we can schedule a call and I will take your information over the phone. Once you are entered into the system, you will receive a first time access email from Dayforce to walk you through logging into Dayforce and getting started. I will be available to answer any questions or concerns you may have.

If you have any questions or need further clarification on the documentation required, please don't hesitate to reach out to me at hmasterson@spire-motorsports.com or █████████

Once again, welcome to Spire! We're excited to have you join our team and look forward to a successful journey together.

Warm regards,



**Heather Masterson**
**Head of People Operations**
**PHONE:** ████████
**WEB:** spire-motorsports.com

GABEHART00266

# EXHIBIT 8

**From:** Chris Gabehart [chris.gabehart@gmail.com]
**Sent:** 2/2/2026 11:42:49 PM
**To:** William Anthony [bill@spire-motorsports.com]
**Subject:** Org Chart

Good morning, Bill. Could you please provide me your latest complete org chart of both the competition and business side of the company? This would help me understand the people I would be meeting over the next couple of days and their roles prior to actually meeting them.

Thanks!
Chris

# EXHIBIT 9

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 10

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 11

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 12

## OUTSIDE COUNSEL ONLY - HIGHLY CONFIDENTIAL

## FILED UNDER SEAL

# EXHIBIT 13

# OUTSIDE COUNSEL ONLY - HIGHLY CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT 14

**OUTSIDE COUNSEL ONLY - HIGHLY CONFIDENTIAL**

**FILED UNDER SEAL**

# EXHIBIT 15

# OUTSIDE COUNSEL ONLY - HIGHLY CONFIDENTIAL

# FILED UNDER SEAL

# EXHIBIT 16

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 17

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 18

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 19

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 20

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 21

## CONFIDENTIAL
## FILED UNDER SEAL

# EXHIBIT 22

## CONFIDENTIAL
## FILED UNDER SEAL