# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,

     Plaintiff,

     v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

     Defendants.

**PLAINTIFF'S MOTION FOR EXPEDITED TRIAL AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff Joe Gibbs Racing, LLC ("JGR") respectfully submits this Motion for Expedited Trial ("Motion") and Supporting Memorandum of Law, as invited by the Court at the preliminary injunction hearing on March 26, 2026.

JGR submits this motion to protect against the significant threat of ongoing and irreparable harm, as well as to promote an efficient and timely resolution of the present dispute arising in the context of an exceptionally competitive racing industry. As the Court has already found, Defendant Christopher Gabehart ("Gabehart") took copies of JGR's trade secrets and "[i]n a competitive racing industry, loss of trade secrets leads to the immediate and irreparable harm to JGR's ability to compete." TRO (Dkt. 26) at ¶¶ 29–30.

Furthermore, as discussed with the Court during the March 26, 2026 hearing, the evidence gleaned during limited discovery already reveals that Gabehart immediately operationalized JGR's trade secrets for the benefit of Defendant Spire Motorsports, LLC ("Spire") (*e.g.*, creating a detailed "Focus Plan" referencing stolen trade secrets, replicating JGR's proprietary analytics tools for Spire's use, and actively participating in Spire's NASCAR race-day operations while still subject to his restrictive covenant). March 26, 2026 Hr'g Tr. at 35:5–11, 40:21–41:9, 102:22–

1

103:18. What is more, the primary actors, Gabehart and Spire's co-owner, Jeff Dickerson, have admitted to the deletion of an unknown number of responsive text messages with each other.

In light of the Court's findings in support of the TRO and the further evidence in the record, compounded by the fact that the 2026 NASCAR season is currently underway and the impact on race results during the season cannot be remedied after the fact, this matter should be resolved as expeditiously as possible, so that each party may proceed with certainty regarding their respective rights and obligations during the current NASCAR season and beyond.[1] Accordingly, JGR respectfully requests that the Court enter an expedited scheduling order that sets trial during the current calendar year, as set forth in Exhibit A (Proposed Pretrial Order and Case Management Plan).

## I.     FACTUAL BACKGROUND

### A.  Procedural History.

On February 19, 2026, JGR filed a Complaint against Gabehart alleging, among other things, misappropriation of trade secrets and breach of contract, asserting Gabehart's taking and use of JGR's confidential information and trade secrets for the benefit of its direct competitor, Spire, which Gabehart has now admitted to at least taking such information. *See generally*, Original Complaint (Dkt. 1); *see also* TRO (Dkt. 26) at ¶ 16. JGR later filed an Amended Complaint on February 24, 2026, adding Spire as a defendant and asserting additional claims for tortious interference. *See generally*, Amended Complaint (Dkt. 8). JGR also concurrently filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Dkt. 9). The

---

[1] Counsel for Defendants have represented that they do not oppose an expedited scheduling order. March 26, 2026 Hr'g Tr. at 131:4–7; April 7, 2026 correspondence between counsel (as for the scheduling order, "it is incorrect to state that [Defendants] oppose it."). Defendants' proposed scheduling order, however, sets trial in May 2027. While the trial date is one month less than the Court's standard trial date (*i.e.*, PTO + 12–14 months), it is nearly halfway through a second NASCAR Cup Series season. That is not sufficiently expedited in light of the serious and long-term effects trade secret misappropriation has.

2

Amended Complaint asserts claims for: (1) misappropriation of trade secrets under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq.*, and the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. §§ *66-152 et seq.*; (2) breach of contract arising from an employment agreement; (3) tortious interference with that contract; and (4) unfair and deceptive trade practices, N.C. Gen. Stat. §§ 75-1.1 *et seq*.

