**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-CV-00133-SCR-DCK**

| | |
|---|---|
| **JOE GIBBS RACING, LLC,** | |
| **Plaintiff,** | **DEFENDANT CHRISTOPHER GABEHART'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| **v.** | |
| **CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,** | |
| **Defendants.** | |

Defendant Christopher Gabehart ("Mr. Gabehart") respectfully submits this Response to Plaintiff Joe Gibbs Racing, LLC's ("JGR") improper Notice of Supplemental Authority. ECF 71. JGR's filing is not a notice of supplemental legal authority; it is an improper attempt to introduce surveillance photos as evidence outside the briefing schedule. Unable to substantiate its claims, JGR has resorted to stalking Mr. Gabehart at racetracks, then rushing to this Court to spin routine behavior into suggested misconduct. The Court should give this filing no weight.

**A.  JGR's Notice of Supplemental Authority is Procedurally Improper.[1]**

Local Civil Rule 7.1(j) provides a narrow mechanism for parties to bring newly discovered *legal authority* to the Court's attention after briefing has concluded. The rule requires "citations" to "pertinent and significant authorities" and prohibits "further argument." *See* LCvR 7.1(j); *Sisk*

---

[1] If this Court determines that JGR's supplemental submission is procedurally proper and that JGR's professed concerns about competitive information warrant serious consideration, then Mr. Gabehart respectfully submits that the Court should be aware of an additional, directly relevant fact. Mr. Gabehart's former direct supervisor at JGR, Michael Guttilla, recently departed JGR mid-season and joined Legacy Motor Club—a direct competitor in the NASCAR Cup Series. *See* https://www.forbes.com/sites/gregengle/2026/04/08/a-routine-nascar-executive-move-that-might-not-be-so-routine/ The organizational charts submitted in this litigation confirm that Mr. Guttilla served in the role directly above Mr. Gabehart at JGR, meaning that Mr. Guttilla had at least equal, and likely greater, access to JGR's confidential competitive information than Mr. Gabehart. *See* ECF 38, Ex. B. JGR evidently did not view its confidential information as sensitive enough to prevent—or even protest—Mr. Guttilla's mid-season move to a direct competitor, which undermines JGR's claim that Mr. Gabehart poses some unique threat to JGR's competitive interests.

*v. Abbott Lab'ys*, 2012 WL 1164559, at *1 (W.D.N.C. Apr. 9, 2012). The Advisory Committee Notes confirm that this rule mirrors FRAP 28(j) governing supplemental authority on appeal.[2]

JGR has not cited a single case, statute, or piece of legal authority. *See* ECF 71. Instead, JGR submitted *surveillance* photos of Mr. Gabehart at a racetrack, accompanied by speculative declarations. *See id.*, Exs. A & B. This is not supplemental legal authority—it is an end-run around the briefing schedule and page limits. But this rule was never intended for evidentiary submissions, as evidenced by the two-page limit and prohibition on argument. *See* LCvR 7.1(j); FRAP 28(j). The Court should disregard JGR's filing on this basis alone.

### B. JGR's Submission is Pure Speculation, Not Evidence.

JGR's entire filing rests on photos of Mr. Gabehart at Bristol Motor Speedway, coupled with Walter Brown's conjecture that Mr. Gabehart "appears" to be performing Competition Director duties. *See* ECF 71-1 ¶¶ 8–13. This is not evidence of anything. Mr. Gabehart was not performing Competition Director responsibilities at Bristol because that is not his job. Gabehart Third Dec. ¶ 6. As Mr. Gabehart previously stated under oath, Matt McCall is the Competition Director for Spire's Cup Series operations. ECF 38 ¶ 11. Mr. Gabehart's role as Chief Motorsports Officer is fundamentally different in scope, seniority, and focus—a distinction the record already establishes. *Id*. ¶¶ 7–21; ECF 45-2 ¶¶ 57–59. Mr. Gabehart's presence on race day is entirely consistent with his role as CMO and commonplace for executive-level employees like him.

The Court should disregard JGR's improper Notice; it violates LCvR 7.1(j) by submitting surveillance photos rather than legal authority, rests on speculation rather than evidence, and ignores the undisputed record testimony regarding Mr. Gabehart's actual job duties at Spire.

---

[2] *See Manley v. Rowley*, 847 F.3d 705, 710 n.2 (9th Cir. 2017) (granting motion to strike Rule 28(j) letter that offered no new authorities but rather sought to supplement the record with new evidence because Rule 28(j) "is not designed to bring new evidence through the back door.") (citing *Trans–Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986)); *see also Bowman v. City of Franklin*, 980 F.2d 1104, 1107 & n.1 (7th Cir. 1992) (similar).

Respectfully submitted,

This the 14th day of April, 2026.

By:  /s/ Cary B. Davis
     Cary B. Davis
     N.C. Bar No. 36172
     cdavis@rbh.com

     Spencer T. Wiles
     N.C. Bar No. 53664
     swiles@rbh.com

     William M. Miller
     N.C. Bar No. 36946
     wmiller@rbh.com

     Anna Claire Tucker
     N.C. Bar No. 59457
     atucker@rbh.com

     ROBINSON, BRADSHAW & HINSON, P.A.
     600 S. Tryon Street, Suite 2300
     Charlotte, North Carolina 28202
     (704) 377-2536

     *Attorneys for Defendant Christopher Gabehart*

3

# ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal research for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 14th day of April, 2026.

/s/ *Cary B. Davis*
Cary B. Davis

4