# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

JOE GIBBS RACING, LLC, )
)
*Plaintiff*, )
)
v. ) Case No: 3:26-cv-00133
)
CHRISTOPHER GABEHART and SPIRE )
MOTORSPORTS, LLC, )  Honorable Susan C. Rodriguez
*Defendants*. )
)
)

## SPIRE'S RESPONSE TO PLAINTIFF JOE GIBBS RACING, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Civil Rule 7.1(j), Defendant Spire Motorsports, LLC ("Spire") submits this response to Plaintiff Joe Gibbs Racing, LLC's ("JGR") Notice of Supplemental Authority.

It's déjà vu all over again.  Over the course of the past two months, JGR has run to the Court at every turn with a new accusation, a newly concocted fake emergency, a new demand, or a new piece of "evidence."  And each time, the accusations and emergencies and demands rest on speculation and innuendo.  This time is no different.  JGR's supplemental "authority" does nothing to rescue JGR's flailing motion for a preliminary injunction.[1]

*First*, JGR's Notice underscores the extraordinary and invalid breadth it attributes to the non-compete provision at issue in this case.  In JGR's world, a former employee who becomes an executive at a competing team is prohibited from so much as showing his face at a NASCAR Cup Series event—whether practice, qualifying, or a race.  By overplaying its hand, JGR leaves no

---

[1] As detailed by Gabehart's counsel, the Notice is procedurally improper and violates this Court's rules.  Dkt. 73; *see also* L. Civ. R. 7.1(j).

doubt that the non-compete clause it seeks to enforce is overbroad and invalid under North Carolina law.  *E.g.*, Dkt. 45 at 19-21.

*Second*, JGR's photographs mean nothing.  For example, one of the photographs shows a person who may or may not be Mr. Gabehart tangling with some tires.  Dkt. 71-2, Ex. 5.  Two of the photographs picture Mr. Gabehart standing around in Victory Lane.  Dkt. 71-2, Exs. 1 & 2.  One of the photographs shows Mr. Gabehart milling around the infield.  Dkt. 71-2, Ex. 3.  And two of the photographs show Mr. Gabehart standing near other Spire personnel (where he belongs, as one of Spire's executives).  Dkt. 71-2, Exs. 4 & 6.  None of the photographs show Mr. Gabehart sharing, distributing, or using JGR's trade secrets.

*Third*, Mr. Brown's contrived interpretation of these photographs taken at an event he didn't deign to attend (even though he is JGR's Competition Director) defies reality and should be ignored.  *See* Ex. A (Third Dec. of J. Dickerson); *see also* Dkt. 74 (Third Dec. of C. Gabehart).  As detailed in Mr. Dickerson's Third Declaration, a variety of executives from various teams were present for Practice and Qualifying at the Food City 500 and at the race itself.  JGR's entire theory rests on the logical fallacy that attendance at Practice and Qualifying is equivalent to acting as a Competition Director.  That is demonstrably false.

*Fourth*, even Mr. Brown's declaration rests on JGR's now-standard speculation.  Worse, Mr. Brown hedges his speculation at every turn:  (1) speculating about what photographs "appear to suggest"; (2) theorizing about what Chris Gabehart "may be engaging in"; (3) guessing about why Mr. Gabehart was "listening to the radios"; (4) postulating about what Mr. Gabehart was "likely" doing; and (5) hypothesizing about an "apparent interaction."  Dkt. 71-1.

JGR's motion for a preliminary injunction should be denied, and the Notice underscores that conclusion.

2

This the 14th day of April, 2026

By: */s/ Joshua D. Davey*
Joshua D. Davey
N.C. Bar No. 35246
Lawrence J. Cameron
N.C. Bar No. 41922
Troy C. Homesley, III
N.C. Bar No. 62148
**TROUTMAN PEPPER LOCKE LLP**
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
joshua.davey@troutman.com
lawrence.cameron@troutman.com
troy.homesley@troutman.com

John S. "Evan" Gibbs III – Pro Hac Vice
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
evan.gibbs@troutman.com

3

## CERTIFICATION PURSUANT TO THE COURT'S ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

I hereby certify the following in preparation of this Motion:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his or her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 14th day of April, 2026.

*/s/ Joshua D. Davey*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 14, 2026, I filed the foregoing on the Court's ECF system through which all counsel of record will be served.

This the 14th day of April, 2026.

*/s/ Joshua D. Davey*