## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| JOE GIBBS RACING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 3:26-cv-00133-SCR-DCK |
| | ) | |
| CHRISTOPHER GABEHART and SPIRE | ) | |
| MOTORSPORTS, LLC, | ) | Honorable Susan C. Rodriguez |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT SPIRE MOTORSPORTS, LLC'S MEMORANDUM OF LAW
## IN RESPONSE TO PLAINTIFF JOE GIBBS RACING, LLC'S
## MOTION FOR EXPEDITED TRIAL

Defendant Spire Motorsports, LLC ("Spire") submits this Response to Plaintiff Joe Gibbs Racing, LLC's ("JGR") Motion for Expedited Trial.  Dkt. 70 ("Mot.").

## **INTRODUCTION**

This case—filed just two months ago—is in its infancy.  Neither Christopher Gabehart nor Spire has answered or otherwise responded to the Amended Complaint, and they have not yet had the opportunity to do so before responding to JGR's most recent (and wholly unnecessary) request for judicial intervention.  Nevertheless, JGR asks this Court to adopt an unnecessarily aggressive and unrealistic case management plan that seeks to jumpstart formal discovery before the ongoing forensic examination of Gabehart's devices and accounts—an examination that will determine the scope of the trade secrets at issue in this case—has even been completed.  And JGR rejects a Court-mandated deadline for completion of the very forensic review that it breathlessly demanded.

At the outset, Spire agrees that some form of expedited proceedings is appropriate in this case, given Spire's need to defend itself against JGR's increasingly unfounded accusations in this Court and in the court of public opinion.  To that end, Spire has proposed an alternative expedited schedule, pursuant to which: (i) formal discovery begins in June, *after* the forensic examination of Gabehart's accounts and devices determines the scope of the trade secrets at issue and JGR responds to any forthcoming counterclaims; (ii) fact discovery closes in October; (iii) expert discovery closes in December; and (iv) trial begins in May of 2027.  Each of these deadlines is shorter than this Court's standard.  Spire's proposed deadlines balance the need for exigency with the parties' rights to fully investigate the basis for their claims, counterclaims, and defenses, while still resulting in the resolution of this case *months* before what would be typical under this Court's presumptive deadlines.[1]

---

[1] Counsel for Spire are authorized to represent that Gabehart consents to and joins Spire's request for this alternative schedule.

JGR, however, has refused to engage with Defendants as to this counterproposal during the meet and confer process, and filed this motion instead. JGR has offered no justification for the unreasonable and exceptional schedule it seeks. JGR's untenable, unrealistic, prejudicial request should be denied, in favor of Defendants' expedited, yet measured, counterproposal.[2]

## BACKGROUND

### A. JGR Files This Lawsuit And Immediately Engages In Contentious Litigation

JGR filed this lawsuit on February 19, 2026, at first alleging only that its former employee Christopher Gabehart misappropriated certain trade secrets and alleging a breach of a confidentiality provision in Gabehart's JGR employment agreement. Dkt. 1. JGR then amended its Complaint, this time alleging Spire was also liable for Gabehart's alleged misappropriation and for tortiously interfering with Gabehart's contract with JGR. *See* Dkt.8. JGR contemporaneously moved for a preliminary injunction and temporary restraining order ("TRO"). *See* Dkt.9. Defendants' deadline to answer or otherwise respond to the Amended Complaint is April 27, 2026.

For a case in its nascent stages, this case has already been heavily litigated. JGR moved for a TRO and a preliminary injunction contemporaneously with the filing of its Amended Complaint, and shortly thereafter sought expedited discovery from both Gabehart and Spire concerning JGR's confidential information, alleged trade secrets, and Gabehart's employment with Spire. Dkt. 22. On March 5, 2026, the Court granted a limited TRO against Gabehart only, expressly holding that such relief was not warranted as to Spire because there was no evidence that Gabehart disclosed any of JGR's confidential information to Spire or that Spire acted out of anything but legitimate competitive intent when it hired Gabehart. Dkt. 26. On March 18, the Court permitted limited expedited discovery—again *only as to Gabehart*, finding no basis for such

---

[2] Defendants' proposed Pretrial Order and Case Management Plan is attached as Exhibit A.

