# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,

    Plaintiff,

    v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

    Defendants.

**[PROPOSED] PRETRIAL ORDER
AND CASE MANAGEMENT PLAN**

       IN ACCORDANCE WITH the Local Rules Governing Civil Cases in the Western District of North Carolina ("Local Rules") and pursuant to Rule 16 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Court enters the following Pretrial Order and Case Management Plan in this matter.

| DEADLINES AT A GLANCE[1] | | |
|---|---|---|
| **Deadlines** | **Presumptive Guidelines** | **Defendants' Proposed Date** |
| Rule 26 Conference | None | May 11, 2026 |
| Reply to Counterclaims Due | None | May 18, 2026 |
| Completion of Forensic Examination | None | May 29, 2026 |
| Rule 26(f) report | None | May 29, 2026 |
| Service of Requests for Production | None | June 1, 2026 |
| Rule 26 Disclosures | [ PTO + 30 days ] | June 22, 2026 |
| Amendment of Pleadings | [ PTO + 4 months ] | October 1, 2026 |
| Joinder of Other Parties | [ PTO + 4 months ] | October 1, 2026 |
| Substantial Document Production | None | October 1, 2026 |
| Completion of Fact Discovery | None | October 1, 2026 |
| Opening Expert Report[s] | [ Discovery Deadline – 8 weeks ] | October 8, 2026 |

---

[1] These deadlines and discovery guidelines are the Court's presumptive guidelines. However, the parties may agree to, and the Court may consider, proposals for more restrictive dates and discovery guidelines (e.g., 6 months of discovery rather than 8 months or 20 interrogatories and 3 depositions rather than 25 interrogatories and 8 depositions).

1

328005437v1

| Rebuttal Expert Report[s] | [ Discovery Deadline – 4 weeks ] | November 19, 2026 |
|---|---|---|
| Completion of Expert Discovery | [ PTO + 8 months ] | December 17, 2026 |
| Mediation Report | [ Discovery Deadline + 14 days ] | January 7, 2027 |
| Filing of Dispositive Motions | [ PTO + 9 months ] | January 28, 2027 |
| Trial Date | [ PTO + 12-14 months ] | May 3, 2027 |

328005437v1

## I. <u>PLEADINGS AND PARTIES</u>

**A. AMENDMENT OF PLEADINGS:** The parties' deadline to amend the pleadings is October 1, 2026.

**B. JOINDER OF ADDITIONAL PARTIES:** The parties' deadline to join other parties is October 1, 2026.

## II. <u>DISCOVERY</u>

**A. FORENSIC REVIEW OF GABEHART'S DEVICES AND ACCOUNTS<u>:</u>** Gabehart has consented to, and the Court has ordered, a forensic review of Gabehart's devices and accounts. Gabehart and Plaintiff are negotiating the terms of a forensic review protocol that will govern this review. The Parties agree that completing this review early in the case will streamline discovery in this matter, improve efficiency, and more clearly define the proper scope of discovery as to Plaintiff's trade secrets claims. As a result, Gabehart and Plaintiff agree to complete the forensic review of Gabehart's devices and accounts by May 29, 2026.

**B. DISCOVERY GUIDELINES:** Discovery shall be proportional to the needs of the case and is limited as set forth herein. Each Party may propound to each Party: (a) no more than **25** interrogatories, including subparts; (b) no more than **25** requests for admission, including subparts; and (c) no more than **30** requests for production of documents, including subparts. Any requests for production of documents propounded by any Party on an expedited basis prior to entry of this Order shall count against that Party's total.

Each Party may take no more than 8 depositions of non-expert witnesses. Absent agreement of the parties or leave of Court upon a showing of good cause, no witness may be deposed more than once. No deposition shall exceed seven hours on the record.

**C. RULE 26 DISCLOSURES:** The parties shall exchange the information set forth in Rule 26 by June 22, 2026.

D. **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION:** Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

**E. THE MAINTENANCE OF DISCOVERY MATERIALS:** Discovery materials are <u>NOT</u> to be filed with the Court. All counsel are advised to consult Local Rule 26.2 which provides that initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material <u>shall not be filed</u>

328005437v1

unless: (1) directed to do so by the Court; (2) the materials are needed for an in-Court proceeding; or (3) the materials are filed to support or oppose a motion or petition. All such materials <u>must be served</u> on other counsel or parties entitled to service. The parties are responsible for the preservation of any and all discovery materials they may generate.

