# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:26-CV-00133-SCR-DCK

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,<br><br>    Defendants. | **SECOND DECLARATION OF JOSHUA D. DAVEY** |

**SECOND DECLARATION OF JOSHUA D. DAVEY**

I, Joshua D. Davey, an attorney duly admitted to practice before this Court, declare under penalty of perjury, as follows:

1. I am a partner at Troutman Pepper Locke, LLP. I serve as counsel for Defendant Spire Motorsports, LLC ("Spire"), in this case.

2. I submit this Declaration solely to present to the Court certain materials cited in Spire's Response to Plaintiff Joe Gibbs Racing, LLC's ("JGR") Motion for Expedited Trial.

3. Attached hereto as **Exhibit 1** is an excerpt of an email chain between counsel for Spire, counsel for Defendant Gabehart, and counsel for JGR, with the subject line: JGR v. Gabehart / Spire: Production of Documents.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

1

Dated: April 20, 2026

*/s/ Joshua D. Davey*
Joshua D. Davey
TROUTMAN PEPPER LOCKE LLP
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
Joshua.Davey@troutman.com

2

# EXHIBIT 1

| | |
|---|---|
| **From:** | Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com> |
| **Sent:** | Monday, April 13, 2026 8:29 PM |
| **To:** | Homesley, Troy C.; Summey, Tory I.; Weddington, Keith M.; Middlebrooks, Charlie G.; Candela, Madelyn R.; Nelson, Sean R.; Lever, David J.; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com |
| **Cc:** | Davis, Cary; Wiles, Spencer; Tucker, Anna Claire; Miller, William; Davey, Joshua D.; Cameron, Lawrence J.; Gibbs, J. Evan; Whorf, Benjamin; Thomas Melsheimer |
| **Subject:** | RE: JGR v. Gabehart / Spire: Production of Documents |

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Please see below

———————————————————

**Sarah Fulton Hutchins**
She/Her/Hers
Partner



620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.6639 | Mobile: 703.409.5005 | Fax: 704.335.4491 | map



Sign Up for our Client Alerts on Data Privacy & Cybersecurity

Visit our website at
www.parkerpoe.com

**From:** Homesley, Troy C. <Troy.Homesley@troutman.com>
**Sent:** Monday, April 13, 2026 10:02 AM
**To:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

***Caution: External email***

Counsel,

I hope you had a nice weekend.  We were surprised to see JGR haul off and file its motion for expedited trial without making any effort to confer about Defendants' counterproposal.  As Judge Rodriguez reiterated during the parties' telephonic hearing on March 25, the Western District of North Carolina's local civil rules require the parties to "confer[] and attempt[] in good faith to resolve areas of disagreement."  L.R. 7.1(b).  That did not happen here.  And while JGR's motion represents that "the parties have reached an impasse on the schedule itself," that is inaccurate, because all that has happened so far is an exchange of a proposal and a counterproposal with no discussion of whether the parties can "resolve areas of disagreement."

For these reasons, and consistent with the local rules, we request that JGR withdraw its motion so that the parties can meaningful confer *before* the motion is filed.  Please confirm that you will do so.

Troy, we disagree with your characterization above.  We have raised expedited trial a number of times, including in filings and with the Court.  We have invited many conversations on the topic. We understood the parties to be at an impasse based on your rejection of the schedule we provided.  Given that the dates that Defendants suggested were only one month shorter than the Court's standard time to trial, there appeared to be unwillingness to agree to an expedited schedule at all.  If that is incorrect, please let us know if the prior schedule we provided will work.  If you are requesting slight adjustments in those dates we are happy to consider them--but an offering of a standard trial schedule did not appear to be a realistic effort to reaching an expedited schedule.


Separately, as we have requested several times now, please let us know when you are available to confer as to the items below.  In particular, we are awaiting a response as to JGR_0000251 and what (if anything) JGR has done to remedy destruction of its prior versions, awaiting correlation of documents that are on JGR's privilege log with documents JGR claims to have produced already, and do not believe JGR has produced all documents exchanged pre-suit.  Discussing these matters during a conference of counsel would be productive.

