# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### Case No. 3:26-CV-00133-SCR-DCK

| | |
|---|---|
| **JOE GIBBS RACING, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,**<br><br>**Defendants.** | **DEFENDANT CHRISTOPHER GABEHART'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED TRIAL** |

Defendant Christopher Gabehart ("Mr. Gabehart"), by and through undersigned counsel, respectfully submits this Opposition to Plaintiff Joe Gibbs Racing, LLC's ("JGR" or "Plaintiff") Motion for Expedited Trial (the "Motion"), ECF 70, and states as follows:

## I.     INTRODUCTION

JGR's Motion should be denied. While Mr. Gabehart does not oppose a reasonable expedited schedule, JGR's proposed November 2026 trial date is neither reasonable nor necessary. Defendants have proposed a May 2027 trial date—approximately fifteen months from the filing of the Complaint—that would resolve this matter expeditiously while affording all parties adequate time to conduct discovery, file dispositive motions, and prepare for trial. *See* Spire's Br. in Opp., ECF 76 at 6 & Ex. A. Mr. Gabehart supports that proposal.

JGR's proposed November 2026 trial date, by contrast, is an aggressive and unrealistic timeline that would prejudice Mr. Gabehart's ability to defend himself and assert meritorious counterclaims. The case remains in its infancy—Defendants have not yet answered the Amended Complaint and asserted their respective counterclaims. Critically, the ongoing forensic examination of Mr. Gabehart's devices and accounts—which will determine the scope of the trade

secrets at issue in this case—is not yet complete. JGR's Proposed Schedule would compress fact discovery, expert discovery, dispositive motions, and trial preparation into a mere seven months, and would require the parties to begin discovery before the forensic examination has defined the scope of the alleged trade secrets. This is unrealistic and unworkable for a case of this complexity.

JGR's claimed urgency is also undermined by the speculative nature of its allegations. JGR points to forensic findings about file access and deletion, but it has not identified a single instance in which Mr. Gabehart actually used or disclosed any trade secret to Spire's competitive advantage. Indeed, the expedited discovery this Court permitted as to Mr. Gabehart revealed only two high-level, generic documents, rendering no meaningful evidence to support JGR's trade secrets claims. Speculation is not a basis for imposing an unworkable trial schedule.

Moreover, JGR's own conduct belies its claimed urgency: JGR waited until February 19, 2026 to file suit, despite alleging that Mr. Gabehart misappropriated trade secrets months earlier. JGR then sought and obtained a Temporary Restraining Order, and its Motion for Preliminary Injunction remains pending. Having secured interim relief to adequately protect its interests, JGR cannot credibly contend that only an unreasonably compressed trial schedule will suffice.

## II. ARGUMENT

### A. JGR's Motion is Premature.

Courts routinely discourage or deny motions to expedite trial when filed before the pleadings have closed and the parties have had an opportunity to conduct discovery. *See Krug v. Travelers Home & Marine Ins. Co.*, No. CV 8:22-2245, 2022 WL 18831683, at *1 (D.S.C. Nov. 1, 2022) (denying motion for expedited trial because defendant had not yet answered and discovery had not yet begun); *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, No. 8:18-CV-1498, 2018 WL 9785308, at *3-4 (D.S.C. Nov. 20, 2018) (denying motion to expedite trial as

2

premature where it was not clear what issues would ultimately be before the court and the case involved "extensive discovery").

Here, Defendants have not yet answered the Amended Complaint. The pleadings have not closed. The parties have yet to hold their Rule 26(f) conference. Regular discovery has not commenced. *See* LCvR 26.1 ("official Court-enforceable discovery does not commence until issuance of the Scheduling Order"). As this Court is well aware, there are currently over 75 docket entries—yet the case remains at its earliest procedural stages. Under these circumstances, a motion for expedited trial is premature because it is impossible to determine the scope of discovery needed, what issues will ultimately be before the Court, or whether dispositive motions may narrow or eliminate certain claims.

