# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

JOE GIBBS RACING, LLC,

      Plaintiff,

    v.

CHRISTOPHER GABEHART and
SPIRE MOTORSPORTS II, LLC

      Defendants.

Case No.  3:26-cv-00133-SCR-DCK

**STIPULATED PROTOCOL REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS**

## 1.　PURPOSES AND LIMITATIONS

Plaintiff, JOE GIBBS RACING, LLC, and Defendants, CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC (collectively, the "Parties") mutually agree to the following protocol ("Protocol") regarding the discovery of electronically stored information ("ESI") and hard copy documents in the above-captioned case. This Protocol is intended to provide for effective and efficient discovery in accordance with the Federal Rules of Civil Procedure. Nothing in this Protocol alters either Party's rights, obligations, and responsibilities under the Federal Rules of Civil Procedure.

## 2.　DEFINITIONS

2.1　<u>Action:</u> the above-captioned matter, JOE GIBBS RACING, LLC v. CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC.

2.2　<u>Attachment:</u> a Document that is stored within the physical Native File of another Document.  For purposes of this Protocol, an Attachment does not include a Document stored in a secondary location outside of the referencing Document's physical Native File.

2.3　<u>Document:</u> any document or Electronically Stored Information as described in Federal Rule of Civil Procedure 34(a).

2.4     Electronically Stored Information or "ESI": electronically stored information or data as described in Federal Rule of Civil Procedure 34(a).

2.5     Native Format or Native File: the associated file format defined by the original application with which an electronic file was created.

2.6     Hard Copy Document: any Document kept in physical, paper form, as opposed to electronic form, in the usual course of business.

2.7     Metadata: (i) information embedded in or associated with a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File and that describes the characteristics, origins, usage or validity of the electronic file; or (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

2.8     Bates number: a page-level unique alphanumeric identifier associated with every document produced, consisting of (1) an alphabetic portion identifying the Producing Party and/or other characteristics of the production; and (2) a numeric portion incremented according to a scheme defined at the Producing Party's discretion to ensure that the alphanumeric identifier for each page is unique.  Document-level Bates numbers may be appropriate in limited circumstances, such as the production of native files.

2.9     Discoverable Information: all documents and ESI that are discoverable in this litigation pursuant to the Federal Rules of Civil Procedure, that are responsive to specific requests for production, and that are not subject to an objection asserted by the Producing Party.

2.10    Outside Counsel: the attorneys and employees of any external law firm representing a Party to this Action.

2.11    In-house Counsel: the attorneys employed directly by a Party, including staff and other legal professionals acting at their direction.

2.12    Producing Party: a party that is producing Discoverable Information.

2.13    Receiving Party: a party that is receiving Discoverable Information.

2.14    Sensitive Personally Identifiable Information ("PII"): includes information protected from disclosure by specific laws or standards as well as sensitive personal information that is not likely to be relevant to the issues in this matter, including:

- Protected Health Information ("PHI") that is protected from public disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), pursuant to Title 45, Chapter 164 of the Code of Federal Regulations;

- Payment Card Information ("PCI") that identifies payment card details and account numbers of individual consumers; and

- Social Security numbers, driver's license numbers, taxpayer identification numbers, passport numbers, state-issued identification numbers, financial account numbers, dates of birth, home addresses, personal mobile telephone numbers, or personal email addresses.

2.15    Custodial Corporate Accounts: the corporate-owned/provided email, instant messaging (e.g., Teams, etc.), cloud storage (e.g., OneDrive), and collaboration tools/platforms (e.g., Slack, etc.) and any other accounts identified by a Producing Party as appropriate for searching for Discoverable Information.

2.16    Gabehart Personal Accounts: this includes Gabehart's personal Gmail account(s) and any other accounts identified by Gabehart and his counsel as appropriate for searching for Discoverable Information and/or referenced in Gabehart's April 21, 2026 Declaration provided to JGR's counsel in connection with the April 22, 2026 Forensic Analysis Protocol entered into between Gabehart and JGR..

## 3.    COOPERATION

3.1    The Parties agree to exercise reasonable efforts to meet and confer regarding any disagreements that arise as a result of the implementation of this Protocol.  This provision does not require the Parties to reach agreement before taking steps in

furtherance of the preservation, collection, filtering, review, or production of documents and electronically stored information.

## 4. IDENTIFICATION AND PRODUCTION OF POTENTIALLY DISCOVERABLE INFORMATION

4.1 <u>Production in Accordance with Federal Rules</u>. The Parties agree to identify, collect, and produce responsive documents and ESI in accordance with the Federal Rules of Civil Procedure to extent not set forth herein.

4.2 <u>Searching ESI for Responsive Information</u>. The Parties have agreed to the following search parameters for ESI in this case as set forth in this Section 4.2.

