# Exhibit C

**ROBINSON BRADSHAW**

600 S. Tryon St.
Suite 2300
Charlotte, NC 28202

Cary Davis
CDavis@rbh.com
T: 704.377.8386

June 23, 2026

**VIA ELECTRONIC MAIL (KEESLER_CHAMBER@NCWD.USCOURTS.GOV)**

The Honorable David C. Keesler
United States Magistrate Judge
401 W. Trade Street, Suite 1400
Charlotte, NC 28202

**Re:** *Joe Gibbs Racing, LLC v. Gabehart et al.*, **Case No. 3:26-CV-00133-SCR-DCK (W.D.N.C.)**

Dear Judge Keesler:

I write on behalf of Defendant Christopher Gabehart in response to the Court's direction that the parties submit their positions regarding Plaintiff Joe Gibbs Racing, LLC's ("JGR") proposed Trade Secret Addendum to the Protective Order (the "Proposed Addendum").[1]  For the reasons set forth below, Mr. Gabehart respectfully requests that the Court deny JGR's request.

At the outset of this litigation, JGR pursued a protective order with three tiers of protection, including an "Outside Counsel Only" designation intended to protect sensitive trade secrets.  After a contested hearing on March 24, 2026, Judge Rodriguez granted JGR's motion for a protective order (Dkt. 50; Dkt. 89).  The existing Protective Order already provides robust protections for confidential materials, including provisions limiting access to outside counsel only.  Despite obtaining the protections it sought, JGR now seeks even more stringent limitations through the Proposed Addendum, which it circulated for the first time on June 18, 2026—four months after initiating this litigation and with less than seven weeks remaining in fact discovery.  JGR's belated request is not a discovery dispute; it is an effort to amend Judge Rodriguez's Order without filing a formal motion to do so.

---

[1] This submission does not address the primary concern of the hearing that is articulated in Spire's June 17, 2026 letter to Judge Rodriguez regarding 21 subpoenas to individual Spire employees. We do, however, note our concern that the far-ranging discovery JGR is pursuing is disproportionate to the needs of the case and contrary to the need for focused discovery in light of JGR's push for an aggressive discovery schedule and expedited trial.

Moreover, JGR has failed to identify the trade secrets at issue with the specificity required to warrant the extraordinary protections it seeks. Despite months of litigation and discovery, JGR has not clearly defined or delineated the information it seeks to protect, nor has it demonstrated that the materials meet the legal threshold for trade secret protection. The designation remains overbroad and lacks the particularity necessary to justify such extraordinary measures. The level of protection JGR demands is grossly disproportionate to the nature of the materials actually at issue.

The Proposed Addendum imposes restrictions that would severely prejudice Mr. Gabehart's defense. First, the Proposed Addendum would bar outside counsel from discussing with their clients—even in general terms—any documents JGR designates as "TRADE SECRETS." *See* Proposed Addendum § 3(e). This restriction would fundamentally impair counsel's ability to advise Mr. Gabehart and develop litigation strategy. It is particularly problematic here because most of the documents JGR has identified as purported "trade secrets" were actually created by Mr. Gabehart himself.

Second, the Proposed Addendum would require counsel and experts to view JGR's purported trade secrets in a "clean room" supervised by JGR—on a secured computer without internet access, with only handwritten notes permitted and no electronic devices allowed, while JGR "visually monitor[s]" the review. *See id.* § 16. Compliance would be cumbersome and time-consuming; even setting up the clean room will likely take weeks—a delay incompatible with the current schedule.

Third, the Proposed Addendum would prohibit filing any document designated a "TRADE SECRET" with the Court and bar the parties from including "excerpts or quotations" of such materials in any pleading, exhibit, or expert report. *See id.* § 16(f). These provisions would severely limit Defendants' ability to present evidence and seek judicial relief.

Fourth, the Proposed Addendum creates an asymmetrical advantage: While Defendants' counsel would face severe restrictions on reviewing, discussing, and using the alleged trade secrets, JGR and its

counsel would be free to utilize their own evidence without restriction. Nowhere is this better epitomized than JGR's bid to effectively grant itself veto rights over Defendants' selection and use of experts. *See id.* § 7.

Of particular concern to Mr. Gabehart is that the Proposed Addendum's burdens are disproportionate as applied to an individual defendant with limited resources. Unlike JGR—a corporate litigant with substantial financial resources—Mr. Gabehart is an individual defending claims with profound personal consequences. The clean room procedures, expert disclosure protocols, and prohibitions on counsel-client communications would impose costs disproportionately oppressive to an individual litigant. *See* Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case," considering "the parties' resources"). The existing Protective Order adequately protects JGR's interests without these disproportionate burdens.

JGR's belated pursuit of the Proposed Addendum is inconsistent with the discovery posture it demanded. JGR requested an aggressive schedule with fact discovery closing August 7, 2026. From the outset of this litigation in February 2026, JGR knew it would need to produce its alleged trade secrets— yet waited until June 18, 2026, to circulate the Proposed Addendum. This delay belies any claim of newfound need for heightened protections.

For these reasons, Mr. Gabehart respectfully requests that the Court deny JGR's Proposed Addendum. The existing Protective Order—entered at JGR's own request—provides adequate protections. If JGR believes additional measures are necessary, it should file a proper motion to amend Judge Rodriguez's Order, allowing Defendants adequate opportunity to respond. We appreciate the Court's attention to this matter.

The Honorable David C. Keesler
June 23, 2026
Page 4

Respectfully submitted,

**ROBINSON, BRADSHAW & HINSON, P.A.**

Cary B. Davis
Counsel for Defendant Christopher Gabehart