# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,

        Plaintiff,

   v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

        Defendants.

**PLAINTIFF'S RESPONSES TO DEFENDANT SPIRE MOTORSPORTS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Joe Gibbs Racing, LLC ("JGR"), by and through its undersigned counsel, hereby responds and objects to Defendant Spire Motorsports, LLC's ("Spire") First Set of Requests for Production, dated May 11, 2026 (the "Requests").

## GENERAL RESPONSES

The following General Responses are incorporated into each specific objection and response as if fully set forth therein:

1. JGR's Responses are based on information presently known to JGR after its diligent and best efforts to respond to Spire's Requests based on the investigation it has conducted to date. There may be information relating to the subject matter of Spire's Requests that JGR has not yet located, identified, or reviewed, despite JGR's diligent and best efforts to do so. Accordingly, JGR reserves the right to rely on facts, documents, or other information that may develop or subsequently come to its attention and to supplement the general and specific objections and responses to Spire's Requests as required by the Federal Rules of Civil Procedure.

2. JGR objects to certain Requests to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege or

immunity from discovery. JGR hereby claims such privileges and protections and excludes privileged or protected information from its responses. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections. In the event that a response that is privileged or exempt from disclosure is provided by JGR, it will have been provided inadvertently and shall not constitute a waiver of applicable privileges and/or protections.

## GENERAL OBJECTIONS

Plaintiff hereby states the following General Objections to Defendants' Requests, which are incorporated herein and made a part of each answer set forth below:

1. JGR objects to the definition of the term "Spire" in that it refers to Spire Motorsports, LLC rather than Spire Motorsports II, LLC, the intended Defendant, as reflected in JGR's Motion for Leave to Amend First Amended Complaint (Dkt. 84) and as previously noted and agreed to by Spire's counsel.

2. JGR objects to each Request to the extent it seeks information irrelevant to the issues raised in this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise inconsistent with or enlarges upon the Federal Rules of Civil Procedure.

3. JGR objects to each Request to the extent it seeks the disclosure of information that is privileged and confidential, protected by the attorney-client privilege or the work-product doctrine, or is subject to any other applicable privilege or doctrine.

4. JGR objects to each Request to the extent it is vague, ambiguous, overly broad, unduly burdensome, oppressive, exceeds the bounds of the discovery limits set in this case, or otherwise not reasonably limited in time or scope, or not proportional to the needs of the case.

2

5.      JGR objects to each Request to the extent it requests information or materials not in JGR's possession, custody, or control, and not in the possession of persons or entities that are under JGR's control.

6.      JGR objects to each Request to the extent it requests information or materials that have already been provided to Spire or are in Spire's possession, custody, or control.

7.      JGR objects to each Request to the extent it is not limited in scope or in time and is therefore overly broad, unduly burdensome, and not proportional to the needs of the case.

8.      JGR objects to each Request to the extent it seeks production from individuals not included among JGR's Agreed Custodians, as will be provided in the parties' forthcoming stipulated ESI Protocol.

9.      JGR objects to each Request to the extent it seeks disclosure of trade secrets or confidential information. Any production of documents containing trade secrets or confidential information will be done under and subject to the terms of the Protective Order entered in this matter (Dkt. 89). Furthermore, to the extent a Request calls for information or materials containing JGR's trade secrets, JGR will make such information or materials available for inspection subject to an appropriate protocol.

10.     JGR objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown.

11.     JGR objects to the definition of the terms "Plaintiff," "JGR," and "You" as overbroad and unduly burdensome in that it includes Joe Gibbs Racing, LLC's "present or former members, officers directors, shareholders, employees, or agents," as well as "agents, vendors, [and] independent contractors," which are not properly identified and so numerous as to impose a

3

burden not required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Court Orders. JGR further objects to the definition of the terms "Plaintiff," "JGR," and "You" as vague and ambiguous in that it circularly includes "agents, vendors, independent contractors engaged, or any entities engaged by You to provide services to You."

12. JGR objects to the definition of "Forensic Investigation" as overbroad and unduly burdensome in that it purports to include any "review, analysis, or examination . . . by or on behalf of JGR" regardless of custodian or relevance to the subject matter of the litigation.

