# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,

      Plaintiff,

    v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS II, LLC,

      Defendants.

**PLAINTIFF'S RESPONSES TO
DEFENDANT SPIRE MOTORSPORTS
II, LLC'S SECOND SET OF
REQUESTS FOR PRODUCTION**

Plaintiff Joe Gibbs Racing, LLC ("JGR"), by and through its undersigned counsel, hereby responds and objects to Defendant Spire Motorsports II, LLC's ("Spire") Second Set of Requests for Production, dated May 28, 2026 (the "Requests").

## GENERAL RESPONSES

The following General Responses are incorporated into each specific objection and response as if fully set forth therein:

1. JGR's Responses are based on information presently known to JGR after its diligent and best efforts to respond to Spire's Requests based on the investigation it has conducted to date. There may be information relating to the subject matter of Spire's Requests that JGR has not yet located, identified, or reviewed, despite JGR's diligent and best efforts to do so. Accordingly, JGR reserves the right to rely on facts, documents, or other information that may develop or subsequently come to its attention and to supplement the general and specific objections and responses to Spire's Requests as required by the Federal Rules of Civil Procedure.

2. JGR objects to certain Requests to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege or

immunity from discovery. JGR hereby claims such privileges and protections and excludes privileged or protected information from its responses. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections. In the event that a response that is privileged or exempt from disclosure is provided by JGR, it will have been provided inadvertently and shall not constitute a waiver of applicable privileges and/or protections.

## GENERAL OBJECTIONS

Plaintiff hereby states the following General Objections to Defendants' Requests, which are incorporated herein and made a part of each answer set forth below:

1.      JGR objects to the definition of the term "Spire" in that it refers to Spire Motorsports, LLC rather than Spire Motorsports II, LLC, the Defendant named in JGR's Second Amended Complaint (Dkt. 95).

2.      JGR objects to each Request to the extent it seeks information irrelevant to the issues raised in this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise inconsistent with or enlarges upon the Federal Rules of Civil Procedure.

3.      JGR objects to each Request to the extent it seeks the disclosure of information that is privileged and confidential, protected by the attorney-client privilege or the work-product doctrine, or is subject to any other applicable privilege or doctrine.

4.      JGR objects to each Request to the extent it is vague, ambiguous, overly broad, unduly burdensome, oppressive, exceeds the bounds of the discovery limits set in this case, or otherwise not reasonably limited in time or scope, or not proportional to the needs of the case.

5.      JGR objects to each Request to the extent it requests information or materials not in JGR's possession, custody, or control, and not in the possession of persons or entities that are under JGR's control.

2

6. JGR objects to each Request to the extent it requests information or materials that have already been provided to Spire or are in Spire's possession, custody, or control.

7. JGR objects to each Request to the extent it is not limited in scope or in time and is therefore overly broad, unduly burdensome, and not proportional to the needs of the case.

8. JGR objects to each Request to the extent it seeks production from individuals not included among JGR's Agreed Custodians, as provided in the parties' Stipulated Protocol Regarding the Discovery of Electronically Stored Information and Hard Copy Documents (Dkt. 98).

9. JGR objects to each Request to the extent it seeks disclosure of trade secrets or confidential information. Any production of documents containing trade secrets or confidential information will be done under and subject to the terms of the Protective Order entered in this matter (Dkt. 89). Furthermore, to the extent a Request calls for information or materials containing JGR's trade secrets, JGR will make such information or materials available for inspection subject to an appropriate protocol.

10. JGR objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown.

11. JGR objects to the definition of the terms "Plaintiff," "JGR," and "You" as overbroad and unduly burdensome in that it includes Joe Gibbs Racing, LLC's "present or former members, officers directors, shareholders, employees, or agents," as well as "agents, vendors, [and] independent contractors," which are not properly identified and so numerous as to impose a burden not required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Court Orders. JGR further objects to the definition of the terms "Plaintiff," "JGR," and "You" as

3

vague and ambiguous in that it circularly includes "agents, vendors, independent contractors engaged, or any entities engaged by You to provide services to You."

12. JGR objects to the definition of "relating to," "relate to," and "concerning" as overbroad and unduly burdensome in that it imposes a burden not required by the Federal Rules of Civil Procedure. JGR will interpret "relating to," "relate to," and "concerning" within their normally understood and intended meanings.

13. JGR objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR will interpret "Document" and "Communication" within their ordinary meaning and understanding and in accordance with the requirements of the Federal Rules of Civil Procedure.

### SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 21:** All non-privileged Documents and Communications relating to the categories of damages and calculation of damages identified in JGR's response to Spire's Interrogatory No. 11, including, but not limited to Documents evidencing the factual basis for each category of alleged harm; Documents quantifying the amount of alleged damages for each category; Documents evidencing or describing the methodology, assumptions, inputs, or models used to calculate each category of damages; and Documents relating to any mitigation efforts JGR has taken, considered, or declined to take concerning any alleged harm or damages[.]

