# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

JOE GIBBS RACING, LLC,

      Plaintiff,

v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

      Defendants.

Case No. 3:26-cv-00133-SCR-DCK

## DEFENDANT SPIRE MOTORSPORTS, LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendant Spire Motorsports, LLC ("Spire"), by and through its undersigned counsel, submits the following Third Set of Requests for Production to Plaintiff to be answered separately and fully in accordance with Rule 34 of the Federal Rules of Civil Procedure and the Definitions and Instructions below, with full responses and objections and production of responsive documents to occur on the same schedule ordered by any Court Order requiring Spire Motorsports II, LLC to produce corresponding documents.

## RESERVATION OF RIGHTS

Joe Gibbs Racing, LLC has claimed that certain of its Requests for Production seek *all* of Spire's Hawkeye scans, Bolt6 scans, and post-race de-briefing, analyses, or data. Spire contends, among other things, that JGR has not requested such documents via its Requests for Production; that such documents are not relevant to any party's claim or defense; that production of such documents is not proportional to the needs of the case absent Christopher Gabehart's involvement in preparation of such documents; and that no party has produced any evidence suggesting that Spire misappropriated or even acquired Hawkeye scans, Bolt6 scans, or post-race de-briefing,

1

analysis, or data from JGR or any other trade secret or confidential information from JGR which would make such documents relevant to this Litigation.

Given Spire's position, Spire contends that these documents should not be produced. However, given JGR's representation that upon any Court-Ordered production of the above-listed documents it intends to compare-and-contrast these documents to JGR's documents, and in light of JGR's demand that fact discovery close on August 7, 2026, Spire submits these Requests for Production as a prophylactic measure to ensure that it has access to the same discovery that JGR demands (if ordered by the Court). Spire also submits these Requests for Production given JGR's representations that it will not produce the above-listed documents absent an explicit set of Requests for Production. Spire requests that documents responsive to the above-listed Requests for Production be produced on a schedule that is consistent with any Court Order requiring Spire to produce commensurate documents.

By submitting these Requests for Production, Spire waives no rights. Spire reserves all of its rights, including its right to argue that JGR's Requests for Production (to the extent they request the above-listed documents at all) are improper, outside the bounds of the Federal Rules of Civil Procedure, seek irrelevant documents, seek documents that are not proportional to the needs of the case, seek documents that impose an undue burden on Spire, and seek documents to which a third-party confidentiality obligation applies.

Spire reserves the right to withdraw these Requests for Production in the event the Court concludes that JGR is not entitled to Spire's above-listed documents, and in such case these Requests for Production shall not be counted against any limitations on the number of Requests for Production Spire may serve in this litigation.

2

# DEFINITIONS

1.      The terms "Plaintiff," "JGR," and "You" mean Joe Gibbs Racing, LLC, the plaintiff in this action, including any of its divisions, departments, parents, predecessors, successors, subsidiaries, and other organizational or operating units and present or former members, officers directors, shareholders, employees, or agents.  The terms Plaintiff," "JGR," and "You" include agents, vendors, independent contractors engaged, or any entities engaged by You to provide services to You, including those to whom JGR employees are or were directed to return electronic devices issued by You.

2.      The term "Gabehart" means Christopher Gabehart, a defendant in this Litigation.

3.      The term "Spire" means Spire Motorsports, LLC, a defendant in this Litigation.

4.      The terms "all," "any," "each," and "every" shall mean "all, any, each, and every," as necessary to bring within the scope of these Requests any information, Documents, or things that might otherwise be construed to be outside their scope. In no event shall the use of the term "all," "any," "each," or "every" be construed to narrow the scope of any Request.

5.      The term "Allegedly Misappropriated Information" means each and every Document, Data set, or item of information that You contend constitutes a trade secret or confidential information that was misappropriated or otherwise wrongfully acquired, used, or disclosed by Gabehart and/or Spire, including the categories identified in Paragraphs 14, 34–35, 94–98, and 137–138 of the Amended Complaint.

6.      The term "Amended Complaint" means JGR's Amended Complaint filed in this Litigation on February 24, 2026.

7.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information, Documents, or things

3

that might otherwise be construed to be outside of their scope. In no event shall the use of the term "and" or "or" be construed to narrow the scope of any Request.

