# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,

                Plaintiff,

        v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

                Defendants.

**PLAINTIFF JOE GIBBS RACING, LLC's SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SPIRE MOTORSPORTS II, LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Joe Gibbs Racing, LLC ("JGR" or "Plaintiff") hereby request that Defendant Spire Motorsports II, LLC ("Spire") respond hereto and produce for inspection and copying complete, true, and accurate copies of the following documents, electronically stored information, and tangible things in conformance with the above rules at the offices of Parker Poe Adams & Bernstein LLP, 620 S. Tryon St., Suite 800 (or at such other place as may be agreed upon by the parties) within thirty (30) days of service hereof or such earlier dates as may be imposed by Court order or agreed to by the parties.

## DEFINITIONS

As used herein, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the applicable rules. For the purposes of these requests, the following definitions shall apply:

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside of their scope.

2. "Any" and "each" shall mean "all," and "all" shall mean "any and each."

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, whether orally, in writing, face-to-face, via any video conferencing platform (e.g., Zoom, FaceTime), by telephone, mail, email, text message, iMessage, short message service, messaging app (e.g., WhatsApp, Slack, Discord), or otherwise.

4. "Document(s)" has the broadest possible meaning permissible under the Federal Rules of Civil Procedure and/or applicable precedent, including, without limitation, electronic or computerized data compilations and electronic email. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" includes Communications and AI Materials.

5. "Each" and "every" shall mean "each and every."

6. "Includes" and "Including" shall mean "includes without limitation'" or "including, but not limited to" and neither term shall be construed as limiting any request.

7. "Gabehart" means Defendant Christopher Gabehart.

8. "Gabehart's JGR Employment Agreement" means the Employment Agreement between JGR and Gabehart dated December 1, 2024, as amended on June 26, 2025, including all exhibits and attachments thereto.

9. "JGR" means Plaintiff Joe Gibbs Racing, LLC, and each of its respective subsidiaries and affiliates, and all owners, officers, directors, employees, agents, consultants, attorneys, and/or others acting on their behalf.

10. "Person" or "entity" and their plural forms include, without limitation, natural persons, partnerships, corporations, associations, and any other legal entities and units thereof.

11. "Relating to" shall be construed in its customary broad sense and means, without limitation, all information, data, facts, Documents, or anything else that directly, indirectly, or in any other way mention, discuss, refer to, contain, explain, show, represent, reflect, embody, constitute, identify, illustrate, describe, evidence, support, concern, negate, approve, condone, consent to, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter about which the request is made.

12. "The" shall not be construed as limiting the scope of any topic.

13. "Lawsuit" means the above-captioned civil action, Joe Gibbs Racing, LLC v. Christopher Gabehart and Spire Motorsports, LLC, Case No. 3:26-CV-00133-SCR-DCK, pending in the United States District Court for the Western District of North Carolina, Charlotte Division, including all claims, counterclaims, and cross-claims asserted therein.

14. "You," "Your" and/or "Spire" means Defendant Spire Motorsports II, LLC, and each of its respective subsidiaries and affiliates, and all owners, officers, directors, employees, agents, consul

15. The use of the present or past tense shall encompass both the present and past tenses as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

16. The use of the singular form of any word includes the plural and vice versa.

17. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate.

18. These definitions shall apply regardless of whether a term is capitalized.

# INSTRUCTIONS

1.      Unless otherwise stated, these requests encompass the time- period from January 1, 2025, through the present.

2.      The requests herein cover all Documents within Your possession, custody, or control, including Documents received from third-parties. For any requested Document no longer in Your possession, custody, or control, state what disposition was made of the Document and the date of such disposition, and identify all persons having knowledge of the Document's contents.

3.      If You discover additional responsive Documents after Your initial production, You are requested to produce such Documents promptly.

4.      All Documents shall be produced in a manner that identifies how the Documents are kept in the ordinary course of business and by whom; each Document from a particular file, binder, container, or other device shall be accompanied by identifying information, including metadata, indicating the name and location of any such file, binder, container, or device from which the Document was taken and the authors, recipients, and custodians associated therewith.

