| | | |
|---|---|---|
| JOE GIBBS RACING, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 3:26-cv-00133 |
| | ) | |
| CHRISTOPHER GABEHART and SPIRE | ) | |
| MOTORSPORTS II, LLC, | ) | Honorable Susan Rodriguez |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

## SPIRE'S AMENDED MOTION TO SEAL CERTAIN EXHIBITS ATTACHED TO THE DECLARATION OF JOSHUA DAVEY OFFERED IN SUPPORT OF SPIRE'S OPPOSITION TO JGR'S MOTION TO SUPPLEMENT THE PROTECTIVE ORDER

Pursuant to Local Civil Rules 6.1 and 7.1, Defendant Spire Motorsports, LLC ("Spire"), through its undersigned counsel, submit this amended motion to seal certain exhibits to Declaration of Joshua Davey filed in support of Spire's Memorandum in Opposition to Plaintiff's Motion to Supplement the Protective Order ("Motion"), Dkt. 105. This amendment is submitted to supplement Spire's Rule 7.1 meet-and-confer statement set forth on page 4 of this brief. Although Spire does not believe Exhibit D, E, F, and G meet the stringent requirements for sealing, Spire is filing these documents under seal provisionally because it is required to do so under the parties' Protective Order. *See* Dkt. 89.

On July 10, 2026, concurrently with this Motion, Spire intends to file the Declaration of Joshua Davey in support of Spire's Memorandum in Opposition to Plaintiff's Motion to Supplement the Protective Order. Four exhibits to the Supplemental Memorandum include documents Plaintiff has produced in this litigation with "Outside Counsel Only" designations under the Protective Order, Dkt. 89 ¶ 7. The Protective Order states:

1

> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record. This Protective Order does not provide for the automatic sealing of such documents. In the event that a Party anticipates including any Protected Material in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party planning to file such papers shall file a motion to seal such materials prior to including them in the papers.

Dkt. 89 at ¶ 7.

"There is a 'presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." *Goodman v. Moose*, 2024 WL 4761389, at *5 (W.D.N.C. Nov. 12, 2024). The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Id.* at 265–66 (quoting in part *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Id.* at 266 (quoting in part *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). Put simply, "[t]he public has a strong interest in obtaining the information contained in the court record" so that it can "assess for itself the merits of judicial decisions." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th

2

Cir. 2000); *see also Blue Sky Endeavors, LLC v. Henderson Cnty. Hospital Corp.*, 2024 WL 4438670, at *2 (W.D.N.C. Oct. 7, 2024).

The presence of a protective order alone is insufficient to warrant sealing. *Blue Sky Endeavors, LLC*, 2025 WL 4438670, at *2 ("[T]he fact that counsel may have designated certain material as confidential during discovery does not necessarily require sealing when such material is filed in the record."); *Legal Newsline v. Garlock Sealing Techs. LLC*, 518 B.R. 358, 363 (W.D.N.C. 2014) ("Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets, proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the confidentiality afforded under a Protective Order to discovery materials does not automatically extend to documents submitted to the court.").

Because Plaintiff has designated Exhibits D, E, F, and G as "Outside Counsel Only" pursuant to the parties' Protective Order, Spire is required to move to file them provisionally under seal. Exhibit D is a photo of a racecar chassis. The photograph does not contain any financial information or confidential trade secret. Exhibit E is a screenshot of a NASCAR Cup Series "Event Roster Structure." The screenshot does not contain any financial information or confidential trade secret. Exhibit F is a screenshot of the results of an internet speed test, which similarly does not contain any financial information or confidential trade secret. Lastly, Exhibit G is a photograph of an open network equipment rack containing several devices—including a Cradlepoint router, TP-Link switch, Arctic Wolf sensor, Ethernet switch, and CyberPower UPS— with various connected cables. Again, this Exhibit does not contain any financial and confidential information. Spire does not perceive any "compelling government interest" that would justify sealing Exhibits D, E, F, and G.

3

Nevertheless, because Plaintiff has designated all of these exhibits as "Outside Counsel Only" ("OCO") pursuant to the parties' protective order, Spire moves to seal Exhibits D, E, F, and G provisionally, pending Plaintiff's statement of their position on whether these documents should be maintained under seal. On the morning of July 10, pursuant to Local Rule 7.1(b), counsel for Spire emailed counsel for JGR and Gabehart, stating:

> In connection with its opposition to JGR's motion to supplement the protective order, Spire intends to attach four documents that we understand JGR has designated OCO. Those documents are identified by Bates Numbers G00000195, G00000105, G00000044, G00000144. Given JGR's designation, we intend to file these under seal. Please let me know if you have any questions.

Spire's counsel received no response. It is Spire's understanding that JGR consents to the relief requested in this Motion, given JGR's designation of these documents as OCO, which under the Protective Order must be filed provisionally under seal.

Based on the foregoing, Spire respectfully requests that the Court permit Spire to file Exhibits D, E, F, and G under seal in the Declaration of Joshua Davey filed in support of Spire's Memorandum in Opposition to Plaintiff's Motion to Amend the Protective Order.

This is the 15th day of July, 2026

By: */s/ Joshua D. Davey*
Joshua D. Davey (N.C. Bar No. 35246)
Jason D. Evans (N.C. Bar No. 27808)
Lawrence J. Cameron (N.C. Bar No. 41922)
Troy C. Homesley, III (N.C. Bar No. 62148)
Anais M. Jaccard (N.C. Bar No. 58438)
Ben E. Whorf (N.C. Bar No. 64279)
**TROUTMAN PEPPER LOCKE LLP**
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
joshua.davey@troutman.com
lawrence.cameron@troutman.com
troy.homesley@troutman.com
anais.jaccard@troutman.com
ben.whorf@troutman.com

4

John S. "Evan" Gibbs III – Pro Hac Vice
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
evan.gibbs@troutman.com

5

## CERTIFICATION PURSUANT TO THE COURT'S ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

I hereby certify the following in preparation of this Motion:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his or her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This is the 15th day of July, 2026.

*/s/ Joshua D. Davey*

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 15, 2026, I filed the foregoing Spire's Amended Motion to Seal Exhibits to the Declaration of Joshua Davey filed in support of Spire's Memorandum in Opposition to Plaintiff's Motion to Supplement the Protective Order on the Court's ECF system through which all counsel of record will be served.

This is the 15th day of July, 2026.

*/s/ Joshua D. Davey*

7