# EXHIBIT A

**FORENSIC ANALYSIS PROTOCOL**

1.     **THE PROTOCOL.** This Forensic Analysis Protocol ("Protocol") is agreed to by and between Joe Gibbs Racing, LLC ("JGR") and Christopher Gabehart ("Gabehart") (collectively with JGR, the "Parties") to effectuate the forensic analysis of certain devices and accounts within the possession, custody, or control of Gabehart. The definitions set forth in Exhibit A are incorporated herein.

2.     **IDENTIFYING DEVICES AND ACCOUNTS.**

    a.     Within one (1) business day of executing this Protocol, Gabehart will identify through a declaration all devices and accounts he used to access or store JGR's Materials from January 1, 2025 to present.

    b.     Whether or not identified in Section 2(a) above, the Subject Devices and Accounts for forensic review in accordance with this Protocol shall include the devices and accounts identified in Section 2(a) and:

        i.     Gabehart's personal computer utilized by Gabehart beginning on or around November 13, 2025;

        ii.     Gabehart's previously unimaged personal mobile telephone device(s);

        iii.     Gabehart's Gmail account and any other personal email account in use from January 1, 2025 to present;

        iv.     Gabehart's Google Drive(s) in use from January 1, 2025 to present;

        v.     Gabehart's Google Photos account(s) in use from January 1, 2025 to present;

        vi.     Gabehart's spouse's Google Photos account(s) in use from January 1, 2025 to present;

PPAB 13581153v2

vii.    Gabehart's Microsoft OneDrive account[1]; and

viii.    Gabehart's ShareFile account(s) and any other maintained file sharing account.

**3.    ACCESS TO PREVIOUSLY IMAGED MATERIALS.**

a.    Upon execution of this Protocol, Reliance Forensics shall be permitted to access the images of Gabehart's cellphone and Google Drive currently in the possession of Reliance Forensics for purposes of (i) running the searches identified in Section 5(d) and (ii) generating the reports listed in Section 5(b). Except as set forth in Section 3(b), the Parties shall follow the process outlined in Sections 5 through 7 for any of JGR's Materials identified therein.

b.    In the event that JGR's Materials are identified on the images of Gabehart's cellphone and Google Drive, Gabehart shall immediately surrender such Device or Account to Forensic Examiner. The Subject Device or Account will be re-imaged by the Forensic Examiner to determine whether JGR's Materials were further accessed following the original imaging and the results of that determination by the Forensic Examiner will be provided to Counsel for the Parties. In such instance, the Subject Device or Account may not be returned to Gabehart until JGR's Materials have been removed from the Device or Account.

c.    Reliance Forensics, JGR, and JGR's Counsel shall not access the images of Gabehart's cellphone and Google Drive other than as described in Sections 3 and 6.

---

[1]Gabehart's OneDrive associated with his Gmail account shall have the same meaning as set forth in the Second Supplemental Declaration of Clark Walton.

**4. CREATION, MAINTENANCE, AND DESTRUCTION OF IMAGES.**

a. **Images by Forensic Examiner.** As expeditiously as is practicable, Forensic Examiner will create byte-for-byte images of the Subject Devices and Accounts and any backups related thereto to the extent possible based on the nature of the particular Subject Device or Account (individually, "Image," and collectively, "Images").

b. **Gabehart's Cooperation with Forensic Examiner.** Gabehart shall act in good faith and reasonably assist in Forensic Examiner's creation of the Images by providing to Forensic Examiner, among other assistance and information, any passwords reasonably needed for the purposes of creating any Image or performing any action contemplated under this Protocol. For the avoidance of doubt, all such credentials shall be solely accessible to the Forensic Examiner and not to JGR or JGR's Counsel.

c. **Strict Confidentiality.** Forensic Examiner will securely maintain one or more copies of the Images under strict confidentiality for forensic analysis as provided for in this Protocol. The Images, reports, files, and any other materials produced or shared pursuant to this Protocol shall not be disclosed to any other persons or entities other than to JGR's Counsel, but only as specified in this Protocol and/or pursuant to a future Protective Order, and to Gabehart's Counsel, except that the Parties may share such reports with Counsel for Spire Motorsports, LLC ("Spire") in order to effectuate this Protocol and as otherwise required by the Federal Rules of Civil Procedure. Until such time as a protective order is entered in this matter, Counsel for Spire shall treat such material as Outside Counsel Only. Once a

PPAB 13581153v2

protective order is entered, the Parties shall meet and confer regarding the designation of any material identified in this Protocol prior to sharing such information with Spire's in-house Counsel. Notwithstanding the foregoing, nothing contained herein prevents JGR from using JGR's Materials or filing them subject to a future Protective Order. Forensic Examiner will maintain a chain of custody for the Images and maintain a chain of custody document that includes hashes and validation at the bit level of the Images to the extent possible based on the nature of the particular Subject Account or Device.

d. **Destruction of Images.** Upon completion of the forensic review in accordance with this Protocol, the Images will be maintained during the pendency of this litigation and will be destroyed at the conclusion of the litigation pursuant to the terms of a future Protective Order.

