**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-CV-00133-SCR-DCK**

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>    Plaintiff, v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,<br><br>    Defendants. | **AMENDED PROTECTIVE ORDER** |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 6.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. **DEFINITIONS**

   a. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

   b. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: very sensitive and confidential material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

   c. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items: very sensitive and confidential material the disclosure of which to another Party or Non-Party, including their In-House Counsel, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

   d. Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

   e. Designating Party: a Party or Non-Party that designates Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," or "HIGHLY CONFIDENTIAL – OCO."

   f. Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   g. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

   h. In-House Counsel: attorneys who are employees of a party to this action. In-House

2

Counsel does not include Outside Counsel of Record or any other outside counsel.

i.    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

j.    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

k.    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

l.    <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action.

m.    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

n.    <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," or "HIGHLY CONFIDENTIAL – OCO" Protected Material is also referred to herein as "Confidential Information."

o.    <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

2.    **SCOPE**.  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3. **DESIGNATING MATERIAL FOR PROTECTION.**  Counsel for any Party or Non-Party, in complying with discovery requests, subpoenas, and/or in the production of any other documents for any purpose in this case (*e.g.*, producing materials pursuant to any applicable forensic protocol(s)), may designate any document, data, or portion or compilation thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," or "HIGHLY CONFIDENTIAL – OCO."

a. The Parties, in conducting discovery from Non-Parties, shall provide to each Non-Party a copy of this Protective Order so as to inform each such Non-Party of their rights herein.

b. Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order may be designated as Confidential by placing or affixing  the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," "HIGHLY CONFIDENTIAL – OCO," or any other appropriate notice, together with an indication of the portion or

portions of the document considered to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or "HIGHLY CONFIDENTIAL – OCO." "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," or "HIGHLY CONFIDENTIAL – OCO" contained in electronic documents may also be designated as confidential by placing the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," "HIGHLY CONFIDENTIAL – OCO," or any other appropriate notice, in the document metadata, image file, or through another mechanism that clearly identifies the document as confidential, such as identifying such designation in the cover letter or email transmitting or producing such materials. Masked or otherwise redacted copies of documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

c.  Deposition Testimony. The Party or Non-Party desiring to designate any or all portions of oral testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," or "HIGHLY CONFIDENTIAL – OCO" shall do so by stating orally on the record on the day that the oral testimony is being given or by notifying the parties in writing of the intention to designate any or all portions of oral testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," or "HIGHLY CONFIDENTIAL – OCO" after the oral testimony is given within 30 days of the testimony. Oral testimony shall be treated as HIGHLY CONFIDENTIAL – OCO until the 30 days expires. Notwithstanding the foregoing, Outside Counsel

5

of Record may orally discuss with their client the general substance of testimony or documents designated HIGHLY CONFIDENTIAL – OCO to the extent reasonably necessary for litigation strategy and management purposes (including, without limitation, decisions regarding the scope, sequence, and necessity of discovery). Such discussions shall not include the disclosure of verbatim quotations, copies, or images of HIGHLY CONFIDENTIAL – AEO or HIGHLY CONFIDENTIAL – OCO materials. Any client representative participating in such discussions shall be informed of the confidential nature of the information and shall not further disseminate the substance of such discussions to any person not authorized to receive HIGHLY CONFIDENTIAL – AEO or HIGHLY CONFIDENTIAL – OCO information under this Order.

d.　Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.　**USE LIMITED TO THIS ACTION**.　Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person(s) receiving such information solely for use in connection with the above-captioned action.

5.　**CHALLENGING CONFIDENTIALITY DESIGNATIONS.** In the event a Party challenges another Party's or Non-Party's confidentiality designation, counsel shall make

a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that confidential information disclosed in this case is relevant or admissible.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 of this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    a. Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        i. The Receiving Party's Outside Counsel of Record in this action, including the employees of such counsel assigned to and necessary to assist in the litigation;

        ii. The Parties, including their employees, officers, and directors of each party to the Action, who reasonably need access to the material to assist in the litigation, provided that each such individual is provided a copy of this Protective Order and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        iii. Experts (as defined in this Order) of the Receiving Party for this litigation, to the extent deemed necessary by counsel, who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    iv.    The Court or as exhibits to motions pursuant to the requirements set forth below in Section 7;

    v.    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    vi.    Any witness or deponent who may have authored or received the information in question or who had access to the material whether in the ordinary course of their employment or otherwise; and

    vii.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    viii.    Any other person with the prior written consent of the Producing Party.

b.    Disclosure of "HIGHLY CONFIDENTIAL – AEO" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL – AEO" only to:

    i.    The Receiving Party's Counsel and employees of Outside Counsel of Record to whom disclosure is reasonably necessary;

    ii.    Experts (as defined in this Protective Order) of the Receiving

Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii. The Court and its personnel pursuant to the requirements set forth below in Section 7;

iv. Court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

v. The author or recipient of a document containing the information; and

vi. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

c. Disclosure of "HIGHLY CONFIDENTIAL – OCO" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL – OCO" only to:

i. The Receiving Party's Outside Counsel of Record and employees of Outside Counsel of Record to whom disclosure is reasonably necessary;

ii. Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

9

(Exhibit A);

    iii.    The Court and its personnel pursuant to the requirements set forth below in Section 7;

    iv.    Court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    v.    The author or recipient of a document containing the information; and

    vi.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

    d.    Prior to disclosing or displaying information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO," or "HIGHLY CONFIDENTIAL – OCO" to any person, Counsel shall:

