# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### Case No. 3:26-CV-00133-SCR-DCK

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,<br><br>Defendants. | **PLAINTIFF JOE GIBBS RACING, LLC'S MEMORANDUM IN OPPOSITION TO SPIRE MOTORSPORTS II, LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION** |

Plaintiff Joe Gibbs Racing, LLC ("JGR"), by and through counsel, submits this Memorandum of Law in Opposition to Spire Motorsports II, LLC's ("Spire") Motion to Compel Production of Documents and Information. Dkt. 107.

## INTRODUCTION

Spire's motion asks the Court to compel discovery that JGR is already providing and, in substantial part, has now provided. When it filed this Motion, Spire acknowledged that JGR "has represented that it will eventually produce some of the requested documents and information." Dkt. 108 at 1. Since Spire filed its Motion, JGR has produced a significant amount of documents and served supplemental discovery responses that resolve most of the issues Spire raises, and Spire has not established the relevance or proportionality of the handful of items that remain genuinely in dispute. For these reasons, Spire's Motion should be denied as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

JGR brings claims against its former Cup Series Competition Director, Christopher Gabehart, and his new employer, Spire, for, *inter alia*, misappropriation of trade secrets, tortious

interference, and unfair and deceptive trade practices. *See e.g.* Dkt. 95. Spire served written discovery requests on May 11 and June 5, 2026. Ex. A, B, C. JGR served responses on June 10 and 29, 2026. *See* Dkt. 108-1, 108-2, 108-3. After Spire raised numerous issues and the parties met and conferred, JGR served supplemental responses to Spire's First Set of Interrogatories and Requests for Production on July 1, 2026. *See* Dkt. 108-4, 108-5. Spire filed this Motion on July 14, 2026. Dkt. 107. On July 16, 2026, in an effort to further narrow or remedy the issues still in dispute, and as previously promised to Spire, JGR served its Second Supplemental Responses to Spire's First Set of Interrogatories, and Supplemental Responses to Spire's Second Set of Interrogatories, each of which further addressed the items Spire's motion raises. *See* Exs D, E.

Spire's brief opens by contrasting document counts—its own roughly 600 documents and Gabehart's roughly 800 against JGR's roughly 800. Dkt. 108 at 2. However, raw page counts are not a measure of compliance. Rule 26(b)(1) asks whether a party has produced what is relevant and proportional, not whether it has matched an opponent's volume. *See Honeywell Int'l, Inc. v. OPTO Elecs. Co.*, 2023 WL 2959883, at *3 n.7 (W.D.N.C. Mar. 21, 2023) ("The Court notes that it disagrees with Honeywell's suggestion that the Court should find meaningful the disparity between the number of documents produced by the two sides. Courts must address each discovery request on its own merits, regardless of the running total score, which may be influenced by many factors, including the size of the respective companies, the number of record keepers or witnesses and the manner in which the relevant issues impact the parties"). In any event, JGR has now produced over 3,100 pages of documents, which it continues to supplement on a rolling basis. *See* Ex. D–E.

2

<u>**LEGAL STANDARD**</u>

Rule 26(b)(1) permits discovery of nonprivileged matter that is both relevant to any party's claim or defense and proportional to the needs of the case. *Machinery Solutions, Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Machinery Solutions*, 323 F.R.D. at 526. All discovery is further subject to the limitations of Rule 26(b)(2)(C), under which the court must limit discovery that is unreasonably cumulative, obtainable from a more convenient or less burdensome source, or whose burden outweighs its likely benefit. *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 239 (M.D.N.C. 2010).

On a motion to compel under Rule 37(a), "the party seeking discovery has the burden to establish its relevancy and proportionality" and "the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" *Machinery Solutions*, 323 F.R.D. at 526 (quoting *Wilcon v. Decibels or Or., Inc.*, 2017 WL 1943955, at *2 (D. Or. May 9, 2017)); *see also Shackleford v. Vivint Solar Dev. LLC*, 2020 WL 3488913, at *5 (D. Md. June 25, 2020) ("The party seeking discovery has the burden to establish its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted.") (citing *Machinery Solutions*, 323 F.R.D. at 526); *Cook v. Wake Forest Univ. Baptist Med. Ctr.*, 2021 WL 620707, at *2 (M.D.N.C. Feb. 17, 2021) (same); *Manning v. Maple Grove Health & Rehab Ctr.*, 2025 WL 3240412, at *6 (M.D.N.C. Nov. 20, 2025) (same).

