**EXHIBIT C**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

JOE GIBBS RACING, LLC,

     Plaintiff,

v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

     Defendants.

Case No. 3:26-cv-00133-SCR-DCK

## DEFENDANT SPIRE MOTORSPORTS, LLC'S SECOND
## SET OF INTERROGATORIES TO PLAINTIFF

Defendant Spire Motorsports, LLC ("Spire"), by and through its undersigned counsel, submits the following Second Set of Interrogatories to Plaintiff Joe Gibbs Racing, LLC ("JGR") to be answered separately and fully in accordance with Rule 33 of the Federal Rules of Civil Procedure and the Definitions and Instructions below within thirty (30) days after service.

### DEFINITIONS

1. The terms "Plaintiff," "JGR," and "You" mean Joe Gibbs Racing, LLC, the plaintiff in this action, including any of its divisions, departments, parents, predecessors, successors, subsidiaries, and other organizational or operating units and present or former members, officers directors, shareholders, employees, or agents. The terms Plaintiff," "JGR," and "You" include agents, vendors, independent contractors engaged, or any entities engaged by You to provide services to You, including those to whom JGR employees are or were directed to return electronic devices issued by You.

2. The term "Gabehart" means Christopher Gabehart, a defendant in this Litigation.

3. The term "Spire" means Spire Motorsports, LLC, a defendant in this Litigation.

1

4. The terms "all," "any," "each," and "every" shall mean "all, any, each, and every," as necessary to bring within the scope of these Interrogatories any information, Documents, or things that might otherwise be construed to be outside their scope. In no event shall the use of the term "all," "any," "each," or "every" be construed to narrow the scope of any Interrogatory.

5. The term "Allegedly Misappropriated Information" means each and every Document, Data set, or item of information that You contend constitutes a trade secret or confidential information that was misappropriated or otherwise wrongfully acquired, used, or disclosed by Gabehart and/or Spire, including the categories identified in Paragraphs 14, 34–35, 94–98, and 137–138 of the Amended Complaint.

6. The term "Amended Complaint" means JGR's Amended Complaint filed in this Litigation on February 24, 2026.

7. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information, Documents, or things that might otherwise be construed to be outside of their scope. In no event shall the use of the term "and" or "or" be construed to narrow the scope of any Interrogatory.

8. The term "Communication" means the transmittal of information by any means including oral, written, or electronic, and in any form, including by electronic transmission (including via e-mail, any online or cloud service or account such as, for example, Google Cloud, Google Docs, Google Sheets, Google Drive, Gmail, Google Photos, Amazon Cloud Drive, Amazon Cloud Drive Photos, or DropBox, instant message, text or SMS message, Skype, FaceTime or other internet (video) phone service, WebEx or other online meeting service, Facebook or other social media service, WhatsApp, Facebook Messenger, SnapChat, Signal,

2

Discord (or other electronic messaging service or website), facsimile, letter, memorandum, voicemail, personal meeting, phone call, teleconference, or videoconference).

9.     The term "Confidential Information" means the term as defined in § 5 of the Employment Agreement attached as Exhibit 1 to the Amended Complaint, including "non-public information about Company sponsors and partners, race strategy, engineering information, race car set-ups, pit crew training methods and practices, pit crew analytics, technology and strategy, wind tunnel data and testing of any kind, trade secrets and any Company information that is proprietary or not publicly known," as well as any other information You contend is confidential in this Litigation.

10.     The term "Data" means any information, electronic data, forensic artifacts, or digital information, and explicitly incorporates by reference the definition for "Document" as defined herein.

11.     The phrase "Describe, in detail" means to supply a full description and narrative account of the event, transaction, relationship, thing, or occurrence inquired into, including references to specific Communications and Documents and to the dates, places, and Persons involved.

