# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Case No. 3:26-CV-00133-SCR-DCK

| | |
|---|---|
| JOE GIBBS RACING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC, <br><br> Defendants. | **PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SPIRE MOTORSPORTS II, LLC'S SECOND SET OF INTERROGATORIES** |

Plaintiff Joe Gibbs Racing, LLC ("JGR") hereby provides its supplemental responses and objections to Defendant Spire Motorsports II, LLC's ("Spire") Second Set of Interrogatories, dated June 5, 2026 (the "Interrogatories").

## GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections are incorporated into each specific objection and response as if fully set forth therein:

1. JGR's responses are based on information presently known to JGR after its diligent and best efforts to respond to Spire's Interrogatories based on the investigation it has conducted to date. There may be information relating to the subject matter of Spire's Interrogatories that JGR has not yet located, identified, or reviewed, despite JGR's diligent and best efforts to do so. Accordingly, JGR reserves the right to rely on facts, documents, or other information that may develop or subsequently come to its attention and to supplement the general and specific objections and responses to Spire's Interrogatories as required by the Federal Rules of Civil Procedure.

2. JGR objects to certain Interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege

1

or immunity from discovery. JGR hereby claims such privileges and protections and excludes privileged or protected information from its responses. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections. In the event that a response that is privileged or exempt from disclosure is provided by JGR, it will have been provided inadvertently and shall not constitute a waiver of applicable privileges and/or protections.

3.     JGR objects to the use of compound Interrogatories that include subparts that should be treated as distinct interrogatories for purposes of compliance with the Court's Scheduling Order. When each subpart is properly counted as a distinct interrogatory, Spire's total number of interrogatories far exceeds the limit of 25 interrogatories permitted by the Court.

4.     JGR objects to the definition of the term "Spire" in that it refers to Spire Motorsports, LLC rather than Spire Motorsports II, LLC, the Defendant named in JGR's Second Amended Complaint (Dkt. 95).

5.     JGR objects to each Interrogatory to the extent it seeks information irrelevant to the issues raised in this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise inconsistent with or enlarges upon the Federal Rules of Civil Procedure.

6.     JGR objects to the Interrogatories that constitute contention interrogatories on the basis that they are premature and do not require a response at this time.

7.     JGR objects to each Interrogatory to the extent it is vague, ambiguous, overbroad, unduly burdensome, oppressive, exceeds the bounds of the discovery limits set in this case, or otherwise not reasonably limited in time or scope, or not proportional to the needs of the case.

2

8.      JGR objects to each Interrogatory to the extent it requests information or materials not in JGR's possession, custody, or control, and not in the possession of persons or entities that are under JGR's control.

9.      JGR objects to each Interrogatory to the extent it requests information or materials that have already been provided to Spire or are in Spire's possession, custody, or control.

10.     JGR objects to each Interrogatory to the extent it is not limited in scope or in time and is therefore overbroad, unduly burdensome, and not proportional to the needs of the case.

11.     JGR objects to the definition of the terms "Plaintiff," "JGR," and "You" as overbroad and unduly burdensome in that it includes Joe Gibbs Racing, LLC's "present or former members, officers directors, shareholders, employees, or agents," as well as "agents, vendors, [and] independent contractors," which are not properly identified and so numerous as to impose a burden not required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Court Order. JGR further objects to the definition of the terms "Plaintiff," "JGR," and "You" as vague and ambiguous in that it circularly includes "agents, vendors, independent contractors engaged, or any entities engaged by You  to provide services to You."

12.     JGR objects to the definitions of "identify" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR will interpret "identify" within its ordinary meaning and understanding, and will provide sufficient information, to the extent known by JGR, to allow Gabehart to unambiguously ascertain the identity of the referenced document, individual, or entity.

13.     JGR objects to the definition of "relating to," "relate to," and "concerning" as overbroad and unduly burdensome in that it imposes a burden not required by the Federal Rules

3

of Civil Procedure. JGR will interpret "relating to," "relate to," and "concerning" within their normally understood and intended meanings.

14. JGR objects to the definition of the term "Trade Understanding" in that it refers to an understanding that JGR does not agree existed.

15. JGR objects to the defined term "Allegedly Misappropriated Information" in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown.

16. JGR objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR will interpret "Document" and "Communication" within their ordinary meaning and understanding and in accordance with the requirements of the Federal Rules of Civil Procedure.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 14:** Identify the specific amount of damages JGR believes it has incurred for each category of damages identified in JGR's response to Spire's Interrogatory No. 11.

