JOE GIBBS RACING, LLC,

      Plaintiff,

v.

CHRISTOPHER GABEHART and SPIRE
MOTORSPORTS II, LLC,

      Defendants.

Case No. 3:26-cv-00133-SCR-DCK

## SPIRE'S MEMORANDUM OF LAW IN OPPOSITION TO JGR'S MOTION TO SEAL MEMORANDUM AND EXHIBITS TO ITS MOTION TO COMPEL THE PRODUCTION OF ESSENTIAL TECHNICAL DOCUMENTS

Pursuant to Local Rule 6.1, Defendant Spire Motorsports II, LLC ("Spire") submits this Memorandum of Law in Opposition to JGR's Motion to Seal Memorandum and Exhibits to its Motion to Compel the Production of Essential Technical Documents, Dkt. 121.

## INTRODUCTION

The public and the press enjoy a strong presumption, grounded in both the common law and the First Amendment, that materials filed with this Court will be publicly available. That presumption may be overcome only upon a showing that countervailing interests heavily outweigh the public's right of access. JGR nonetheless seeks to seal fourteen exhibits in their entirety, even though eight of those documents—including routine discovery requests, interrogatory responses, and email correspondence between counsel—carry no confidentiality designation and contain no trade secrets, proprietary business information, or other material that could conceivably justify departing from the presumption of public access. While Spire does not oppose sealing of the limited exhibits that legitimately reflect confidential business and financial information, JGR has made no effort to satisfy its burden under Rule 26(c) or the good-cause and compelling-interest

1

standards that this Circuit requires before the remaining, plainly non-confidential documents may be shielded from public view. Because JGR's blanket sealing request sweeps far beyond what the law permits, Spire respectfully requests that the Court grant the Motion to Seal only as to some of the properly designated exhibits and deny it in all other respects.

## BACKGROUND

On July 18, 2026, JGR filed the instant Motion to Seal in connection with its Motion to Compel the Production of Essential Technical Documents. Dkt. 121. In that filing, JGR moved to seal fourteen exhibits in their entirety, and submitted Exhibit A, Exhibit F-1, Exhibit F-2, Exhibit F-3, Exhibit F-4, and Exhibit J in camera with the Court. Those six exhibits submitted in camera consist of documents JGR has designated "HIGHLY CONFIDENTIAL – OCO," or which otherwise contain screenshots of information bearing that designation under the Amended Protective Order, Dkt. 124. The remaining eight documents JGR seeks to seal carry no such designation. Those documents are:

- **Exhibit B** – Plaintiff Joe Gibbs Racing, LLC's First Set of Requests for Production to Defendant Spire Motorsports II, LLC dated May 12, 2026
- **Exhibit E** – Email dated June 29, 2026, from T. Homesley to C. Walker et al.
- **Exhibit G** – Plaintiff's Supplemental Responses and Objections to Defendant Spire Motorsports II, LLC's First Set of Interrogatories dated July 1, 2026 - Filed Under Seal
- **Exhibit H** – Email dated July 10, 2026, from T. Hinojosa to T. Homesley et al. - Filed Under Seal
- **Exhibit I** – Defendant Spire Motorsports II, LLC's Responses and Objections to Plaintiff JGR's First Set of Interrogatories dated June 29, 2026
- **Exhibit L** – Responses to Plaintiff Joe Gibbs Racing, LLC's First Set of Interrogatories to Defendant Christopher Gabehart dated June 29, 2026
- **Exhibit M** – Email dated June 24, 2026, from T. Homesley to C. Walker et al.
- **Exhibit K** – Document bates stamped as Spire_0001441

Dkt. 119-1, pp. 1–2.

