**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-CV-133-SCR-DCK**

| | | |
|---|---|---|
| JOE GIBBS RACING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER GABEHART and | ) | |
| SPIRE MOTORSPORTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant "Spire's Motion To Seal Certain Exhibits Attached To The Declaration Of Joshua Davey Offered In Support Of Spire's Opposition To JGR's Motion To Supplement The Protective Order" (Document No. 103) filed July 10, 2026, and Defendant "Spire's Amended Motion To Seal Certain Exhibits Attached To The Declaration Of Joshua Davey Offered In Support Of Spire's Opposition To JGR's Motion To Supplement The Protective Order" (Document No. 113) filed July 15, 2026.

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will <u>grant</u> the motions in part and <u>deny</u> the motions in part.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**

(a) *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict

public access to, any materials filed with the Court or used in connection with judicial decision-making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** ***Filing under Seal***. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** ***Motion to Seal or Otherwise Restrict Public Access***. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;

**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

By the instant motion(s) Defendant Spire Motorsports II, LLC ("Spire") seeks to seal Exhibits D, E, F, and G to the "Declaration Of Joshua D. Davey" (Document No. 103-1). (Document Nos. 103 and 113); see also (Document Nos. 103-5, 103-6, 103-7, 103-8, 104-4, 104-5, 104-6, and 104-7). Spire's original motion to seal does not comply with LCvR 7.1(b). See (Document No. 103). Spire's amended motion to seal indicates that its counsel emailed counsel for Joe Gibbs Racing, LLC ("JGR"), but received no response. (Document No. 113, p. 4). Spire then stated that it was its "understanding that JGR consents to the relief requested in this Motion." Id.

"Plaintiff Joe Gibbs Racing, LLC's Response To Spire's Amended Motion To Seal Certain Exhibits Attached To The Declaration Of Joshua Daved Offered In Support Of Spire's Opposition

2

To JGR's Motion To Supplement The Protective Order" (Document No. 129) was filed on July 29, 2026.  Plaintiff's Response indicates that counsel for the Parties actually conferred on July 29, 2026, and that "Spire's counsel agreed to JGR's request that Exhibit G remain under seal and the remaining exhibits be filed unsealed."  (Document No. 129, p. 3).  Having considered the factors provided in LCvR 6.1(c), and noting the Parties' apparent agreement, the Court will grant the motion to seal in part.

The Parties are respectfully reminded that they must confer *before* filing a motion for relief. See LCvR 7.1(b).  Moreover, the undersigned finds that consultation is generally more efficient and productive when conducted via some "live" form of communication instead of email.  It appears that in this instance significant time and resources of the Parties and the Court could have been saved if the Parties had properly conferred before July 10, 2026.

**IT IS, THEREFORE, ORDERED** that "Spire's Motion To Seal Certain Exhibits Attached To The Declaration Of Joshua Davey Offered In Support Of Spire's Opposition To JGR's Motion To Supplement The Protective Order" (Document No. 103) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Spire's Amended Motion To Seal Certain Exhibits Attached To The Declaration Of Joshua Davey Offered In Support Of Spire's Opposition To JGR's Motion To Supplement The Protective Order" (Document No. 113) is **GRANTED in part** and **DENIED in part**.  Based on the Parties' agreement on July 29, 2026, Document Nos. 104, 104-1, 104-2, 104-3, 104-4, 104-5, and 104-6 shall be **UNSEALED**.  Exhibit G (Document No. 104-7) shall be **SEALED** and remain under **SEAL** until otherwise ordered by this Court.

**SO ORDERED**.                    Signed: July 31, 2026

_____

David C. Keesler
United States Magistrate Judge