**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-CV-00133-SCR-DCK**

| | |
|---|---|
| **JOE GIBBS RACING, LLC,** | |
| **Plaintiff,** | |
| **v.** | **DEFENDANT CHRISTOPHER GABEHART'S MOTION TO COMPEL TOYOTA RACING DEVELOPMENT, U.S.A., INC.** |
| **CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,** | |
| **Defendants.** | |

Pursuant to Federal Rule of Civil Procedure 45, Defendant Christopher Gabehart ("Mr. Gabehart"), by and through his undersigned counsel, moves this Court to compel Toyota Racing Development, U.S.A., Inc. ("TRD") to produce documents responsive to the subpoena served on May 15, 2026. The parties completed the Court's informal discovery dispute process before Judge Keesler, without resolution. (ECF 106). TRD's counsel informed Judge Keesler that TRD would not agree to produce documents absent an order compelling it to do so.[1] In support of this motion, Mr. Gabehart states:

1. On May 15, 2026, Mr. Gabehart served a subpoena on TRD seeking documents and communications relating to: (1) Mr. Gabehart's separation from JGR; (2) Mr. Gabehart's employment with Spire Motorsports, LLC ("Spire"); (3) contemplated or anticipated litigation against Mr. Gabehart and/or Spire; (4) JGR's alleged trade secrets and confidential information; (5) discussions with NASCAR teams or other third parties about Mr. Gabehart or Spire; (6)

---

[1] TRD did produce correspondence between JGR's counsel and TRD executive Andy Graves relating to Mr. Graves' declaration filed in support of JGR's preliminary injunction motion.

contracts and technical support agreements between JGR and TRD; and (7) communications relating to the contracts between JGR and TRD. These categories are narrowly tailored to the issues in this litigation and limited to documents from October 1, 2025, to the present.

2. On June 1, 2026, TRD served written objections refusing to produce any documents in response to the subpoena. TRD's objections are generalized and conclusory, asserting that the requests are overbroad, unduly burdensome, not proportional to the needs of the case, and seek confidential or privileged information.

3. Counsel for Mr. Gabehart engaged in good-faith meet-and-confer efforts with TRD's counsel, including a telephone conference on June 8, 2026, and offered several modifications to narrow the scope of the subpoena, including: (a) limiting searches to specific custodians (Andy Graves, Jack Irving, Slugger Labbe, and Tyler Gibbs); (b) withdrawing Request 7 (communications relating to contracts); and (c) agreeing to withdraw Request 4 (trade secret documents). Mr. Gabehart also agreed that documents produced in response to the subpoena may be designated at any tier under the Protective Order and proposed permitting TRD to redact irrelevant confidential sponsorship and financial terms.

4. Despite these efforts, TRD has refused entirely to provide any documents or communications, other than those with JGR's counsel, stating only that it "stands on its objections" in response to each request.

5. Counsel for Mr. Gabehart has conferred with TRD's counsel about the subject of this motion in an attempt to reach agreement without Court intervention. Despite the good-faith efforts outlined above, TRD has refused to produce any documents or engage in meaningful discussions regarding its obligations under the subpoena.

6. On July 8, 2026, the Court scheduled an informal discovery conference. Both

parties submitted letter briefs to Judge Keesler on July 10, 2026, and participated in a telephonic conference on July 13, 2026. The parties were unable to reach a resolution in light of TRD's refusal to produce documents unless so ordered by the Court.

**WHEREFORE**, pursuant to Federal Rule of Civil Procedure 45, Mr. Gabehart respectfully moves the Court for an order:

(a) compelling TRD to produce documents responsive to the subpoena served on May 15, 2026;

(b) ordering TRD to pay Mr. Gabehart's reasonable expenses, including attorneys' fees, incurred in making this motion pursuant to Federal Rule of Civil Procedure 37(a)(5); and

(c) awarding Mr. Gabehart such other relief as the Court deems just and proper.

This the 14th day of August, 2026.

*/s/ Cary B. Davis*
Cary B. Davis
N.C. Bar No. 36172
cdavis@rbh.com

Spencer T. Wiles
N.C. Bar No. 53664
swiles@rbh.com

William M. Miller
N.C. Bar No. 36946
wmiller@rbh.com

Anna Claire Tucker
N.C. Bar No. 59457
atucker@rbh.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536

*Attorneys for Defendant Christopher Gabehart*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day the foregoing has been filed electronically via the Court's CM/ECF system, which will send notification of filing to all counsel of record.

This the 14th day of August, 2026.

/s/ *Cary B. Davis*
Cary B. Davis