# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-cv-00133-SCR-DCK

JOE GIBBS RACING, LLC, )
)
Plaintiff, )
)
vs. )
)
CHRISTOPHER GABEHART and )
SPIRE MOTORSPORTS, LLC, )
)
Defendants. )
___________________________________/

VIDEOTAPED DEPOSITION OF JEFFREY DICKERSON
(Taken by Plaintiff)
Charlotte, North Carolina
Wednesday, July 29th, 2026

Certified Stenographic Court Reporter
Amy A. Brauser, RPR, RMR, CRR

APPEARANCES

ON BEHALF OF THE PLAINTIFF JOE GIBBS RACING, LLC:

THOMAS M. MELSHEIMER, Esquire
BRIAN NISBET, Esquire (Chicago office)
DANIELLE T. WILLIAMS, Esquire (via Zoom)
TRACEA RICE, Esquire (via Zoom)
MARY KATHERINE KENNEDY, Esquire (via Zoom)
King & Spalding LLP
2601 Olive Street, Suite 2300
Dallas, Texas 75201
(214) 764-4446
tmelsheimer@kslaw.com
bnisbet@kslaw.com
dwilliams@kslaw.com
trice@kslaw.com
mkennedy@kslaw.com

(and)

KEITH M. WEDDINGTON, Esquire
SARAH F. HUTCHINS, Esquire (via Zoom)
Parker Poe Adams & Bernstein LLP
620 South Tyron Street, Suite 800
Charlotte, North Carolina 28202
(704) 335-9035
keithweddington@parkerpoe.com
sarahhutchins@parkerpoe.com

ON BEHALF OF THE DEFENDANT SPIRE MOTORSPORTS, LLC AND THE WITNESS:

JOSHUA D. DAVEY, Esquire
TROY C. HOMESLEY, Esquire
JENNA M. WHITE, Esquire
Troutman Pepper Locke LLP
301 South College Street, 34th Floor
Charlotte, North Carolina 28202
(704) 916-1503
joshua.davey@troutman.com
troy.homesley@troutman.com
jenna.white@troutman.com

APPEARANCES (Con't)

ON BEHALF OF THE DEFENDANT CHRISTOPHER GABEHART:

CARY B. DAVIS, Esquire
Robinson, Bradshaw & Hinson, P.A.
600 South Tyron Street, Suite 2300
Charlotte, North Carolina 28202
(704) 377-838386
cdavis@rbh.com

ALSO PRESENT:

David Cooper, Videographer
Eric Schaffer, Joe Gibbs Racing

VIDEOTAPED DEPOSITION OF JEFFREY DICKERSON, a witness called on behalf of Plaintiff, before Amy A. Brauser, Certified Stenographic Court Reporter and Notary Public, in and for the State of North Carolina, at the law offices of Troutman Pepper Locke, LLP, 301 S. College Street, Charlotte, North Carolina, on Wednesday, the 29th day of July, 2026, commencing at 8:36 a.m.

* * * * * * * *

INDEX OF EXAMINATIONS

By Mr. Melsheimer . . . . . . . . . . . . . Page 10, 375
By Mr. Davey . . . . . . . . . . . . . . . . . Page 352

INDEX OF EXHIBITS

| NUMBER | DESCRIPTION | MARKED/IDENTIFIED |
|---|---|---|
| Exhibit 1 | Text message string, Bates MCDOWELL_0001 to 003 | 32 |
| Exhibit 2 | Declaration of Jeff Dickerson | 40 |
| Exhibit 3 | Text message string, Bates ANTHONY_0009 to 0013 | 84 |
| Exhibit 4 | Compilation of cell phone records | 125 |
| Exhibit 4A | Cell phone records, Bates VERIZON_0000001 | 126 |
| Exhibit 4B | Cell phone records, Bates VERIZON_0000006 | 126 |
| Exhibit 4C | Cell phone records, Bates VERIZON_0000002 | 126 |
| Exhibit 5 | Employment Agreement, Bates Spire_0001005 to 1017 | 140 |
| Exhibit 6 | Text message string, Bates DICKERSON_0202 to 206 | 170 |
| Exhibit 7 | Text message string, Bates DICKERSON_0207 to 214 | 176 |
| Exhibit 8 | Text message string, Bates DICKERSON_0004 to 010 | 218 |
| Exhibit 9 | Text message string, GABEHART01649 to 651 | 226 |
| Exhibit 10 | Text message string, Bates DICKERSON_0036 | 235 |

INDEX OF EXHIBITS (con't)


| | | |
|---|---|---|
| Exhibit 11 | Spire Motorsports itinerary for Pocono race, Bates Spire_0001556 to 560 | 238 |
| Exhibit 12 | 2026 NASCAR National Series Schedules | 245 |
| Exhibit 13 | Text message string, Bates DICKERSON_0062 to 65 | 263 |
| Exhibit 14 | New York Times article, "Daniel Suarez, first from his Cup ride last year, is now NASCAR's biggest surprise" | 284 |
| Exhibit 15 | Text message string, Bates DICKERSON_0193 to 194 | 303 |
| Exhibit 16 | Text message string, Bates DICKERSON_0054 to 055 | 316 |

P R O C E E D I N G S

THE VIDEOGRAPHER: We are going on the record at 8:36:32 a.m., Wednesday, July 29, 2026. Please note that the microphones are sensitive and may pick up whispering and private conversations. Please turn off all cell phones or place them away from the microphones, as they can interfere with the deposition the audio. Recording will continue until all parties agree to go off the record.

