# Exhibit AC

| | |
|---|---|
| **From:** | Miller, William |
| **To:** | EXT - Sarah Hutchins; Evan.Gibbs; Brian Nisbet; Troy.Homesley; Taylor Hinojosa; Tracea Rice; cdavis; Wiles, Spencer; EXT - Tory Summey; Lawrence.Cameron; Chad Walker; Evans, Jason D. |
| **Cc:** | Alex L. Moore; EXT - Charlie Middlebrooks; Danielle Williams; atucker; benjamin.whorf; Wiles, Spencer; anais.jaccard; Tincher, Moses M.; Davey, Joshua D.; wmiller |
| **Subject:** | RE: GR v. Gabehart & Spire: Document Production |
| **Date:** | Friday, September 4, 2026 12:56:22 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>RE JGRGabehart Forensic Review Protocol.msg |

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Sarah,

We ask again for JGR to follow through on the next step of the protocol by serving a list of items that JGR reasonably believes contain JGR's materials—what the protocol calls the Identified JGR Information List. Per the protocol, that list should identify the devices and accounts believed to contain JGR's information. Then we can meet and confer, as the protocol requires, to resolve any disagreements, including the apparent confusion about where materials are located and whether Mr. Gabehart still has access to them.

> i. **Identified JGR Information List.** Following review of the User-Generated Materials or Forensic Artifacts, JGR's Counsel will serve upon Gabehart a list of User-Generated Materials or Forensic Artifacts reasonably believed to contain JGR's Materials that identifies the Subject Devices and Accounts reasonably believed to contain such information ("Identified JGR Information List"). The parties shall meet and confer in good faith within three (3) business days of service of the Identified JGR Information List to resolve any disagreements regarding the list. No information shall be removed or deleted from any Device or Account prior

We have waited for weeks—in most cases, months—for JGR to take the next step in the protocol by serving the Identified JGR Information list. Gabehart produced the bulk of the materials JGR asked for under the protocol on July 2 for JGR's review. We produced the remainder of the requested materials from the images we maintain in mid-July and finished off the production with the requested materials from the image that Reliance Forensics maintains by August 14. Yet, we still haven't received the Identified JGR Information list from JGR, which has prevented us from moving forward with the meet-and-confer and remaining steps required by the protocol. JGR's delay has caused unresolved confusion about the location of documents and Mr. Gabehart's ability to access them and that delay is now interfering with Gabehart's and Spire's ability to defend themselves as we enter the expert phase of discovery.

JGR's production of select materials from the forensic process and its responses to interrogatories are not a substitute for producing the Identified JGR Information List that the protocol requires. In any event, JGR's characterizations in those documents about the location of certain materials and Mr. Gabehart's ability to access them are incorrect. For example, JGR's Fourth Supplemental Responses to Spire's Interrogatories assert that dozens of jpg files were located on Mr. Gabehart's personal computer (see pages 33-42). As we have said repeatedly, including prior to JGR's service of its supplemental responses, these files are not actual image files but instead represent wireless bridge artifacts (see below for the explanation we provided on June 10). To the extent files were produced with these file names through the protocol, those files were located on the image of Mr. Gabehart's old cell phone—the image Reliance Forensics created during the first protocol prior to the lawsuit and prior to the deletion process we agreed to in the first protocol.

Similarly, JGR's suggestion in its recent filings that Mr. Gabehart still has access to OneNote files and the items included within those compound files is wrong. Although there is no evidence that Mr. Gabehart has accessed these OneNote files or that they are anything other than files that he created and used when he worked for JGR, we revoked Mr. Gabehart's access to the OneDrive account where those files were located in June when we found the notes during the forensic review. We did not take this step because we believe the notes were misappropriated

trade secrets—they are not, and we believe the metadata will confirm that they are not. We locked Mr. Gabehart out of his OneDrive account, at great inconvenience to him, consistent with the stated objective of the protocol to facilitate the deletion and return of any lingering JGR materials still in the possession of someone who worked there for 13 years.

As we said repeatedly in response to your prior unsupported demands to seize Mr. Gabehart's accounts and devices, we are mindful of our obligations under the protocol and the Court's orders (as our revocation of his OneDrive access in June demonstrates), and we have remained open to considering "any specific information you provide about any JGR files still in Mr. Gabehart's possession." JGR did not respond to those emails by identifying specific files in Mr. Gabehart's possession, and even your latest email continues to speak in generalities.

We obviously disagree with the accusations and logical leaps in your email. The protocol requires more than sweeping generalizations; it requires specificity. If JGR will follow through with the next step required by the protocol of producing an Identified JGR Information List, we believe that much of the confusion around where things are located and what, if any, access remains will be resolved. We also believe that completion of the protocol will demonstrate that Gabehart has not breached any court order but has operated in good faith to complete the review that the protocol requires.

I have reattached the email and excel spreadsheet that I sent yesterday to expedite completion of the protocol. As I said in that email, we are open to discussing how to get the forensic review wrapped up, but it is imperative that JGR follow through with what the protocol requires so we can get it done.

