IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-CV-133-SCR-DCK

**JOE GIBBS RACING, LLC,**

**Plaintiff,**

**v.**

**CHRISTOPHER GABEHART and SPIRE MOTORSPORTS, LLC,**

**Defendants.**

**NON-PARTY HMS HOLDINGS, LLC d/b/a HENDRICK MOTORSPORTS RESPONSE TO JOE GIBBS RACING, LLC'S MOTION TO COMPEL THE PRODUCTION OF TECHNICAL DOCUMENTS**

Pursuant to the Court's September 23, 2026 Order (ECF No. 245), non-party HMS Holdings, LLC d/b/a Hendrick Motorsports ("Hendrick Motorsports") submits the following response to Plaintiff Joe Gibbs Racing, LLC's ("Joe Gibbs Racing") Motion to Compel the Production of Technical Documents (ECF No. 119) (the "Motion to Compel Technical Documents").

## INTRODUCTION

Although not a party to this action, Hendrick Motorsports understands that through its Motion to Compel Technical Documents, Joe Gibbs Racing is continuing to seek – in its own words – the following categories of documents from Spire Motorsports, LLC ("Spire"): (1) "communications with Hendrick Motorsports ("HMS") regarding setups;" (2) "documents relating to fuel strategy, fuel analysis, pit [road] data, flow rate date, and HMS engine/ECU data"; and (3) "documents relating to changes in Spire's NASCAR Cup Series performance that occurred after Gabehart commenced employment at Spire;" as well as other documents relating

to Spire's racecar setups that may be derived from Hendrick Motorsports' highly confidential and sensitive race setup data. (*See* ECF No. 242 (emphasis added).)

Hendrick Motorsports further understands that Joe Gibbs Racing's position is that these technical documents are discoverable because they <u>may</u> reveal or be derived from Joe Gibbs Racing's trade secrets and other confidential information. (*See* ECF No. 119-1 at 5-6.) But as explained in the Declaration submitted by Jeffrey Andrews on behalf of Hendrick Motorsports,[1] the documents <u>will</u> reveal and <u>are</u> in fact derived from Hendrick Motorsports' 42 years of proprietary trade secrets, highly confidential technical information, and intellectual property. (*See* ECF No. 134-3 ¶¶ 10-14).

In particular, as explained by Mr. Andrews, the President and General Manager of Hendrick Motorsports, Hendrick Motorsports and Spire Motorsports are members of a "technical alliance" in which Hendrick Motorsports shares with Spire the exact types of highly confidential technical information and HMS intellectual property that Joe Gibbs Racing is seeking to protect as its trade secrets in this action (e.g., racecar setup information). Hendrick Motorsports is only willing to share this confidential information with Spire Motorsports pursuant to a Racing Services Agreement. In its Racing Services Agreement with HMS, Spire Motorsports is held to an enforceable and binding Non-Disclosure Agreement strictly prohibiting sharing any HMS intellectual property or technical information with a third party. (ECF No. 134-3 ¶¶ 8-9.) Thus, Spire's racecar setup information is, indisputably, derived from information that is provided to it by Hendrick Motorsports and is subject to the strict confidentiality provision in the Racing

---

[1] The Declaration of Jeffrey Andrews, the President and General Manager for Hendrick Motorsports, was submitted to the Court as Exhibit 3 to Spire Motorsports II, LLC's Opposition to Joe Gibbs Racing, LLC's Motion to Compel the Production of Essential Technical Documents. (ECF No. 134.)

Services Agreement. Joe Gibbs Racing's Motion to Compel Technical Documents, therefore, "necessarily implicate[s]" Hendrick Motorsports' confidential and proprietary information. (ECF No. 134-3 ¶¶ 11-12.). Furthermore, the "HMS engine/ECU data" requested by Joe Gibbs Racing is derived from fourteen (14) years of development with other NASCAR Cup Series race teams that Hendrick Motorsports supplies engines to, including, but not limited to, Spire Motorsports.

Hendrick Motorsports does not want to be involved in this lawsuit, but it cannot sit idly by while Joe Gibbs Racing seeks (whether directly or indirectly) the exact types of information belonging to Hendrick Motorsports that Joe Gibbs Racing claims are its most confidential and proprietary trade secrets. On this point, Hendrick Motorsports and Joe Gibbs Racing are in agreement – in the competitive world of NASCAR racing, a race team's confidential and proprietary technical racecar setup information should not be disclosed to its competitors.

