**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-CV-00133-SCR-DCK**

JOE GIBBS RACING, LLC,

Plaintiff,

v.

CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,

Defendants.

**PLAINTIFF JOE GIBBS RACING, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CHRISTOPHER GABEHART'S APPLICATION FOR ENTRY OF DEFAULT**

## INTRODUCTION

Plaintiff Joe Gibbs Racing, LLC ("JGR") respectfully submits this memorandum in opposition to Defendant Christopher Gabehart's ("Gabehart") Application for Entry of Default, Doc. No. 246. No default has been entered against JGR. Entry of default is unwarranted, and JGR asks the Court to deny the Application, decline to enter default, and permit JGR's Answer to Gabehart's remaining Counterclaims to be filed out of time. *See* Doc. No. 250.

The facts here closely mirror those in *Kasparov, Pte. Ltd. v. Zacherl*, where the court refused to enter default after counsel missed a deadline to answer surviving counterclaims following a partial denial of a motion to dismiss. *Kasparov, Pte. Ltd. v. Zacherl*, No. 5:22-CV-503-D, 2024 WL 3039647, at *1–2 (E.D.N.C. June 17, 2024). There, as here, the missed deadline resulted from an inadvertent docket-management error, the plaintiff promptly sought leave to answer out of time, and the court concluded that default was unwarranted. *Id.* at *1. Additionally, as in *Kasparov*, the expenditure of judicial resources could have been avoided had counsel seeking default simply contacted JGR, which would have cured the default immediately. JGR respectfully asks the Court to make the same findings here.

This is not a case of a party ignoring the litigation or failing to defend against the claims asserted against it. To the contrary, JGR has vigorously prosecuted its claims and defended against Gabehart's Counterclaims at every stage of this case. JGR moved to dismiss the Counterclaims and continued litigating them through the close of discovery. JGR's Answer to the three surviving Counterclaims was due on September 9, 2026, fourteen days after the Court's August 26, 2026 Order. During that period, the parties were simultaneously briefing five discovery motions, working to resolve discovery disputes in advance of the October 1 hearing, and managing a docket that generated more than ninety filings after August 26. Amid that unusually demanding phase of

the litigation, undersigned counsel inadvertently failed to calendar the answer deadline created by the Court's text-only orders. That isolated calendaring error is the sole reason JGR did not file its Answer on September 9.

The moment JGR learned of the oversight—the very day Gabehart filed his Application—JGR completed its Answer, moved for leave to file it out of time under Rule 6(b)(1)(B), and asked Gabehart to consent. The delay is a matter of days, discovery had already closed, and Gabehart cannot identify any prejudice. Under the Fourth Circuit's well-established preference for resolving disputes on their merits, default is a wholly disproportionate response to a brief, promptly corrected oversight. *Colleton Preparatory Acad., Inc. v. Hoover Universal*, *Inc.*, 616 F.3d 413, 417–420 (4th Cir. 2010). The Court should deny Gabehart's Application and permit JGR's Answer to be filed so this case may be resolved on its merits.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

### A. JGR Has Actively Litigated Gabehart's Counterclaims.

Gabehart filed his Answer and Counterclaims on June 24, 2026, Doc. No. 100, and JGR moved to dismiss the Counterclaims on July 15, 2026. Doc. No. 115. On August 26, 2026, following a hearing on JGR's Motion to Dismiss, the Court entered a text-only Order granting the motion in part and denying it in part, consistent with its ruling from the bench. Text Order entered August 26, 2026, at 12:26 PM. The Court's denial was without prejudice to either party raising the same or other issues following discovery or at trial. As a result, Gabehart's Fourth Claim for Relief (Computer Fraud and Abuse Act), Fifth Claim for Relief (North Carolina Computer Trespass Act), and Sixth Claim for Relief (North Carolina Unfair and Deceptive Trade Practices Act) were dismissed, while his First Claim for Relief (Breach of Contract), Second Claim for Relief (North Carolina Wage and Hour Act), and Third Claim for Relief (Declaratory Relief) remain pending.

