# EXHIBIT O
# Filed Under Seal

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,, )
)
Plaintiff, )
)
vs. )
)
CHRISTOPHER GABEHART AND )
SPIRE MOTORSPORTS II, LLC, )
)
Defendants. )
)
______________________________ )

VIDEOTAPED DEPOSITION OF
THE 30(b)(6) OF JOE GIBBS RACING, LLC,
DAVID ALPERN
(Taken by Defendant)
Charlotte, North Carolina
Monday, August 3, 2026

Reported in Stenotype by
Kristy L. Clark, RPR, NV CCR #708,
CA CSR #13529, NC Notary #201807900150

Veritext Legal Solutions Job No. NC8326588

[redacted]

[redacted]

[redacted]

[redacted]:

[redacted]

[redacted]

Q. You agree with me that there are some roles that Mr. Gabehart could perform for Spire that would not violate the noncompete; right?

A. I don't agree with that.

Q. You think regardless of the job that he does for Spire, no matter what he's doing, it would violate the noncompete?

A. I do.
Q. You're aware that JGR filed its original complaint in this lawsuit against Mr. Gabehart only; right?
A. I do.
Q. And then a few days later, it amended the complaint to name Spire as a defendant as well?
A. I believe that's correct. I don't remember the exact timeline.
Q. What changed between the filing of the first complaint against Mr. Gabehart and the second complaint which added Spire to the case?
MR. WALKER: I'm going to object.
I'm going to instruct you not to answer in a way that would reveal any attorney-client privilege communications. If there's some information you can provide that wouldn't reveal attorney-client privilege communications, then you can provide that information only.
THE WITNESS: In that case, I would rather decline to get into detail then.
BY MR. DAVEY:
Q. Let me ask it this way, Mr. Alpern. I don't want you to tell me any legal advice that your lawyers gave you. But did Joe Gibbs Racing learn any new facts

between the time it sued Mr. Gabehart and the time it sued Spire?

MR. WALKER: So I'm going to give you another instruction, which is I don't want you to reveal any communications with your counsel. And so, again, if you can answer that without revealing those communications, then you can answer. But just because it's a new fact doesn't mean you're not revealing communications with counsel. So I want you to not reveal those communications. If you have a question about that, we can talk about it.

MR. DAVEY: Objection to the speaking objection.

BY MR. DAVEY:

Q. Mr. Alpern, I don't want you to tell me legal advice that your lawyers gave you, okay, but I'm asking about what Joe Gibbs Racing knew. Facts that Joe Gibbs Racing knew.

A. Okay.

Q. Were there any new facts that Joe Gibbs Racing learned after it sued Mr. Gabehart --

MR. WALKER: Same -- same objection.

BY MR. DAVEY:

Q. -- between the time it sued Mr. Gabehart and the time it sued Spire?