On March 5, 2026, the Court entered a TRO, partially granting JGR's requested relief, and thereby restricting Gabehart from using or disclosing JGR's Confidential Information and Trade Secrets and from providing certain services similar to those he performed at JGR. TRO (Dkt. 26). In so doing, the Court found that (1) Gabehart took files containing JGR's trade secrets and confidential information and accessed them after he turned in his JGR-issued laptop; (2) Gabehart took at least 20 photographs of JGR's trade secrets and confidential information; (3) 235 files containing JGR's trade secrets and confidential information were deleted from Gabehart's personal cell phone and Google Drive pursuant to the forensic review; (4) JGR terminated Gabehart for cause on February 9, 2026; (5) some of Gabehart's duties at Spire overlap with his former position at JGR; and (6) JGR has shown a likelihood of success on the merits as to its breach of contract and misappropriation claims. *Id.* at ¶¶ 9–20, 29.

On March 16, 2026, the Court held a hearing on JGR's Motion for Expedited Discovery. At that hearing, the Court expressly deferred consideration of the merits of JGR's Motion for Preliminary Injunction. On March 18, 2026, the Court entered an order granting in part and denying in part the Motion for Expedited Discovery. Dkt. 48. The Court subsequently conducted a hearing on the merits of JGR's Motion for Preliminary Injunction on March 26, 2026, which remains pending. JGR now requests that this Court set an expedited trial on the merits in this matter, as the Court invited it to do at the March 26, 2026 hearing. March 26, 2026 Hr'g Tr. at 46:13–21.

**B. JGR's Proposed Pretrial Order and Case Management Plan.**

JGR's proposed pretrial order and case management plan substantially mirrors the Court's standard discovery order, with limited modifications designed to promote efficiency, fairness, and orderly case development under an accelerated timeframe. *See generally*, Exhibit A. First, the proposed trial date is November 16, 2026. This date accommodates an orderly and robust discovery schedule and resolution of the issues by the end of the 2026 NASCAR Cup season. Second, the proposed order introduces a deadline for requests for production and a corresponding document production deadline. *Id.* This modification is intended to ensure that document discovery is exchanged sufficiently in advance of depositions, allowing the parties to conduct depositions based on a further developed documentary record and reducing the likelihood of incomplete testimony, follow-on depositions, or discovery disputes. Third, the proposed order bifurcates fact discovery and expert discovery. *Id.* Separating these phases encourages the parties to complete fact discovery before expert reports are due, thereby enabling experts to base their opinions on an established evidentiary record. This sequencing promotes more focused and reliable expert reports and avoids the inefficiencies associated with expert opinions that are speculative or premised on factual assumptions that may later change. Finally, the proposed order provides for the simultaneous exchange of expert reports on issues for which a party bears the burden of proof. *Id.* at 4. This approach aligns expert disclosures with the parties' respective burdens, avoids unnecessary scheduling pressures on the responding party, and eliminates any perceived tactical advantage associated with sequential expert disclosures—particularly where Defendants may assert counterclaims or affirmative defenses on which they bear the burden of proof.

## II.   ARGUMENT

### A.  The Court Has Broad Authority to Schedule an Expedited Trial.

Consistent with this Court's well-established authority to manage its docket, the Court has broad discretion to enter an expedited scheduling order where, as here, prompt adjudication is necessary to efficiently resolve the dispute and prevent ongoing harm. *Adventus Am., Inc. v. Calgon Carbon Corp.*, No. 3:08-cv-497-RJC-DCK, 2009 WL 2998094, at *5 (W.D.N.C. Sept. 15, 2009) ("Courts have broad discretion to manage their docket.") (citation omitted); *see also Venus Concept USA Inc. v. Keith*, No. 3:24-CV-00620-FDW-SCR, 2025 WL 92987, at *1 (W.D.N.C. Jan. 14, 2025) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.") (citation omitted). Thus, while limited authority governs requests for expedited trial, such requests are not uncommon, particularly in the context of trade secrets matters. *See, e.g.*, *Excelligence Learning Corp. v. Oriental Trading Co.*, No. C-03-4947-JF, 2004 WL 2452830, at *2 (N.D. Cal. Mar. 22, 2004) (granting motion for expedited discovery schedule and trial date in trade secret action).