2

extraordinary relief as to Spire. Dkt. 48. On March 26, this Court held a hearing on JGR's motion for a preliminary injunction, which motion remains pending. Minute Entry (March 26, 2026). Thus, the Court has already twice declined to extend extraordinary relief to Spire for lack of evidence of misuse. On April 1, dissatisfied that its prior expedited discovery endeavor yielded nothing of substance, JGR moved for *further* expedited discovery—this time seeking documents related to the merits of its claims not only from Spire and non-party Jeff Dickerson, Spire's co-owner, but also from other third-party individuals. Dkt. 65.

### B. Spire And JGR Agree Expedited Proceedings Are Warranted, But JGR Filed This Motion Without Attempting To Reach Any Agreement With Spire

On or around March 26, 2026, JGR first raised the prospect of an expedited trial in this case. Spire indicated its agreement to some form of an expedited proceeding, and asked counsel for JGR to share a draft proposed Pretrial Order and Case Management Plan for Spire's review. On April 2, 2026, JGR's counsel sent Spire's counsel a proposed Case Management Plan setting aggressive and unrealistic discovery and dispositive motion deadlines, culminating in a trial beginning on November 16, 2026. Specifically, JGR's proposed schedule would require the parties to begin fact discovery immediately, *before the forensic examination of Gabehart's accounts and devices has defined the scope of the trade secrets at issue*. JGR also proposes closing fact discovery on July 16, which would give the parties less than three months to propound and respond to written discovery, collect, review, and produce what will likely be thousands of documents, identify third-party witnesses and pursue third-party discovery, and schedule, prepare for, and take numerous depositions. The parties would be forced to undertake these substantial discovery efforts without clarity as to the precise trade secrets at issue (given the pending forensic examination) and before JGR has responded to any forthcoming counterclaims (which will impact the scope of discovery), rendering those efforts, at best, premature and, at worst, speculative. Then,

3

JGR asks for an expert discovery deadline of August 20—meaning the parties would need to identify and engage experts, assist in the preparation of expert reports, and prepare and attend expert depositions in a one-month period. Additionally, JGR's proposed Case Management Plan deviates from this Court's presumptive Order with respect to allowable discovery by affording "each side," rather than "each party," the opportunity to propound a certain amount of written discovery and to take a certain number of depositions.[3] This change would artificially restrict the separate discovery rights of Spire and Mr. Gabehart, even though they are distinct parties with different defenses and, in Spire's case, counterclaims.

Given JGR's aggressive and impractical proposed deadlines and unfairly one-sided discovery limitation, Spire presented JGR with a counterproposal (which Gabehart has joined for the purposes of this Motion). Defendants' counterproposal makes modest, reasonable adjustments so that formal discovery begins only after the forensic examination has defined the scope of the case and JGR has had the opportunity to respond to any counterclaims affecting the scope of discovery, brings the schedule more in line with Judge Rodriguez's standard order while remaining expedited, and corrects JGR's one-sided discovery proposal. For example, Defendants' proposed deadlines for the close of fact discovery (October 1, 2026) and expert discovery (December 17, 2026), represent a 6.5 month discovery process, as opposed to this Court's 8-month presumptive guideline. And Defendants' May 3, 2027, proposed trial date means this case would be resolved in 11 months' time—rather than the 12–14 months contemplated by this Court's template case management order. A chart comparing JGR and Defendants' proposals is included below:

---

[3] A redline comparing JGR's proposed Pretrial Order and Case Management Plan with this Court's template Pretrial Order and Case Management Plan is attached as Exhibit B.