**F.      PROTECTIVE ORDERS:** In order to avoid unnecessary delay in responding to discovery requests, the Court has adopted a standing protective order that is applicable to each case before the undersigned. The Court's standing protective order is subject to supplementation, modification, or vacatur, as the need may arise, upon motion of any party. If one or more of the parties seeks to supplement, modify, or vacate the standing protective order, then the parties are required to meet and confer and file with the Court a motion and joint draft proposed protective order governing discovery, if applicable. If the parties cannot agree on the form of the supplemental or modified proposed protective order, then each party shall submit a proposed supplemental or modified protective order. Even with a protective order governing confidential documents in place, however, Court filings may be kept under seal only upon written motion of a party satisfying the requirements of Local Rule 6.1 and applicable law.  **The Parties have submitted their proposed Protective Order [Dkt. No. 50] pursuant to their agreement and the Court's March 24, 2026 ruling**.

**G.      DISCOVERY COMPLETION:** All fact discovery shall be completed no later than October 1, 2026, and all expert discovery shall be completed no later than December 17, 2026. Counsel are directed to initiate discovery requests and notices, subpoenas, and depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. The parties' deadline to serve requests for production of documents is June 1, 2026. The deadline for substantial completion of document production is October 1, 2026. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than 60 days prior to scheduled trial date <u>and</u> a joint stipulation memorializing the extension is filed on the record.[2] If the parties do not reach a joint stipulation for the completion of discovery or they seek to extend discovery within 60 days prior to the scheduled trial time, a party may move for an extension of time to respond to discovery requests or to extend the discovery deadline and the motion must state the result of consultation with opposing counsel.

**H.      REQUIREMENT OF CONFERENCE AND MOTIONS TO COMPEL:** Before filing a motion to compel or any other motion related to a discovery dispute, the parties are required

---

[2] Stipulated extensions of the deadline for completion of all discovery will not alter the deadlines for filing, briefing, and hearing dispositive motions, nor do they provide grounds for a continuance of a trial setting.

328005437v1

to schedule and submit to an informal conference with the Court. Such conferences will be conducted by conference call and need not be recorded. A motion to compel or any other motion related to a discovery dispute may only be filed, if needed, after the informal conference. A motion to compel or any other motion related to a discovery dispute must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties and counsel to attempt to resolve discovery disputes in good faith without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

**I.** **VIDEO DEPOSITIONS:** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

**J.** *DE BENE ESSE* **DEPOSITIONS:** *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of Court upon motion. Such depositions should be presented at trial by video recording whenever possible.

**K.** **EXPERT WITNESSES:** The party bearing the burden of proof on an issue shall provide opening reports from expert witnesses pursuant to Rule 26(a)(2) by October 8, 2026. The party rebutting such issue(s) shall provide rebuttal reports from expert witnesses by November 19, 2026. Supplementations per Rule 26(e) shall be due as provided by Rule 26(e).

### III. SETTLEMENT DISCUSSIONS AND MEDIATION

**A.** **MEDIATION:** The parties are ordered to conduct a mediation **[or other approved ADR process if agreed]**. The parties shall complete and file a report on the results of mediation **[or other approved ADR process if agreed]** no later than January 7, 2027.

**B.** **ADDITIONAL SETTLEMENT CONFERENCES:** The mediation ordered above is not meant to limit the timing of the parties' efforts to settle the case. Rather, the parties are encouraged to discuss settlement at any time that might lead to a resolution of the dispute. The parties may only request a judicial settlement conference by motion after conducting mediation.

**C.** **SETTLEMENT PROCEDURES:** If a settlement is reached, it shall be reported immediately to the Court, in writing, together with a realistic target date by which the parties can have a formal stipulation of dismissal filed. Until the case is dismissed, counsel and the parties shall take notice that the filing of a Notice of Settlement does not stay or toll any deadlines without further order of the Court.

### IV. MOTIONS

328005437v1

**A. MOTIONS DEADLINE:** All motions except motions *in limine* and motions to continue shall be filed no later than January 28, 2027. Parties may not extend this deadline by agreement and stipulated extensions for the completion of discovery do not extend the motions deadline.

**B. MOTIONS HEARINGS:** Hearings on motions will be conducted only when the Rules require a hearing, when the memoranda filed in support of and in opposition to the motion do not provide an adequate basis for decision, or when the Court determines a hearing would aid the decisional process. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

**C. MEMORANDA IN SUPPORT OF MOTIONS, REQUIREMENTS AND DEADLINES:** Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. Unless prior permission has been granted, memoranda of law pertaining to any discovery or evidentiary motion shall not exceed 12 pages. Unless prior permission has been granted, memoranda of law in support of or in opposition to any dispositive motion shall not exceed 25 pages and reply memoranda shall not exceed 15 pages. All filings must be double spaced. All text (excluding footnotes) must be in 12-point font. Memoranda not in compliance with this Order may be stricken.