As you know, I was on vacation last week, as were many of our team members.  I will also repeat that your continued blatant mischaracterization of destruction and alteration are unfounded, and wholly unsupported by evidence.  JGR has provided the document in production and provided the immediate prior version in production as well last week while I was traveling.  JGR has not denied any of your requests with respect to this document.  It has explained changes it made through its regular HR practices and provided the prior version that preceded those changes.  JGR must continue its regular HR documentation practices and characterizing that as wrongful is mystifying.  Continued portraying of material as "destroyed" or "altered" without <u>any</u> basis is improper.  If other iterations of this HR checklist are needed, please provide what you need and why.

As for the attachments that I have represented are otherwise in the production in a non-privileged format,  Spire is similarly not entitled to specific Bates numbers to those documents and emails that are withheld on the basis of privilege and/or work product but have been produced in non-privileged instances. *In re Zetia (Ezetimibe) Antitrust Litig.*, No. CV 2:18MD2836, 2020 WL 1593544 (E.D. Va. Feb. 6, 2020).  That said, I will provide the bates numbers to you on the condition that you agree it does not constitute any express or implied waiver of any claim of privilege, work product, or other protection afforded to JGR.  Let me know if you agree. JGR reserves the right to assert further protections and rights associated with these documents.

Sarah

Regards,
Troy

**Troy C. Homesley**
**Associate**
**troutman pepper locke**
Direct: 704.998.4063 | Mobile: 704.677.2223
troy.homesley@troutman.com

---

**From:** Homesley, Troy C.
**Sent:** Wednesday, April 8, 2026 11:30 AM
**To:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

Sarah,

We appreciate your efforts to cooperate with our inquiries, but are still unclear on several of the open issues.  Again, please let us know when you are available to confer.

- **JGR_0000251**:  We stand by our concerns about JGR's destruction and alteration of prior versions of this document well after anticipating litigation.  We reiterate our request that JGR describe the steps JGR has taken to locate all of the other prior versions of this document that apparently have been lost or destroyed.  Given the new revelation that this document was contained in a shared folder, please also identify all individuals who had access to the folder between November 1, 2025 and the present, identify each individual who altered the document between November 1, 2025 and the present, confirm that JGR has preserved all available audit logs for activity in that folder, and confirm whether JGR has attempted to collect any local versions of this document from the individuals who had access to that folder or otherwise altered the document between November 1, 2025 and the present.  Needless to say, JGR is obligated to make all efforts available to it to recover the destroyed or altered prior versions of this document.

- **Privilege Log:**  Based on your email, we understand that PRIV-0000132, PRIV-0000162 through PRIV-0000169, PRIV-0000171 through PRIV-0000181, and PRIV-0000192 have been produced.  Please identify the Bates numbers for the correlated documents so that we can verify.  We still have not received a response to our inquiries regarding the privilege log.  We will review JGR's new privilege log.

  - Given JGR's position that all communications involving outside counsel must be logged, we will not be logging communications post-dating February 24, 2026, which is the date Spire was added to the lawsuit.  Logging communications with outside counsel post-dating the lawsuit is unduly burdensome and unnecessary.

- **Preliminary Injunction PowerPoint**:  We cannot access the Sharefile link you provided.  Please provide us with access ASAP.

- **JGR's Proposed Pretrial Order**:  We have attached Defendants' proposed changes to the PTO, along with an Excel spreadsheet showing proposed changes to the calendar.  As you will see, these deadlines still reflect an expedited schedule, but acknowledge that the case remains at its earliest stages and there are a number of threshold steps required by the Federal Rules that must occur before the parties can or should proceed to merits discovery.  We believe that taking these steps will more clearly define the scope of discovery and improve efficiency for all parties.  We have also included a deadline for completion of the forensic examination of Gabehart's devices and accounts, which we understand to be underway, and once complete will more clearly define the scope of remaining discovery.

Regards,
Troy

**Troy C. Homesley**
**Associate**
**troutman pepper locke**
Direct: 704.998.4063 | Mobile: 704.677.2223
troy.homesley@troutman.com

---

**From:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>
**Sent:** Tuesday, April 7, 2026 11:00 PM
**To:** Homesley, Troy C. <Troy.Homesley@troutman.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

All, please see responses below in red.