JGR cites *Four Seasons Marina Rentals, Inc. v. City of Osage Beach, MO*, No. 08-4221-CV-CNKL, 2008 WL 5427870 (W.D. Mo. Dec. 30, 2008) for the proposition that courts exercise their authority to grant expedited trials "where the litigation is already underway and the opposing party will not be prejudiced." ECF 70 at 5. But *Four Seasons* undermines JGR's position. In *Four Seasons*, the court considered a proposed expedited trial date more than fifteen months after suit was filed—not nine months, as JGR proposes here. *Id.* at *3. And even then, the court found the proposed schedule "would not give the parties and the Court sufficient time to file and resolve dispositive motions," so it granted the motion but extended the schedule an additional three months. *Id.* Defendants' proposed May 2027 trial date is consistent with—and even faster than— the approximately eighteen-month timeline approved in *Four Seasons*. JGR's proposed November 2026 date finds no support in the authority it cites.

**B.       JGR Has Not Shown Good Cause for Extreme Expedition.**

JGR invokes 28 U.S.C. § 1657(a), which provides that a court "shall expedite" consideration of an action upon a showing of "good cause." ECF 70 at 7. But JGR has not

demonstrated good cause for the extreme expedition it seeks—as distinct from the reasonable expedition Defendants have proposed. JGR's claimed urgency rests on speculation, not evidence. JGR points to forensic findings about file access and deletion, but it has not identified a single instance in which Mr. Gabehart actually used or disclosed any trade secret to Spire's competitive advantage. As noted above, the expedited discovery that this Court permitted revealed nothing meaningful to support JGR's trade secrets claims. Speculation about what might have occurred is not good cause for an unworkable trial schedule.

JGR's "good cause" argument rests entirely on the same "irreparable harm" rationale underlying its Motion for Preliminary Injunction. But injunctive relief exists precisely to address ongoing harm during litigation. JGR sought and obtained a Temporary Restraining Order, and its Motion for Preliminary Injunction remains pending before this Court. ECF 26. The TRO already restricts Mr. Gabehart from using or disclosing JGR's confidential information. Moreover, JGR's forensic examiner deleted the information at issue from Mr. Gabehart's devices after confirming there was no evidence of dissemination, and Mr. Gabehart has been locked out of Spire's systems. And finally, all of Mr. Gabehart's devices and accounts have been imaged and preserved by a third-party forensic expert, Alvarez & Marsal. That relief adequately protects JGR's interests, and thus, there is no "good cause" for compressing the trial schedule beyond what is reasonable.

JGR cannot use the same "irreparable harm" rationale to justify both preliminary injunctive relief and an unreasonably expedited trial. That is precisely what injunctive relief is for—to preserve the status quo while the case proceeds on a reasonable timeline. JGR does not get two bites at the apple.

JGR's claimed urgency is further undermined by its own delay. JGR alleges that Mr. Gabehart began misappropriating trade secrets in late 2025, yet JGR waited until February 19,

2026 to file suit. ECF 1. If JGR's trade secrets were truly at imminent risk (they are not), it could have—and should have—acted sooner. JGR's months-long delay in filing is inconsistent with the extreme urgency it now claims. A party that waits months to file cannot credibly demand that the opposing parties compress their entire defense into seven months.

**C.      JGR's Proposed Schedule is Unreasonable and Unduly Burdensome.**

Contrary to JGR's assertions that Defendants "will not be prejudiced" by its Proposed Schedule, ECF 70 at 6, Mr. Gabehart will suffer substantial prejudice if the Court adopts JGR's aggressive timeline. Mr. Gabehart incorporates by reference Defendant Spire's arguments as to why JGR's Motion should be denied. Mr. Gabehart addresses below the particular prejudice he faces as an individual defendant.

As an individual, Mr. Gabehart faces particularized burdens that JGR—a well-funded corporate entity—does not. JGR's Proposed Schedule would require Mr. Gabehart to participate in extensive discovery, expert witness development, and trial preparation over a compressed seven-month period while simultaneously performing his full-time executive role at Spire. Mr. Gabehart is not a corporation with a litigation department and unlimited resources. JGR's compressed timeline would require him to incur substantial legal fees on an accelerated basis, compounding an already significant financial burden. Defendants' proposed May 2027 trial date allows adequate time for Mr. Gabehart to prepare his defense without the crushing demands of JGR's unreasonable schedule.