4.2.1 <u>Production Format</u>. The Parties shall produce documents and ESI according to the format specified in Exhibit A, attached hereto. To the extent production of specific documents or ESI in the format described in Exhibit A would be impractical or unduly burdensome, the Parties will meet and confer in good faith to attempt to agree on an acceptable format for production pursuant to Federal Rule of Civil Procedure 34(b)(2)(E).

4.2.2 <u>Search Parameters</u>. The Parties agree that they shall use the following parameters to locate relevant and responsive ESI within Custodial Corporate Accounts.

4.2.2.1 <u>Search Terms and Date Restrictions</u>. The Parties shall meet and confer to identify and agree upon search terms and date restrictions.

4.2.2.2 <u>Agreed Custodians</u>. The Parties agree to search for and produce Discoverable Information from the Custodian Corporate Accounts of the following agreed custodians. The Parties agree to meet and confer with regard to the searching of Custodial Corporate Accounts for additional custodians.

4.2.2.2.1 <u>JGR's Agreed Custodians</u>. JGR shall search its Custodial Corporate Accounts for the following individuals: Joe Gibbs, Heather Gibbs, Ty Gibbs, Dave Alpern, Eric Schaffer, Todd Berrier, James Dennis "Denny" Hamlin, Walter Brown, Tim Carmichael, Toni Rogers, Robert Smith, Michael Guttilla, Tyler

Allen, Ryan Bowers, Evan Karl, Polly Crisson, Krista Llorens.

4.2.2.2.2 <u>Spire's Agreed Custodians</u>. Spire shall search its Custodial Corporate Accounts for the following individuals: Jeff Dickerson, William Anthony, Christopher Gabehart, Stephen D'Hondt, Heather Masterson, Matthew McCall, Cameron Sieradzan, Dax Gerringer, Brandon Bridges, Doug Powers, Ryan Sparks, Luke Lambert, Travis Peterson, Dan Towriss, Carson Hocevar, Easton Price, and Wesley Gannt.

4.2.2.2.3 <u>Gabehart Personal Accounts</u>. The Parties agree that Gabehart, with his counsel, shall search the Gabehart Personal Accounts.

4.2.5 <u>Searching Other Sources of ESI for Responsive Information</u>. In addition to searching the Custodial Corporate Accounts and Gabehart Personal Accounts as described above, each Producing Party shall appropriately identify, search, cull, and review its other devices (e.g., laptops issued to individual employees, etc.) and data storage locations (e.g., shared drives, etc.) in manner appropriate to identify Discoverable Information. This means that a Producing Party may apply search terms to appropriate sources and may also conduct a targeted collection of sources likely to contain responsive materials based on each Party's knowledge and understanding of its own data, the facts and issues involved in the Action, and the Receiving Party's discovery requests.

4.3 <u>Privacy Redactions</u>. Producing Parties may redact Protected Personally Identifiable Information from responsive Documents prior to production. If Personally Identifiable Information is redacted, the Producing Party will label the redactions as "Redacted – PII." Any Receiving Party who receives Documents including Protected Personally Identifiable Information shall treat such Documents as Confidential pursuant to the terms of the Protective Order entered in this matter. To the extent that material that has already been produced at the time of this Agreement contains PII, such productions do not need to be reproduced.

4.4 <u>Rolling Production.</u> Producing Parties may produce Documents by breaking

its production into multiple productions made on different dates, consistent with Rule 34 of the Federal Rules of Civil Procedure.

4.5     Deduplication. Each Party shall remove duplicate ESI globally (across Custodians), including without limitation electronic mail, to reduce unnecessary cost of reviewing and producing duplicative ESI, in accordance with the Production Format described in Exhibit A.

4.6     Email Threading. To limit the volume of duplicative content produced from email threads, the Parties may utilize email-threading analytics software to exclude duplicative or "non-inclusive" content wholly contained within later-in-time or "inclusive" email threads), provided that the Producing Party treats all emails that have unique substantive content (including attachments) as inclusive emails that will not be excluded from production.

4.7     Review and Production of Hard Copy Documents.  Each Producing Party is entitled to collect, scan, and review its Hard Copy Documents before producing only those documents that are responsive and not privileged or subject to other protection in the document production format described in Exhibit A.

## 5.     NON-WAIVER OF PRIVILEGE

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

## 6.     PREPARATION OF PRIVILEGE LOGS

6.1     The obligation to provide a log of privileged or work product materials pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) presumptively shall not apply to:

(a)     Communications between a Party and its Outside Counsel post-dating February 24, 2026;

(b)     Attorney work product created by Outside or In-House Counsel for the

Parties;

(c)     Internal communications within Outside Counsel for the Parties;

(d)     Communications between a Party or its Outside Counsel and any expert or consultant retained for, or consulted with, regarding this litigation or any issues related to the issues in this litigation;

(e)     Documents created after February 24, 2026.