13. JGR objects to the definition of "relating to," "relate to," and "concerning" as overbroad and unduly burdensome in that it imposes a burden not required by the Federal Rules of Civil Procedure. JGR will interpret "relating to," "relate to," and "concerning" within their normally understood and intended meanings.

14. JGR objects to the definition of the term "Trade Understanding" in that it purports to refer to an understanding that JGR does not agree existed.

15. JGR objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR will interpret "Document" and "Communication" within their ordinary meaning and understanding and in accordance with the requirements of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All non-privileged written agreements between You and Gabehart, whether formally executed or not, including all drafts of (a) any written employment agreements and amendments, and (b) any proposed separation agreement referenced in Paragraph 61 of the Amended Complaint, and all related term sheets, redlines, or comments. This Request includes all non-privileged Communications relating to any such agreements between You and Gabehart, including any non-privileged Communications regarding the scope or enforceability of any non-competition, non-solicitation, or confidentiality provisions.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR specifically objects to this Request to the extent it seeks information

protected from disclosure by the attorney-client privilege or work-product doctrine. JGR objects

to this Request as vague and ambiguous including the phrase "written agreements." JGR further

objects to this Request on the grounds that it is overly broad in that documents responsive to this

Request have already been produced in response to expedited discovery requests and seeks "all

non-privileged Communications" relating to "such agreements" regardless of custodian or subject

matter. JGR further objects to the definition of the term "You" for the reasons stated in General

Objection No. 11. JGR further objects to the definition of "Communication" to the extent it

imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged

documents concerning agreements between JGR and Gabehart that can be located after a

reasonable search.

**REQUEST FOR PRODUCTION NO. 2:** Gabehart's complete personnel file, and all non-privileged Documents relating to his employment at JGR, including performance evaluations, promotion records, job descriptions, disciplinary records, complaints, notes concerning his duties, responsibilities, and authority, and handbook, policies, confidentiality agreements or codes of conduct JGR contends governed his use of confidential information or trade secrets, together with any acknowledgments or certifications signed by Gabehart.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated

herein by reference, JGR specifically objects to this Request as vague, ambiguous, overbroad and

unduly burdensome as it seeks "all non-privileged Documents relating to [Gabehart's]

employment at JGR," and such things as "notes" without limitation as to time, subject matter, or

relevance to the claims and defenses in this action such that Documents responsive to this request

would include literally every Document that mentions or refers to Gabehart or that in any way

relates to the work Gabehart performed or supervised or should have performed or supervised

during his employment with JGR. This request is not reasonably calculated to lead to the discovery

of admissible evidence. JGR further objects to the definition of "Document" to the extent it

5

imposes a burden not required by the Federal Rules of Civil Procedure. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged documents, responsive documents within its possession, custody, or control, from January 1, 2025 to the present, that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:** All non-privileged Documents that You contend constitute or contain any Allegedly Misappropriated Information. The production shall allow identification of: (a) the custodian; (b) creation date(s); and (c) metadata showing access, modification, or transmission. For each such Document, identify, by Bates number or other unique identifier, the specific portion(s) You contend constitute trade secret or Confidential Information.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Request as it seeks disclosure of trade secrets and confidential information. JGR further objects to this Request to the extent it seeks to impose a burden not required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Court Orders. Specifically, portions of the Request are in the nature of an interrogatory and improperly seek information about each responsive document that is not required for compliance with production obligations under Rule 34 of the Federal Rules of Civil Procedure. JGR further objects to the definition of the term "You" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure. JGR further objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown.

Subject to and without waiving the foregoing objections, JGR will make available for inspection pursuant to an appropriate protocol non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search.

6

**REQUEST FOR PRODUCTION NO. 4:** All non-privileged Documents that You may use, rely upon, or refer to in support of any claim, allegation, or theory asserted in the Amended Complaint, including Documents that You contend support Your allegations of misappropriation, breach, or damages.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Request as vague and ambiguous as to the terms "may use," "refer to," and "support," which are undefined and subject to multiple interpretations. JGR further objects to the extent the Request seeks information protected from disclosure by the work-product doctrine. JGR further objects to the definition of the terms "You" and "Your" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce or make available for inspection pursuant to an appropriate protocol non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search, and that JGR presently anticipates it may use, rely upon, or refer to in support of its claims, allegations, or theories asserted in the Amended Complaint. Although JGR has not definitively determined which Documents it may use, rely upon, or refer to in support of its claims, allegations, or theories asserted in the Amended Complaint, such documents may include all documents produced by JGR, Gabehart, Spire or any third party.