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated by reference herein, JGR objects to this Request as premature in that it seeks information regarding damages, the full extent of which is still being evaluated. JGR further objects to the definition of the term "You" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged documents concerning harm and damages JGR has suffered as a result of the actions of Gabehart

4

or Spire that are within its possession, custody, or control, and make appropriate disclosures at the proper time, pursuant to applicable requirements under the Federal Rules of Civil Procedure and the Court's scheduling orders, as applicable to expert discovery.

**REQUEST FOR PRODUCTION NO. 22:** Documents and Communications relating to any factors other than Defendants' alleged conduct that may have affected JGR's financial performance, sponsorship revenue, sponsor relationships, employee retention, competitive performance, commercial reputation, team profitability, team valuation, goodwill, or enterprise value, including, but not limited to: industry-wide NASCAR economic conditions, team performance fluctuations, sponsor budget changes, manufacturer relationships, personnel turnover, market competition, changes associated with the NextGen car platform, broader motorsports industry trends, or any other alternative cause.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR specifically objects to this Request as overbroad and unduly burdensome. NASCAR is a sport where countless factors impact performance in significant ways and races are decided by fractions of a second. Responding to this Request would require production of every document and communication generated by JGR that relates in any way to the team's performance for a period of 18 months. Practically, this would likely include every document generate by JGR personnel during the time period. JGR further objects to the extent the Request seeks documents and communications subject to the attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged documents sufficient to show any material factors that may have affected JGR's competitive and financial performance other than Spire's and Gabehart's conduct that can be located after a reasonable search. Due to the above-noted objections, JGR will not produce every document relating to each requested category of JGR's performance.

**REQUEST FOR PRODUCTION NO. 23:** All Documents and Communications relating to JGR's financial performance and valuation from January 1, 2022 through the present, including, but not limited to:

(a) annual audited financial statements, income statements, balance sheets, cash-flow statements, monthly, quarterly, semi-annual, and annual financial reporting, and financial

5

reporting by team, series, sponsor, program, business unit, organization, segment, or other operating level;

(b) budgets, forecasts, projections, or forward-looking analyses of JGR's financial performance;

(c) Documents reflecting any comparisons or variance analyses of budgeted, forecasted, or projected performance versus actual performance; and

(d) Documents relating to JGR's valuation as a business, team, or enterprise, including any analysis of team value, goodwill, or enterprise value.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR specifically objects to this Request as overbroad and unduly burdensome in that it would require production of every document relating to team finances for more than four seasons. JGR objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR further objects to the extent the Request seeks documents and communications subject to the attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, JGR will produce JGR's annual financial statements and any relevant forecasts generated for the requested time period.

**REQUEST FOR PRODUCTION NO. 24:** All Documents relating to any sponsors JGR contends Spire solicited or attempted to solicit as a result of the allegations in the Amended Complaint.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR specifically objects to this Request to the extent it seeks documents and communications subject to the attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged documents relating to any sponsors JGR contends Spire solicited or attempted to solicit as a result of the allegations that can be located after a reasonable search.

6

**REQUEST FOR PRODUCTION NO. 25:** For each piece of Allegedly Misappropriated Information identified in response to Spire's Request for Production No. 3, Documents sufficient to show or support any alleged competitive advantage, shortcut, head start, avoided cost, unjust enrichment, or other economic benefit that JGR contends Defendants obtained through alleged access to or use of any Confidential Information or Allegedly Misappropriated Information; any valuation or economic assessment of such information, including economic value, diminution in value, replacement cost, development cost, avoided cost, benchmark/comparable value, third-party valuations, or other measures of value; the costs, time, personnel, resources, research and development, engineering work, analytics work, simulation work, and data collection that JGR contends were required to create, develop, maintain, improve, or update such information; and JGR's contention that such information could not be independently developed or would be extraordinarily difficult or expensive to develop, including the extent to which similar information is available, inferable, obtainable, or knowable in NASCAR.

**RESPONSE:** In addition to the foregoing General Objections, which are incorporated by reference herein, JGR objects to this Request as premature in that it seeks information regarding damages, the full extent of which is still being evaluated. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11. JGR further objects to the definition of "Document" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, JGR will produce non-privileged, responsive documents that are within its possession, custody, or control that can be located after a reasonable search, and make appropriate disclosures at the proper time, pursuant to applicable requirements under the Federal Rules of Civil Procedure and the Court's scheduling orders, as applicable to expert discovery.

*[Remainder of page intentionally left blank]*

7

This the 29th day of June, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Kevin Marshall
N.C. Bar No. 50856
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
kevinmarshall@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

**KING & SPALDING LLC**

Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

*Attorneys for Joe Gibbs Racing, LLC*

8

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT SPIRE MOTORSPORTS II, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION** was served upon all counsel of record via email.

This the 29th day of June, 2026.

PARKER POE ADAMS & BERNSTEIN LLP

/s/ Sarah F. Hutchins
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

9