8. The term "Communication" means the transmittal of information by any means including oral, written, or electronic, and in any form, including by electronic transmission (including via e-mail, any online or cloud service or account such as, for example, Google Cloud, Google Docs, Google Sheets, Google Drive, Gmail, Google Photos, Amazon Cloud Drive, Amazon Cloud Drive Photos, or DropBox, instant message, text or SMS message, Skype, FaceTime or other internet (video) phone service, WebEx or other online meeting service, Facebook or other social media service, WhatsApp, Facebook Messenger, SnapChat, Signal, Discord (or other electronic messaging service or website), facsimile, letter, memorandum, voicemail, personal meeting, phone call, teleconference, or videoconference).

9. The term "Data" means any information, electronic data, forensic artifacts, or digital information, and explicitly incorporates by reference the definition for "Document" as defined herein.

10. The term "Document" means any written or graphic matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, internal or otherwise, whether stored in tangible, electric, mechanical, or electronic form or representation of any kind (including (i) electronically stored information on or in computer tapes, disks, CDs, DVDs, hard drives, removable disk drives, flash drives, mp3 devices, cellular telephones, smartphones, personal data assistants (PDAs), tablet devices, and any other devices capable of storing electronic information, and (ii) backup copies and "deleted" information contained on or in any computer or device capable of storing electronic information), whether located on-site or off-site, including, but not limited to, letters, correspondence, electronic mail, text messages, instant messages, SMS communications, website pages, website postings,

4

social media postings, blog postings, memoranda (internal or otherwise), minutes, notes (whether typed or handwritten), films, recordings of any type, transcripts, contracts, memoranda and/or notes of telephone conversations, personal conversations or meetings, diaries, desk calendars, telegrams, circulars, pamphlets, manuals, statements, notices, reports, telexes, interoffice or intra-office communications, minutes of meetings, reports, studies, tests, and the underlying data of any reports, studies or tests, books or records of accounts, bank account records, checks, bank drafts, invoices, requisitions, microfilms, movies, slides, photographs, data stored in any computer media, computer runs or printouts, tabulations, charts, guides, outlines, summaries, abstracts, plans, drawings, specifications, blueprints, graphs, drafts and/or non-identical copies of any one or more of the foregoing, and copies of documents showing names of, or otherwise identifying, recipients whose names are not shown on the originals or on other copies, or material similar to any of the foregoing, however denominated and by whomever prepared and to whomever addressed. For the avoidance of doubt, the term "Documents" incorporates by reference the term "Communications," such that a request for any "Documents" responsive to a request means that any "Communications" regarding or involving the requested subject matter should also be produced.

11.     The terms "including," "includes," and "include" mean including, includes, and include without limitation. Under no circumstances should the use of any of the above words in any Request be construed to limit the scope of the Request.

12.     The term "Litigation" means the lawsuit *Joe Gibbs Racing, LLC v. Gabehart, et al.*, Case No. 3:26-cv-00133-SCR-DCK, pending before this Court.

13.     The term "OneDrive" refers to any cloud-based storage account (whether Microsoft OneDrive or shared servers) that are made available to JGR employees for business purposes by JGR.

5

14. The term "Person" means a natural person or any entity viewed by the law as having legal personhood.

15. The terms "relating to," "related to," "concerning," and all thereof mean relating to, related to, referring to, reflecting, concerning, supporting, contradicting, undercutting, or pertaining to in any manner, logically, factually, indirectly, or directly to the matter discussed.

16. To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the Request would indicate.

17. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

18. Whenever a defined term is used, its definition as stated herein applies, regardless of whether the term capitalized or lowercased.

19. The use of the past tense includes the present tense, and vice versa, as necessary to bring within the scope of each Request all responses that might otherwise be considered outside its scope. Whenever a term is used in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

## INSTRUCTIONS

1. Unless otherwise specified herein, the time period applicable to these Requests is January 1, 2025, through the present.

2. Produce all responsive Documents in Your possession, custody, or control. Documents within Your possession, custody, or control include, but are not limited to, documents in the possession, custody, or control of any of Your agents, attorneys, advisors, and representatives, or other person acting or purporting to act on Your or their behalf. A document is deemed to be in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical

6

custody of any other person or entity and You: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such document when you seek to do so, or (iv) as a practical matter, have been able to use, inspect, examine or copy such document on any terms.

3. As the term "possession" pertains to e-mail, the term includes, but is not limited to, e-mail contained in Your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

4. If, in responding to any of these Requests, You encounter any ambiguity in construing either the Request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

5. Produce all Documents as they are kept in the normal course of business, in accordance with Rule 34(b) of the Federal Rules of Civil Procedure. All Documents should be Bates-stamped.