5.      The below requests include requests for electronic information. Unless otherwise agreed by the parties, You should produce electronic information and documents in single-page TIFF images, with a load file and with all metadata fields. Additionally, JGR requests that electronic information and documents be produced in native format.

6.      If any part of a Document is responsive to any request herein, produce the entire Document.

4

7.    If any Documents and/or other materials requested are not complete, true, and/or accurate, please specifically identify what is missing and/or altered and why it is missing, not included, or redacted.

8.    Where a claim of privilege is asserted in objecting to any request or part thereof and information is not provided on the basis of such assertion, the following information should be provided in a privilege log served with the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (a) the type of Document for which the privilege is claimed; (b) the date of the Document; (c) the author(s), addressee(s), custodian(s), and any other recipient of the Document, and, where not apparent, the relationships of the author(s), addressee(s), custodian(s), and any other recipient to each other; (d) the subject matter of the information requested or the Document withheld; and (e) the nature of the privilege asserted and the basis upon which it is claimed.

**DOCUMENT REQUESTS**

22. All Documents and Communications relating to any scan, measurement, inspection, or technical examination of any Spire NASCAR Cup Series racecar for any NASCAR Cup Series race, qualifying session, practice session, race weekend, event, or post-race inspection, from January 1, 2025 through the present, including but not limited to: (a) all Optical Scanning Station records, heat maps, compliance status sheets, coordinate data, dimensional data, drift records, baseline tracing records, failure logs, re-scan records, and related reports; (b) all underbody scan records; (c) all Bolt6 scanner reports, scan files, .ply files, outputs, summaries, analyses, or related native files; and (d) all Documents and Communications reflecting any comparison between pre-race and post-race scan results, any variance from expected measurements, or any changes made or considered in response to any scan or inspection.

23. All Documents and Communications relating to Spire's racecar specification, design, setup, setup selection, setup sheets, simulation outputs, engineering analyses, car adjustments, or pre-race preparation for any Spire NASCAR Cup Series entry for any NASCAR Cup Series race, qualifying session, practice session, race weekend, or event, from January 1, 2025 through the present, including but not limited to Documents and Communications relating to brake bias, tire air pressure, track bar, wedge, suspension settings, aerodynamic configuration, underbody configuration, steering, shocks, springs, bump stops, camber, toe, caster, ballast, gearing, fuel strategy, pit strategy, race strategy, competition engineering, and any changes proposed, approved, implemented, or considered for any such specification, setup, adjustment, or preparation.

24. All Documents and Communications relating to any formal or informal post-race analysis, performance evaluation, audit, debrief, scorecard, metric, model, report, presentation, meeting, or review concerning any Spire NASCAR Cup Series entry for any NASCAR Cup Series

6

race, qualifying session, practice session, race weekend, or event, from January 1, 2025 through the present, including but not limited to Documents and Communications reflecting race performance, driver performance, crew chief performance, pit crew performance, pit stop performance, race strategy, pit strategy, racecar setup, car adjustments, engineering decisions, simulation accuracy, expected-versus-actual performance, competitive benchmarking, lessons learned, recommended changes, and any criteria, methodology, scoring system, metric, or framework used by Spire to evaluate how the race, race weekend, or car actually performed.

26. All Documents and Communications relating to the alleged "Implied Trade Contract," "trade arrangement," agreement, understanding, course of dealing, or arrangement between You and JGR concerning Robert "Cheddar" Smith, including but not limited to Documents and Communications relating to: (a) the formation, negotiation, terms, scope, timing, performance, breach, or alleged breach of any such agreement, understanding, course of dealing, or arrangement; (b) any alleged agreement by Spire to release Smith from his employment agreement or waive any restrictive covenant so that Smith could accept employment with JGR; (c) any alleged agreement by JGR to release a JGR employee from contractual restrictions for employment by Spire or to pay Spire $100,000; (d) any Person who participated in, approved, authorized, ratified, understood, or communicated about any such agreement, understanding, course of dealing, or arrangement; and (e) any request, demand, proposal, response, refusal, or counterproposal relating to JGR's alleged performance or non-performance of any such agreement, understanding, course of dealing, or arrangement.