5. **FORENSIC ANALYSIS AND DELETION.**

a. **Forensic Analysis.** Following creation of the Images, Forensic Examiner will perform a forensic analysis as set forth in this Section 5 of this Protocol to identify and extract from the Subject Devices and Accounts all User-Generated Materials and Forensic Artifacts reasonably determined to be associated with JGR's Materials.

b. **Provision of Logs and Artifacts.** Within five (5) business days of creating the Images, Forensic Examiner will provide the parties with a full forensic report including, but not limited to, the following logs and/or artifacts to the extent available based on the particular Subject Account or Device (collectively "Logs and Artifacts"):

PPAB 13581153v2

i.     Chrome Downloads.xlsx

ii.    Chrome Keyword Search Terms.xlsx

iii.    Chrome Web Visits.xlsx

iv.    Cloud Services URLs.xlsx

v.    CSV Documents.xlsx

vi.    Edge_Internet Explorer 10-11 Main History.xlsx

vii.    Firefox Web Visits.xlsx

viii.    Google Drive File Entry.xlsx

ix.    Google Drive Items.xlsx

x.    Google Drive Media Record.xlsx

xi.    Google Searches.xlsx

xii.    Jump Lists.xlsx

xiii.    LNK Files.xlsx

xiv.    Locally Accessed Files and Folders.xlsx

xv.    Microsoft Excel Documents.xlsx

xvi.    Microsoft Office 365 MRU Documents.xlsx

xvii.    Microsoft PowerPoint Documents.xlsx

xviii.    Microsoft Sticky Notes.xlsx

xix.    Microsoft Word Documents.xlsx

xx.    MRU Opened_Saved Files.xlsx

xxi.    MRU Recent Files And Folders.xlsx

xxii.    OneDrive.xlsx

xxiii.    Parsed Search Queries.xlsx

PPAB 13581153v2

xxiv.   PDF Documents.xlsx

xxv.   Rebuilt Webpages.xlsx

xxvi.   Recycle Bin.xlsx

xxvii.   Shellbags.xlsx

xxviii.   USB Devices.xlsx

xxix.   WebKit Browser Web History (Carved).xlsx

xxx.   Windows Event Logs - Storage Device Events.xlsx

xxxi.   Any other pertinent artifact reports.

Depending on the types of accounts or devices, there may be differing additional reports beyond those listed in this Section including reports detailing calls, messages/chats, emails, photos/videos, contacts, calendar events, saved files, artifacts related to application usage, document type artifacts, image artifacts, video artifacts, interactions with phone numbers, and other web browsing. The list provided in this Section is not intended to be an exhaustive list of relevant forensic reports.

c.   **Provision of Complete Directory(ies).** To the extent available based on the particular Subject Account or Device, Forensic Examiner will provide counsel for the parties with a complete directory of User-Generated Materials contained on Subject Devices and Accounts (hereinafter "Complete Directory" or "Complete Directories"). For the avoidance of doubt, such Directory(ies) shall be available for review only by JGR's Counsel and Gabehart's Counsel.

d.   **Search Terms.** The parties will also provide Forensic Examiner a list of mutually agreed-upon search terms to run across the Subject Devices and Accounts. A

PPAB 13581153v2

preliminary list of search terms is attached hereto as Exhibit B. The search terms will further endeavor to identify JGR's Materials, including, but not limited to, file names for materials deleted from Gabehart's personal cell phone and Google Drive pursuant to the January 9, 2026 Forensic Review Protocol entered into by JGR and Gabehart. Forensic Examiner shall run the searches within two (2) business days of receipt. Notwithstanding the terms identified in Exhibit B JGR may propose additional search terms that may arise as a result of this forensic review. The parties agree to confer, in good faith, on any additional terms and Gabehart will not unreasonably refuse to run such additional search terms. Likewise, if a listed or proposed search term appears to be overly broad or generates an unreasonable number of unresponsive hits based on the review of a hit report, the parties agree to confer, in good faith, to appropriately narrow the search terms.

e.   **Provision of Search Hit Reports and Search Hit Directories.** Within five (5) business days of running the searches, Forensic Examiner will provide JGR's Counsel and Gabehart's Counsel with search term hit reports ("Search Hit Reports") and file directories identifying the User-Generated Materials and Forensic Artifacts on which the searches hit ("Search Hit Directory" or "Search Hit Directories").

f.   **File Name Identification.** JGR shall provide Forensic Examiner identification of files reflected on the Logs and Artifacts and the Search Hit Reports or Directories ("Requested Materials List") that JGR reasonably believes contains JGR's Materials or information regarding Gabehart's alleged retention, sharing, or misappropriation of JGR's Materials. JGR's Counsel may update or amend the

Requested Materials List from time to time as additional materials are located. Following identification, Gabehart shall have five (5) business days to review these files pursuant to Section 5(g). Any files that are not subject to Section 5(g) shall be provided to counsel for JGR upon expiration of that five (5) business day period.