    i.    Inform the person of the confidential nature of the information or documents; and

    ii.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.    **WRITTEN PERMISSION NEEDED TO PUBLICLY FILE PROTECTED MATERIAL.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in

the public record. This Protective Order does not provide for the automatic sealing of such documents. In the event that a Party anticipates including any Protected Material in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party planning to file such papers shall file a motion to seal such materials prior to including them in the papers. If the Court grants the motion to seal, such papers shall be filed under seal. Protected Material contained in the papers shall remain under seal until further order of the Court; provided, however, that such papers may be furnished to persons or entities who may receive Protected Material pursuant to Paragraph 6. On or after filing any paper containing Protected Material, the filing Party shall file on the public record a copy of the paper containing redactions such that the public version does not reveal Protected Material within one business day of the sealed filing.

8.      **USE OF ARTIFICIAL INTELLIGENCE.**  No Receiving Party shall submit or provide any CONFIDENTIAL, HIGHLY CONFIDENTIAL – AEO, or HIGHLY CONFIDENTIAL – O C O  Information or Items a Receiving Party has received from any other Party or Non-Party to any artificial intelligence platform or tool (*e.g.*, ChatGPT, Gemini, etc.) without the express, written consent of the Producing Party.

9.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.  If any Party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – AEO, or HIGHLY CONFIDENTIAL – O C O,” that Party must promptly notify in writing the Designating Party of such request. Such notification shall be in writing and served to the Designating Party at least fifteen (15) business days before production, and shall include a copy of this Protective Order. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal any order requiring production of

Confidential Material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the Designating Party's efforts to challenge the disclosure of Confidential Material.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – AEO, or HIGHLY CONFIDENTIAL – OCO. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

    a. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b. Promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c. Make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from the Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely

seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.** Subject to the provisions of this Order, if the Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

    a. This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

    b. Each party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege.

Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this litigation shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

c. A Producing Party must notify the Receiving Party, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. On receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information.

d. This Order shall be interpreted to provide the maximum protection allowed to the Disclosing Party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order. However, if for any reason, a Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

13. **FINAL DISPOSITION.** Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Protected Material shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Material and certify that fact in writing. The Receiving Party's

reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, communications, and attorney work product that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

14. **PROCEDURE FOR REVIEW AND HANDLING OF HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION OR ITEMS THE PRODUCING PARTY DEEMS TO BE TRADE SECRETS**

      a.    Any HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY Information or Items produced in discovery that are deemed by the Producing Party to constitute trade secrets ("Alleged Trade Secrets") shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, in an electronic "secured room" room"—i.e., a cloud-hosted virtual desktop configured to disable copy/paste, printing, and downloads; restrict access to authorized counsel and experts; and maintain a complete audit log. The

Receiving Party shall not copy, remove, or otherwise transfer any portion of the Alleged Trade Secrets onto any recordable media or recordable device.

b.      Any Alleged Trade Secrets produced pursuant to the procedure set forth in Section 14(a) are likewise subject to all of the provisions of this Protective Order (Sections 1–13, *supra*, Section 15, *infra*).

c.      By placing Information or Items in the "secured room," the Producing Party does not waive any arguments that the Information or Items are themselves not trade secrets.  The Producing Party also does not admit that Information or Items placed in the "secured room" are trade secrets.

15.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

AGREED TO on July 22, 2026

By: */s/ Danielle T. Williams*

Danielle T. Williams
N.C. Bar No. 23283
**KING & SPALDING LLP**
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
dwilliams@kslaw.com

Thomas M. Melsheimer – Pro Hac Vice
Chad B. Walker – Pro Hac Vice
Tracea Rice – Pro Hac Vice
Alexandra Moore - Pro Hac Vice
**KING & SPALDING LLP**
2601 Olive Street, Suite 2300
Dallas, TX 75201
tmelsheimer@kslaw.com
cwalker@kslaw.com
trice@kslaw.com
almoore@kslaw.com

Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
**PARKER POE LLP**
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

*Counsel for Plaintiff Joe Gibbs Racing, LLC*

By: */s/ Cary B. Davis (with permission)*

Cary B. Davis
N.C. Bar No. 36172
Spencer T. Wiles
N.C. Bar No. 53664
William B. Miller
N.C. Bar No. 36946
Anna Claire Tucker
N.C. Bar No. 59457
**ROBINSON, BRADSHAW & HINSON, P.A.**
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536
cdavis@rbh.com
swiles@rbh.com
wmiller@rbh.com
atucker@rbh.com

*Counsel for Defendant Christopher Gabehart*

By: */s/ Joshua D. Davey (with permission)*

Joshua D. Davey
N.C. Bar No. 35246
Lawrence J. Cameron
N.C. Bar No. 41922
Troy C. Homesley, III
N.C. Bar No. 62148
**TROUTMAN PEPPER LOCKE LLP**
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
joshua.davey@troutman.com
lawrence.cameron@troutman.com
troy.homesley@troutman.com

John S. "Evan" Gibbs III – Pro Hac Vice
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
evan.gibbs@troutman.com

*Counsel for Defendant Spire Motorsports, LLC*

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of North Carolina on _____in the case of *Joe Gibbs Racing, LLC v. Christopher Gabehart and Spire Motorsports, LLC* (W.D.N.C. 3:26-cv-00133-SCR-DCK). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of _____[print or type full address and telephone number] as my North Carolina agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____