Where the movant "fails to support its Motion to Compel with substantive argument regarding how the information requested . . . is proportional and relevant," a motion is properly denied. *Machinery Solutions*, 323 F.R.D. at 532. "Discovery should be geared toward what is needed to prosecute or defend a case—not to ferret out every possible item that may tangentially touch upon the subject matter at hand." *In re Mission Health Antitrust Litig.*, 2025 WL 4960048, at *5 (W.D.N.C. Apr. 7, 2025).

## ARGUMENT

### A. Interrogatory No. 6—JGR's Supplemental Answer Identifies Its Enforcement and Non-Enforcement Decisions and Moots the Dispute.

Spire contends that JGR "unilaterally narrow[ed]" Interrogatory No. 6 and excluded information about the departures of competition personnel. Dkt. 108 at 4. This concern has been addressed by JGR's Second Supplemental Response, which now identifies both the competition-related employees against whom it enforced restrictive covenants and the competition-related employees it permitted to leave for other teams since January 1, 2022, together with the circumstances and reasons for each decision. *See* Ex. D. at 35–38. JGR's supplemental response therefore provides all of the information that Spire claims to be missing.

To the extent Spire still demands that JGR catalog "each and every departure" of any employee bound by a restrictive covenant regardless of seniority or circumstances, that demand goes beyond the scope of Spire's interrogatory, which is limited to roles "comparable to or similar to Gabehart's." Further, reading the interrogatory to require a narrative of every employee departure spanning a decade is the kind of "all facts" demand courts hold overbroad on its face. *Machinery Solutions*, 323 F.R.D. at 531.

**B. JGR Has Not Categorically Withheld "Confidential Information," and the Protective Order Does Not Entitle Spire to JGR's Unrelated Trade Secrets.**

Spire next contends that JGR has categorically excluded all of its confidential information and trade secrets from discovery except those misappropriated by Defendants. Dkt. 108 at p. 5. This is inaccurate. In response to Spire's concerns, JGR is producing its confidential information and trade secrets whenever they are responsive to Spire's discovery requests, not merely the specific information Gabehart misappropriated. Where confidential material is relevant, JGR has identified and produced it, including to show the scope of Gabehart's duties at JGR.

While JGR is producing confidential information and trade secrets when they are responsive to Spire's discovery requests, JGR has rightfully objected to producing ***all*** of its confidential information and trade secrets whether or not related to this dispute. Defendants are alleged to have misappropriated some, but not all, of JGR's confidential information and trade secrets. This allegation is insufficient to support a fishing expedition into confidential information and trade secrets that are not relevant to the claims or defenses, particularly to a direct competitor that continues to employ an executive who has admitted to stealing JGR's confidential information in the past. Contrary to Spire's argument, the existence of the three-tier protective order does not expand the scope of what is discoverable. Dkt. 108 at 5-6. Relevance and proportionality still govern. *Machinery Solutions*, 323 F.R.D. at 526. The Court must independently limit discovery that falls outside Rule 26(b)(1) and may decline to compel an entire body of confidential material while compelling only the discrete portions that bear on a live issue. *See, e.g.*, *Covil Corp. ex rel. Protopapas v. U.S. Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 601 (M.D.N.C. 2021).

**C. Request No. 1—JGR Will Produce Communications Relating to Gabehart's Employment Agreement, Mooting the Dispute.**

Request No. 1 seeks JGR's agreements with Gabehart and related communications. Spire contends that JGR "failed to produce the central communications in this dispute—communications

5

concerning the negotiation of Gabehart's employment agreement[.]" Dkt. 108 at 6. However, by its plain terms Request No. 1 reaches only documents from "***January 1, 2025, through the present***. *See* Ex. B at 6. The negotiations for Gabehart's Competition Director agreement, however, occurred in 2024, outside the Request's temporal scope.