12.     The term "Document" means any written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, internal or otherwise, whether stored in tangible, electric, mechanical, or electronic form or representation of any kind (including (i) electronically stored information on or in computer tapes, disks, CDs, DVDs, hard drives, removable disk drives, flash drives, mp3 devices, cellular telephones, smartphones, personal data assistants (PDAs), tablet devices, and any other devices capable of storing electronic information, and (ii) backup copies and "deleted" information contained on or in any computer or device capable of storing electronic

information), whether located on-site or off-site, including, but not limited to, letters, correspondence, electronic mail, text messages, instant messages, SMS communications, website pages, website postings, social media postings, blog postings, memoranda (internal or otherwise), minutes, notes (whether typed or handwritten), films, recordings of any type, transcripts, contracts, memoranda and/or notes of telephone conversations, personal conversations or meetings, diaries, desk calendars, telegrams, circulars, pamphlets, manuals, statements, notices, reports, telexes, interoffice or intra-office communications, minutes of meetings, reports, studies, tests, and the underlying data of any reports, studies or tests, books or records of accounts, bank account records, checks, bank drafts, invoices, requisitions, microfilms, movies, slides, photographs, data stored in any computer media, computer runs or printouts, tabulations, charts, guides, outlines, summaries, abstracts, plans, drawings, specifications, blueprints, graphs, drafts and/or non-identical copies of any one or more of the foregoing, and copies of documents showing names of, or otherwise identifying, recipients whose names are not shown on the originals or on other copies, or material similar to any of the foregoing, however denominated and by whomever prepared and to whomever addressed. For the avoidance of doubt, the term "Documents" incorporates by reference the term "Communications," such that a request for any "Documents" responsive to an Interrogatory means that any "Communications" regarding or involving the requested subject matter should also be produced.

13.     The term "Employment Agreement" means the agreement that Gabehart executed on November 15, 2024, in his role as Competition Director for JGR.

14.     The term "identify," when used with respect to a Person, means to provide the Person's full name, mailing address, e-mail address, current role and employer, and the Person's role and employer at the time of the events described in the Amended Complaint.

15. The term "identify," when used with respect to a Document, means to state the date of the document; the date the document was created; the title of the document; the subject of the document; the custodian of the document; the author(s), sender(s), and recipient(s) of the document; and the location of the document on JGR's electronic systems.

16. The term "identify," when used with respect to a piece of Allegedly Misappropriated Information that is a Document, has the same meaning as the term "identify" when used with respect to a Document, as detailed in paragraph 16, with the additional requirement that You state the basis for JGR's claim that the Document is a trade secret or that it contains JGR's confidential information, and the JGR personnel to whom it was disseminated.

17. The term "identify," when used with respect to a piece of Allegedly Misappropriated Information that is Information not contained in a Document, means to state (a) the source of that Information; (b) the date(s) it was created; (c) JGR's basis for the claim that the Information is a trade secret or that it constitutes JGR's confidential information, and the JGR personnel to whom it was disseminated.

18. The terms "including," "includes," and "include" mean including, includes, and include without limitation. Under no circumstances should the use of any of the above words in any Interrogatory be construed to limit the scope of the Interrogatory.

19. The term "Litigation" means the lawsuit *Joe Gibbs Racing, LLC v. Gabehart, et al.,* Case No. 3:26-cv-00133-SCR-DCK, pending before this Court.

20. The term "Person" means a natural person or any entity viewed by the law as having legal personhood.

5

21.     The term "Proposed Second Amended Complaint" means JGR's proposed Second Amended Complaint filed in connection with JGR's Motion for Leave to Amend the Complaint in this Litigation on May 5, 2026.

22.     The terms "relating to," "related to," "concerning," and all thereof mean relating to, related to, referring to, reflecting, concerning, supporting, contradicting, undercutting, or pertaining to in any manner, logically, factually, indirectly, or directly to the matter discussed.

23.     To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the Interrogatory would indicate.

24.     The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

25.     Whenever a defined term is used, its definition as stated herein applies, regardless of whether the term capitalized or lowercased.

26.     The use of the past tense includes the present tense, and vice versa, as necessary to bring within the scope of each Interrogatory all responses that might otherwise be considered outside its scope.  Whenever a term is used in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

## INSTRUCTIONS

1.     Unless otherwise specified herein, the time period applicable to these Interrogatories is January 1, 2025, through the present.

2.     These Interrogatories call for all responsive information in Your possession, custody, or control.  Information within Your possession, custody, or control includes, but is not limited to, information in the possession, custody, or control of any of Your agents, attorneys, advisors, and representatives, or other person acting or purporting to act on Your or their behalf.