**ANSWER:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Interrogatory as premature in that it seeks information regarding damages, the full extent of which are still being evaluated through discovery.

Subject to and without waiving the foregoing objections, JGR will supplement its response to this Interrogatory as discovery progresses, including by providing supporting expert testimony at the times and means established by the Court's Scheduling Order.

**INTERROGATORY NO. 15:** Identify each NASCAR team, OEM, media outlet, or other third party, including any Spire employees, with whom You contend Jeff Dickerson, or any Person acting on behalf of Spire, communicated regarding any JGR Allegedly Misappropriated Information. For each such Communication:

(a) Identify the team, sponsor, OEM, media outlet, or third party;

4

(b) Identify all individuals involved in the Communication;

(c) State the date(s) and place(s) of the Communication;

(d) Describe, in detail, the content and subject matter of the Communication; and

(e) Identify the specific piece(s) of Allegedly Misappropriated Information that You contend was disclosed or discussed.

**ANSWER:** Subject to and without waiving the foregoing General Objections, JGR responds as follows:

a)      **Justin Marks:** On Saturday, February 21, 2026, Dickerson sent a text message to Justin Marks, asking "If you have the pit crew figured out, your next choice is a) Chevy Data or b) JGR data we have both". Bill Anthony was included on the text thread. (MARKS-JGR-00003.)

b)      **Denny Hamlin:** In March 2026, Dickerson spoke with Denny Hamlin and denied that he had access to JGR's trade secrets.

JGR will supplement its response to this Interrogatory as discovery progresses, including by producing responsive business records under Rule 33(d) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify each NASCAR race, season result, championship outcome, or other competitive result that JGR contends was affected by Defendants' alleged acquisition, use, or disclosure of any Allegedly Misappropriated Information, and for each:

(a)      Identify the event and date;

(b)      Identify the specific Allegedly Misappropriated Information JGR contends was used;

(c)      Describe, in detail, how JGR contends that information affected Spire's performance (including any changes in car setup, pit strategy, fuel strategy, or personnel decisions); and

(d)      Identify any metrics or analyses (including lap times, finishing positions, pit stop times, or other performance data) JGR relies on to support that contention.

**ANSWER:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Interrogatory as premature in that it seeks information about the

PPAB 13962839v4

impact of Gabehart's activities before while discovery regarding the full scope of Gabehart's activities at Spire is ongoing.

Subject to and without waiving the foregoing objections, JGR answers that each race in the 2026 season was potentially impacted by Gabehart's use or disclosure of JGR's misappropriated trade secrets and confidential information and Gabehart's employment at Spire in violation of his noncompete obligations. Since hiring Gabehart, Spire has wrongfully received the benefit of his services with respective to its competitive activities and/or has received the benefit of JGR's confidential information and trade secrets that Gabehart misappropriated.

JGR reserves the right to supplement its response to this Interrogatory as discovery progresses, including by producing responsive business records under Rule 33(d) of the Federal Rules of Civil Procedure, and by providing supporting expert testimony at the times and means established by the Court's Scheduling Order.

**INTERROGATORY NO. 17**: Identify each sponsor, OEM, or other business partner that JGR contends reduced, terminated, or threatened to reduce or terminate its business with JGR as a result of any alleged act or omission by Defendants, and for each:

    (a)      Identify the sponsor, OEM, or partner and the specific JGR program(s) affected;

    (b)      Describe, in detail, the change in relationship (including any non-renewal, reduced spend, or changed terms), including effective dates;

    (c)      State the dollar amount of any reduction or loss JGR attributes to Defendants' alleged conduct; and

    (d)      Describe, in detail, each Communication or event JGR contends caused or contributed to that change, including who said what, to whom, and when..

**ANSWER:**    Subject to and without waiving the foregoing objections, JGR responds that the following sponsors, OEMs, and other business partners reduced, terminated, or threatened to reduce or terminate their business with JGR as a result of the acts or omissions of Defendants:

Subject to and without waiving the foregoing objections, JGR responds that, after a reasonable inquiry, it does not presently identify any specific sponsor, OEM, or other business partner that

6

has reduced, terminated, or threatened to reduce or terminate its business with JGR as a result of the acts or omissions of Defendants.