## LEGAL STANDARD

"There is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." *Goodman v. Moose*, 2024 WL 4761389, at *5

(W.D.N.C. Nov. 12, 2024). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe v. Public Citizen*, 749 F.3d 246, 265–65 (4th Cir. 2014) (citation omitted). When a party moves to seal, courts must: (1) provide public notice and a reasonable opportunity to object, (2) consider less drastic alternatives, and (3) if the motion is granted, provide the factual findings and reasons in support of doing so. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also Blue Sky Endeavors, LLC v. Henderson Cnty. Hospital Corp.*, 2024 WL 4438670, at *2 (W.D.N.C. Oct. 7, 2024).

Where a party seeks to seal discovery requests or responses for a non-dispositive motion filing, courts require the moving party to show good cause under Rule 26(c)—that is, that sealing is necessary to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c); *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *10 (M.D.N.C. Apr. 2, 2010). The mere existence of a protective order, standing alone, does not warrant sealing. *Blue Sky Endeavors, LLC*, 2025 WL 4438670, at *2; *Legal Newsline v. Garlock Sealing Techs. LLC*, 518 B.R. 358, 363 (W.D.N.C. 2014).

## ARGUMENT

As explained below, Spire opposes any in camera submission of JGR's exhibits, *infra* Part A. While Spire agrees that Exhibit F-1, Exhibit F-2, and Exhibit K are properly filed under seal because they can arguably reflect JGR's confidential financial and business information, *infra* Part B, the remaining exhibits should either be unsealed in their entirety, *infra* Part C, or, as to Exhibit A, redacted rather than sealed in full, *infra* Part D.

**A.      Spire Opposes Any In Camera Submission of JGR's Exhibits**

Spire opposes JGR's submission of any exhibit to its Motion to Compel in camera.  This Court has already denied JGR's request to prohibit the inclusion of excerpts or quotations of alleged trade secret material in pleadings, exhibits, expert reports, or other court filings, explaining that only "something that's really… the secret sauce" warrants in camera treatment.  July 15, 2026, Telephonic Hearing, 57:1-3.  The Court's rationale was practical:  in camera submissions burden the Court with the obligation "to keep copies," particularly because "the AO… does not have a document system."  *Id.* at 15:18-22.  Not a single document JGR submitted in camera qualifies as the "secret sauce" the Court contemplated, and none warrants imposing that burden here.

**B.      Spire Agrees That Exhibit F-1, Exhibit F-2, and Exhibit K Are Properly Filed Under Seal**

Although Spire disputes that any of the documents JGR attached to its Motion to Compel are trade secrets under applicable law, Spire agrees that Exhibit F-1, Exhibit F-2, and Exhibit K are properly filed under seal.  Federal courts in North Carolina permit sealing of confidential financial and business information upon a proper request.  *See Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291–92 (W.D.N.C. 2019) (sealing portions of deposition testimony that discuss sensitive corporate business strategies and financial data); *Trapp v. Suntrust Bank*, No. 1:15-CV-937-CCE, 2016 WL 6833986 at *4 (M.D.N.C. Nov. 18, 2016) (granting a motion to seal a bank's confidential financial records that contain sensitive business information).  Because the information in these three exhibits can reasonably be classified as JGR's confidential business information, Spire does not oppose their sealing.

**C.      The Remaining Documents Should Not Be Filed Under Seal**

Given the exacting standard governing sealing and the First Amendment interests at stake, the remaining exhibits JGR attached to its Motion to Compel should not be sealed in their entirety.

4

Exhibit B, Exhibit G, Exhibit I, and Exhibit L are all discovery requests or discovery responses. Exhibit B is JGR's First Set of Requests for Production of Documents to Spire; Exhibit G is JGR's First Supplemental Responses to Spire's First Interrogatories; and Exhibit I and Exhibit L are Spire's and Gabehart's respective Responses to JGR's First Set of Interrogatories. Discovery requests and responses are not inherently sensitive, and while such documents filed with a non-dispositive motion do not carry the same right of public access as other documents, the party seeking to seal them must still satisfy Rule 26(c)'s good-cause standard. *Kinetic Concepts, Inc*, 2010 WL 1418312, at *10. JGR offers no basis for sealing any of these documents under that standard, and disclosure of none of them would cause annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Nor do any of these documents contain confidential financial or business information, trade secrets, or other confidential material. *See Jones*, 402 F. Supp. 3d at 291–92; *Trapp*, 2016 WL 6833986 at *4. These documents should not be filed under seal.