Here begins Media Unit Number 1 in the video-recorded deposition of Jeff Dickerson taken by counsel for the Defendants in the matter of Joe Gibbs Racing, LLC, versus Christopher Gabehart and Spire Motorsports II, LLC, in the United States District Court for the Western District of North Carolina, Charlotte Division, Case Number 3:26-cv-00133-SCR-DCK.

This video deposition is taking place at Troutman Pepper Locke LLC -- or correction, LLP, in the Selwyn conference room, located at 301 South College Street, Suite 3400, Charlotte, North Carolina 28202.

My name is David Cooper. I am the certified legal videographer with Veritext. I am not authorized to administer an oath. I am not related to any party in this action, nor am I financially interested in the outcome.

Counsel and all present in the room and everyone attending remotely will now state their appearance and affiliation for the record. If there are any objections to the proceeding, please state them at the time of your appearance, beginning with the noticing attorney.

MR. MELSHEIMER: Tom Melsheimer, King & Spalding, on behalf of the Plaintiffs.

MR. NISBET: Brian Nisbet, King & Spalding, on behalf of the Plaintiffs.

MR. WEDDINGTON: Keith Weddington with Parker Poe Adams & Bernstein on behalf of the Plaintiff.

MR. SCHAFFER: Eric Schaffer, Joe Gibbs Racing.

MR. DAVEY: Joshua Davey, Troutman Pepper Locke, here on behalf of Spire Motorsports and the witness.

MR. HOMESLEY: Troy Homesley of Troutman Pepper Locke on behalf of Spire Motorsports.

MS. WHITE: Jenna White, Troutman Pepper Locke, on behalf of Spire.

MR. DAVIS: Cary Davis, Robinson Bradshaw & Hinson, on behalf of Defendant Christopher Gabehart.

THE VIDEOGRAPHER: And those on the Zoom.

MS. WILLIAMS: Danielle Williams, here on behalf of the Plaintiff.

MS. RICE: Tracea Rice, here on behalf of the Plaintiff.

MS. KENNEDY: MK Kennedy, here on behalf of the Plaintiff.

MS. HUTCHINS: Sarah Hutchins on behalf of the Plaintiff.

THE VIDEOGRAPHER: The court reporter, Amy Brauser, will now swear in the witnesses.

JEFFREY DICKERSON,

after having been first duly sworn by the certified stenographer, was examined and testified as follows:

Q. So let's look at Exhibit 5.
(Exhibit Number 5 was marked for identification.)
BY MR. MELSHEIMER:
Q. Do you recognize Exhibit 5 as the contract between Spire and Mr. Gabehart?
A. I do.
Q. In Paragraph 1, it identifies Gabehart's position as chief motorsports officer --
A. That's right.
Q. -- managing all of Spire's competitive operations in each NASCAR touring series.
Do you see that?
A. Amongst others, yes.
Q. So "competitive operations" includes everything related to racing, right?
A. That's right. The way Spire is structured is that we have an entire commercial division and we have a competition group.
Q. He's in that?
A. He's at the head of it.
Q. Right. All things racing, right?
A. All things.
Q. You believed that Mr. Gabehart would be well-suited to manage Spire's competitive operations because of what he had learned in his

time at JGR, correct?
A. No.
Q. You don't -- you didn't believe that his time at JGR was --
A. Oh, I'm not saying it's not valuable, but it's solely -- that wasn't the sole reason.
Q. I'm sorry. Let me finish.
A. Yeah.
Q. So you believed that Mr. Gabehart would be well-suited to manage Spire's competitive operations because, among other reasons, of what he'd learned during his time at JGR, correct?
MR. DAVEY: Objection, asked and answered.
THE WITNESS: Do you want me to answer it?
BY MR. MELSHEIMER:
Q. You can answer.
A. Yeah. I mean, I would say based on his experience there, sure.
Q. The NASCAR Cup Series is the biggest and most valuable NASCAR touring series. Do I have that right?
A. It's the top level.
Q. In -- in 2025, how much revenue did

Q. You don't have his background in competition --
A. I don't.
Q. -- in NASCAR Cup Series racing, right?
A. Yeah, I don't.
Q. So are you trying to convey to the jury that his role is just sort of sitting there passively and listening or something else?
A. Well, he's not --
MR. DAVEY: Objection to the form.
THE WITNESS: Sorry, Josh.
He's not in it because I pulled him out. It doesn't have to be a hypothetical.
BY MR. MELSHEIMER:
Q. So he's not in any of the NASCAR Cup-related meetings. Is that your testimony?
A. Yeah, he's not in any Cup-related meetings, absolutely.
Q. And if he were, that would be in direct violation of what you've instructed?
MR. DAVEY: Objection to the form.
THE WITNESS: I don't feel like it would be in violation of the court order. I do feel like it would be in -- it would be contrasted to what I'm saying.