Best,

William

**Sent June 10, 2026:**

- **CrossDevice items on E0006 (the laptop).** The files listed in the screenshot you included in your email are not actual image files. Instead, these are "Wireless Bridge" artifacts all contained within a "Cross Device" folder.

  The creation of a Cross Device folder happens automatically when certain options are applied in Windows and both devices (in this case the S-22 and a Windows laptop) are logged onto the same cloud account on the same Wi-Fi connection. Critically, these are not image files, but what are effectively links. Both Microsoft and Samsung have documentation explaining the folder and how it is created in their public resources.

  Below is a screenshot of one of the items you identified in EnCase. Note that in hex view the file is all zeros indicating it has no content. This is true of all the files in the Cross Device folder. Below is a link to an export from EnCase that displays file system metadata for the folder you identified. As this additional information shows, the last accessed date is November 7, 2025, and all of the files are wireless bridge files (not actual images) as described above.

  EnCase Screenshot:



**From:** Hutchins, Sarah Fulton <sarahhutchins@parkerpoe.com>
**Sent:** Thursday, September 3, 2026 10:42 PM
**To:** Gibbs, J. Evan <Evan.Gibbs@troutman.com>; Brian Nisbet <BNisbet@kslaw.com>; Homesley, Troy C. <Troy.Homesley@troutman.com>; Taylor Hinojosa <THinojosa@kslaw.com>; Tracea Rice <TRice@kslaw.com>; Davis, Cary <CDavis@rbh.com>; Wiles, Spencer <SWiles@rbh.com>; Summey, Tory I. <torysummey@parkerpoe.com>; Cameron, Lawrence J. <Lawrence.Cameron@troutman.com>; Chad Walker <CWalker@kslaw.com>; Evans, Jason D. <Jason.Evans@troutman.com>
**Cc:** Alex L. Moore <ALMoore@kslaw.com>; Middlebrooks, Charlie G. <charliemiddlebrooks@parkerpoe.com>; Danielle Williams <DWilliams@kslaw.com>; Tucker, Anna Claire <ATucker@rbh.com>; Whorf, Benjamin <Benjamin.Whorf@troutman.com>; Wiles, Spencer <SWiles@rbh.com>; Jaccard, Anais M. <Anais.Jaccard@troutman.com>; Tincher, Moses M. <Moses.Tincher@troutman.com>; Miller, William <WMiller@rbh.com>; Davey, Joshua D. <Joshua.Davey@troutman.com>
**Subject:** GR v. Gabehart & Spire: Document Production

**WARNING: External Email**

---

Counsel,

Please use the following link to access a production of responsive documents received through the forensic review of Mr. Gabehart's devices: https://parkerpoe.sharefile.com/d-s64d7bef4a7ed461a905b5d766a96f544. The production is made in accordance with the protective order entered in this action. As with our other productions, please follow the instructions below.

With this, we believe we have completed production of the materials that have come to us thus far through Mr. Gabehart's completion of the forensic protocol. This is, of course, subject to Mr. Gabehart's further production of materials to JGR in accordance with the protocol and the Court's order. As we noted previously, it is obvious that there is significant JGR material that remains on Mr. Gabehart's devices and accounts. In manually comparing the metadata provided with the available fields in the previously provided forensic reporting, it shows the last accessed dates in many instances are 2026 dates. We have previously asked for the production of this material through discovery in accordance with the ESI protocol. We have also previously asked for the seizure of Mr. Gabehart's devices and accounts. Mr. Gabehart's lack of candor throughout this process—at least, taking the information in the first place, admitting only to what was initially discovered by JGR, withholding information about devices and accounts during the first review, improperly narrowing the scope of the first review, deleting material both before and after at least the first review, and retaining information in violation of the injunction orders—constitutes serious violations of law.

We will bring the retention of information and knowing deletion of relevant evidence to the attention of the court. We also obviously have to address the continued removal of material that remains on Mr. Gabehart's devices and accounts. It is vital that you cooperate in seizing Gabehart's devices to both preserve evidence and protect JGR from additional unlawful transmission of its protected information, particularly given Gabehart's demonstrated proclivity

to spoliate evidence. Please confirm by end of day on September 4 that you have seized Gabehart's devices and accounts or your plan for immediately doing so.

JGR reserves all rights.

The ShareFile link will expire in 30 days. Please note that the production is contained within an encrypted .zip file. A password will be required to extract the contents and will be provided in a separate email. A third-party application such as WinZip, WInRar, 7-Zip, iZip for Mac, etc. is usually required in order to extract the production. These applications are a standard part of most office software and/or are readily available to download for free from the internet. If you are attempting to open the .zip file and receive a message that says, "Windows cannot complete the extraction. The destination file could not be created," then you must use a third-party application to extract the contents of the .zip file before you can use the password. If further assistance is needed with the extraction, contact your organization's internal IT department.

Thank you,
Sarah

---

**Sarah Fulton Hutchins**
She/Her/Hers
Partner

Parker Poe

620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.6639 | Mobile: 703.409.5005 | Fax: 704.335.4491 | map

Sign Up for our Client Alerts on Data Privacy & Cybersecurity

Visit our website at
www.parkerpoe.com

**PRIVILEGED AND CONFIDENTIAL:** This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.