**POSITION OF NON-PARTY HENDRICK MOTORSPORTS**

Although ordinarily applied in the context of protection from subpoenas, courts afford the interests of a nonparty with "special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally," especially when the nonparty is at risk of having its valuable intellectual property and trade secrets exposed to competitors. *See Virginia Department of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (quoting *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)) (cleaned up); *Snoznik v. Jeld-Wen*, 259 F.R.D. 217, 225 (W.D.N.C 2009) ("The likelihood of harm [to a nonparty] is increased if a person's trade secrets were disclosed in litigation to competitors") (citing *Coca-Cola Bottling Co. of Shreveport, Inc. v. The Coca-Cola Co.*, 107 F.R.D. 288 (D. Del. 1985)); *Insulate America v. Masco Corp.*, 227 F.R.D. 427, 433 (W.D.N.C. 2005) (refusing production of confidential

documents, in part, due to the "financial advantage" that could be obtained by competitor).[2]

It goes without saying that NASCAR is a highly competitive multibillion-dollar industry, where even the slightest technical advantage developed over years of expensive and extensive research and development could result in success on the racetrack and tens of millions of dollars in corporate sponsorships and prize money. Proprietary and highly confidential technical information and intellectual property that Hendrick Motorsports has developed over the course of forty-two (42) years should not be at risk of potential disclosure to a competitor race team based on conjecture in a lawsuit involving a former Joe Gibbs Racing employee with no relation whatsoever to Hendrick Motorsports.

For these reasons, and those stated in Spire Motorsports' prior filings in opposition, Hendrick Motorsports believes Joe Gibbs Racing's Motion to Compel Technical Documents (ECF No. 119) should be denied in its entirety. In addition, in the event that the Motion is not denied in its entirety and Spire Motorsports is ordered to produce any of Hendrick Motorsports' confidential and proprietary information, Hendrick Motorsports reserves its right to "seek a protective order from the Court within 14 days" of receiving a "reasonably specific description of the information

---

[2] *See also Schaaf v. Smithkline Beecham Corp.*, No. 5:05-MC-22, 233 F.R.D. 451, 453 (E.D.N.C. 2005) ("extra consideration" should be provided to a nonparty when the disclosure of confidential documentation is implicated); *Dale v. T-Mobile US, Inc.*, No. 22-C-3189, 2025 WL 1191101, at *1 (N.D. Ill. April 24, 2025) ("While parties to a lawsuit must accept the invasive nature of discovery, non-parties are just that, not parties to the lawsuit, and they generally do not have anywhere near the skin in the game.") (quoting *HTG Capital Partners, LLC v. Doe(s)*, No. 15-C-2129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015)). "In short, a non-party is entitled to greater protection in the discovery process than the parties in the litigation." *Id*. (quoting *Tresona Multimedia, LLC v. Legg*, No. 15-C-4834, 2015 WL 4911093, at *4 (N.D. Ill. Aug. 17, 2015)) (cleaned up).

requested" and an opportunity to inspect the information to be produced as permitted under Section 10 of the Amended Protective Order entered in this action, if necessary.[3] (ECF No. 124.)

Respectfully submitted, the 25th day of September, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ C. Bailey King, Jr.
C. Bailey King, Jr. (NC Bar No. 34043)
Brian M. Rowlson (NC Bar No. 37755)
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Tel: (704)338-6000
Fax: (704)332-8858
bking@bradley.com
browlson@bradley.com

*Attorneys for Non-Party HMS Holdings, LLC d/b/a Hendrick Motorsports*

[3] Hendrick Motorsports has not yet filed any such motion for protective order because Spire has not notified Hendrick Motorsports that it is "required, by a valid discovery request, to produce" any such information. To the contrary, Spire's opposition to the Technical Motion to Compel makes clear that Spire's position is that Joe Gibbs Racing's discovery requests are not "valid." Similarly, Hendrick Motorsports has not been provided with a "reasonably specific description of the information requested" nor has such information been made "available for inspection." Rather, according to Joe Gibbs Racing's Statement Regarding Its Motion to Compel the Production of Essential Technical Documents (ECF NO. 242), Joe Gibbs Racing is continuing to seek a host of vague categories of documents, some of which may include Hendrick's Confidential Information. Before Hendrick can make any final determination as to how to proceed, it needs to know exactly what information is "required" to be produced.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record and other participants in the Court's ECF filing system.

This the 25th day of September, 2026.

/s/ C. Bailey King, Jr.
C. Bailey King, Jr.

*Attorney for Non-Party HMS Holdings, LLC d/b/a Hendrick Motorsports*