**B. The Answer Deadline and Counsel's Inadvertent Calendaring Error.**

Because the Court denied JGR's motion in part, JGR's responsive pleading was due within fourteen days of notice of the Court's action—on or about September 9, 2026. Fed. R. Civ. P. 12(a)(4)(A). The Answer was not filed by that date. Following the Court's August 26 text orders, the parties engaged in a considerable volume of concurrent briefing on critically important issues—including five separate discovery motions, alleged violations of the Court's orders, and alleged destruction of evidence—with more than ninety documents filed in the space of weeks, all against the backdrop of a discovery deadline of August 31, 2026, and a hearing set for October 1, 2026. *See* Doc. Nos. 115–243. Amid these competing demands, undersigned counsel inadvertently failed to calendar the deadline created by the Court's text-only orders. The oversight was a docketing error, not a strategic decision or a disregard of the Court's rules or deadlines.

**C. JGR Acted Promptly to Cure the Oversight.**

Before seeking entry of default, Gabehart never contacted JGR regarding the status of its Answer. On the same day Gabehart filed his request for entry of default, and before the Clerk entered any default, JGR completed its Answer to the remaining Counterclaims, filed that Answer, and moved under Rule 6(b)(1)(B) for leave to file it out of time. Doc. Nos. 248, 250. JGR's proposed Answer fully responds to each remaining Counterclaim and asserts numerous defenses and affirmative defenses. Upon learning that Gabehart had sought entry of default, undersigned counsel immediately contacted Gabehart's counsel and requested consent to JGR's motion for leave.

## ARGUMENT

### I. The Fourth Circuit Strongly Favors Resolving Cases on the Merits and Disfavors Default

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," an imperative whose "primacy is never doubted." *Colleton Preparatory Acad., Inc.,* 616 F.3d at 419. The law "disfavors default judgments as a general matter," *Tazco, Inc. v. Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990), and "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Consistent with that policy, the rules governing default "are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," and "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

Because JGR opposes Gabehart's request for entry of default, the Court may consider the same factors that govern motions to set aside default, all of which are informed by the Fourth Circuit's strong preference for resolving disputes on their merits. *Tazco*, 895 F.2d at 950. The Fourth Circuit has applied these principles in circumstances materially similar to those presented here. In *Tolson v. Hodge*, the plaintiff failed to timely reply to a counterclaim, default was entered one day after the response deadline expired, and the plaintiff moved for relief three days later. *Tolson*, 411 F.2d at 125. The court held that denying relief constituted an abuse of discretion, emphasizing the brief delay, the absence of gross neglect, the lack of prejudice to the opposing

party, and the existence of a potentially meritorious defense. *Id.* at 130. Because those same considerations are present here, the interests of justice favor resolving this case on the merits rather than by default.

## II. JGR Has Not "Failed to Otherwise Defend," and Entry of Default Under Rule 55(a) Is Therefore Improper.

Rule 55(a) authorizes entry of default only when a party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The disjunctive "or otherwise defend" language "should not be rendered meaningless." *Lewis v. Marriott Int'l, Inc.*, No. 1:18-CV-05917-WMR, 2020 WL 9814149, at *3 (N.D. Ga. Jan. 28, 2020). A party that has moved to dismiss and engaged in discovery has "otherwise defended," even if it has not yet filed an answer. *Id.* (holding default was improper where defendants had "otherwise defended" the action by filing a motion to dismiss, participating in discovery for months, notwithstanding their failure to file an answer after the motion to dismiss was denied); *Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a).").

JGR has done far more than necessary to satisfy Rule 55(a)'s "otherwise defend" requirement. JGR initiated this action, prosecuted its affirmative claims, moved to dismiss Gabehart's Counterclaims, fully briefed and argued that motion before the Court, and participated in discovery concerning all claims and counterclaims. These actions reflect a continuous and unequivocal intent to contest liability and litigate the merits of Gabehart's remaining Counterclaims.