Accordingly, courts have found it proper to exercise their authority to grant an expedited trial where the litigation is already underway and the opposing party will not be prejudiced. *Four Seasons Marina Rentals, Inc. v. City of Osage Beach, MO*, No. 08-4221-CV-CNKL, 2008 WL 5427870, at *3 (W.D. Mo. Dec. 30, 2008) (granting an expedited trial where discovery had initiated before the request for an accelerated schedule and the opposing party would not be prejudiced by the expedited trial date). The same considerations apply here. The Parties have already engaged in focused discovery in connection with the preliminary injunction proceedings, which reduces the scope and burden of additional discovery needed before trial.

5

Moreover, as in *Four Seasons*, Defendants will not be prejudiced by an expedited trial schedule. *Id.* To the contrary, Defendants have indicated their willingness to proceed promptly and to confer regarding the proposed expedited scheduling order. *Supra* n.1. Indeed, at the outset, Gabehart stated publicly, "I look forward to the opportunity to demonstrate to the Court that I have not shared JGR's confidential information with anyone." Brown Declaration (Dkt. 9-2) at ¶ 30; *see also* March 16, 2026 Hr'g Tr. at 41:24–42:1 ("Mr. Gabehart would like nothing more for the record to be baked on all these forensic sources – he's been an open book, he will continue to be an open book, and show and prove his innocence. . ."); *see also id.* at 48:6 ("Mr. Gabehart has been an open book."). Further, as explained below, Defendants will benefit from both the decreased costs of an expedited schedule, and the certainty that will result from an expedited adjudication.

Likewise, in comparable circumstances, where such claims have the potential to materially affect the parties' rights and obligations during the NASCAR season, courts in this jurisdiction have *sua sponte* exercised the discretion to order an expedited trial. *2311 Racing LLC v. Nat'l Ass'n for Stock Car Auto Racing, LLC*, No. 3:24-CV-00886-KDB-SCR, Dkt. 84 (Pretrial Order and Case Management Plan), at *1 (setting "expedited schedule so that Plaintiffs' claims can be resolved in time for the Parties to plan their affairs accordingly prior to the 2026 NASCAR Cup Series season."). Accordingly, under these circumstances, an expedited trial schedule is a proper exercise of the Court's broad case-management authority and would promote efficiency and prevent the threat of ongoing harm without disadvantaging either side.

**B. There is Good Cause to Expedite Trial in this Matter.**

The Court should schedule an expedited trial because the same factors that justified preliminary injunction proceedings—credible evidence of misappropriation, the threat of continuing competitive harm, and the need for prompt judicial resolution—persist and constitute

good cause for accelerated proceedings. Under 28 U.S.C. § 1657(a), a court must order expedited proceedings upon a showing of good cause. 28 U.S.C. § 1657(a) ("[T]he court *shall expedite* the consideration of any action . . . if good cause therefor is shown") (emphasis added). "'[G]ood cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*

Here, JGR's trade secret misappropriation claims under the DTSA involve federal statutory rights that diminish with delay, as ongoing misuse erodes both secrecy and competitive value. Indeed, the court has already acknowledged that JGR is, at the very least, likely to succeed on the merits of its trade secrets and breach of contract claims against Gabehart. TRO (Dkt. 26) at ¶¶ 26–29. Thus, Section 1657 expressly authorizes expedited consideration in such circumstances, making an accelerated trial schedule a proper means of preserving any meaningful enforcement of JGR's federal trade-secret rights. More specifically, good cause supports an expedited trial schedule for the same reasons previously presented to the Court in connection with JGR's requests for preliminary relief. *See* Memo. ISO JGR's Motion for TRO and PI (Dkt. 9); *see also* supporting supplemental and reply briefing (Dkt. Nos. 35, 46, 59).