4

| Action | Presumptive Guideline | JGR Prop. Date | Defendants' Proposed Date |
|---|---|---|---|
| Rule 26 Conference | None | None | May 11, 2026 |
| Completion of Forensic Examination | None | None | May 29, 2026 |
| Rule 26(f) Report | None | None | May 29, 2026 |
| Service of RFPs | None | April 16, 2026 | June 1, 2026 |
| Rule 26 Disclosures | [PTO + 30 days] | April 23, 2026 | June 22, 2026 |
| Am. of Pleadings | [PTO + 4 months] | May 7, 2026 | October 1, 2026 |
| Joinder of Other Parties | [PTO + 4 months] | May 7, 2026 | October 1, 2026 |
| Substantial Document Production | None | May 14, 2026 | October 1, 2026 |
| Completion of Fact Discovery | None | July 16, 2026 | October 1, 2026 |
| Opening Expert Report(s) | [Discovery Deadline – 8 weeks] | July 23, 2026 | October 8, 2026 |
| Rebuttal Expert Report(s) | [Discovery Deadline – 4 weeks] | August 6, 2026 | November 19, 2026 |
| Completion of Expert Discovery | [PTO + 8 months] | August 20, 2026 | December 17, 2026 |
| Mediation Report | [Discovery Deadline + 14 days] | August 27, 2026 | January 7, 2027 |
| Filing of Dispositive Motions | [PTO + 9 months] | August 27, 2026 | January 28, 2027 |
| Trial Date | [PTO + 12–14 mos.] | Nov. 16, 2026 | May 3, 2027 |

Spire's efforts to negotiate, however, were dead on arrival as JGR filed its Motion for Expedited Trial on April 9, 2026 (a day after receiving Defendants' counterproposal), without responding to or otherwise acknowledging Defendants' counterproposal. JGR's failure to confer with Spire and "attempt[] in good faith to resolve areas of disagreement" before filing a motion with the Court violates Local Civil Rule 7.1(b). The parties had not "reached an impasse on the schedule itself," as JGR claims in its Motion for Expedited Trial, Dkt.70 at 11, because JGR did not allow for any discussion of whether the parties could "resolve areas of disagreement." As such, Spire's attempts to confer in good faith with JGR have resulted in yet another round of

5

submissions to this Court. *See* 2d Decl. of J. Davey ("Davey Dec."),[4] Ex. 1. JGR's disregard of its meet-and-confer obligations further counsels against granting the extraordinary relief it seeks.

**ARGUMENT**

**I.     There Is No "Good Cause" To Adopt JGR's Unrealistic, Unduly Aggressive And Prejudicial Proposed Case Management Deadlines**

This Court's template Pretrial Order and Case Management Plan permits parties to submit "proposals for more restrictive dates and discovery guidelines" than the default deadlines. Courts often evaluate proposals for expedited trial setting for good cause shown. *E.g.*, *Nguyen v. Boeing Co.*, 2016 WL 2855357 (E.D. Wash. May 16, 2016) (denying motion for expedited trial "because plaintiff has not shown good cause"); *Berenson v. Adm'rs of the Tulane Univ. Educ. Fund*, No. CV 17-329, 2017 WL 3480794, at *1 (E.D. La. Aug. 14, 2017) (same); *see also* 28 U.S.C. § 1657(a) (courts "expedite consideration of any action . . . if good cause therefore is shown).

Spire agrees that expedited proceedings are appropriate under these circumstances to afford the parties the most expeditious resolution of this controversy realistically possible. In addition to promoting efficiency and reducing costs, expedited proceedings are appropriate because each passing week subjects Spire to further disparagement by JGR based on entirely unfounded claims, and a prompt trial will allow Spire to limit the unfounded reputational harm it suffers in an industry under intense media scrutiny. *See* Dkt. 68 at 11. Nevertheless, any case management order must still be reasonable and structured so that the parties can meaningfully develop the factual record, pursue dispositive motions, and engage in good-faith alternative dispute resolution or settlement discussions, so that the case may be presented to the Court on an orderly, fully informed, and non-prejudicial basis. To be clear, this is a large, complex case, and the discovery process will be

---

[4] The Second Declaration of Joshua Davey is attached as Exhibit C.

6

burdensome even under ideal circumstances—with ample time and with discovery commencing only after the forensic examination has defined the universe of trade secrets at issue.

Spire sought JGR's position on alternative expedited deadlines via email on April 8, 2026. Defendants' proposed schedule calls for the parties to complete a forensic examination of Gabehart's accounts and devices by May 29, 2026, which examination will define the scope of the trade secrets at issue in this litigation and streamline further discovery efforts. Then, Spire proposes completing fact discovery on October 1, 2026 (as opposed to JGR's deadline of July 16, 2026), and completing expert discovery on December 17, 2026 (approximately 6.5 months after Defendants' proposed Pretrial Order date, as opposed to this Court's presumptive deadline of "PTO + 8 months"), followed by a trial date of May 3, 2027 (approximately 1 to 3 months shorter than this Court's presumptive deadline of 12–14 months after the PTO). *See* Ex. A.