**D. RESPONSES AND REPLIES:** Responses to motions, if any, shall be filed within 14 days of the date on which the motion is filed. Replies to responses, if any, shall be filed within 7 days of the date on which the response is filed. The Parties are advised that the Court's ECF system may automatically generate a due date that is different than set in this Order. In that event, the time set by this Order controls.

**E. EXHIBITS:** A copy of all exhibits upon which a party relies in support of or in opposition to a motion shall be filed with the Court. However, a party may not file any exhibits which the party does not cite in the motion or a supporting or responsive memorandum. Except as requested by the Court, parties should not deliver "courtesy copies" of memoranda or exhibits to the Judge's chambers or the Clerk of Court. If parties are submitting more than ten sealed exhibits, the parties are directed to contact chambers for further instructions.

**F. EXTENSIONS OF TIME:** If counsel require more than 14 days to file a response or 7 days to file a reply, a motion for extension of time shall be filed, accompanied by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

## V. PRETRIAL AND TRIAL PROCEDURES

328005437v1

**A.** **TRIAL DATE:** A jury trial is scheduled to commence on May 3, 2027. The trial is anticipated to last 8 days. The term "trial date" has been used throughout this Order to refer to the first day of the term in which this case is ultimately set for trial, that also being the date on which jury selection is scheduled to begin for this case.

**B.** **FINAL PRETRIAL CONFERENCE:** The Court will schedule a final pretrial conference following dispositive motions. At the final pretrial conference, the Court will inquire about the potential settlement of the matter and otherwise prepare for trial.

**C.** **TRIAL SUBPOENAS:** Counsel must subpoena all witnesses at least 14 days prior to the trial date. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

**D.** **PRETRIAL SUBMISSIONS:** The Court requires the following pretrial submissions to be jointly drafted and submitted to chambers at least 14 days prior to the trial date.

1. A joint statement of the case, the purpose of which is to acquaint the jury with the nature of the case. Unless the case is extremely complex, this statement should not exceed one page.

2. Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial.

3. A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief, which may be submitted as provided in Paragraph V.J. below.

4. A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially, a brief description of the exhibit, and any stipulations as to authenticity. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the Courtroom Deputy at trial):

| Party | Exh. No. | Description | Stipulation as to Authenticity (Yes or No only) | Identified By | Admitted |
|---|---|---|---|---|---|
| | 1 | Police Report | | | |
| | 2 | Draft of Contract | | | |

328005437v1

5. Deposition testimony a party intends to offer as evidence at trial. Counsel should not file deposition designations for any witness that a party plans to have testify in person or who is unlikely to testify at all. In the event that a witness expected to appear is unexpectedly unable to appear or a witness' deposition testimony becomes unexpectedly necessary, then counsel will be given a reasonable opportunity to file deposition designations for that witness.

6. A witness list containing the name of every proposed witness each party may offer at trial.

7. A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

**E.     JURY *VOIR DIRE*:** The Court will conduct its standard *voir dire*. In addition to the Court's standard *voir dire*, counsel may prepare and jointly file a single compilation of *voir dire* questions sought to be asked no later than 14 days prior to the trial date. The filing shall also note the parties' agreement or objection to each proposed question. Pursuant to Rule 47(a), the Court will ask prospective jurors only such of the proposed *voir dire* as it deems proper. In addition to filing the joint proposed *voir dire* questions electronically, counsel should electronically send to chambers a copy of the proposed questions in a document prepared or compatible with a standard word processing program, preferably Microsoft Word.

**F.     PROPOSED JURY INSTRUCTIONS AND VERDICT SHEET:** If a jury trial has been requested, all counsel shall submit proposed jury instructions no later than 14 days prior to the trial date. Counsel shall jointly file a single compilation of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (e.g., the elements of the claims and defenses at issue), subject to supplementation at the close of evidence as necessary, as contemplated by Rule 51. Counsel shall identify and index each proposed instruction by number and heading, and support each proposed instruction with adequate legal authority. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and (if applicable) provide a proposed alternate instruction. Counsel shall also file a single verdict sheet no later than 14 days prior to the trial date. If the parties cannot agree on the form of the verdict sheet, then each party shall submit a separate proposed verdict sheet. In addition to filing the joint proposed jury instructions and verdict sheet(s) electronically, counsel should electronically send to chambers a copy of the proposed instructions and verdict sheet(s) in a document prepared or compatible with a standard word processing program, preferably Microsoft Word.