---

**Sarah Fulton Hutchins**
She/Her/Hers
Partner



620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.6639 | Mobile: 703.409.5005 | Fax: 704.335.4491 | map



Sign Up for our Client Alerts on Data Privacy & Cybersecurity

Visit our website at
www.parkerpoe.com

**From:** Homesley, Troy C. <Troy.Homesley@troutman.com>
**Sent:** Friday, April 3, 2026 12:47 PM
**To:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

**\*\*\*Caution: External email\*\*\***

Sarah,

Thank you for your responses.  Please let us know when you are available to meet and confer regarding the below.  A few quick follow-ups based on your email:

- **JGR_0000251**:  We understand from your summary below that JGR failed to preserve the original of this document and any subsequent versions prior to March 3, 2026.  Please inform us if this understanding is incorrect.  Please also produce the one prior version that JGR recovered and describe the steps JGR has taken to locate all of the other prior versions of this document that apparently have been lost or destroyed.  JGR was under an obligation to preserve all prior versions given that it evidently anticipated litigation as early as November 11, 2025.  We are concerned that JGR's employees have been altering and modifying central documents in this case during pendency of the litigation, that JGR failed to preserve prior copies or track all alterations, and that JGR withheld this information from us upon inquiry in advance of the preliminary injunction hearing.

Troy, this is a complete mischaracterization that I find baffling.  This is a document that is maintained in a shared access folder and happened to be updated on March 18th to reflect new information.  The completed checklist was provided through expedited discovery.  We have agreed to provide an older version of the document to show the format as it existed prior that last update.  Nothing has been "lost or destroyed" nor is there any reason to allege that. As promised, the document is in the production linked here: https://parkerpoe.sharefile.com/d-sd768cd390b0c4442ac26338e712da99a (password to follow).  I ask that you stop making unfounded allegations unsupported by any evidence.  Let me know if there is anything more to discuss here.

- **Privilege Log**: JGR's work product assertions as to PRIV-0000162 through PRIV-0000169, PRIV-0000171 through PRIV-0000181, and PRIV-0000192 are facially meritless. Any purported work doctrine protection over these documents was lost and waived when JGR's in-house counsel chose to send these documents and communications to attorneys and agents of an ***adverse party***. Disclosure of work product to an adverse party is precisely the type of disclosure that effects a waiver under controlling Fourth Circuit authority. *In re Doe*, 662 F.2d 1073 (4th Cir. 1981); *United States v. Caldwell*, 7 F.4th 191, 207 (4th Cir. 2021). This waiver applies with equal force when the disclosure is made to an adverse party's agent, whether an attorney or otherwise. *Continental Cas. Co. v. Under Armour, Inc.*, 537 F. Supp. 2d 761, 773 (4th Cir. 2008) ("Disclosure to an agent is tantamount to disclosure to the principal."). Here, the disclosure was made to the agents for an adverse party without any semblance of confidentiality. There is no basis to withhold these documents. Please produce them by Tuesday of next week. Otherwise, we will move to compel compliance with the Court's discovery Order and seek fees for having to do so. Dkt. 48.

Your claim that JGR's work product assertions are meritless as to PRIV-0000162 through PRIV-0000169, PRIV-000171 through PRIV-0000181, and PRIV-0000192 is incorrect. In each circumstance the material is part of correspondence with counsel. Further, **all** of the attachments you seek are otherwise produced where they are not selected for discussion with counsel. Upon a further review of PRIV-0000132, we believe that this was not in fact inadvertently withheld and is still subject to privilege. An underlying attachment to that email listed at PRIV-0000133, is however, correspondence that was exchanged with Gabehart's counsel. We believe you have, or have access to, this letter but provide that letter as an attachment to this email as a courtesy.

Our position is in line with Judge Rodriguez's decision in *Scott v. Waste Connections US, Inc.*, No. 323CV00142RJCSCR, 2023 WL 8628333 at *3 (W.D.N.C. Dec. 13, 2023) where, though the requested documents were not themselves privileged, she found that an attorney's selection and compilation of particular documents from the larger selection reveals thought processes and theories regarding litigation and entitles that compilation the work product protection. Judge Rodriguez barred further production because disclosing which documents they believe support specific legal theories in this litigation would invade counsel's mental impressions and work product. JGR does not waive any privilege protections it has. We trust this concludes this issue.