**D.      JGR's Cited Authority Does Not Support Its Position.**

JGR cites *Excelligence Learning Corp. v. Oriental Trading Co.*, No. C-03-4947-JF, 2004 WL 2452830 (N.D. Cal. Mar. 22, 2004), for the proposition that motions to expedite trials are "not uncommon" in trade secret disputes. ECF 70 at 5. *Excelligence* provides no support for JGR's position. There, the record showed concrete, undisputed evidence that the plaintiff's trade secrets

were actually being used: the defendant "began marketing a catalog line of arts and crafts products closely mimicking the plaintiff's shortly thereafter." *Id.* at *1. Here, by contrast, JGR relies entirely on speculation—forensic findings about file access and deletion, inferences drawn from metadata, and accusations about what Mr. Gabehart might have done. Even after expedited discovery, JGR has not produced evidence that any trade secret was actually used to Spire's competitive advantage. That evidentiary gap is fatal to JGR's reliance on *Excelligence*. Moreover, the entire discussion of the expedited schedule in *Excelligence* consists of one sentence with no reasoning or analysis. *Id.* at *2. That case is inapposite.

JGR's reliance on *2311 Racing LLC v. National Ass'n for Stock Car Auto Racing, LLC*, No. 3:24-CV-00886-KDB-SCR (W.D.N.C.), is equally misplaced. The *2311* Case is readily distinguishable.

*2311* involved claims by NASCAR team owners against NASCAR itself, challenging the validity of charter agreements and raising complex antitrust issues. The outcome of that case would determine the fundamental structure and governance of NASCAR Cup Series racing—affecting every team in the series. This case, by contrast, is a garden-variety non-compete and trade secret dispute between a former employer and a former employee. The outcome affects only the three parties before the Court: JGR, Mr. Gabehart, and Spire. It does not implicate the structure of NASCAR racing or raise industry-wide concerns. Moreover, in *2311*, the court's expedited discovery schedule contemplated almost a full year between the Rule 26(f) disclosures and trial, with five full months between the close of fact discovery and trial. That schedule is much more akin to Defendants' proposed deadlines (ten months between initial disclosures and trial) than those proposed by JGR (six months between initial disclosures and trial). And in *2311*, Judge Bell ordered an expedited schedule *sua sponte* after the issues were fully developed and the parties had

been heard. Here, JGR seeks to impose an expedited schedule before the pleadings have closed, before discovery has begun, and without meaningful consultation with Defendants. The procedural posture could not be more different.

### E. JGR Failed to Comply with Local Rule 7.1(b).

As a final matter, JGR failed to meaningfully confer with Defendants before filing this Motion, as required by Local Civil Rule 7.1(b). The Local Rules provide that "[a] motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied." LCvR 7.1(b).

On April 2, 2026, JGR emailed Defendants a proposed pretrial order. On April 8, following Easter weekend, Defendants responded with a counterproposal that "still reflect[ed] an expedited schedule" but proposed a May 2027 trial date. ECF 70 at 2 n.1. Rather than engaging in any discussion of Defendants' counterproposal, JGR filed this Motion the very next day—with a proposed schedule identical to its original April 2 proposal. JGR made no effort to incorporate Defendants' feedback or narrow the parties' disagreement. Indeed, the parties had not "reached an impasse on the schedule itself," as JGR stated in its Motion, ECF 70 at 11, because JGR did not allow for any discussion whatsoever as to whether the parties could "resolve areas of disagreement." This is not good-faith conferral; it is a formality. JGR's Motion should be denied on this independent basis.

### III. CONCLUSION

For the foregoing reasons, Defendant Christopher Gabehart respectfully requests that this Court: (1) deny Plaintiff Joe Gibbs Racing, LLC's Motion for Expedited Trial in its entirety; (2) reject JGR's proposed November 2026 trial date as unreasonable and unrealistic; and (3) enter a scheduling order consistent with Defendants' proposed May 2027 trial date, which appropriately balances the parties' legitimate interest in expedited resolution with their need for adequate time

to prepare their respective cases. Mr. Gabehart is eager to defend himself against JGR's accusations and looks forward to demonstrating at trial that JGR's claims are without merit.

Respectfully submitted,

This the 20th day of April, 2026.

By: */s/ Cary B. Davis*
Cary B. Davis
N.C. Bar No. 36172
cdavis@rbh.com

Spencer T. Wiles
N.C. Bar No. 53664
swiles@rbh.com

William M. Miller
N.C. Bar No. 36946
wmiller@rbh.com

Anna Claire Tucker
N.C. Bar No. 59457
atucker@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536

*Attorneys for Defendant Christopher Gabehart*

# ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal research for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 20th day of April, 2026.

/s/ *Cary B. Davis*
Cary B. Davis