6.2     The Parties agree that, except as provided herein regarding presumptively privileged documents and ESI, they will produce privilege logs and will exchange information regarding claims of privilege and/or work product protection in an efficient manner.  For documents and ESI that have been withheld or redacted as privileged, the withholding or redacting Party shall provide a privilege log of such documents and ESI, providing the following objective metadata to the extent reasonably available and not itself subject to being withheld as privileged or otherwise protected: date, author(s), custodian(s), recipient(s), file type, and filename/subject (to the extent they do not reveal protected content). In addition, the withholding or redacting Party shall also indicate for each document on their privilege log the privilege being asserted (e.g., "ACP" for attorney-client privilege, "WP" for work product, or other descriptions as necessary based on the specific privilege being claimed); a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; the Bates numbers for redacted documents; and a unique document number/identifier, which need not be formatted as, or consecutive with, Bates numbers of produced documents (e.g., "Def_Priv_00001"). The Producing Party may include only a single privilege log entry for multiple email messages in the same email thread to the extent such messages are contained in a single "inclusive" email thread and subject to the same claim of privilege.

6.3     Where a Party is asserting privilege on the same basis with respect to

multiple documents, such descriptions may be provided by group or category.

6.4     The Parties will meet and confer on the deadlines for the Parties to exchange privilege logs.  Absent express agreement, privilege logs shall be exchanged within fifteen (15) days of the deadline for substantial completion of document production, and within fifteen (15) days of any subsequent productions.

## 7.     MODIFICATION

This Protocol may be modified by further agreement in writing by the Parties hereto for good cause shown.

## 8.     APPORTIONMENT OF COSTS

The costs of production shall generally be borne by the Producing Party. However, in agreeing to this Protocol, no Party waives or relinquishes any right or interest it may have under Federal Rule of Civil Procedure 26(b)(2)(B) to seek cost shifting.

**THE FOREGOING IS AGREED TO BY THE PARTIES BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD:**

DATED: June 19, 2026                    **PARKER POE ADAMS & BERNSTEIN LLP**

By:  *Danielle T. Williams*
        Sarah F. Hutchins (N.C. Bar No. 38172)
        sarahhutchins@parkerpoe.com
        Tory Ian Summey (N.C. Bar No. 46437)
        torysummey@parkerpoe.com
        Keith M. Weddington (N.C. Bar No. 14352)
        keithweddington@parkerpoe.com
        Charles G. Middlebrooks (N.C. Bar No. 55171)
        charliemiddlebrooks@parkerpoe.com
        Madelyn R. Candela (N.C. Bar No. 63827)
        madelyncandela@parkerpoe.com
        Bank of America Tower
        620 South Tryon St., Suite 800
        Charlotte, North Carolina 28202

        **KING & SPALDING LLP**
        Danielle T. Williams (N.C. Bar No. 23283)
        dwilliams@kslaw.com

300 South Tryon Street, Suite 1700
Charlotte, NC 28202

Thomas M. Melsheimer – Pro Hac Vice
tmelsheimer@kslaw.com
Chad B. Walker – Pro Hac Vice
cwalker@kslaw.com
Tracea Rice – Pro Hac Vice
trice@kslaw.com
Alexandra Moore - Pro Hac Vice
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

*Attorneys for Defendant*
*JOE GIBBS RACING, LLC*

DATED: June 18, 2026
**TROUTMAN PEPPER LOCKE, LLP**

By: *Joshua D. Davey*
Joshua D. Davey (NC Bar No. 35246)
Lawrence J. Cameron (NC Bar No. 41922)
Troy C. Homesley, III (NC Bar No. 62148)
Anais M. Jaccard (NC Bar No. 58438)
Benjamin E. Whorf (NC Bar No. 64279)
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
Joshua.Davey@troutman.com
Lawrence.Cameron@troutman.com
Troy.Homesley@troutman.com

John S. "Evan" Gibbs III – pro hac vice
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
Evan.Gibbs@troutman.com

*Attorneys for Defendant*
*SPIRE MOTORSPORTS II, LLC*

DATED: June 19, 2026
**ROBINSON, BRADSHAW & HINSON, P.A.**

By: *Cary B. Davis*
Cary B. Davis (NC Bar No. 36172)

Spencer T. Wiles (NC Bar No. 53664)
William M. Miller (NC Bar No. 36946)
Anna Claire Tucker (NC Bar No. 59457)
600 S. Tryon St., Suite 2300
Charlotte, NC 28202
cdavis@rbh.com
swiles@rbh.com
wmiller@rbh.com
atucker@rbh.com

*Attorneys for Defendant*
*CHRISTOPHER GABEHART*