**REQUEST FOR PRODUCTION NO. 5:** All non-privileged Documents reflecting or relating to any Forensic Investigation into whether Gabehart downloaded, transferred, accessed, or stored any JGR Documents or Data on any personal device, personal email account, personal cloud-based storage account, or other non-JGR system, including without limitation:

(a)     all forensic chain-of analyses, reports, workpapers, DLP Reports, logs, screenshots, and other Data for any device or account JGR alleges Gabehart used to misappropriate information (including his JGR-issued laptop and JGR-sponsored OneDrive);

(b)     Documents sufficient to show all instances in which Gabehart backed up any JGR cloud-based storage account that JGR authorized him to use (including OneDrive)

7

or downloaded/transferred files from any such JGR cloud-based storage account to an external device or cloud-based storage account for the period October 1, 2025, to the present; and

(c) Documents sufficient to show any wiping, destruction, failure to preserve, or deletion of data from any JGR-issued device used by Gabehart, including chain-of-custody records and internal investigations concerning such wiping, destruction, or deletion.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Request to the extent it seeks Documents and information subject to the attorney-client privilege or the work-product doctrine. JGR objects to this Request as unduly burdensome to the extent it seeks information extending beyond the core investigation materials relevant to the forensic analysis already performed by Reliance Forensics. JGR objects to this request as many of the terms used are vague, ambiguous, and subject to multiple interpretations. JGR further objects to the extent the Request seeks information that has already been produced in the course of discovery in this lawsuit. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure. JGR further objects to the definition of "Forensic Investigation" as overbroad and unduly burdensome in that it purports to include any "review, analysis, or examination . . . by or on behalf of JGR" regardless of custodian or relevance to the subject matter of the litigation.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged documents within its possession, custody, or control that can be located after a reasonable search that relate to the forensic investigation performed by Reliance Forensics and that have not already been produced.

**REQUEST FOR PRODUCTION NO. 6:** Documents sufficient to show all policies, procedures, or protocols governing the use of any systems, devices, or software that JGR uses to monitor, control, limit, minimize, detect, or otherwise stop the misappropriation, extraction, downloading, or taking of its trade secrets and/or confidential information, including but not

8

limited to any such procedures or protocols relating to JGR's use of OneDrive, SharePoint, or any other cloud storage system (including downloading, external sharing, and syncing with personal devices).

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR objects to this request as overly broad and unduly burdensome including that it seeks the production of "all policies, procedures, or protocols" and to the extent it presumes that the information sought is maintained in discrete policies, procedures, or protocols. Certain responsive information may instead be reflected in system configurations or settings, which are not readily captured in or reducible to conventional policy or procedural documents. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:** Documents sufficient to show all steps JGR takes to maintain the confidentiality of, and to protect against or monitor the extraction, downloading, sharing, or taking of, any trade secrets or confidential information, including but not limited to Documents sufficient to show:

    (a)    categories of employees whose activities are monitored by JGR's systems, devices, or software referenced in the preceding Request;

    (b)    the schedule or frequency with which JGR monitors the inflow or outflow of its confidential data, information, documents, or trade secrets; and

    (c)    the frequency and manner in which JGR reviews any reports generated as a result of such monitoring.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR objects to this Request as vague, ambiguous, overly broad, and