6. These Requests are continuing in character and require further production if additional Documents are obtained or located after the time of the initial production.

7. In the event You seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, You shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made. With respect to documents or portions of documents for which a claim of privilege or other

limitation of discovery is made, You are instructed to provide a numerical list of the document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of document; (ii) the name and capacity of each author and recipient of the document; (iii) the general subject matter of the document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the document; and (v) the same information referenced in (i)-(iv) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged or protected information should be produced, but that portion of the document for which the privilege or other protected is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

8.     If any meaning of any term in any Request herein is unclear to You, without waiver of the right to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

9.     You shall conduct a reasonable search of all locations where responsive ESI and Documents are reasonably likely to be found, including but not limited to: JGR-issued laptops and mobile devices for Gabehart and relevant custodians; JGR email servers; JGR OneDrive, SharePoint, and other cloud repositories. Your written responses shall identify the custodians and primary data sources searched.

10. For any Request seeking Documents concerning Allegedly Misappropriated Information, You must identify, by Bates number or other unique identifier, the specific Documents You contend constitute or contain each such trade secret and the specific portion(s) of each Document that You contend are trade secret or confidential.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 26:** All Bolt6 Scanner reports and .ply files for all JGR racecars for all NASCAR Cup Series races, including pre-race scans and post-race scans from January 1, 2025 to present.

**REQUEST FOR PRODUCTION NO. 27:** All Hawkeye Innovation reports and files for all JGR racecars for all NASCAR Cup Series races, including pre-race scans and post-race scans from January 1, 2025 to present.

**REQUEST FOR PRODUCTION NO. 28:** All setup sheets for all JGR racecars for all NASCAR Cup Series races from January 1, 2025 to present and communications regarding the same.

**REQUEST FOR PRODUCTION NO. 29:** All post-race analysis documents, including without limitation all post-race audits, performance evaluations, and debriefs, for all NASCAR Cup Series races from January 1, 2025 to present and communications regarding the same.

**REQUEST FOR PRODUCTION NO. 30:** Documents and communications reflecting any instance in which the documents or the contents of documents responsive to Request for Production Nos. 26-29 have been provided to, shared with, or distributed to any third party (in whole or in part).

Dated: June 30, 2026

By: */s/ Joshua D. Davey*

Joshua D. Davey
N.C. Bar No. 35246
Lawrence J. Cameron
N.C. Bar No. 41922
Troy C. Homesley, III
N.C. Bar No. 62148
**TROUTMAN PEPPER LOCKE LLP**
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
joshua.davey@troutman.com
lawrence.cameron@troutman.com
troy.homesley@troutman.com

John S. "Evan" Gibbs III – Pro Hac Vice
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
evan.gibbs@troutman.com

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was served via electronic mail

on June 30, 2026, upon the following:

Sarah F. Hutchins (NC Bar No. 38172)
Tory Ian Summey (NC Bar No. 46437)
Keith M. Weddington (NC Bar No. 14352)
Charles G. Middlebrooks (NC Bar No. 55171)
Madelyn R. Candela (NC Bar No. 63827)
PARKER POE ADAMS & BERNSTEIN LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 916-1503
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

Danielle T. Williams (NC Bar No. 23283)
KING & SPAULDING LLP
300 S. Tryon St., Suite 1700
Charlotte, NC 28202
dwilliams@kslaw.com

Thomas M. Melsheimer – *pro hac vice*
Chad B. Walter – *pro hac vice*
Tracea Rice – *pro hac vice*
Alexandra Moore – *pro hac vice*
KING & SPAULDING LLP
2601 Olive St., Suire 2300
Dallas, TX 75201
tmelsheimer@kslaw.com
cwalker@kslaw.com
trice@kslaw.com
almoore@kslaw.com

*Attorneys for Plaintiff Joe Gibbs Racing, LLC*

Cary B. Davis (NC Bar No. 36172)
Spencer T. Wiles (NC Bar No. 53664)
William M. Miller (NC Bar No. 36946)
Anna Claire Tucker (NC Bar No. 59457)
ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon St., Suite 2300
Charlotte, NC 28202
cdavis@rbh.com
swiles@rbh.com
wmiller@rbh.com
atucker@rbh.com

*Attorneys for Defendant Chrisopher Gabehart*

*/s/ Joshua D. Davey*