26. All Documents and Communications relating to Robert "Cheddar" Smith's employment by Spire, departure from Spire, release from any Spire employment agreement or restrictive covenant, employment by JGR, or alleged value to JGR, including but not limited to

7

Documents and Communications relating to: (a) Smith's Spire employment agreement, restrictive covenants, compensation, bonus structure, duties, responsibilities, role, performance, and access to Spire information; (b) any Communications between Smith and JGR or any Person acting on JGR's behalf relating to Smith's potential or actual employment by JGR; (c) any Documents or Communications You contend show that JGR requested, received, used, or relied on Smith's Spire employment agreement, compensation information, bonus information, confidential business information, knowledge, expertise, experience, know-how, or competition-related information; (d) Smith's duties, responsibilities, role, or performance at JGR; and (e) any Documents or Communications You contend show that Smith's employment by JGR benefited JGR or improved the performance of JGR's No. 54 car.

27. All Documents and Communications relating to any damages, restitution, disgorgement, benefit, loss, injury, valuation, calculation, or other relief You contend arises from the alleged Implied Trade Contract, JGR's alleged breach of that contract, JGR's alleged breach of any implied contract, or JGR's alleged unjust enrichment, including but not limited to Documents and Communications relating to: (a) the value of Smith's employment agreement, restrictive covenants, release, waiver, services, knowledge, expertise, experience, know-how, or competition-related information; (b) the value of any benefit You contend JGR received from Smith's employment by JGR; (c) the value of any JGR employee You requested, sought, identified, or considered as reciprocal performance under the alleged Implied Trade Contract, including but not limited to Tyler Allen or Ryan Towles; (d) any request that JGR release Tyler Allen, Ryan Towles, or any other JGR employee from contractual restrictions for employment by Spire; (e) any refusal by JGR to release any such employee or to pay Spire $100,000; and (f) any analyses, calculations, spreadsheets, presentations, reports, forecasts, or summaries supporting any

8

amount of damages, restitution, disgorgement, interest, attorneys' fees, costs, or other relief sought by Spire.

28.     All documents and communications concerning Spire's financial condition and net worth from January 1, 2022 to the present, including: (a) Spire's financial statements, general ledgers, trial balances, and profit-and-loss statements; (b) Spire's federal and state income tax returns; (c) documents sufficient to show Spire's assets and liabilities and the balances of its bank, brokerage, and investment accounts; (d) documents concerning Spire's revenues from any source, including sponsorships, partnerships, race winnings and purses, and charter or entitlement payments; (e) documents concerning Spire's capital contributions, financing, and any distributions to its members, owners, managers, or affiliates; (f) any appraisal or valuation of Spire or its assets, including its NASCAR charters; (g) Spire's business plans, budgets, and financial projections; (h) any documents Spire provided to any lender or investor concerning its financial condition, revenues, or net worth; and (i) all insurance policies that do or may provide coverage for the claims asserted in this Action, including any policy that may apply to an award of punitive damages.

29.     All documents concerning Spire's corporate and organizational structure, from January 1, 2022 to the present, including: (a) Spire's operating agreement and any amendments thereto; (b) documents sufficient to show Spire's ownership and capital structure, including any membership or capitalization tables and any issuance, transfer, redemption, or other change in membership or ownership interests; (c) documents sufficient to identify Spire's parents, subsidiaries, divisions, affiliates, and any partnership or joint venture to which it is a party; and (d) organizational charts and documents sufficient to identify Spire's officers, directors, members, and managers.

This the 3rd day of July, 2026

**KING & SPALDING LLP**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN LLP**
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

10

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing **PLAINTIFF JOE GIBBS RACING, LLC'S SECOND SET OF REQUESTS FOR DOCUMENTS TO DEFENDANT SPIRE MOTORSPORTS II, LLC** was electronically filed with the Clerk using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 3rd day of July, 2026

**KING & SPALDING LLP**

/s/ *Danielle T. Williams*
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

**PARKER POE ADAMS & BERNSTEIN LLP**
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com

11

torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

12