g. **Designation of Certain Materials on Requested Materials List by Gabehart.** Gabehart may designate materials in the Requested Materials List as:

    i. **"Third-Party Sensitive Information"** to the extent such information is reasonably and in good faith believed to contain confidential, proprietary, or trade secret information of a third party and was not derived from JGR's Materials;

    ii. **"Confidential Information and Trade Secrets"** of Spire Motorsports, LLC, and as defined in Exhibit A of this Protocol, substituting "Spire Motorsports, LLC" for "JGR" and which is wholly unrelated to JGR's Materials;

    iii. **"Privileged Information"** to the extent such information is reasonably and in good faith believed to contain privileged communications between Gabehart and his attorney(s) or constitutes information protected by the attorney work product doctrine; or

    iv. **"Sensitive Personal Information"** to the extent such information is reasonably and in good faith believed to contain sensitive personal information wholly unrelated to JGR or JGR's Materials.

Any designation of information pursuant to this Section 5(g) must be made by (a) identifying the designation(s) (and the basis for such designation) for

PPAB 13581153v2

each item on the Requested Materials List to be designated in the space provided in the Requested Materials List; and (b) serving an Excel version of the same upon JGR's Counsel within two (2) business days of Gabehart's receipt of any materials provided to Gabehart pursuant to this Section 5 of this Protocol.

JGR's Counsel may request Gabehart's Counsel and Forensic Examiner run additional searches on materials designated as Third-Party Sensitive Information or Sensitive Personal Information to confirm that such materials do not contain or were not derived from JGR's Materials. However, JGR's Counsel must provide Gabehart's Counsel with written instructions identifying the additional searches at least two (2) business days in advance of the search being run, so the parties may meet and confer regarding any disputes.

v. **Duty to Confer Re: Designations.** Counsel for the parties shall confer in good faith to resolve any disagreement over any designation made pursuant to this subsection.

vi. **Duty to Maintain Confidentiality.** All parties, JGR and JGR's Counsel, Gabehart and Gabehart's Counsel, and Forensic Examiner will maintain the confidentiality of materials designated under this subsection, and will not disclose designated information to nonparties, (a) unless and until the designation is removed by Gabehart or by order of a court; or (b) unless otherwise agreed to by JGR and Gabehart. Moreover, JGR's Counsel will not share or otherwise reveal the contents of any materials identified in the

forensic review process described above that relates solely to Spire Motorsports' protected business information (including, but not limited to, Confidential Information and Trade Secrets) and do not otherwise derive from or contain JGR's Materials. Notwithstanding the foregoing, the Parties agree that the Logs and Artifacts may be filed with the Court subject to a future Protective Order.

h.   **Provision of Files on the Requested Materials List.** Seven (7) business days after Gabehart receives the Requested Materials List, Forensic Examiner will make the following materials and corresponding load files available to JGR's Counsel and Gabehart's Counsel for their review on a secure hosted document platform:

i.   material on the Requested Materials List *not* designated as "Third-Party Sensitive Information," "Confidential Information and Trade Secrets" of Spire Motorsports, LLC, "Privileged Information," and/or "Sensitive Personal Information" under Section 5(g) of this Protocol; and

ii.   materials designated as Third-Party Sensitive Information or Sensitive Personal Information for which additional searches performed pursuant to Section 5(g) of this Protocol hit on such materials. Materials provided to JGR's Counsel pursuant to this subsection (Section 5(h) (ii) of the Protocol) shall be reviewed only by JGR's Counsel and shall not be shared with, or shown to, JGR or to any third party (a) unless and until the designation is removed by Gabehart; or (b) unless permitted by a protective order entered by a court.

PPAB 13581153v2

i.  **Identified JGR Information List.** Following review of the User-Generated Materials or Forensic Artifacts, JGR's Counsel will serve upon Gabehart a list of User-Generated Materials or Forensic Artifacts reasonably believed to contain JGR's Materials that identifies the Subject Devices and Accounts reasonably believed to contain such information ("Identified JGR Information List"). The parties shall meet and confer in good faith within three (3) business days of service of the Identified JGR Information List to resolve any disagreements regarding the list. No information shall be removed or deleted from any Device or Account prior to the resolution of such disagreement by the parties. In the event that JGR's Materials are found on any Device or Account, and such Device or Account was returned to Gabehart after imaging but before the identification of such JGR Material, the Device or Account may need to be re-imaged to determine whether the JGR Material was further accessed following the original imaging. In such instance the Device or Account may not be returned to Gabehart until the JGR Material has been removed from the Device or Account. The JGR Material shall remain in the Image of the Device or Account for evidentiary purposes until disposed of pursuant to a future Protective Order.

j.  **Surrender of Additional Devices and Accounts.** Within three (3) business days of the parties reaching an agreement on the Identified JGR Information List, Gabehart shall surrender to Forensic Examiner at Forensic Examiner's Office any Subject Devices and Accounts identified in the Identified JGR Information List and not then in the possession of Forensic Examiner. For purposes of clarity, prior to deletion of any information or document from the Subject Devices, Gabehart's