Nevertheless, in order to avoid unnecessary dispute, JGR will search for and produce communications responsive to Request No. 1 relating to the negotiation of Gabehart's employment agreement. JGR is currently searching for responsive documents from prior to January 1, 2025.

**D. Requests Nos. 3, 5, and 19—JGR Has Produced the Materials Gabehart Took in the Form It Received Them and Is Producing the Originals from Its Own Systems.**

JGR has produced, and continues to produce, the materials Gabehart took in the same format in which JGR received them from Gabehart's counsel under the parties' agreed forensic protocol. Dkt. 95 at 15. It has made those materials available for inspection pursuant to an appropriate protocol. Spire's two remaining complaints—the absence of metadata and of "original" source documents—do not warrant an order to compel. Dkt. 108 at 7.

First, JGR cannot produce the document-level metadata Spire seeks because JGR does not have the right to access the forensic images of Gabehart's device and account. Under the pre-litigation forensic protocol entered by JGR and Gabehart, a third-party examiner imaged Gabehart's Google Drive and personal cell phone and identified JGR information residing thereon. The examiner then provided that information to Gabehart's counsel, who reviewed it to determine the information that admittedly belonged to JGR, before sending counsel for JGR the materials to review. In other words, the documents received by JGR and produced to Defendants in this case reflect the metadata as those documents were produced ***by Gabehart's counsel***.

Spire now demands that JGR produce metadata for documents "which are in the possession of JGR's pre-litigation forensic examiner pursuant to the forensic protocol[.]" Dkt. 108 at 7. But

the protocol "did not allow for unfettered and continuing access" to the material collected from Gabehart. Dkt. 95 at p. 15. JGR cannot produce what it has no right to obtain. JGR has expressed this reality to Spire at multiple intervals to no avail.

Second, JGR has produced some, and is in the process of producing the remainder, of the original versions of the materials Gabehart took as those materials appeared on JGR's own systems before they were taken by Gabehart. Between the documents returned through the forensic protocol and the native originals drawn from JGR's systems, Spire will have the full set of the allegedly misappropriated materials. Nothing more is being withheld, and there is nothing to compel.

### E. Request No. 8—JGR Has Agreed to Produce Its Confidentiality Materials Under the Protective Order.

Request No. 8 seeks third-party confidentiality agreements and evidence of any sharing of the allegedly misappropriated information before October 1, 2025. Despite valid concerns about the confidentiality of its agreements with third parties, JGR has produced some, and is continuing to produce the remainder, of its alliance agreements with 23XI Racing and Legacy Motor Club.

JGR has declined to produce its agreements and interactions with Toyota Racing Development ("TRD") on two grounds. First, Request No. 8 is not limited to the production of documents relevant to the claims or defenses in this action. This lawsuit is about the competitive harm Defendants have caused through misappropriation and misuse of JGR's confidential information and trade secrets. Here, Spire seeks agreements with third parties that Gabehart is not alleged to have misappropriated. Second, those agreements are highly confidential commercial agreements containing confidentiality provisions that require the counterparty's consent before disclosure. TRD has expressed grave concerns with the impact of providing this highly-sensitive information to a competitive racing team affiliated with a different car manufacturer—Chevrolet.

As a result, TRD has not consented to the production of these agreements to JGR's direct competitor, Spire.

Additionally, JGR rightfully objected to producing all documents showing the sharing of its information or trade secrets, as such a scope would require JGR to produce countless documents produced and shared in the ordinary course of business. Indeed, that "all documents" sweep is untethered to proportionality. *See In re Camp Lejeune Water Litig.*, 2024 WL 4003037, at \*3 (E.D.N.C. Aug. 30, 2024) (holding request for "'all documents'" located on "'any storage device'" was facially overbroad). With JGR now producing its alliance agreements under the Protective Order, the request is substantially resolved, and the residual demand as to TRD agreements and other documents showing the sharing of information and trade secrets should not be compelled.

### F. Requests Nos. 10 and 14—JGR Has Agreed to Produce Its Damages and Economic-Value Documents on the Schedule the Rules Prescribe.