6

3.    Restate in full each Interrogatory, followed immediately by Your written response to the Interrogatory.  Separate answers should be given in response to each Interrogatory, and, if an Interrogatory has subdivisions, to each subdivision.

4.    If, in responding to any of these Interrogatories, You encounter any ambiguity in construing either the Interrogatory or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the Interrogatory.

5.    If You elect to answer any Interrogatory in the manner provided by Federal Rule of Civil Procedure 33(d), identify the Documents with specificity (by Bates number) and produce them.  All Documents should be produced in the manner, form, and position in which they are kept in the ordinary course of business and in the format specified in Spire's First Set of Requests for Production of Documents to JGR.

6.    If You elect to answer any Interrogatory in full, You should comply with the Interrogatory to the extent possible, with an explanation as to why full compliance is not possible.

7.    There Interrogatories are continuing in character and require supplementation.

8.    These Interrogatories do not seek, and should not be construed as seeking, information subject to a valid claim of privilege.  If privilege is claims with respect to any Document, Communication, or information otherwise required to be provided pursuant to these Interrogatories, state the following: (a) the legal and factual basis for the claim that such Document, Communication, or information is privileged; (b) the identity of the person who wrote the allegedly privileged Document or the person who made the allegedly privileged Communication or transmitted the allegedly privileged information; (c) the date of the allegedly privileged Document, Communication, or information; (d) the nature of the Document or Communication, if written

7

(e.g., memorandum, letter, note); and (f) the subject matter of the allegedly privileged Document, Communication, or information.

## INTERROGATORIES

**INTERROGATORY NO. 14:** Identify the specific amount of damages JGR believes it has incurred for each category of damages identified in JGR's response to Spire's Interrogatory No. 11.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify each NASCAR team, OEM, media outlet, or other third party, including any Spire employees, with whom You contend Jeff Dickerson, or any Person acting on behalf of Spire, communicated regarding any JGR Allegedly Misappropriated Information. For each such Communication:

(a) Identify the team, sponsor, OEM, media outlet, or third party;

(b) Identify all individuals involved in the Communication;

(c) State the date(s) and place(s) of the Communication;

(d) Describe, in detail, the content and subject matter of the Communication; and

(e) Identify the specific piece(s) of Allegedly Misappropriated Information that You contend was disclosed or discussed.

**ANSWER:**

**INTERROGATORY NO. 16:** Identify each NASCAR race, season result, championship outcome, or other competitive result that JGR contends was affected by Defendants' alleged acquisition, use, or disclosure of any Allegedly Misappropriated Information, and for each:

(a) Identify the event and date;

(b) Identify the specific Allegedly Misappropriated Information JGR contends was used;

(c) Describe, in detail, how JGR contends that information affected Spire's performance (including any changes in car setup, pit strategy, fuel strategy, or personnel decisions); and

(d) Identify any metrics or analyses (including lap times, finishing positions, pit stop times, or other performance data) JGR relies on to support that contention.

**ANSWER:**

**INTERROGATORY NO. 17:** Identify each sponsor, OEM, or other business partner that JGR contends reduced, terminated, or threatened to reduce or terminate its business with JGR as a result of any alleged act or omission by Defendants, and for each:

(a) Identify the sponsor, OEM, or partner and the specific JGR program(s) affected;

(b) Describe, in detail, the change in relationship (including any non-renewal, reduced spend, or changed terms), including effective dates;

(c) State the dollar amount of any reduction or loss JGR attributes to Defendants' alleged conduct; and

(d) Describe, in detail, each Communication or event JGR contends caused or contributed to that change, including who said what, to whom, and when.

**ANSWER:**

**INTERROGATORY NO. 18:** For each category of Allegedly Misappropriated Information identified in JGR's response to Spire's Interrogatory No. 2:

(a) Identify all third parties (including OEMs, technical-alliance partners, vendors, consultants, and sponsors) to whom JGR has disclosed that category of information since January 1, 2021;

(b) State whether any such third party was permitted to retain copies (electronic or hard copy) of that category of information; and

9

(c) Describe, in detail, any known incidents since January 1, 2021 in which that category of information was lost, mishandled, disclosed in error, or stored on personal devices or personal cloud-based accounts in a manner inconsistent with JGR's written policies.