JGR further states that its sponsorship, OEM, and other commercial relationships are governed by negotiated agreements with detailed and often lengthy terms. JGR reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

JGR's investigation is ongoing as discovery in this matter continues, and JGR reserves the right to supplement this response as additional information becomes available through the discovery process.

**INTERROGATORY NO. 18:** For each category of Allegedly Misappropriated Information identified in JGR's response to Spire's Interrogatory No. 2:

(a) Identify all third parties (including OEMs, technical-alliance partners, vendors, consultants, and sponsors) to whom JGR has disclosed that category of information since January 1, 2021;

(b) State whether any such third party was permitted to retain copies (electronic or hard copy) of that category of information; and

(c) Describe, in detail, any known incidents since January 1, 2021 in which that category of information was lost, mishandled, disclosed in error, or stored on personal devices or personal cloud-based accounts in a manner inconsistent with JGR's written policies.

**ANSWER:** In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Interrogatory as overbroad and unduly burdensome, especially with respect to the requested time period, which extends more than five years prior to the start of this action.

Subject to and without waiving the foregoing objections, JGR answers as follows:

| Category of Information | Third Parties with Access | Allowed to Retain Copies | Incidents |
|---|---|---|---|
| Race-strategy information (car-setup parameters, recommended gear-shift points, real-time | Toyota Racing Development, 23XI Racing, and Legacy Motor Club | Yes, subject to terms of confidentiality agreements. | *See* JGR's Supplemental Response to Spire's First Set of Interrogatories, Interrogatory No. 6, for information about Jeffrey Curtis. |

PPAB 13962839v4

| Category of Information | Third Parties with Access | Allowed to Retain Copies | Incidents |
|---|---|---|---|
| performance-evaluation processes, and tire sorting and selection methodology) | | | |
| Post-race audits and analyses | Toyota Racing Development and, to the extent applicable, JGR's allied teams (23XI Racing and Legacy Motor Club) | Yes, subject to terms of confidentiality agreements. | *See* JGR's Supplemental Response to Spire's First Set of Interrogatories, Interrogatory No. 6, for information about Jeffrey Curtis. |
| Cost-saving techniques for pre- and post-race equipment transportation (hauler logistics) | Not shared with third parties. | N/A | None. |
| Compensation information, including race-team incentive-compensation structures | Not shared with third parties. | N/A | None. |
| Business-arrangement information, including revenues and terms associated with JGR's sponsors and partners | Shared with the applicable sponsor or partner counterparties under the confidentiality terms of the governing agreements. | Yes, subject to terms of confidentiality agreements. | None. |
| Negative know-how (approaches, strategies, and setups that JGR's research, testing, and competition have shown not to work) | Not shared with third parties. | N/A | *See* JGR's Supplemental Response to Spire's First Set of Interrogatories, Interrogatory No. 6, for information about Jeffrey Curtis. |

8

JGR's investigation is ongoing as discovery in this matter continues, and JGR reserves the right to supplement this response as additional information becomes available through the discovery process.

**INTERROGATORY NO. 19:** Identify each current or former JGR employee or contractor whom JGR contends was solicited, induced, or encouraged by Gabehart and/or Spire in violation of any contractual or legal duty, and for each:

    (a)    Provide the Person's name, title/role at JGR, and dates of employment;

    (b)    State whether the Person ultimately left JGR and, if so, the date and subsequent employer;

    (c)    Describe, in detail, the facts on which JGR bases its contention that the Person was solicited or induced (including dates, participants, and content of any Communications); and

    (d)    Identify each Document or Communication that supports that contention.

**ANSWER:**    Subject to and without waiving the foregoing General Objections, JGR answers that Charles "Winky" Donaldson left his employment at JGR and began working for Spire in January 2026. Donaldson's departure from JGR and hiring by Spire coincides with Gabehart's discussions with and ultimate hiring by Spire.

JGR's investigation is ongoing as discovery in this matter continues, and JGR reserves the right to supplement this response as additional information becomes available through the discovery process.

**INTERROGATORY NO. 20:** Apart from the alleged misappropriation of JGR information and any alleged breaches of contract by Gabehart, Identify and Describe, in detail, each act, omission, or practice by Spire that JGR contends constitutes an "unfair or deceptive act or practice" under N.C. Gen. Stat. § 75-1.1, and for each:

    (a)    Identify the Person(s) with knowledge of the allegedly unfair or deceptive act or practice;

    (b)    Describe, in detail, the facts on which JGR bases its contention that the alleged act or practice was unfair or deceptive; and

9

(c)    Identify each Document or Communication that supports that contention.