Exhibit E, Exhibit H, and Exhibit M are all emails between outside counsel for JGR and Spire. Exhibit E is a June 29, 2026, email from Troy Homesley to C. Walker and others. Exhibit H is a July 10, 2026, email from Taylor Hinojosa to Troy Homesley and others. Exhibit M is a June 24, 2026, email from Troy Homesley to C. Walker and others. None of these emails contain trade secrets, confidential business information, or financial information, and JGR offers no basis whatsoever for sealing them, so the public's right of access should prevail. *Doe*, 749 F.3d at 265.

Exhibit F-3 is a document JGR placed in the virtual clean room—a screenshot of an underbody scan with the filename Screenshot_20240809_204921_OneNote.jpg. Taken on August 9, 2024, the screenshot contains no information indicating whether it depicts a JGR car, whether it is even a NASCAR Cup Series car, what race it relates to, or any other identifying detail. The

screenshot simply contains nothing that could support JGR's claim that it constitutes a trade secret or confidential information. The public's right of access should therefore prevail. *Doe*, 749 F.3d at 265.

Exhibit F-4 and Exhibit J are the same document—an Excel spreadsheet compiling publicly available statistics and observations from race weekends, identified by the filename 2026 CG Master.xlsx and previously seen by the Court. Setting aside that this document is facially not a JGR trade secret, it does not, as filed, contain any JGR information at all; rather, it contains public NASCAR information and Spire information. The only material JGR contends belongs to it consists of comments that must be expanded in the native file to even be viewed. The public's right of access should therefore prevail. *Doe*, 749 F.3d at 265.

### D. Exhibit A Should Be Redacted, Not Sealed

Exhibit A is an email from Troy Homesley to Taylor Hinojosa—outside counsel for Spire and JGR, respectively—that contains two screenshots of documents JGR placed in the virtual clean room. Those screenshots are discrete images, wholly separate from the text of the email itself. Setting aside that neither screenshot is, on its face, a trade secret, the appropriate remedy is redaction, not wholesale sealing: the screenshots should be redacted and the remainder of the email placed on the public docket, consistent with the presumption favoring public access to court filings. *Doe*, 749 F.3d at 265.

### CONCLUSION

For the foregoing reasons, Spire respectfully requests that the Court grant in part and deny in part JGR's Motion to Seal Memorandum and Exhibits to its Motion to Compel the Production of Essential Technical Documents, sealing only those exhibits properly entitled to protection and unsealing the remainder consistent with the public's right of access.

Dated: July 31, 2026.

By: */s/ Joshua D. Davey*

Joshua D. Davey (N.C. Bar No. 35246)
Jason D. Evans (N.C. Bar No. 27808)
Lawrence J. Cameron (N.C. Bar No. 41922)
Troy C. Homesley, III (N.C. Bar No. 62148)
Anais M. Jaccard (N.C. Bar No. 58438)
Ben E. Whorf (N.C. Bar No. 64279)
TROUTMAN PEPPER LOCKE LLP
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
joshua.davey@troutman.com
lawrence.cameron@troutman.com
troy.homesley@troutman.com
anais.jaccard@troutman.com
ben.whorf@troutman.com

John S. "Evan" Gibbs III – Pro Hac Vice
TROUTMAN PEPPER LOCKE LLP
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
evan.gibbs@troutman.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 31, 2026, I filed the foregoing Spire's Memorandum of Law in Opposition to JGR's Motion to Seal Memorandum and Exhibits to its Motion to Compel the Production of Essential Technical Documents through the Court's ECF system, which will serve all counsel of record.

Dated: July 31, 2026.

*/s/ Joshua D. Davey*