I'm saying this, and I've said this to anybody at our place. My -- I have two priorities at the moment: Putting two cars in the playoffs and winning this case.

So I'm not -- I -- Chris doesn't need to be in comp meetings. He's not contributing enough for -- the risk does not outweigh the reward. So I'm getting out of Chris everything else that frees it up so that I can do -- I can focus on Cup.

Q. What does it mean to fly too close to the sun?

MR. DAVEY: Objection to the form.

THE WITNESS: I mean, in -- in this case?

BY MR. MELSHEIMER:

Q. Well, you just used the term. I'm asking you what you meant by it.

A. I respect the Court's order. I don't need him doing anything that's going to get crossed up with the Court or anything that you guys are going to be able to throw at him. So I can -- again, like I said, I can fix that, easily.

Q. Let me talk to you about Mr. Gabehart's role, if any, at Atlanta, the Atlanta race.

A. Okay.
Q. Was he in the war room for the Atlanta race?
A. For Atlanta, I wanted him in the war room.
Q. Why?
A. Again, to pick up the -- pick up what we're doing here. Again, I mean, it's -- you don't -- I don't know how it is at JGR. At our place, most executives are traveling at our place, if not all executives are traveling at our place. So if you're going to be part of this team, I would rather you be at the race track, but if you can't be at the race track, right, for -- not just because of the court orders, maybe just your kid is sick, then I would like you in the war room.
So I had said to him that I wanted him in the -- I think I remember saying to him, Go to the war room. But ultimately, I know he didn't go to the war room.
Q. You're saying he did not go to the war room at Atlanta?
A. He did not.
Q. Okay. Let me take a look at Exhibit 9.
A. Oh, this is 9. Oh, I got it. Yeah.

late model shop, which is just five minutes down the road.

He goes with the Sprint car team. You know, we essentially built a Sprint car team in a matter of months. And so, you know, race cars are race cars, and -- and Chris, you know, at least can -- he knows when we're talking about, you know, what -- what -- what makes a Sprint car go fast, Chris is very good at interfacing with those guys. But really, on the Sprint car team, he was -- he's been a -- I guess things just kind of like work out, right. So I mean, he's -- he's been some -- another pair of arms as they've kind of tried to build that team.

Q. Any other significant undertakings by Mr. Gabehart other than what you've described?

A. I mean, I know one project that he is doing for the Cup Series deal, and again, it's just like I'm asking him -- again, I need to know, I want to know where he thinks that -- where are we -- where are we weak as far as equipment that we need to get into our shop. And again, not that you really care, but I'm looking -- with Chris, I'm looking two years out, three years out, so I'm asking him where -- how do we get to where we want

to be in the next two or three years. We have the present figured out, right. It's how do we get there two or three years, and that's where I'm really leaning on him for the Cup stuff.

Q. Any other significant undertakings that you can recall?

A. I mean, I would say the -- everything we just talked about is pretty significant, but --

Q. I'm saying other significant things.

A. I don't know. I mean . . .

Q. The other racing entities, the Truck Series, the IndyCar team, the other team you described, Sprint car, what is the value of those teams to Spire as compared to the Cup Series teams?

A. What do you mean?

MR. DAVEY: Objection to the form.

BY MR. MELSHEIMER:

Q. Well, if you had a pie chart and you wanted to sort of ascribe value, say, revenues associated with, what would the revenues of those other teams be as compared to NASCAR Cup Series?

A. Well --

MR. DAVEY: Objection to the form.

BY MR. MELSHEIMER:

Q. If you know.

STATE OF NORTH CAROLINA
COUNTY OF DAVIDSON

C E R T I F I C A T E

I, Amy A. Brauser, RPR RMR CRR, the officer before whom the foregoing deposition was taken, do hereby certify that the witness was duly sworn by me prior to the taking of the foregoing deposition; that the testimony of said witness was taken by me to the best of my ability and thereafter reduced to typewriting under my direction; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition was taken, and further that I am not a relative or employee of any attorney or counsel employed by the parties thereto, nor financially or otherwise interested in the outcome of the action.

This is the 31st day of July, 2026.

Amy A. Brauser, RPR RMR CRR
Notary Public # 20023030055