Indeed, as here, the court in *Kasparov, Pte. Ltd. v. Zacherl* rejected the argument that a plaintiff's failure to answer a counterclaim following the partial denial of a motion to dismiss amounted to a failure to "otherwise defend," explaining that such conduct "does not signal complete failure to 'otherwise defend' against the claim." *Kasparov,* 2024 WL 3039647, at *1.

The same conclusion follows here. JGR's conduct demonstrates an unbroken intent to defend against Gabehart's remaining Counterclaims, and entry of default under Rule 55(a) is therefore unwarranted.

## III. The *Payne* Factors Establish Good Cause to Decline Entry of Default

Because JGR opposes Gabehart's request for entry of default, the Court applies the same "good cause" standard that governs a motion to set aside an entry of default under Rule 55(c). Fed. R. Civ. P. 55(c). In deciding whether to relieve a party of a default, the Fourth Circuit directs courts to consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Those factors are weighed against the Fourth Circuit's "strong preference" for resolving disputes on their merits and its command that Rule 55(c) be "liberally construed" with any doubt "resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson,* 411 F.2d 123 at 130. Every *Payne* factor favors JGR.

***Meritorious Defense.*** JGR has meritorious defenses to each of Gabehart's remaining Counterclaims. JGR's proposed Answer denies the material allegations of Gabehart's claims for breach of contract, violations of the North Carolina Wage and Hour Act, and declaratory relief. Doc. No. 248. Those defenses follow directly from the arguments JGR advanced in moving to dismiss the Counterclaims, and, as the court recognized in *Kasparo*v, a proposed answer that "presents defenses that logically follow from the arguments [the plaintiff] made in support of its motion to dismiss the counterclaims" readily satisfies this factor. *Kasparov*, 2024 WL 3039647 at

*1. Because JGR has presented far more than a bare assertion of a defense, this factor weighs against default.

***Reasonable Promptness.*** JGR acted with reasonable promptness. On the very day Gabehart filed its Application—and before the Clerk entered any default—JGR completed its Answer to Gabehart's remaining Counterclaims, filed it, and moved under Rule 6(b)(1)(B) for leave to file it out of time. Doc. Nos. 249, 250. Counsel also immediately contacted Gabehart's counsel to request consent to that motion. Courts regularly find this factor satisfied on far longer timelines. The Fourth Circuit has found this factor satisfied on far less prompt facts. *See Tolson,* 411 F.2d at 129 (4th Cir. 1969) (relief warranted where the party moved three days after default was entered); *Roberts v. Shaw Grp., Inc.*, No. 3:08CV46-HEH, 2008 WL 4500036, at *3 (E.D. Va. Oct. 7, 2008) (denying entry of default despite a responsive pleading filed two months after the deadline). JGR's same-day response more than satisfies the promptness factor.

***Personal Responsibility of the Defaulting Party.*** JGR bears no personal responsibility for the missed deadline. The failure to file the Answer by September 9 resulted solely from an inadvertent calendaring error by counsel amid an exceptionally demanding litigation schedule—not from any act or decision by JGR itself. Where the fault for a missed deadline lies with counsel rather than the client, this factor weighs heavily against default. *See Roberts*, 2008 WL 4500036, at *3 (denying default where "the blame for the default rest[ed] solely on the shoulders of counsel"); *Moran v. Mitchell*, 354 F. Supp. 86, 87–88 (E.D. Va. 1973) (setting aside default caused by counsel's mistaken calculation of the answer deadline). JGR should not be deprived of a merits adjudication because of its counsel's isolated oversight.