First, as the Court has already concluded, the risk of continued misuse and disclosure of JGR's confidential information remains immediate and consequential, as trade-secret harm, once realized, cannot be unwound. TRO (Dkt. 26) at ¶ 30 ("In a competitive racing industry, loss of trade secrets leads to the immediate and irreparable harm to JGR's ability to compete."); *id.* (citing *Merck & Co. Inc. v. Lyon*, 941 F. Supp. 1443, 1455 (M.D.N.C. 1996) ("The very nature of a trade secret mandates that misappropriation will have significant and continuous long-term effects. The party wronged may forever lose its competitive business advantage or, at the least, a significant

portion of its market share."); *see also Vessel Med., Inc. v. Elliott*, No. 6:15-CV-00330-MGL, 2015 WL 5437173, at \*9 (D.S.C. Sept. 15, 2015) ("[O]nce the secret is lost, it is indeed lost forever"). These concerns are particularly magnified by the timing of the racing season. JGR is facing the ongoing threat of misuse of its admittedly stolen trade secrets and confidential information on a week-by-week basis. Moreover, any impact on race results cannot be undone. Put simply, any disclosure or use of JGR's trade secrets and confidential information will permanently alter the competitive landscape. And as time passes, the resulting harm compounds in ways that cannot be fully remedied by damages or post-trial relief. An expedited trial would, however, enable the Parties to promptly identify and remedy, to the extent possible, any ongoing misuse.

Second, the expedited schedule would also benefit Defendants. An expedited trial avoids the prolonged uncertainty that Defendants face as a result of the ongoing interim relief, or additional interim relief the Court may order as the case unfolds. The expedited schedule should also conserve the resources of all parties.[2] Finally, in addition to the benefits to Defendants, accelerating this case to trial would not significantly prejudice Defendants in any way, nor have Defendants, at least thus far, argued that it would. *Supra* n.1.

In sum, the issues here are well defined, the Parties have already begun developing the related record, and an expedited schedule, as set forth in Exhibit A, would streamline—rather than expand—judicial involvement. Further, the Court may properly exercise its scheduling authority to reduce the threat of ongoing and irreparable harm, expedite trial, and thereby minimize

---

[2] For example, the facts giving rise to the causes of action JGR asserts against Gabehart and Spire are substantially similar. Likewise, any counterclaims Gabehart or Spire elect to assert will arise out of substantially similar facts and over the same time period as JGR's causes of action. Whether Gabehart or Spire choose to file a motion to dismiss or to assert counterclaims, the parties will be seeking discovery of substantially similar facts over the same time period. Even if one of JGR's causes of action were dismissed, the scope of discovery would not change. Accordingly, proceeding with the expedited schedule and trial date will not impact or prejudice Defendants.

duplicative proceedings, conserve judicial resources, and promote an efficient and equitable resolution of this action.

**CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court enter a scheduling order setting this matter for trial on an expedited basis, including accelerated deadlines for discovery and pretrial proceedings, as set forth in Exhibit A (JGR's Proposed Pretrial Order and Case Management Plan), thereby allowing the merits of the Parties' claims and defenses to be promptly and efficiently resolved.

This the 9th day of April, 2026

**KING & SPALDING LLC**
*/s/ Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN**
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171

9

Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(b), the undersigned counsel hereby certifies that they have conferred in good faith with counsel for the opposing parties regarding the relief sought in this Motion. While opposing counsel has advised that they do not oppose the present Motion, the parties have reached an impasse as to the schedule itself.

This the 9th day of April, 2026

**KING & SPALDING LLC**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN**
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202

11

sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

No artificial intelligence was employed in doing the research for the preparation of this Memorandum, with the exception of the standard artificial intelligence embedded in WestLaw. Every statement and every citation to authority contained in this Memorandum has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered.

This the 9th day of April, 2026

**KING & SPALDING LLC**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN**
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202

13

sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing **PLAINTIFF'S MOTION FOR EXPEDITED TRIAL AND SUPPORTING MEMORANDUM OF LAW** was electronically filed with the Clerk using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 9th day of April, 2026

**KING & SPALDING LLC**

*/s/ Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN**
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202

15

sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*