Without even bothering to acknowledge—let alone respond to—Defendants' counterproposal, JGR ran to Court and filed its motion, proposing the same deadlines it originally raised with Spire (and which Spire explained were unacceptable). But JGR has failed to show that there is "good cause" for the unreasonable deadlines it asks this Court to adopt. The *entire* basis for JGR's motion is JGR's speculation that it is "facing the ongoing threat of misuse of its admittedly stolen trade secrets and confidential information on a week-by-week basis." Mot.7. That does not establish the "good cause" required to deviate so substantially from this Court's presumptive guidelines, which contemplate a trial being held 12–14 months after a pretrial order issues. Indeed, this Court has already enjoined Gabehart's use or disclosure of the alleged trade secrets, Dkt. 48, and JGR's forensic examiner deleted the information at issue from Gabehart's devices after confirming there was no evidence of dissemination, Dkt. 9-4, ¶¶ 27; 31. Further, this Court allowed JGR to take early discovery from Gabehart—which revealed only two, highly

7

generic documents, and nothing meaningful to support JGR's trade secrets claims—and Gabehart has been locked out of Spire's systems, such that the risk of "misuse" JGR is so concerned about, Mot.7, simply does not exist. In light of these protections and the absence of evidence that Spire possesses or is using JGR's alleged trade secrets, JGR cannot show ongoing irreparable harm or any concrete need to adopt the extreme schedule it proposes—particularly where Defendants' proposal is itself expedited and brings this case to trial within 11 months of the pretrial order.

JGR nevertheless contends that such an accelerated schedule is necessary to preserve its purported competitive advantage in the NASCAR industry, and to prevent potential misuse from affecting the 2027 NASCAR season. Mot. 8. However, JGR has not identified any evidence that its competitive position has actually eroded since the alleged misconduct occurred. Despite the filing of dozens of declarations and the passage of nearly a third of the NASCAR season, JGR has not offered any evidence that Spire has used JGR's car set ups (which Spire, again, does not possess) to materially improve its performance. Indeed, JGR's performance during the 2026 NASCAR season has, to date, exceeded even its performance last season. Meanwhile, Spire has implemented and is adhering to robust safeguards—including issuing litigation holds, implementing an electronic litigation hold where appropriate, engaging a forensic examiner to image Dickerson's devices and Gabehart's Spire-issued laptop, revoking Gabehart's access to Spire's electronic systems, and deactivating a 30-day automatic retention setting on Dickerson's cellphone—to ensure that no information that could even conceivably give it the competitive advantage JGR fears is accessed or used during the current NASCAR season or any subsequent season. Therefore, Defendants' request to hold this trial in May 2027 would have no impact on the 2027 NASCAR season. There is no basis to conclude that the speculative risk that Spire might somehow obtain a competitive advantage warrants imposing the extraordinary, burdensome

schedule JGR demands, particularly when the more measured schedule Spire proposes would still bring this case to resolution more quickly than is typical in this Court and well before the 2027 NASCAR season ends, while minimizing the burden of litigation on all parties and the Court.[5]

JGR's demand for a blazing fast resolution to this matter (at the expense of orderly discovery and prejudice to Spire) is also contrary to its own representations that the information Gabehart allegedly misappropriated becomes stale with time. *E.g.*, Feb. 27, 2026 Hr'g Tr. at 58:7-14 (arguing that a "cooling off period" would allow "information that he may still have in his head or that the protocol didn't have a window to get" to become "stale"). Indeed, the staling nature of its purported trade secrets is the very basis for JGR's insistence on strict enforcement of Gabehart's non-compete provision. Thus, even if the alleged trade secrets had not already been isolated, any competitive threat associated with their disclosure will decline—rather than increase—with time.