**G.     DEPOSITION TESTIMONY:** For the deposition testimony required to be filed with the Court as discussed above in Paragraph V.D.5, the parties must prepare and submit the testimony to the Court as follows:

328005437v1

1. The party originally offering the testimony shall highlight in yellow all portions of the deposition testimony it will seek to have admitted;

2. That party shall then provide the highlighted copy to the opposing party;

3. The opposing party shall highlight in a different color all portions of the deposition testimony it will seek to have admitted;

4. The opposing party shall then list briefly in the margins, directly adjacent to the relevant testimony, any objections it has to that testimony (e.g., Fed. R. Evid. 401, hearsay);

5. The opposing party shall then return the document to the party originally offering the testimony, who will note on the transcript any objections to the opposing party's highlighted portion;

6. The parties shall prepare a document that consecutively lists all the testimony in each deposition being objected to by either party along with the objection including citations to legal authority, a response to the objection including citations to legal authority, a reply where appropriate, and a blank box for the Court to rule on the objection. This information shall be entered into a table in substantially the following format (the last column should be left blank for the Court to rule); and

| Deposition Testimony (including citation) | Objection | Response | Reply | Court Ruling |
|---|---|---|---|---|
| | | | | |
| | | | | |

7. The party originally offering the testimony shall then file the highlighted depositions and summary document through the Court's ECF system. Counsel should also electronically send chambers a copy of the summary document listing the objections prepared or compatible with a standard word processing program, preferably Microsoft Word.

   **H.     EXHIBITS:** Parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the Courtroom Deputy. <u>See</u> "Courtroom Technology" link on the District website. Counsel shall provide in electronic format any exhibits consisting of documents, photographs, videos, and any other evidence that may be reduced to an electronic file for the use of

9

Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in **.pdf, .jpg, .bmp, .tif,** or **.gif** format. Video and audio recordings shall be in **.avi, .wmv, .mpg, .mp3, .wma,** or **.wav** format. Each electronic exhibit shall be saved as a separate independent file and provided to the Court on an encrypted or password protected storage device, such as CD, DVD, or flash drive. Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

Exhibit 1 - photograph of . . .

Exhibit 2(a) - contract

Exhibit 2(b) - video deposition of . . .

**I.      EXHIBIT NOTEBOOKS:** If counsel for any party intends to tender more than fifteen documentary exhibits, counsel for that party shall prepare two identical exhibit notebooks, or sets of exhibit notebooks, containing only those exhibits listed on the party's exhibit list. Exhibits which are voluminous (unless of particular importance) or which have a very low likelihood of being introduced even though they have been included on the party's exhibit list should not be included in the exhibit notebooks. The exhibit notebooks shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit separately (i.e., no group exhibits) and shall numerically arrange each exhibit notebook or set of exhibit notebooks. The exhibit notebooks are necessary so that the witness and the Court may each have a set of exhibit notebooks in the event that technical difficulties prevent the parties from presenting their exhibits electronically. The parties may seek leave of Court to waive the requirement of exhibit notebooks where hard copies of the proposed exhibits would be overly voluminous or otherwise unwieldy.

**J.      MOTIONS *IN LIMINE* AND TRIAL BRIEFS:** Trial briefs and/or motions *in limine*, if appropriate, shall be filed at least 21 days prior to the trial date. Written responses shall be due at least 14 days prior to the trial date. Unless prior permission has been granted, motions *in limine* shall not exceed 12 pages and trial briefs shall not exceed 20 pages.

**K.      PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:** If the case will be tried by bench trial, proposed findings of fact and conclusions of law shall be due to be filed at a time designated at the final pretrial conference.

**L.      ASSESSMENT OF JURY COSTS:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. However, if the action is scheduled for a jury trial on Monday the parties shall notify the Clerk's Office by the end of the day on the

328005437v1

Friday before the trial date. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## VI.    <u>EFFECT OF THIS ORDER</u>

To the extent that any provisions of the Local Rules conflict with this Order, this Order shall govern. This Order is subject to modification only by order of this Court and may not be modified by agreements among the parties.

## VII.    <u>SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER</u>

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

**SO ORDERED**.

11

328005437v1