- We did not receive a response to our other inquiries regarding the privilege log:
  - The privilege log does not include a description of the subject matter of each document that would allow us to understand the basis for the claim of privilege. Please provide an updated privilege log with this information.
  - The privilege log also does not appear to identify the basis for privilege assertions made in redacted (rather than withheld) documents.
  - The date/time stamp for many of the documents is identical and appears to reflect a collection date rather than the actual date of the documents. Please provide an updated privilege log with this information corrected.
  - Spire reserves the right to challenge additional entries in JGR's privilege log.
- We are OK with ending privilege logging post-March 23, 2026, and also suggest that the parties need not log communications with Outside Counsel of Record in this litigation.

We will **not** agree to excluding outside counsel from a pre-March 23, 2026 log but, as long as RBH agrees, we will set March 23, 2026 as the log cut off date. The revised log is attached. Let us know if you have any further questions. We look forward to RBH's tomorrow.

- **Preliminary Injunction Hearing PowerPoint**:  We have now received "G00000102" and "G00000183" from Gabehart's counsel.  Please produce the other documents you have agreed to produce below by next Tuesday.  If there are any other documents that were exchanged pre-suit and have not been produced, please produce them or authorize Gabehart's counsel to do so.

<span style="color:red">The requested materials are included in the attached production.  Note a few are OCO.</span>

- **JGR's Proposed Pretrial Order**:  We will review and get back to you.

Regards,
Troy

**Troy C. Homesley**
**Associate**
**troutman pepper locke**
Direct: 704.998.4063 | Mobile: 704.677.2223
troy.homesley@troutman.com

---

**From:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>
**Sent:** Thursday, April 2, 2026 9:14 PM
**To:** Homesley, Troy C. <Troy.Homesley@troutman.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Troy:

I hope you have a good holiday weekend coming up.  We have been working through the points raised in your email yesterday.  Please see our responses below.

- Metadata and Prior Versions for JGR_0000251:  The metadata produced with this document is correct.  One of JGR's administrative support staff working in the HR department modified the document on March 18, 2026.  The scope of her changes to this document around this time were limited to filling in the black boxes on the column on the left side of the document, adding "X"s in the two columns reflecting certain tasks were completed, and adding "(deactivated all family accounts)" in red text in the Exit Interview Section.  The Teamworks Accounts for Gabehart's family members were deactivated on or about March 18, 2026, and the document was updated to reflect that as a standard practice.  This change just reflects the fact that JGR is an ongoing operation.  Regardless, we were able to recover a version of this document last accessed on March 3, 2026 and will produce it as a courtesy.  You will see the changes noted above were the only changes.

- <u>Privilege Log</u>:  We are working through updating the privilege log in light of the questions you raised yesterday morning and will provide it upon completion.  Concerning the specific documents you requested JGR produce, I respond to each below.

    o   PRIV-0000132: this document was inadvertently withheld, and we will produce it.
    o   PRIV-0000162 through PRIV-0000169: JGR provided these documents to its counsel at the request of counsel and are protected by the work-product doctrine.  We do not intend to produce these documents.
    o   PRIV-0000192: document was attached to an email from JGR's counsel and is protected by the attorney client and attorney work product privileges.  We do not intend to produce this document.
    o   PRIV-0000172 through PRIV-0000181: JGR provided these documents to its counsel at the request of counsel and are protected by the work-product doctrine.  We do not intend to produce these documents.

    **Cary and Spencer** -- please provide a privilege log for Defendant Gabehart to parties by close of business next Wednesday the 8th.

    For forthcoming privilege logs, JGR proposes that a log is not necessary for any parties from March 23, 2026 forward.  Please let us know if Defendants' counsel agrees.