unduly burdensome in that it seeks "all steps" JGR takes to maintain confidentiality. It further relies on terms that are subject to multiple interpretations. JGR objects to this Request to the extent it presumes that the information sought is maintained in discrete policies, procedures, or protocols. Certain responsive information may instead be reflected in system configurations or settings, which are not readily captured in or reducible to conventional policy or procedural documents. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:** Documents sufficient to show any agreements, contracts, or nondisclosure agreements that required any third party (including, without limitation, sponsors, original equipment manufacturers (OEMs), vendors, consultants, or other teams) who received access to any Allegedly Misappropriated Information at any time before October 1, 2025, to maintain the confidentiality or secrecy of such information. This Request includes Documents sufficient to show any instance in which any Allegedly Misappropriated Information was shared with, accessed by, or accessible to any third party (including, but not limited to, Toyota/TRD, sponsors, vendors, OEMs, consultants, or other teams) or the public generally at any time before October 1, 2025.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Request to the extent it seeks JGR's trade secrets and confidential information or information protected from disclosure by the attorney-client privilege or work-product doctrine. JGR also objects to the Request as overbroad and unduly burdensome, in that it seeks broad production of interactions with third parties and is not limited to documents relevant to the claims or defenses in this action. JGR objects to the Request to the extent it seeks agreements, contracts, or non-disclosure agreements subject to third-party confidentiality restrictions and protections. JGR further objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade

secrets and confidential information, the full extent of which is currently unknown. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce or make available for inspection pursuant to an appropriate protocol non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**[1] All non-privileged Documents relating to any investigation, inquiry, or analysis by or for JGR regarding the alleged misappropriation, acquisition, use, or disclosure of any Allegedly Misappropriated Information by Gabehart, Spire, or any other Person, including all Documents relating to any allegation that Spire acquired, used, or benefitted from any Allegedly Misappropriated Information.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated by reference herein, JGR objects to this Request as overbroad and unduly burdensome in that it seeks broad production of documents related to "any other Person," and is not limited to documents relevant to the claims or defenses in this action. JGR further objects to the Request to the extent it seeks documents protected from disclosure by the work-product doctrine or documents that have already been produced in the course of discovery in the Lawsuit. JGR objects to this Request as vague, ambiguous, overly broad and unduly burdensome as it seeks "Documents relating to any investigation, inquiry, or analysis." JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

---

[1] This Request was originally labeled "REQUEST FOR PRODUCTION NO. 6."

Subject to and without waiving the foregoing objections, JGR will produce non-privileged documents within its possession, custody, or control that can be located after a reasonable search that relate to the forensic investigation performed by Reliance Forensics and that have not already been produced.

**REQUEST FOR PRODUCTION NO. 10:**[2] All Documents sufficient to show the economic value of the Allegedly Misappropriated Information and the role that such information allegedly plays in JGR's ability to obtain or maintain a competitive advantage in the NASCAR Cup Series or any other racing series, including, but not limited to, any alliance agreements evidencing the type of information JGR provides to its alliance partners and the value of that information

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege or work-product doctrine. JGR further objects to this Request to the extent it seeks JGR's trade secrets. JGR further objects to this Request as premature in that it seeks information regarding damages, the full extent of which is still being evaluated. JGR objects to this request as vague, ambiguous, overly broad, and unduly burdensome including that it seeks Documents regarding the "economic value" and "role" of information. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce or make available for inspection pursuant to an appropriate protocol non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search at the proper

---

[2] This Request was originally labeled "REQUEST FOR PRODUCTION NO. 7."

time, pursuant to applicable requirements under the Federal Rules of Civil Procedure and the Court's scheduling orders.

**REQUEST FOR PRODUCTION NO. 11**: All non-privileged Documents relating to the rationale(s) or reason(s) given by or within JGR for Gabehart's departure from JGR, and all non-privileged Communications between JGR employees regarding Gabehart's departure from JGR for the period January 1, 2025, to the present.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated by reference herein, JGR objects to this Request as overbroad and unduly burdensome in that it purports to require production of responsive documents for all of JGR's employees— approximately 450 total, most of whom would have no firsthand knowledge regarding Gabehart's departure—and seeks documents back to January 1, 2025, which is well before discussions about Gabehart's departure began. The Request is also overbroad in that documents responsive to this Request have already been produced in response to expedited discovery requests, yet the Request seeks "all non-privileged Communications" relating to "rationale(s) or reason(s) given" for Gabehart's departure, regardless of custodian or subject matter. This request is not reasonably calculated to lead to the discovery of admissible evidence. JGR further objects to this request as vague and ambiguous as it seeks "rationale(s) or reason(s)" regarding Gabehart's departure. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within the possession, custody, or control of JGR's Agreed Custodians, as listed in the parties' ESI Protocol from October 1, 2025 to the present that can be identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:** Documents sufficient to show which aspects of JGR's sponsor relationships (categories, spend ranges, activation elements) are shared with or