PPAB 13581153v2

Counsel shall be given an opportunity to object to the removal or deletion of any document. Forensic Examiner will delete and "double delete" (to the extent necessary or possible) from the Subject Devices and Accounts all User-Generated Materials or Forensic Artifacts identified in the Identified JGR Information List. Where possible, Forensic Examiner will then wipe the unallocated space on the applicable Device(s) to render recovery of the deleted files impossible. Forensic Examiner will thereafter provide JGR's Counsel and Gabehart's Counsel with an affidavit confirming deletion. Forensic Examiner will preserve and maintain the Images of all of the Subject Devices and Accounts reviewed in connection with this agreement for the duration of the dispute and dispose of such material subject to a future Protective Order.

k.  **Identification of Additional Devices or Accounts.** As part of the analysis, JGR will review the Logs and Artifacts to determine whether any of JGR's Materials may have been (i) copied or saved to other Devices or Accounts; or (ii) transmitted to a third party. The Forensic Examiner shall also seek to identify whether any of JGR's Materials may have been (i) copied or saved to other Devices or Accounts; or (ii) transmitted to a third party. In the event the Forensic Examiner identifies any additional Devices or Accounts or disclosure to a third party, the Forensic Examiner will notify Counsel for the Parties. Gabehart agrees to make available to the Forensic Examiner any Devices or Accounts JGR or the Forensic Examiner has a good-faith basis to believe received any of JGR's Materials.

6.  **RECOVERY OF DELETED TEXT MESSAGES.**

PPAB 13581153v2

a. Based off the representation made by Gabehart in his written responses to JGR's First Set of Requests for Production of Documents that his text messages with Jeff Dickerson predating November 15, 2025, were deleted, Reliance Forensics shall be permitted further access to the Images of Gabehart's cellphone and Google Drive currently in the possession of Reliance Forensics in order to undertake all efforts to identify and restore Gabehart's text messages with Jeff Dickerson predating November 15, 2025.

b. Reliance Forensics will provide any restored text messages to Gabehart's Counsel. Any restored message will be subject to the procedures set forth in this Protocol, including the process outlined in Section 5. As allowed in Section 5, Reliance Forensics shall provide any available reporting to the parties. Nothing in this Section shall be interpreted to prevent Reliance Forensics from disclosing to the Parties whether text messages contained on the phone have been retained or deleted and the dates and times of such messages, if available.

c. Reliance Forensics shall not disclose the content of any text message or communication to JGR or JGR's Counsel other than as required by this Protocol.

7. **RETURN OF SUBJECT DEVICES AND ACCOUNTS.**

a. **Remaining Devices.** Upon completion of the events set forth in Section 5 of this Protocol, Forensic Examiner will make any remaining Subject Devices and Accounts remaining in its possession available at Forensic Examiner's Office for collection by Gabehart as soon as practicable or, upon request, cause the Subject Devices and Accounts to be mailed to an address of Gabehart's election.

b.    Forensic Examiner will require proof of identity and execution of a chain of custody form prior to permitting Gabehart to collect any Subject Devices and Accounts.

**8.    PROTOCOL DEADLINES.**

a.    The parties will work cooperatively to expeditiously carry out this Protocol. The parties acknowledge that additional time may be needed to carry out this Protocol if large volumes of data must be analyzed, discussed, and/or destroyed.

b.    The deadlines set forth in this Protocol may be extended by agreement of both parties.

**9.    COST.** Gabehart will pay all costs of Forensic Examiner's forensic analysis, collection, processing, searching, hosting, transferring, or deleting of identified User-Generated Materials and Forensic Artifacts performed pursuant to this Protocol.

**10.    NO WAIVER.** The parties agree that none of the actions described herein constitute a waiver of any privilege or other protection or of any objection to admissibility of evidence at any trial. Forensic Examiner's access to attorney-client Privileged Information or attorney work product for either JGR or Gabehart will not constitute a waiver of the attorney-client privilege or work product protection. The Parties further acknowledge that the other has engaged a forensic examiner in connection with this dispute and agree that nothing in this Protocol will constitute a waiver of any applicable privileges associated with those engagements.

**11.    HEADINGS.** The parties acknowledge that headings in this Protocol are included purely for convenience and shall have no effect on the construction of any term in this Protocol.

AGREED and ACCEPTED:

Sarah F. Hutchins
N.C. Bar No. 38172
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
(704) 372-9000
sarahhutchins@parkerpoe.com

Cary B. Davis
N.C. Bar No. 36172
Robinson, Bradshaw & Hinson, P.A.
600 South Tryon St., Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536
cdavis@rbh.com

## EXHIBIT A

**DEFINITIONS.** For purposes of this Protocol, the following definitions shall also apply:

a.      "**JGR**" shall mean Joe Gibbs Racing, LLC.

b.      "**JGR's Counsel**" shall mean Parker Poe Adams & Bernstein LLP and King & Spalding LLC or any substitute or successor counsel for JGR.

c.      "**Gabehart's Counsel**" shall mean Robinson, Bradshaw & Hinson, P.A. or any substitute or successor counsel for Gabehart.

d.      "**Execution Date**" shall mean the date on which the final signatory to this Protocol executes and returns the Protocol to the opposing signatory.