Request No. 10 seeks documents showing the economic value of the trade secrets; Request No. 14 seeks documents relating to JGR's harm and damages. Dkt. 108 at 9. JGR's supplemental responses commit to produce both. On Request No. 10, JGR will produce documents "sufficient to show the economic value of JGR's misappropriated trade secrets and confidential information, including in connection with expert discovery." Dkt. 108-5 at 13. On Request No. 14, JGR will produce "documents concerning harm and damages JGR has suffered" and make its disclosures "at the proper time . . . as applicable to expert discovery." *Id.* at 17. Indeed, JGR has already produced its audited financial statements for 2024 and 2025. And JGR is producing its alliance agreements, which demonstrate the amount that third parties pay for access to the very categories of information Gabehart misappropriated.

JGR has also rightfully objected that its damages will be further developed through forthcoming expert discovery. JGR's quantification of damages is likewise reserved for

8

supplementation "by providing supporting expert testimony at the times and means established by the Court's Scheduling Order." There is nothing more to compel ahead of that schedule.

### G. Request No. 15—JGR Has Expanded Its Response to Cover Non-Enforcement Back to 2022, Mooting the Dispute.

JGR's supplemental response to Request No. 15 and its significant production of documents should resolve Spire's concerns. JGR has produced documents sufficient to demonstrate its enforcement or non-enforcement of non-competition agreements from January 1, 2022 to present. Non-enforcement is now expressly covered, and the period reaches back to 2022. JGR has only withheld documents relating to employee departures that did not potentially violate a restrictive covenant at all, as these departures have no bearing on the "crucial questions" in this case. *Nester v. Poston*, 200 F.R.D. 268, 271 (W.D.N.C. 2001). The dispute is moot.

### H. Request No. 16—JGR Has Agreed to Produce Documents Showing Gabehart's Services, Mooting the Dispute.

Spire contends that JGR has offered a "laundry list" of Gabehart's services but no documents showing that he performed them. Dkt. 108 at 11. JGR's supplemental response cures that: JGR will produce documents "sufficient to show the services that Gabehart performed for JGR as Competition Director during the last year of his employment" and documents "concerning the performance of the JGR No. 54 car and its impact on Gabehart's role as Crew Chief for the JGR No. 54 Car." Dkt. 108-5 at 20–21. That is the material Spire said it lacked.

Spire's broader demand for "all" documents showing that Gabehart "actually performed" each listed service would, as JGR rightfully objected, sweep in "virtually any communication amongst employees at JGR," because Gabehart's role "embraces anything that relates to making JGR's cars go faster." Dkt. 108 at 18. Producing documents sufficient to show his services is the

9

proportional response; an "all documents" order is not. *Machinery Solutions*, 323 F.R.D. at 531; *Kinetic Concepts*, 268 F.R.D. at 243.

### I. Request No. 22—"Documents Sufficient to Show Material Factors" Is the Proportionate Response

Request No. 22 seeks documents relating to *any* factors other than Defendants' alleged conduct that may have affected JGR's financial or competitive performance. Dkt. 108 at p. 11. As JGR explained, NASCAR is a sport where countless factors impact performance, and responding to the request would likely include nearly every document generated by JGR personnel over an 18-month period. JGR agreed to produce documents sufficient to show the material factors that may have affected its performance, but declined to produce every document in every listed category.

A request that would require production of essentially every performance-related document a race team generates over a season and a half is overbroad on its face and barred by Rule 26(b)'s burden-versus-benefit limit. *See Kinetic Concepts*, 268 F.R.D. at 239; *Machinery Solutions*, 323 F.R.D. at 531. Spire—which bears the burden of justifying the broader sweep—offers only its interest in "meaningfully determin[ing] damages," which JGR's "documents sufficient to show material factors" production already serves. Dkt. 108 at p. 12; *Machinery Solutions*, 323 F.R.D. at 537. Notably, none of the cases cited by Spire supports its broad request for documents pertaining to all other factors that may have influenced JGR's competitive or financial performance. Instead, Spire's authority supports only the narrow contention that JGR is required to produce documents supporting its damages. JGR has and will comply with this narrower request by producing its audited financial statements for 2024 and 2025 and its alliance agreements.