**ANSWER:**

**INTERROGATORY NO. 19:** Identify each current or former JGR employee or contractor whom JGR contends was solicited, induced, or encouraged by Gabehart and/or Spire in violation of any contractual or legal duty, and for each:

(a) Provide the Person's name, title/role at JGR, and dates of employment;

(b) State whether the Person ultimately left JGR and, if so, the date and subsequent employer;

(c) Describe, in detail, the facts on which JGR bases its contention that the Person was solicited or induced (including dates, participants, and content of any Communications); and

(d) Identify each Document or Communication that supports that contention.

**ANSWER:**

**INTERROGATORY NO. 20:** Apart from the alleged misappropriation of JGR information and any alleged breaches of contract by Gabehart, Identify and Describe, in detail, each act, omission, or practice by Spire that JGR contends constitutes an "unfair or deceptive act or practice" under N.C. Gen. Stat. § 75-1.1, and for each:

(a) Identify the Person(s) with knowledge of the allegedly unfair or deceptive act or practice;

(b) Describe, in detail, the facts on which JGR bases its contention that the alleged act or practice was unfair or deceptive; and

(c) Identify each Document or Communication that supports that contention.

**ANSWER:**

10

**INTERROGATORY NO. 21:** State the factual basis for the allegation contained in Paragraph 129 of the Proposed Second Amended Complaint that "[a] Spire employee has informed a JGR employee that Gabehart is in charge of and/or significantly participating in Spire's competition strategy and decisions" and that "[e]mployees were instructed not to discuss the fact Gabehart is leading and/or participating in Spire's competition and strategy decisionmaking process outside of Spire," including by identifying: (1) the "Spire employee" referenced therein; (2) the "JGR employee" referenced therein; (3) the date(s) of the communication(s); (4) the method(s) of the communication(s); and (5) the specific substance of the communication(s).

**ANSWER:**

Dated: June 5, 2026.

By: */s/ Joshua D. Davey*

Joshua D. Davey
N.C. Bar No. 35246
Lawrence J. Cameron
N.C. Bar No. 41922
Troy C. Homesley, III
N.C. Bar No. 62148
**TROUTMAN PEPPER LOCKE LLP**
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
joshua.davey@troutman.com
lawrence.cameron@troutman.com
troy.homesley@troutman.com

John S. "Evan" Gibbs III – Pro Hac Vice
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
evan.gibbs@troutman.com

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served via electronic mail on June 5, 2026, upon the following:

Sarah F. Hutchins (NC Bar No. 38172)
Tory Ian Summey (NC Bar No. 46437)
Keith M. Weddington (NC Bar No. 14352)
Charles G. Middlebrooks (NC Bar No. 55171)
Madelyn R. Candela (NC Bar No. 63827)
PARKER POE ADAMS & BERNSTEIN LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 916-1503
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com

Danielle T. Williams (NC Bar No. 23283)
KING & SPAULDING LLP
300 S. Tryon St., Suite 1700
Charlotte, NC 28202
dwilliams@kslaw.com

Thomas M. Melsheimer – *pro hac vice*
Chad B. Walter – *pro hac vice*
Tracea Rice – *pro hac vice*
Alexandra Moore – *pro hac vice*
KING & SPAULDING LLP
2601 Olive St., Suire 2300
Dallas, TX 75201
tmelsheimer@kslaw.com
cwalker@kslaw.com
trice@kslaw.com
almoore@kslaw.com

*Attorneys for Plaintiff Joe Gibbs Racing, LLC*

Cary B. Davis (NC Bar No. 36172)
Spencer T. Wiles (NC Bar No. 53664)
William M. Miller (NC Bar No. 36946)
Anna Claire Tucker (NC Bar No. 59457)
ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon St., Suite 2300
Charlotte, NC 28202
cdavis@rbh.com
swiles@rbh.com
wmiller@rbh.com
atucker@rbh.com

*Attorneys for Defendant Chrisopher Gabehart*

/s/ Joshua D. Davey

12