**ANSWER:**    In addition to the foregoing General Objections, which are incorporated herein by reference, JGR objects to this Interrogatory as premature in that it seeks information about Spire's while discovery is ongoing. JGR further objects to the use of the defined term "identify" to the extent it imposes a burden not required by the Federal Rules of Civil Procedure, and will interpret "identify" within its ordinary meaning and understanding. JGR further objects to the definition of the term "JGR" for the reasons stated in General Objection No. 11.

Subject to and without waiving the foregoing objections, JGR answers as follows:

a)    Jeffrey Dickerson; Bill Anthony; Christopher Gabehart.

b)    Spire's knowing and intentional inducement of Gabehart to breach the restrictive covenants in his Employment Agreement with JGR.

c)    Without limitation, see:

- Declaration of Eric Schaffer (Dkt. 35-5)
- Declaration of Bill Anthony (Dkt. 45-3)
- McCall_0042
- GABEHART00048
- GABEHART00106
- GABEHART00127
- GABEHART00189
- GABEHART00192
- GABEHART00195-207
- GABEHART00212-14
- GABEHART00218-20
- GABEHART00220-21
- GABEHART00223-25
- GABEHART00232
- GABEHART00239-51
- GABEHART00252-263
- GABEHART00264
- GABEHART00265-66
- GABEHART00280-82
- GABEHART00287
- GABEHART00290
- GABEHART00292

PPAB 13962839v4

- GABEHART00296
- GABEHART00298
- GABEHART00310
- GABEHART00343-54
- GABEHART00356
- GABEHART00359-70
- GABEHART00371-77
- GABEHART00382-85
- GABEHART00387
- GABEHART00390-94
- GABEHART00398-99
- GABEHART00402-04
- GABEHART00424
- GABEHART00430
- GABEHART00432
- GABEHART00433
- GABEHART00470-82
- GABEHART00550-53
- SPIRE_0000001–SPIRE_0000001
- SPIRE_0000002–SPIRE_0000014
- SPIRE_0000015–SPIRE_0000029
- SPIRE_0000030–SPIRE_0000030
- SPIRE_0000031–SPIRE_0000032
- SPIRE_0000033–SPIRE_0000034
- SPIRE_0000035–SPIRE_0000036
- SPIRE_0000037–SPIRE_0000037
- SPIRE_0000038–SPIRE_0000050
- SPIRE_0000051–SPIRE_0000065
- SPIRE_0000066–SPIRE_0000066
- SPIRE_0000067–SPIRE_0000068
- SPIRE_0000069–SPIRE_0000081
- SPIRE_0000082–SPIRE_0000083
- SPIRE_0000084–SPIRE_0000096
- SPIRE_0000097–SPIRE_0000097
- SPIRE_0000098–SPIRE_0000110
- SPIRE_0000111–SPIRE_0000123
- SPIRE_0000124–SPIRE_0000124
- SPIRE_0000125–SPIRE_0000130
- SPIRE_0000131–SPIRE_0000131
- SPIRE_0000132–SPIRE_0000133
- SPIRE_0000134–SPIRE_0000147
- SPIRE_0000148–SPIRE_0000161
- SPIRE_0000162–SPIRE_0000163