***Prejudice.*** Gabehart cannot show any cognizable prejudice from the brief delay. The Fourth Circuit has made clear that "delay in and of itself does not constitute prejudice to the

opposing party" and that "no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability." *Colleton Preparatory Acad., Inc,* 616 F.3d at 419. Prejudice instead requires something more, such as "a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Lewis v. Marriott Int'l, Inc.*, No. 1:18-CV-05917-WMR, 2020 WL 9814149, at *3 (N.D. Ga. Jan. 28, 2020). None of those circumstances exists here. Discovery on all claims and counterclaims closed on August 31, 2026, and Gabehart has long been aware of JGR's factual and legal positions through JGR's Second Amended Complaint and its motion to dismiss. Nor is the ordinary cost of litigating the merits prejudice, because "[s]etting aside default will always increase litigation cost to the plaintiff." *Lewis*, 2020 WL 9814149, at *4. This factor weighs strongly against default.

***History of Dilatory Action.*** JGR has no history of dilatory conduct. It initiated this action, prosecuted its affirmative claims, moved to dismiss Gabehart's counterclaims, litigated that motion through a hearing, and participated fully in discovery on all claims and counterclaims. The missed deadline was an isolated oversight, not part of any pattern of delay, and the resulting delay was minimal: JGR's Answer was due September 9, 2026, and it filed the Answer on September 24, 2026, just fifteen days later. The delay also caused no disruption because discovery had already closed on August 31, 2026, and no case deadlines were affected. Courts in this Circuit routinely decline to enter or maintain default based on similarly brief, isolated delays. *See, e.g.*, *McClary v. Lightsey*, No. 5:16-CT-3052-BO, 2018 WL 9849553, at *3 (E.D.N.C. June 20, 2018) (setting aside default where the answer was filed 78 days late); *Currie v. Wood*, 112 F.R.D. 408, 409–10 (E.D.N.C. 1986) (granting relief from default where the answer was filed 18 days after the deadline). Given JGR's active prosecution of this case and the absence of any prejudice or disruption, this factor weighs strongly in favor of setting aside the entry of default.

***Availability of Less Drastic Sanctions.*** Finally, far less drastic alternatives to default are available. Default is an extreme measure, and where a missed deadline results from counsel's inadvertence and causes no prejudice, courts routinely decline to enter default and, if any remedy is warranted at all, impose one far short of it. Because any concern arising from the brief delay can be addressed through means far less severe than default, this factor also weighs against entry of default.

Taken together, the *Payne* factors establish good cause to deny entry of default, and *Kasparov* confirms that result. There, the plaintiff moved to dismiss counterclaims, the court denied the motion in part, and counsel then inadvertently missed the deadline to answer the surviving counterclaim because of an internal docket-management error; when the defendant sought default, the plaintiff promptly opposed and moved for leave to answer out of time. *Kasparov*, 2024 WL 3039647, at *1–2. The court declined to enter default, explaining that "[c]ourts refrain from entering default if the mistake was inadvertent, quickly reconciled, and the opposing party suffered no prejudice." *Id.* at *1. The same is true here. For these reasons—and as set forth in JGR's contemporaneously filed Motion for Leave to File Its Answer Out of Time (Doc. No. 250)—good cause exists to deny the Application and permit JGR's Answer to be filed and deemed timely.

## CONCLUSION

For the foregoing reasons, JGR respectfully requests that the Court deny Gabehart's Application for Entry of Default, decline to enter default against JGR on Gabehart's remaining Counterclaims, and permit JGR's Answer to be filed out of time and deemed timely, together with such other and further relief as the Court deems just and proper.

This the 25th day of September, 2026.


**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ *Tory Ian Summey*
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Kevin A. Marshall
N.C. Bar No. 50856
Christopher B. Henry
N.C. Bar No. 55955
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com
kevinmarshall@parkerpoe.com
chrishenry@parkerpoe.com

**KING & SPALDING LLC**
Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore – *Pro Hac Vice*

almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

*Attorneys for Joe Gibbs Racing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **PLAINTIFF JOE GIBBS RACING, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CHRISTOPHER GABEHART'S APPLICATION FOR ENTRY OF DEFAULT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This the 25th day of September, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ *Tory Ian Summey*
Tory Ian Summey
N.C. Bar No. 46437
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
torysummey@parkerpoe.com

*Attorney for Joe Gibbs Racing, LLC*