Setting aside the lack of good cause, JGR's proposed deadlines are simply unrealistic. To begin, JGR asks this Court to order service of Requests for Production and Rule 26 Disclosures before Defendants' April 27 deadline to answer or otherwise respond to the Amended Complaint passes, before JGR has an opportunity to respond to any forthcoming counterclaims (which will affect the scope of discovery), and even *before* briefing on this very Motion is complete. JGR also asks for a "substantial document production" deadline of May 14, 2026—approximately two weeks after Defendants file their Answer and any Counterclaims (for which they are entitled to discovery). Compliance with these deadlines is not just impracticable—it is *impossible*. *See* Fed. R. Civ. P. 34(b)(2) (giving parties 30 days to respond to requests for production of documents).

---

[5] *2311 Racing LLC v. National Association for Stock Car Auto Racing, LLC*, No. 3:24-cv-00866, Dkt. 84, does not help JGR's case. There, the court's expedited discovery schedule contemplated *almost a full year* between the Rule 26(f) disclosures and trial, with five full months between the close of fact discovery and trial. That schedule is much more akin to the deadlines proposed by *Spire* (ten months between initial disclosures and trial), than those proposed by JGR (six months between initial disclosures and trial). And, in the *2311* litigation, an expedited trial was vital because absent a resolution well in advance of the 2026 season, the two teams would have been forced to prepare for the season without any certainty about their ability to compete in it. By contrast, JGR suffers no such risk here.

Other deadlines are similarly untenable: JGR seeks two weeks between the production of opening and rebuttal expert reports and just *one week* between the close of expert discovery and the filing of dispositive motions—rather than the one month this Court typically provides in both instances. All of these unachievable deadlines are spurred by JGR's unfounded request to hold this trial on November 16, 2026, which date JGR claims "accommodates an orderly and robust discovery schedule and resolution of the issues by the end of the 2026 NASCAR Cup season." Mot.4. There are two problems with JGR's attempted justification: (1) even under JGR's schedule, the harm it claims to prevent would not be averted, because trial would occur *after the season ends*[6]; and (2) there is no potential harm to JGR during pendency of this litigation because the Court has already issued a TRO that prohibits Gabehart from "using or disclosing" JGR's confidential information and from "providing services of the general type of services that [he] provided to JGR in the year prior to his termination" to Spire. Dkt. 26 at 11–12. Moreover, there remains *no evidence* that Spire or Gabehart possess JGR's trade secrets—let alone have used them in a way that harms JGR.

Finally, JGR's request would unduly prejudice Spire.[7] With respect to the requested deadlines, JGR's proposal would force Spire to engage in extensive discovery—including responding to voluminous requests for production, interrogatories, and requests for admission— by July 16. Complying with these accelerated deadlines would be extraordinarily burdensome, as it would require Spire's owners and highest-level personnel to divert substantial time and attention

---

[6] The NASCAR Cup Series Championship Race will be held on November 8, 2026, in Homestead, Florida. NASCAR Cup Series Schedule, NASCAR (last visited Apr. 15, 2026), https://www.nascar.com/nascar-cup-series/2026/schedule/.

[7] JGR's reliance on *Four Seasons Marina Rental, Inc. v. City of Osage Beach*, No. 08-42210-CV-CNKL, 2008 WL 5427870, at *3 (W.D. Mo. Dec. 30, 2008), does not help their position. In *Four Seasons*, defendants moved for an expedited trial "in light of the advantage stage of this litigation, [ ] the limited issues to be tried," and the fact that "substantial discovery was conducted prior to its removal to federal court." *Id.* at *3. In light of these facts, the court set trial to begin *six months* later. *Id.* In contrast, this case is in its nascent stages—indeed, neither Defendant has either answered nor otherwise responded to the Amended Complaint—and calls for the resolution of myriad claims. Additionally, only Gabehart and JGR have to date engaged in any early discovery, and that discovery was narrowly tailored by this Court. Therefore, JGR's request for a trial date in *seven months* is wholly unreasonable.

over the next three months (***in the middle of the season***) to reviewing discovery requests and responses, locating and collecting documents, engaging in third-party discovery, and preparing for and attending depositions. And it would require Spire to undertake these efforts before the forensic examination has even identified and defined the specific alleged "trade secrets" at issue in this case, and before it understands the nature of any defenses JGR may raise with respect to any forthcoming counterclaims. That structure invites wasteful, duplicative, or misdirected discovery.