- <u>JGR's Preliminary Injunction Hearing PowerPoint</u>:  JGR disagrees that it wholly relied on unproduced materials. As reflected in the table below, the documents shown or referenced in Slides 26–31 fall into two categories.  First, the items identified in the Bates column were produced by Mr. Gabehart pre-suit and/or during expedited discovery. Accordingly, those materials are not uniquely in JGR's possession, and Spire may obtain them directly from Mr. Gabehart's counsel as co-defendants in this litigation.  JGR will produce the remaining materials referenced in the presentation.

| Document | Slide # | Bates # | Will Produce |
|---|---|---|---|
| Focus Plan | 26-28 | GABEHART00092 | |
| Microsoft 365 Purview Audit Log | 26 | | X |
| 2025 CC Post-Race Audit Excel | 26, 30, 31 | | X |
| 2025 CC Post-Race Audit Photo | 26, 30, 31 | G00000102 | |
| JGR Driver Meeting Talking Points Doc | 27 | | X |
| JGR Driver Meeting Talking Points Photo | 27 | G00000183 | |
| Post Race Data PPT | 28 | | X |
| Misappropriated Spreadsheet | 31 | GABEHART00407 | |

- <u>JGR's Anticipated Requests for an Expedited Trial</u>:  We have attached a proposed case schedule in contemplation of seeking an expedited trial. Please let us know your availability to meet and confer regarding the attached proposal.  Alternatively, if Defendants are amenable to the schedule as proposed (or with any agreed modifications), please let us know, and JGR will prepare a joint motion for expedited trial for submission to the Court.

Sarah

_____

**Sarah Fulton Hutchins**

8

She/Her/Hers
Partner



620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.6639 | Mobile: 703.409.5005 | Fax: 704.335.4491 | map



Sign Up for our Client Alerts on Data Privacy & Cybersecurity

Visit our website at
www.parkerpoe.com

---

**From:** Homesley, Troy C. <Troy.Homesley@troutman.com>
**Sent:** Wednesday, April 1, 2026 9:00 AM
**To:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

**\*\*\*Caution: External email\*\*\***

---

Sarah,

It was good to see each of you last week.  We are following up on several matters.  Please let us know if you would like to confer.  Otherwise, please provide the below by Thursday of this week.  If JGR is refusing to provide any of the below, please let us know immediately.

- <u>Metadata and Prior Versions for JGR_0000251</u>:  We have requested original metadata and version history for JGR_0000251 on two occasions since last week's production.  JGR has not yet provided it.  Please do.  Otherwise, we understand that this document was altered/modified on March 18, 2026 in advance of production and that JGR has failed to preserve its original metadata or the prior versions of the document.

- <u>Privilege Log</u>:  We are in receipt of JGR's privilege log produced immediately before last week's hearing.  The privilege log is deficient in several respects:

    o  Please produce in full PRIV-0000132, PRIV-0000162, PRIV-0000162 through PRIV-0000169, PRIV-0000192, PRIV-0000172 through PRIV-0000181, which are communications with third parties (specifically, Mr. Gabehart's former counsel, a sports agent, and even Mr. Gabehart's current counsel)

that are not properly subject to protection under the attorney-client privilege or attorney work-product doctrine.  If there are any other documents being improperly withheld, please produce them as well.

- o The privilege log does not include a description of the subject matter of each document that would allow us to understand the basis for the claim of privilege.  Please provide an updated privilege log with this information.
- o The privilege log also does not appear to identify the basis for privilege assertions made in redacted (rather than withheld) documents.
- o The date/time stamp for many of the documents is identical and appears to reflect a collection date rather than the actual date of the documents.  Please provide an updated privilege log with this information corrected.
- o Spire reserves the right to challenge additional entries in JGR's privilege log.

- JGR's Preliminary Injunction Hearing PowerPoint:  In its presentation at last week's hearing, JGR relied on numerous documents that have not been produced to Spire's counsel, including several photographs purportedly taken by Mr. Gabehart (e.g., Slides 26-28, 30-31).  Please produce complete versions of any such documents, and any other documents that JGR is contending Mr. Gabehart used to create the "Focus Plan" and "CG Master" documents JGR now contends are at issue in this litigation.

- JGR's Anticipated Requests for an Expedited Trial:  We understand that JGR plans to seek an expedited trial.  To avoid needless motions practice and pursuant to Local Civil Rule 7.1(b), please provide a proposed case schedule and we can confer regarding a potential agreement as to the timeline for any expedited trial in this matter.