visible to other teams, agencies, OEMs, or sponsors, including any Documents showing the extent to which such information is treated as confidential versus routinely shared, for the period January 1, 2020, to the present.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated by reference herein, JGR objects to this Request as overbroad and unduly burdensome in that it seeks documents back to January 1, 2020—years before the relevant time period. JGR further objects to this Request on the grounds that the terms "aspects," "visible," "categories," "spend ranges," and "activation elements" as used in the Request are vague and ambiguous. JGR further objects to this Request as overbroad and due to the fact that JGR need not produce documents to demonstrate the identity of sponsors that are readily visible to Defendant Spire, other teams, agencies, OEMs, or sponsors. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce or make available for inspection pursuant to an appropriate protocol non-privileged, responsive documents within the possession, custody, or control sufficient to distinguish between public and confidential aspects of sponsorship agreements from January 1, 2024 to present.

**REQUEST FOR PRODUCTION NO. 13:** All non-privileged Documents and Communications, from January 1, 2025, to the present, between JGR (including its owners, officers, and employees) and any third party, including but not limited to sponsors, NASCAR, other teams, manufacturers, agencies, and media, relating to:

(a)     this Litigation;

(b)     the allegations in the Amended Complaint; or

(c)     any declaration, affidavit, or written statement JGR requested, drafted, or obtained from any third party concerning Spire, Gabehart, or any alleged misappropriation of JGR's information.

This Request includes, without limitation, all non-privileged Documents and Communications with Bob Jenkins, NASCAR, and any other third party in which JGR accused or

14

suggested that Spire cheated, stole JGR's trade secrets, or otherwise engaged in unlawful or unethical conduct, and all Documents relating to any declarations, affidavits, or written statements that JGR requested or obtained from Jenkins or other third parties regarding Spire, Gabehart, or the allegations in this case.

**RESPONSE:**  In addition to the foregoing General Objections, JGR objects to this Request as overbroad and unduly burdensome as it seeks "all" Documents and Communications with "any third party" relating to multiple broad topics. JGR further objects to this Request to the extent it seeks documents protected from disclosure by the work-product doctrine or common interest privilege. JGR further objects to this Request on the grounds that the terms "teams," "manufacturers" and "agencies" are vague and ambiguous.   JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within the possession, custody, or control that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:** All Documents relating to any harm or damages You allege You have suffered as a result of the actions of Gabehart or Spire. This Request includes all Documents relating to any effort You made to mitigate any damages You contend You suffered as a result of the actions of Gabehart or Spire.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated by reference herein, JGR objects to this Request to the extent it seeks documents subject to attorney-client privilege or the work-product doctrine. JGR further objects to this Request as premature in that it seeks information regarding damages, the full extent of which is still being evaluated. JGR further objects to the definition of the term "You" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

15

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within the possession, custody, or control, and make appropriate disclosures at the proper time, pursuant to applicable requirements under the Federal Rules of Civil Procedure and the Court's scheduling orders.

**REQUEST FOR PRODUCTION NO. 15:** Documents sufficient to show Your efforts (or lack thereof) to enforce any other non-solicitation, non-compete, or employment agreement between You and any former or current JGR employee since January 1, 2018, including any lawsuits or pre-litigation demands.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Request to the extent it seeks documents subject to attorney-client privilege or the work-product doctrine. JGR further objects to this Request as overbroad and unduly burdensome in that it seeks documents dating back to January 1, 2018— years before the time period relevant to the Lawsuit—and could encompass all employee departures during that time period. JGR also objects that the Request is vague and ambiguous in that it requests proof of "efforts (or lack thereof) to enforce," without any attempt to define those terms. JGR objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence. JGR further objects to the definition of the terms "You" and "Your" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within the possession, custody, or control sufficient to demonstrate enforcement of non-solicitation, non-compete, or employment agreements to the extent credible violations of such agreements arose from January 1, 2024 to present.