e.      "**Forensic Examiner**" shall mean Alvarez & Marsal Holdings, LLC (hereinafter, "A&M").

f.      "**Forensic Examiner's Office**" shall mean the Forensic Examiner's Washington, D.C. business location. As of the Execution Date, A&M's principal business location is 655 15th Street NW, Suite 650, Washington, DC 20005.

g.      "**JGR's Materials**" shall mean, for purposes of this Protocol, all confidential, proprietary, or trade secret information belonging to or originating from JGR at JGR's sole determination, as well as any document, data, information, communication, or other material that, based on a preponderance of the evidence, was derived from or based upon such JGR's Materials. To the extent that the parties disagree on the classification of any materials as containing or constituting "JGR's Materials" the parties agree to meet and confer in an effort to resolve any dispute regarding the appropriate classification of the disputed material.

The Parties agree that the designation (or agreement to any designation) of any document, data, or information as JGR's Materials for purposes of this Protocol

shall not be construed in any way as an admission or agreement by Gabehart or any other party to this litigation that such document, data, or information constitutes a trade secret for purposes of liability or any other purpose under the Defend Trade Secrets Act, the North Carolina Trade Secrets Protection Act, or any other law or claim asserted or raised by any Party in this litigation.

h. "**Device**" and "**Devices**" shall mean any computer, tablet, and mobile devices that are within the possession, custody, or control of Gabehart.

i. "**Account**" or "**Accounts**" shall mean any web-based service or application capable of storing, manipulating, processing, altering, transferring, or communicating electronic data. "Account" or "Accounts" shall include, without limitation, services or applications capable of email, SMS, text, chat, or messaging communication (whether encrypted or unencrypted); cloud storage services or applications; and file transfer services or applications that are accessible by the Subject Devices.

j. "**Subject Devices and Accounts**" shall mean the Devices and Accounts referenced in Section 2 herein.

k. "**User-Generated Materials**" shall mean documents, files, or folders extracted from the Subject Devices and Accounts (or backups) that were created, edited, copied, moved, opened, viewed, accessed, sent, received, or deleted by a user of the Subject Devices and Accounts.

l. "**Forensic Artifacts**" shall mean system logs and other information available from the Subject Devices and Accounts relating to activities performed on the Subject Devices and Accounts, other than User-Generated Materials. Forensic Artifacts include, but are not limited to, system log files, information regarding installation

and use of software applications, and other artifacts that may bear upon the creation, deletion, modification, access, transfer, or copying of documents on, to, or from the Subject Devices and Accounts.

m. "**Misappropriation**" shall have the meanings set forth in 18 U.S. Code § 1839(5) and N.C. Gen. Stat. § 66-152(1).

PPAB 13581153v2

## EXHIBIT B

### Search Term

| |
|---|
| 25Atl2 End Race eLap Cold |
| 25BG Excel 6 car |
| 25Bri2 End Race eLap Cold |
| 25CSC End Race eLap Cold |
| 25Cha End Race eLap Cold |
| 25Cota End Race eLap Cold |
| 25Dar2 End Race eLap Cold |
| 25Dov End Race eLap Cold |
| 25Gat End Race eLap Cold |
| 25Hom End Race eLap Cold |
| 25Ind End Race eLap Cold |
| 25Iowa End Race eLap Cold |
| 25Kan2 End Race eLap Cold |
| 25Las2 Post Race Analytics |
| 25Las2 Race eLap Cold |
| 25Mar2 End Race eLap Cold |
| 25Mex End Race eLap Cold |
| 25Mic End Race eLap Cold |
| 25NWB End Race eLap Cold |
| 25Nash End Race eLap Cold |
| 25Pho2 Race eLap Hot |
| 25Poc End Race eLap Cold |
| 25Ric End Race eLap Cold |
| 25Son End Race eLap Cold |
| 25Tex End Race eLap Cold |
| 25WG End Race eLap Cold |
| 25pho2 Dyno Results |
| 25pho2 Post-Race Diffuser Skirts |
| 25pho2 Post-Race Survey |
| 25pho2 Qual eLap |
| 25pho2 Shift Points |
| 25pho2 Tire Sets |
| CG Org Chart |
| CG's Org Chart Notes |
| Hauler Project |
| JGR Fuel Tracking Process |
| 0_34725_JGR_Pit_Crew_2023_Interview_12072022 |
| 20230928_NCS_CHA_BuildCompare_JGR_DS |
| JGR_Pit_Crew_2023_Interview_12072022 |