### J. Request No. 23—JGR Is Producing Its Financial Statements and Forecasts.

Request No. 23 seeks "all" documents relating to JGR's financial performance and valuation from January 1, 2022 to the present, including reporting at every "business unit, organization, segment, or other operating level," budgets, forecasts, variance analyses, and valuation analyses. Dkt. 108-3 at 5–6. JGR objected that this would require producing "every document relating to team finances for more than four seasons," and agreed to produce its annual financial statements and relevant forecasts for the period. It has already produced audited financials for 2024 and 2025. *Id.*

Spire itself recognizes the reasonableness of a narrowed financial production, acknowledging that it "is willing to agree to JGR's narrowed production" so long as Spire's own production of annual financial statements will satisfy JGR's parallel requests. Dkt. 108 at p. 12. That concession undercuts any claim that JGR is withholding relevant and proportional discovery.

### K. Spire Is Not Entitled to Fees.

Because the motion should be denied, Rule 37(a)(5)(B) forecloses a fee award: the Court "must not order" payment where "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The same carve-outs apply under Rule 37(a)(5)(A) even where "the disclosure or requested discovery is provided after the motion was filed"—precisely what happened here, as JGR served further supplemental responses two days after Spire filed. Fed. R. Civ. P. 37(a)(5)(A). And on a motion granted in part and denied in part, apportionment is discretionary, not mandatory. Fed. R. Civ. P. 37(a)(5)(C).

JGR's positions are substantially justified. A position is substantially justified where there is "a genuine dispute as to proper resolution" or "a reasonable person could think it correct"—that is, it has "a reasonable basis in law and fact." *Raynor v. G4S Secure Sols. (USA) Inc.*, 327 F. Supp.

3d 925, 948 (W.D.N.C. 2018); *Hare v. Comcast Cable Commc'ns Mgmt., LLC*, 564 F. App'x 23, 24–25 (4th Cir. 2014). JGR's proportionality and temporal objections, its deferral of damages discovery to the expert phase, and its accommodation of third-party confidentiality each rest on a reasonable basis in law and fact, and the parties' disputes are genuine ones over scope and timing. *Basile Baumann Prost Cole & Assocs., Inc. v. BBP & Assocs. LLC*, 2013 WL 1622001, at *4 n.7 (D. Md. Apr. 9, 2013). An award would also be unjust given that JGR has produced and supplemented on a rolling basis and resolved most of the motion's items through its July 16 supplemental responses—including answering Interrogatory No. 21, which Spire faulted JGR for not addressing. JGR promised to supplement these materials prior to Spire's filing. Spire filed while that production and negotiation were ongoing, and it received substantial further supplementation days later. Spire's request for fees and costs (Dkt. 108 at 13) should be denied.

## CONCLUSION

For the foregoing reasons, JGR respectfully requests that the Court deny Spire's Motion to Compel in whole or in part, deny Spire's request for fees and costs, and permit JGR to complete its production consistent with its supplemental responses and the Court's scheduling orders.

*[Remainder of page intentionally left blank]*

This the 28th day of July, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Tory Ian Summey
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Kevin Marshall
N.C. Bar No. 50856
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
kevinmarshall@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

**KING & SPALDING LLC**
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

## ARTIFICIAL INTELLIGENCE CERTIFICATION

No artificial intelligence was employed in doing the research for the preparation of this Motion, with the exception of the standard artificial intelligence embedded in Westlaw. Every statement and every citation to an authority contained in this Motion has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered.

**PARKER POE ADAMS & BERNSTEIN LLP**

*/s/ Tory Ian Summey*
Tory Ian Summey
N.C. Bar No. 46437
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
torysummey@parkerpoe.com
*Attorney for Joe Gibbs Racing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing **PLAINTIFF JOE GIBBS RACING, LLC'S MEMORANDUM IN OPPOSITION TO SPIRE MOTORSPORTS II, LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 28th day of July, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

*/s/ Tory Ian Summey*
Tory Ian Summey
N.C. Bar No. 46437
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
torysummey@parkerpoe.com
*Attorney for Joe Gibbs Racing, LLC*