11

- SPIRE_0000164–SPIRE_0000176
- SPIRE_0000177–SPIRE_0000178
- SPIRE_0000179–SPIRE_0000179
- SPIRE_0000223–SPIRE_0000278
- SPIRE_0000330–SPIRE_0000330
- SPIRE_0000331–SPIRE_0000331
- SPIRE_0000332–SPIRE_0000332
- SPIRE_0000333–SPIRE_0000333
- SPIRE_0000334–SPIRE_0000334
- SPIRE_0000335–SPIRE_0000335
- SPIRE_0000336–SPIRE_0000336
- SPIRE_0000337–SPIRE_0000337
- SPIRE_0000338–SPIRE_0000338
- SPIRE_0000339–SPIRE_0000339
- SPIRE_0000340–SPIRE_0000340
- SPIRE_0000341–SPIRE_0000341
- SPIRE_0000342–SPIRE_0000354
- SPIRE_0000355–SPIRE_0000369
- SPIRE_0000370–SPIRE_0000370
- SPIRE_0000371–SPIRE_0000372
- SPIRE_0000373–SPIRE_0000374
- SPIRE_0000375–SPIRE_0000376
- SPIRE_0000377–SPIRE_0000378
- SPIRE_0000379–SPIRE_0000379
- SPIRE_0000380–SPIRE_0000392
- SPIRE_0000393–SPIRE_0000407
- SPIRE_0000408–SPIRE_0000408
- SPIRE_0000409–SPIRE_0000410
- SPIRE_0000411–SPIRE_0000423
- SPIRE_0000424–SPIRE_0000425
- SPIRE_0000426–SPIRE_0000438
- SPIRE_0000439–SPIRE_0000439
- SPIRE_0000440–SPIRE_0000452
- SPIRE_0000453–SPIRE_0000465
- SPIRE_0000466–SPIRE_0000467
- SPIRE_0000468–SPIRE_0000468
- SPIRE_0000469–SPIRE_0000474
- SPIRE_0000475–SPIRE_0000475
- SPIRE_0000476–SPIRE_0000477
- SPIRE_0000478–SPIRE_0000491
- SPIRE_0000492–SPIRE_0000505
- SPIRE_0000506–SPIRE_0000507
- SPIRE_0000508–SPIRE_0000520

12

- SPIRE_0000521–SPIRE_0000522
- SPIRE_0000523–SPIRE_0000523

JGR's investigation is ongoing as discovery in this matter continues, and JGR reserves the right to supplement this response as additional information becomes available through the discovery process.

**INTERROGATORY NO. 21:** State the factual basis for the allegation contained in Paragraph 129 of the Proposed Second Amended Complaint that "[a] Spire employee has informed a JGR employee that Gabehart is in charge of and/or significantly participating in Spire's competition strategy and decisions" and that "[e]mployees were instructed not to discuss the fact Gabehart is leading and/or participating in Spire's competition and strategy decisionmaking process outside of Spire," including by identifying: (1) the "Spire employee" referenced therein; (2) the "JGR employee" referenced therein; (3) the date(s) of the communication(s); (4) the method(s) of the communication(s); and (5) the specific substance of the communication(s).

**ANSWER:** Subject to and without waiving the foregoing General Objections, JGR answers as follows:

During the 2026 NASCAR Cup Series, JGR personnel observed Gabehart being located in areas consistent with and appearing to work on competition related issues for the NASCAR Cup Series. Documents produced by Spire and Gabehart during discovery have disclosed that Gabehart was involved in competition related issues and that Spire employees were instructed to not speak about the lawsuit. *See e.g.* GABEHART00222, GABEHART00290, GABEHART00343-54, GABEHART00359-70, GABEHART00379, GABEHART00406, GABEHART00407, GABEHART00424, GABEHART00550, GABEHART00558, SPIRE0000537, SPIRE0000542,

PPAB 13962839v4

SPIRE0000543, SPIRE0000547, SPIRE0000548, SPIRE0000552, SPIRE0000758, SPIRE0000775, SPIRE0000815.

JGR is not in possession of any additional nonprivileged information responsive to this request.

This the 16th day of July, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Tory Ian Summey
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Kevin Marshall
N.C. Bar No. 50856
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
kevinmarshall@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

**KING & SPALDING LLC**

Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

*Attorneys for Joe Gibbs Racing, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date the foregoing **PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SPIRE MOTORSPORTS, LLC'S SECOND SET OF INTERROGATORIES** was served upon all counsel of record via email.

This the 16th day of July, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Tory Ian Summey
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Kevin Marshall
N.C. Bar No. 50856
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
kevinmarshall@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*

15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### CHARLOTTE DIVISION
### Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,

     Plaintiff,

v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS, LLC,

     Defendants.

**VERIFICATION**

     I, **Dave Alpern,** being first duly sworn, depose and say that I am President of Plaintiff Joe Gibbs Racing, LLC, and that I have read the foregoing Plaintiff's Supplemental Responses and Objections to Defendant Spire Motorsports LLC's Second Set of Interrogatories, and, after reasonable inquiry and search, verify that the contents thereof are true and accurate to the best of my knowledge, except as to those matters and things therein set forth upon information and belief, and as to those matters and things I believe them to be true.

     I declare under penalty of perjury that the foregoing is true and correct.

_____
Dave Alpern

This 16th day of July, 2026.