These efforts would also need to be coordinated around the already demanding schedules of the very Spire personnel whose vision and efforts are responsible for the team's success, and who must travel across the country throughout the NASCAR season to prepare for and participate in races. The additional burdens of engaging in such discovery in a three-month time frame—as opposed to the five months contemplated in Defendants' counterproposal—would distract from the performance of those core responsibilities and make scheduling a significant challenge.

JGR's proposal would also prejudice Spire by limiting the amount of discovery each Defendant is entitled to take. JGR seeks an order allowing "each side" to propound 25 interrogatories, 30 requests for production, and 25 requests for admission, even though this Court's template clearly imposes those limits on "each *party*."[8] *See* Ex. B at 2. JGR does not address this manipulation of the Court's standard order—let alone offer any justification for hamstringing Defendants in this manner. As Spire has repeatedly explained, Spire and Gabehart are separate parties with separate defenses, each entitled to defend themselves in this case in the manner they see fit. Just as there is no evidentiary basis to impute Gabehart's alleged wrongdoing to Spire, there is no basis to curtail Spire's discovery from JGR and third parties by artificially conflating

---

[8] This Court has already allowed JGR to propound six requests for production to Gabehart on an expedited basis. Dkt. 48. Those requests should be counted against JGR's total for the remainder of discovery.

Spire and Gabehart, whose defenses will differ in material respects.[9]  Nor does JGR's proposal account for the fact that Spire's yet-to-be-asserted counterclaims differ in temporal scope and nature from JGR's claim, so forcing Spire to split the 30 designated requests for production with Gabehart would deny Spire of its right to fulsome discovery as to its counterclaims.

## II.     This Court Should Adopt Defendants' Proposed Expedited, Yet Practical, Alternative

Defendants' proposed schedule, in contrast, would appropriately balance the parties' interest in expeditious resolution with the practical realities associated with discovery and trial preparation in a complex and high-stakes case.  Defendants' proposal envisions the parties completing a forensic review of Gabehart's accounts and devices by May 29, and engaging in full-blown discovery once that review has defined the proposed scope of the alleged trade secrets at issue in this case.  Organizing the discovery process in this way will streamline discovery, improve efficiency, and save the parties time and money.  But recognizing the need for an efficient discovery process and timely resolution, Defendants' proposal calls for the exchange of discovery requests after June 1, with a fact discovery deadline of October 1.  Although having only four months to complete fact discovery in a case like this is ambitious, it is far more realistic than JGR's request to dive into a compressed merits discovery process *immediately—*before the scope of the trade secrets at issue in this case has even been determined.  Defendants' proposed trial date of May 3 also represents an expedited, yet reasonable alternative to JGR's November 16 proposal. Holding this trial next spring still ensures resolution of the case before the peak of the next season.

### CONCLUSION

The Court should adopt the scheduling deadlines set forth in Defendants' counterproposal.

---

[9] JGR's claim that Spire will not be prejudiced by expedited discovery because "the parties have already engaged in focused discovery in connection with the preliminary injunction proceedings" ignores that, unlike Gabehart, *Spire has never been under any Court-ordered discovery obligation in this case* and has not had any meaningful opportunity to investigate the evidentiary basis (or lack thereof) for JGR's claims.

Dated: April 20, 2026

Respectfully submitted,

*/s/ Joshua D. Davey*
Joshua D. Davey
Lawrence J. Cameron
Troy C. Homesley, III
TROUTMAN PEPPER LOCKE LLP
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
Joshua.Davey@troutman.com
Lawrence.Cameron@troutman.com
Troy.Homesley@troutman.com

John S. "Evan" Gibbs III
TROUTMAN PEPPER LOCKE LLP
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
Evan.Gibbs@troutman.com

*Attorneys for Defendant Spire Motorsports, LLC*

13

**CERTIFICATION CONCERNING USE OF ARTIFICIAL INTELLIGENCE**

Pursuant to the United States District Court for the Western District of North Carolina's June 18, 2024 Standing Order, I hereby certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. I further certify that every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: April 20, 2026

*/s/ Joshua D. Davey*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing **MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF JOE GIBBS RACING, LLC'S MOTION FOR EXPEDITED TRIAL** with the Clerk of Court using the CM/ECF system, which will automatically notice and serve this document on all counsel of record.

Dated: April 20, 2026

*/s/ Joshua D. Davey*

15