Regards,
Troy

**Troy C. Homesley**
**Associate**
**troutman pepper locke**
Direct: 704.998.4063 | Mobile: 704.677.2223
troy.homesley@troutman.com

---

**From:** Homesley, Troy C.
**Sent:** Wednesday, March 25, 2026 11:15 PM
**To:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

Sarah,

While we opposed being subject to the expedited discovery order due to JGR's failure to present evidence justifying such relief, we are a party to the case and are therefore entitled to full access to all discovery ordered by the Court— particularly since you are relying on that discovery to support arguments against Spire.  When will JGR produce a privilege log?  The preliminary injunction hearing is set for tomorrow at 9:00 a.m. ET.  Obviously, we'll need it before then, or the Court will be working on an incomplete production with no information about why JGR has withheld responsive documents.  We requested that JGR provide its privilege log by 5:00 p.m. ET yesterday.  In the meantime, we

complied with your requests for information from Mr. Dickerson in short order (responding to a 10:33pm email the next day at 9:37am), and on your timeline. We would appreciate if you would reciprocate our cooperation, or at the very least respond to our emails going forward.

If you have requests for Mr. Gabehart, I assume you have asked him. We did not see any documents that were redacted or withheld on privilege grounds in Mr. Gabehart's document production. And, given that JGR has not a produced a privilege log, we aren't sure why JGR would expect Mr. Gabehart to have done so.

With respect to JGR_0000251, it appears that the metadata was altered prior to production. Attached is the metadata we received. The metadata shows a last modified date of March 18, 2026. As you aware, that is two days after the Court ordered JGR to produce this document, and well after the document would have been modified. It is apparent that JGR failed to preserve the original metadata for this document and, instead, overwrote it upon collection. Please produce the original metadata and all prior versions of that document in advance of tomorrow's hearing, as we have repeatedly requested in the last couple of days. Dkt. 48 & Mar 16, 2026 Text-Only Order.


Regards,
Troy

**Troy C. Homesley**
**Associate**
**troutman pepper locke**
Direct: 704.998.4063 | Mobile: 704.677.2223
troy.homesley@troutman.com

---

**From:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>
**Sent:** Wednesday, March 25, 2026 10:39 PM
**To:** Homesley, Troy C. <Troy.Homesley@troutman.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

> CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Troy, Responding to your email today demanding a privilege log. First, the discovery requests were exchanged between Gabehart and JGR and, from what I understood from the representations at the hearing, I didn't understand Spire to desire any role in the prior expedited discovery exchange ordered by the Court. In any event, we have been preparing a privilege log and are working to export it. We will provide it as soon as it is ready. I have not seen a privilege log from Mr. Gabehart (nor a demand for one) but I expect that is in progress as well.

As to JGR_0000251 it appears that the metadata was produced. Please provide more information as to what you are seeing on your end.

Thanks,

Sarah

_____

**Sarah Fulton Hutchins**
She/Her/Hers
Partner



620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.6639 | Mobile: 703.409.5005 | Fax: 704.335.4491 | map



Sign Up for our Client Alerts on Data Privacy & Cybersecurity

Visit our website at
www.parkerpoe.com

**From:** Homesley, Troy C. <Troy.Homesley@troutman.com>
**Sent:** Wednesday, March 25, 2026 11:19 AM
**To:** Summey, Tory I. <torysummey@parkerpoe.com>; Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

**\*\*\*Caution: External email\*\*\***

Counsel,

I do not believe we have received a response to the requests below.  If JGR is refusing to produce a privilege log and metadata/prior versions for JGR_0000251, please let us know why.  Otherwise, please proceed in advance of tomorrow's hearing.

Regards,
Troy

**Troy C. Homesley**
**Associate**
**troutman pepper locke**
Direct: 704.998.4063 | Mobile: 704.677.2223

troy.homesley@troutman.com

---

**From:** Homesley, Troy C.
**Sent:** Tuesday, March 24, 2026 11:24 AM
**To:** Summey, Tory I. <torysummey@parkerpoe.com>; Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com
**Cc:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

Counsel for JGR,

We confirm receipt of JGR's document production, thank you.