**REQUEST FOR PRODUCTION NO. 16:** All non-privileged Documents and Communications between and among JGR employees or personnel from January 1, 2025, to the present related to:

16

(a) the Trade Understanding;

(b) Ty Gibbs' performance on track;

(c) Gabehart's role as Competition Director at JGR; and

(d) Gabehart's role as Crew Chief for the JGR No. 54 Car.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein, JGR objects that this Request is compound, in that it seeks information on topics that should be treated as four distinct Requests.

*　　*　　*

(a) the Trade Understanding: In addition to the foregoing General Objections, which are incorporated herein, JGR objects to the Request for documents related to "the Trade Understanding" as vague and ambiguous in that "the Trade Understanding" is defined to refer to an understanding that JGR does not agree existed. JGR also objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege or work-product doctrine. JGR further objects to this Request as overly broad and unduly burdensome to the extent it seeks production from individuals not included among JGR's Agreed Custodians, as listed in the parties' stipulated ESI Protocol. In particular, the phrase "JGR employees or personnel" could be interpreted to include all of JGR's employees (current or former)—totaling in excess of 450— most of whom would have no personal knowledge of the identified topics.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within the possession, custody, or control of JGR's Agreed Custodians, as listed in the parties' ESI Protocol that can be located after a reasonable search.

*　　*　　*

(b) Ty Gibbs' performance on track: In addition to the foregoing General Objections, which are incorporated herein, JGR objects to the Request for documents related to "Ty Gibbs'

17

performance on the track" as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ty Gibbs's track performance has no bearing on the claims in this lawsuit. JGR further objects to this Request on the grounds that it is overbroad and unduly burdensome in that virtually any communication amongst employees at JGR relates to the performance of JGR's race teams and drivers. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR further objects to this Request as overly broad and unduly burdensome to the extent it seeks production from individuals not included among JGR's Agreed Custodians, as listed in the parties' stipulated ESI Protocol. In particular, the phrase "JGR employees or personnel" could be interpreted to include all of JGR's employees (current or former)—totaling in excess of 450—most of whom would have no personal knowledge of the identified topics.

*     *     *

(c)     Gabehart's role as Competition Director at JGR: In addition to the foregoing General Objections, which are incorporated herein, JGR objects to the Request for documents related to "Gabehart's role as Competition Director at JGR" to the extent it seeks documents or information subject to the attorney-client privilege or work-product doctrine. JGR further objects to this Request on the grounds that it is overbroad and unduly burdensome in that virtually any communication amongst employees at JGR relates to Gabehart's roles as Competition Director at JGR, which embraces anything that relates to making JGR's cars go faster, perform better, and be competitive. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR further objects to this Request as overly broad and unduly burdensome to the

18

extent it seeks production from individuals not included among JGR's Agreed Custodians, as listed in the parties' stipulated ESI Protocol. In particular, the phrase "JGR employees or personnel" could be interpreted to include all of JGR's employees (current or former)—totaling in excess of 450—most of whom would have no personal knowledge of the identified topics.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within the possession, custody, or control of JGR's Agreed Custodians, as listed in the parties' ESI Protocol that can be located after a reasonable search.

\* \* \*

(d) Gabehart's role as Crew Chief for the JGR No. 54 Car: In addition to the foregoing General Objections, which are incorporated herein, JGR objects to the Request for documents related to "Gabehart's role as Crew Chief for the JGR No. 54 Car" to the extent it seeks documents or information subject to the attorney-client privilege or work-product doctrine. JGR further objects to this Request on the grounds that it is overbroad and unduly burdensome in that virtually any communication amongst employees at JGR relates to Gabehart's roles as Crew Chief for the JGR No. 54 Car, which embraces anything that relates to making JGR's cars go faster, perform better, and be competitive. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR further objects to this Request as overly broad and unduly burdensome to the extent it seeks production from individuals not included among JGR's Agreed Custodians, as listed in the parties' stipulated ESI Protocol. In particular, the phrase "JGR employees or personnel" could be interpreted to include all of JGR's employees (current or former)—totaling in excess of 450—most of whom would have no personal knowledge of the identified topics.