PPAB 13648218v1

| |
|---|
| 20251107_145324 |
| 101285 |
| 131361 |
| Screenshot_20250402_211120_OneNote |
| 20241102_163122 |
| 20211112_160241 |
| Screenshot_20250521_223556_X |
| Screenshot_20250124_093414_OneNote |
| IMG_20250510_121307 |
| 20251107_145519 |
| 20210625_161747 |
| 109052 |
| 20231006_095228 |
| 20231006_093657 |
| 20211021_101357 |
| Screenshot_20250620_140710_OneDrive |
| 20251107_144600 |
| Screenshot_20241006_190204_Sleeper |
| 20210625_164606 |
| 114063 |
| 20210913_195117 |
| 20250511_101919 |
| 111458 |
| 113493 |
| Screenshot_20250714_151715_Slack |
| 20250513_094430 |
| 20250726_195805 |
| 20211205_082711 |
| Screenshot_20250414_200233_Adobe Acrobat |
| 20251015_152046 |
| 20210625_161621 |
| 0000GJGR.bin |
| Screenshot_20240826_131404_OneNote |
| 20251107_144654 |
| 2250cff2-2407-460b-b708-c526cb3ee248 |
| Screenshot_20240819_192056_Slack |
| 20220228_103044 |
| 0000CJGR |
| 20231006_095222 |
| 20211112_160313 |
| Screenshot_20240618_204753_Outlook |

| |
|---|
| 20231203_093925 |
| 20231203_094422 |
| Screenshot_20241020_162717_Adobe Acrobat |
| 103860 |
| 20210625_161812 |
| Screenshot_20210910-192947_Chrome |
| 20210625_161634 |
| 20211112_170650 |
| Screenshot_20240816_100110_OneNote |
| 20231006_100024 |
| 20210913_195426 |
| 20210625_161911 |
| 20251107_145315 |
| IMG_20250504_143744 |
| 20210625_162543 |
| Screenshot_20240809_204921_OneNote |
| 20251107_144806 |
| 6b0b153a-419a-4cf2-b44a-7804bddbe15c |
| 106917 |
| 20231006_095451 |
| 20210625_161848 |
| 20211112_160855 |
| 20251107_144703 |
| 20210913_202652 |
| Screenshot_20250324_221253_OneDrive |
| 103827 |
| Screenshot_20240815_134528_Adobe Acrobat |
| Screenshot_20250201_100326_X |
| 20231004_081437 |
| Screenshot_20251006_203705_X |
| 00005JGR.bin |
| 20251107_144747 |
| 20251107_144824 |
| 20211205_082827 |
| 20231203_094816 |
| Screenshot_20241029_214535_OneNote |
| 20250927_123211 |
| Screenshot_20250512_215449_Excel |
| 20210913_195444 |
| 20231203_094405 |
| 111300 |

PPAB 13648218v1

3

| |
|---|
| 20250511_094318 |
| 20211205_082848 |
| 20211112_165247 |
| 112906 |
| Screenshot_20241023_222427_Adobe Acrobat |
| Screenshot_20210910-224413_Chrome |
| 20231006_094316 |
| 20211205_082528 |
| 20210913_195411 |
| 20211002_144057 |
| 20251107_144543 |
| 20210913_195419 |
| 20231203_093917 |
| IMG_20250518_211957 |
| DAcjgRwK0a4CE-eMJW1LrD0d-GI |
| Screenshot_20250610_193850_Excel |
| PART_1750899211756_image000000 |
| 20211112_165205 |
| 20251107_145232 |
| 20211112_160230 |
| 20251003_085829 |
| Screenshot_20250613_194928_X |
| 20211112_160337 |
| PART_1756593351034_4f1ebacf-5ca0-4a7b-92d5-e171d18dde64 |
| 1Y-JgRBUFINhdGPqvFibMt6m9okVK5nEw |
| 109048 |
| 20250726_175912 |
| 20231006_095333 |
| 20211112_165158 |
| 20211112_170849 |
| 20251015_152039 |
| 20231006_094401 |
| 20251018_121554 |
| 20251107_145641 |
| 20250706_114510 |
| 20231203_094215 |
| 111456 |
| Screenshot_20250408_221855_OneNote |
| Screenshot_20241103_232229_X |
| PART_1684256761408_JGR_154_C |
| 20211205_082553 |

| |
|---|
| 20231006_093855 |
| 20250116_173657 |
| 20251107_150003 |
| 20251107_145306 |
| Screenshot_20241103_232444_X |
| 113379 |
| 101284 |
| Screenshot_20251030_200140_Adobe Acrobat |
| 20251015_152721 |
| 20211002_143744 |
| 20211112_165152 |
| 113378 |
| PART_1753897588531_11ea2f24-3fea-4eee-8885-be273886812f |
| 20251107_145141 |
| 116535 |
| 108947 |
| 20231006_100102 |
| 20251107_144629 |
| 109412 |
| 60a16215-1acb-4305-9e0f-d02a4bb714f0 |
| 106918 |
| 109575 |
| 20211002_143852 |
| 20250727_123535 |
| 131362 |
| 20251107_145258 |
| 20231006_093956 |
| Screenshot_20250911_165442_OneNote |
| 112516 |
| Screenshot_20250322_181053_Adobe Acrobat |
| 103868 |
| 20231006_094327 |
| 116539 |
| 20250211_190111 |
| 161845 |
| 20251107_144615 |
| 116538 |
| 109597 |
| Screenshot_20250610_193719_Excel |
| 131365 |
| 20250513_094425 |