Please supply a privilege log for JGR's production by 5:00 p.m. ET today. The privilege log should include, for each withheld or redacted document, the following: (1) Bates number; (2) date of document; (3) author(s) of the document; (4) recipient(s) of the document; (5) document type (email, text, letter, etc.); (6) document subject matter; and (7) the basis for the privilege.

Additionally, please supply the original metadata for JGR_0000251 and produce any prior versions of same by 5:00 p.m. ET today.

Regards,
Troy

## Troy C. Homesley
**Associate**
**troutman pepper locke**
Direct: 704.998.4063 | Mobile: 704.677.2223
troy.homesley@troutman.com

**From:** Summey, Tory I. <torysummey@parkerpoe.com>
**Sent:** Monday, March 23, 2026 11:53 PM
**To:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Homesley, Troy C. <Troy.Homesley@troutman.com>; practicesupport@rbh.com; Whorf, Benjamin <Benjamin.Whorf@troutman.com>
**Cc:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** RE: JGR v. Gabehart / Spire: Production of Documents

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

All,

One additional item to note: JGR has produced the below documents subject to and without waiving objections to requests seeking documents subject to any legally recognized privilege, including, but not limited to, the attorney client privilege and or work product doctrine.

We will put this into a formal response tomorrow but thought it important to prioritize the review and production of responsive, non-privileged materials by today's deadline.

Have a good evening.

_____

**Tory Ian Summey**
Partner



620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.9036 | Fax: 704.334.4706 | map

Visit our website at
www.parkerpoe.com

**PRIVILEGED AND CONFIDENTIAL:** This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**From:** Summey, Tory I.
**Sent:** Monday, March 23, 2026 11:36 PM
**To:** Davis, Cary <cdavis@rbh.com>; Wiles, Spencer <swiles@rbh.com>; Tucker, Anna Claire <atucker@rbh.com>; Miller, William <wmiller@rbh.com>; Joshua.Davey@troutman.com; lawrence.cameron@troutman.com; 'evan.gibbs@troutman.com' <evan.gibbs@troutman.com>; Homesley, Troy C. <troy.homesley@troutman.com>; 'practicesupport@rbh.com' <practicesupport@rbh.com>; 'Benjamin.Whorf@troutman.com' <Benjamin.Whorf@troutman.com>
**Cc:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Weddington, Keith M. <keithweddington@parkerpoe.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Candela, Madelyn R. <madelyncandela@parkerpoe.com>; Nelson, Sean R. <seannelson@parkerpoe.com>; Lever, David J. <davidlever@parkerpoe.com>; cwalker@kslaw.com; dwilliams@kslaw.com; trice@kslaw.com; almoore@kslaw.com; Thomas Melsheimer <tmelsheimer@kslaw.com>
**Subject:** JGR v. Gabehart / Spire: Production of Documents

Good evening All,

Below please find links to JGR's production of documents.

Please note that these documents are being produced subject to agreement by all counsel that, pending ruling by the Court of a final protective order, documents will be treated in accordance with the provisions of the proposed protective order (circulated by JGR on 3/20 and again today) that are not in dispute.  I believe we are all in agreement on this point, but if that is not the case, then we request that you not extract this production.

PROD001
*https://parkerpoe.sharefile.com/d-s882ff2ca13e0443fa132e28845b48840*

PROD002
https://parkerpoe.sharefile.com/d-sec43a7e8012548baafaa8b306fb717eb

PROD003
*https://parkerpoe.sharefile.com/d-sa1bd155c5aae4f81828f41ab7edbbea8*

*This ShareFile link will expire in 30 days. Please note that the production is contained within an encrypted .zip file.  A password will be required to extract the contents and will be provided in a separate email.  **A third-party application such as WinZip, WInRar, 7-Zip, iZip for Mac, etc. is usually required in order to extract the production. These applications are a standard part of most office software and/or are readily available to download for free from the internet.** If you are attempting to open the .zip file and receive a message that says, " Windows cannot complete the extraction. The destination file could not be created," then you must use a third-party application to extract the contents of the .zip file before you can use the password. If further assistance is needed with the extraction, contact your organization's internal IT department.*

The passwords to complete the extractions will follow by separate email.

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com. If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (www.troutman.com/offices/london.html) for regulatory information.