19

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within the possession, custody, or control of JGR's Agreed Custodians, as listed in the parties' ESI Protocol that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:** All prior versions of the document produced as JGR_0000251 in this Litigation, including Documents showing any efforts to preserve, retrieve, or recover original and prior versions.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege or work-product doctrine. JGR objects to this Request as unduly burdensome in that JGR has already produced multiple versions of this document. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show any penalties, sanctions, or formal findings imposed by NASCAR on JGR for violations of NASCAR rules or regulations relating to competition, car conformity, or use of competitors' information for the period January 1, 2021, through the present, including Documents sufficient to show any instance in which NASCAR or JGR determined that JGR used information or data belonging to any of its competitors.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege or work-product doctrine. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, relevant, responsive documents within its possession, custody, or control that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:** All non-privileged Documents and Communications between JGR and Reliance Forensics, LLC (and its agents and representatives) relating to this Litigation, any Forensic Investigation concerning Gabehart or Spire, or any Allegedly Misappropriated Information.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Request in that it seeks documents protected from disclosure under the attorney-client privilege, the work-product doctrine, and/or Rule 26(b) of the Federal Rules of Civil Procedure. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR further objects to the definition of "Forensic Investigation" as overbroad and unduly burdensome in that it purports to include any "review, analysis, or examination . . . by or on behalf of JGR" regardless of custodian or relevance to the subject matter of the litigation.

**REQUEST FOR PRODUCTION NO. 20:** All non-privileged Documents and Communications not previously produced that:

(a)     refer or relate to any allegation that Spire acquired, used, or benefitted from any Allegedly Misappropriated Information;

(b)     refer or relate to JGR's contentions regarding the impact of any alleged misappropriation on Spire's competitive performance, including any analyses comparing JGR's and Spire's results before and after November 2025; or

21

(c)      refer or relate to any statements by JGR personnel about Spire's "cheating," "stealing," or other alleged misconduct that are not encompassed by earlier Requests.

**<u>RESPONSE</u>:** In addition to the foregoing General Objections, which are incorporated herein, JGR objects that this Request is compound, in that it seeks information on topics that should be treated as three distinct Requests.

*     *     *

Sub-part (a): In addition to the foregoing General Objections, JGR further objects to the Request for documents that "refer or relate to any allegation that Spire acquired, used, or benefitted from any Allegedly Misappropriated Information" as vague and ambiguous in that it relies on the undefined terms "acquired," "used," and "benefitted." JGR further objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR also objects to this Request as premature to the extent it calls for information to be provided by experts, which JGR will provide according to the times and means established by the Court's Scheduling Order.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search.

*     *     *

Sub-part (b): In addition to the foregoing General Objections, JGR further objects to the Request for documents that "refer or relate to JGR's contentions regarding the impact of any alleged misappropriation on Spire's competitive performance, including any analyses comparing

22

JGR's and Spire's results before and after November 2025" as vague and ambiguous in that it relies on the undefined terms "impact" and "competitive performance." JGR further objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR also objects to this Request as premature to the extent it calls for information to be provided by experts, which JGR will provide according to the times and means established by the Court's Scheduling Order.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within its possession, custody, or control that can be located after a reasonable search.

*     *     *

Sub-part (c): In addition to the foregoing General Objections, JGR further objects to the Request for documents that "refer or relate to any statements by JGR personnel about Spire's 'cheating,' 'stealing,' or other alleged misconduct that are not encompassed by earlier Requests" as overly broad and unduly burdensome to the extent it seeks production from individuals not included among JGR's Agreed Custodians, as listed in the parties' stipulated ESI Protocol. In particular, the phrase "JGR personnel" could be interpreted to include all of JGR's employees (current or former)—totaling in excess of 450—most of whom would have no personal knowledge of the identified topics. JGR further objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil

23

Procedure. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents within the possession, custody, or control of JGR's Agreed Custodians, as listed in the parties' ESI Protocol that can be located after a reasonable search.

*[Remainder of page intentionally left blank]*

24

This the 10th day of June, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

**KING & SPALDING LLC**

Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

*Attorneys for Joe Gibbs Racing, LLC*

25

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT SPIRE MOTORSPORTS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION** was served upon all counsel of record via email.

This the 10th day of June, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*