Case 3:26-cv-00133-SCR-DCK    Document 116-1    Filed 07/15/26    Page 24 of 30

| |
|---|
| 109595 |
| 20250116_160650 |
| 20231006_095522 |
| 108932 |
| Screenshot_20250408_221750_OneNote |
| 20211112_165254 |
| 20231006_093704 |
| 20250220_163604 |
| 20250823_134441 |
| b155cd29-302a-44dc-baeb-f101b2ed63b9 |
| Screenshot_20210910-224504_Chrome |
| Screenshot_20250413_225957_X |
| 20211112_170631 |
| 20250511_180213 |
| 104282 |
| Screenshot_20250417_075110_Excel |
| 20250322_141233 |
| 2c3fdf29-9778-4d3c-af9d-609318da2b1a |
| 20251003_085837 |
| 20210625_162534 |
| 116533 |
| PART_1750893049542_image000000 |
| 20210913_195052 |
| Screenshot_20240622_150312_Adobe Acrobat |
| 20211115_143041 |
| Screenshot_20250324_221249_OneDrive |
| Screenshot_20250415_114003_Adobe Acrobat |
| 20231006_095234 |
| 20231201_112539 |
| 20210913_195437 |
| Screenshot_20210910-224428_Chrome |
| dd2f11d5-969f-400c-a4c7-40f52c36c929 |
| JGR |
| Joe Gibbs Racing |
| Payroll and JGR |
| Payroll and Joe Gibbs Racing |
| Sponsor and JGR |
| Sponsor and Joe Gibbs Racing |
| Car and Setup |
| Post-Race Audit |
| The New Deal |

| |
|---|
| Roster |
| Alliance |
| Eric w/2 of Phillips[1] |
| Pit Crew |
| Salary |
| Spire Motorsports |
| Sponsorship |
| TRD |
| Aero Checklist |
| Aero Database |
| Aero Map |
| Aero Tracker |
| Race Strategy |
| Set-Up |
| Trackside Common Notebook |
| Well Executed Race |
| Common Notebook |
| Gen7 |
| JGR Pit Engineer Notebook |
| PracticeReport |
| 11Car |
| 19Car |
| 20Car |
| 54Car |
| post_race |
| post_race_packet |
| SMT |
| Compares |
| PR_Report |
| PitSupplemental |
| BrakeAccelSupplemental |
| Pit Road |
| KPIs |
| KPI |
| Land Choice |
| 25LAS2_P1_11Car_PracticeReport_Group2 |
| 25LAS2_P1_11Car_PracticeReport_Laps25-30 |
| 25LAS2_P1_19Car_PracticeReport_Group2 |
| 25LAS2_P1_19Car_PracticeReport_Laps25-30 |
| 25LAS2_P1_20Car_PracticeReport_Group2 |
| 25LAS2_P1_20Car_PracticeReport_Laps25-30 |

Case 3:26-cv-00133-SCR-DCK    Document 116-1    Filed 07/15/26    Page 26 of 30

| |
|---|
| 25LAS2_P1_54Car_PracticeReport_Group2 |
| 25LAS2_P1_54Car_PracticeReport_Laps25-30 |
| 25LAS2_Multi_Car_post_race_packet |
| 25LAS2_11_post_race_packet |
| 25LAS2_19_post_race_packet |
| 25LAS2_20_post_race_packet |
| 25LAS2_54_post_race_packet |
| 25LAS2_11 _car_SMT_compares |
| 25LAS2_19 _car_SMT_compares |
| 25LAS2_20 _car_SMT_compares |
| 25LAS2_54 _car_SMT_compares |
| 25LAS2LiveFuelAnalysis |
| 25LAS2 Race Strategy Review |
| PR_Report_10.12.2025_25LAS2 |
| 25LAS2_GF_PitSupplemental |
| 25LAS2_BrakeAccelSupplemental |
| 2025 JGR Pit Road Times_25LAS2 |
| 25LAS2_Performance_KPIs |
| JGR Cup KPI Report v2.0 - 2025 Race 33 |
| Lane Choice 25LAS2 |
| TireReport |
| 2025_TireReport_25Las2_jta |
| WFT Summary PHO 20250930 |
| Competition Review |
| 2025 CC Post-Race Audit |
| 2025 JGR Q1 Competition Review |
| 2025 JGR Q2 Competition Review |
| 2025 JGR Q3 Competition Review |
| .ld |
| .ldx |
| NCS |
| R1 |
| Mod |
| TRD_WFT |
| post_filter |
| FileName.ld |
| FileName.ldx |
| 20251012_NCS_R33_LAS_19_R1_R03_181912 |
| 20251012_NCS_R33_LAS_19_R1_R03_181912_Mod |
| 251001_PHO_TRD_WFT_T40_R11_Post |
| Aero Check Sheet |

| |
|---|
| Aero Testing Recommendation |
| Outerbody |
| Underbody |
| Scan Fit Guide |
| Torque Spec |
| Compare |
| Car Production |
| JGR_CarSchedule |
| PR Loaded |
| Toyota Camry |
| NG24 |
| Greenhouse |
| Chassis |
| Roof Flap |
| Perf Plate |
| Nose Guard |
| Llumar |
| Power Inspect |
| 2025 ST Aero Check Sheet |
| 2025 INT Aero Check Sheet |
| 2025 INT (HE) Aero Check Sheet |
| 2025 SS Aero Check Sheet |
| 2025 RC Aero Check Sheet |
| 2025 ATL Aero Check Sheet |
| Aero Testing Recommendation Work List |
| DF Outerbody Scan Fit Guide - 2025.24-a Las Vegas2 |
| DF Underbody Scan Fit Guide 2025.24-a Las Vegas2 |
| DF Underbody Scan Fit Guide 2025.24-b Las Vegas2 |
| DF Underbody Torque Spec  2025.24-a Las Vegas2 |
| DF Underbody Torque Spec  2025.24-b Las Vegas2 |
| DF2025.24a Las Vegas2 |
| 00 25LAS2 Compares |
| 19 25LAS2 HE1 Compare |
| 19_813499536679575 |
| 19_813499536679575_Metadata |
| 1026 PHO2 (Floor-3) PR 10-24-25 VS NEXT GEN GOLD SURFACE 2024 (Simple Diffuser) |
| 1026 PHO2 (Floor-3) PR 10-24-25 VS NEXT GEN GOLD SURFACE 2024 (Simple Diffuser) |
| 1026 PHO2 (Floor-3) PR 10-24-25 VS 1026 PHO2 (Floor-2) PR Loaded #150 10-24-25 |
| 1026 PHO2 (body-3) 10-09-25 VS NG24 Toyota Camry TRD |
| 1026 PHO2 (body-3) 10-09-25 VS NG24 Toyota Camry TRD |
| Car Production Schedule |

Case 3:26-cv-00133-SCR-DCK     Document 116-1     Filed 07/15/26     Page 28 of 30

| |
|---|
| JGR_CarSchedule 10-31-25 |
| NEXTGEN FF DOWNFORCE CHECKLIST |
| NEXTGEN FF SPEEDWAY CHECKLIST |
| Ballast_Sheet |
| Setup Wheel Offsets |
| 25 Drop Link spring assembly |
| Roehrig Shock Files |
| RR3535_1820B00_2027_258 |
| RR3535_1820B00_2027 |
| Ballast_Sheet_v3.1.4_NG |
| RC Setup Wheel Offsets - 4Aug25 |
| Fluid Specs |
| Chassis Dyno Range Log |
| Engine_Cooling_Calculator |
| NG Power Sensitivities |
| TRD Technical Service Bulletins |
| TSB_NCS |
| Transaxle |
| Parameters |
| Dashboard |
| Thermal |
| Calculator |
| Engine_Cooling_Calculator_v2.7.15 |
| NG Engine Power Sensitivities 022924_Rev4 |
| 20250116 TRD Technical Service Bulletins |
| TSB_NCS_25-00 TSB Index Sheet |
| Cup Fluid Specs |
| 2025 Chassis Dyno Range Log IT - (HC-HG) |
| 2025 Chassis Dyno Range Log SS (HE) |
| 2025 Chassis Dyno Range Log ST - (HC-HG-HL) |
| 20251006 NCS R33 LAS Engine Parameters |
| 20251013 NCS R33 LAS Transaxle Race Report – JGR |
| 20251013 NCS R33 LAS 19 Crew Chief Report - Day 2 |
| 20251013 NCS R33 LAS Dashboard All Race Report |
| 20251013 NCS R33 LAS Crew Chief Race Report |
| 20251012 NCS R33 LAS Qualifying Thermal Calculator |
| BRAKES |
| Dynamic |
| Brake Bias |
| BRAKES_25MVL1 |
| Dynamic Brake Bias Lee Spring Summary |

Case 3:26-cv-00133-SCR-DCK    Document 116-1    Filed 07/15/26    Page 29 of 30

| |
|---|
| Dynamic Brake Bias and Delay Summary v4 |
| JGR report v2 |
| Metrics_Report |
| AVL |
| Driver Model |
| TyreSat |
| SweepGenerator |
| CFD |
| Handling |
| eLap Cold |
| eLap Hot |
| Simulation Shop |
| RM Cold |
| RM Hot |
| Metrics_Report_Gen7_v3p3 |
| SweepGenerator_Gen7_Standard_v1p7 |
| 19_25LAS2_2_51 Simulation Shop_25LAS2_C19_Shop_V01d_FARB_eLap Hot-metrics |
| 2024_TyreSat_SatDriver |
| AVL ExtTireSatOpt |
| AVL Tyre_saturation_optimization_manual_V2 |
| 20160808 TRD Handling Metric Definitions |

[1] The Parties agree that the Forensic Examiner will run the search term "Eric w/2 of Phillips" across all Subject Devices and Accounts in accordance with the Protocol under the two conditions agreed upon by the Parties' counsel and set forth in the April 17, 2026 email exchange between William Miller and Charles Middlebrooks.

Case 3:26-cv-00133-SCR-DCK    Document 116-1    Filed 07/15/26    Page 30 of 30