**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-CV-00133-SCR-DCK**

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,<br><br>Defendants. | **PLAINTIFF'S ANSWERS TO DEFENDANT SPIRE MOTORSPORTS II, LLC'S FIRST SET OF REQUESTS FOR ADMISSION** |

Plaintiff Joe Gibbs Racing, LLC ("JGR") hereby submits its Answers to Defendant Spire Motorsports II, LLC's ("Spire") First Set of Requests for Admission, dated July 8, 2026 (the "Requests").

**GENERAL RESPONSES AND OBJECTIONS**

The following General Responses and Objections are incorporated into each specific objection and response as if fully set forth therein:

1. JGR's responses are based on information presently known to JGR after its diligent and best efforts to respond to Spire's Requests based on the investigation it has conducted to date. There may be information relating to the subject matter of Spire's Requests that JGR has not yet located, identified, or reviewed, despite JGR's diligent and best efforts to do so. Accordingly, JGR reserves the right to rely on facts, documents, or other information that may develop or subsequently come to its attention and to supplement the general and specific objections and responses to Spire's Requests as required by the Federal Rules of Civil Procedure.

2. JGR objects to certain Requests to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege or immunity from discovery. JGR hereby claims such privileges and protections and excludes privileged or

protected information from its responses. Any disclosure of such privileged or protected information is inadvertent and is not intended to waive those privileges or protections. In the event that a response that is privileged or exempt from disclosure is provided by JGR, it will have been provided inadvertently and shall not constitute a waiver of applicable privileges and/or protections.

3. JGR objects to the definition of the term "Spire" in that it refers to Spire Motorsports, LLC rather than Spire Motorsports II, LLC, the Defendant named in JGR's Second Amended Complaint (Dkt. 95).

4. JGR objects to each Request to the extent it seeks information irrelevant to the issues raised in this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise inconsistent with or enlarges upon the Federal Rules of Civil Procedure.

5. JGR objects to each Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, oppressive, exceeds the bounds of the discovery limits set in this case, or otherwise not reasonably limited in time or scope, or not proportional to the needs of the case.

6. JGR objects to each Request to the extent it requests information or materials not in JGR's possession, custody, or control, and not in the possession of persons or entities that are under JGR's control.

7. JGR objects to each Request to the extent it is not limited in scope or in time and is therefore overbroad, unduly burdensome, and not proportional to the needs of the case.

8. JGR objects to the definition of the terms "Plaintiff," "JGR," and "You" as overbroad and unduly burdensome in that it includes Joe Gibbs Racing, LLC's "present or former members, officers directors, shareholders, employees, or agents," as well as "agents, vendors, [and] independent contractors," which are not properly identified and so numerous as to impose a burden not required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Court Order. JGR further objects to the definition of the terms "Plaintiff," "JGR," and "You" as vague and ambiguous in that it

circularly includes "agents, vendors, independent contractors engaged, or any entities engaged by You to provide services to You."

9. JGR objects to the definition of "relating to," "relate to," and "concerning" as overbroad and unduly burdensome in that it imposes a burden not required by the Federal Rules of Civil Procedure. JGR will interpret "relating to," "relate to," and "concerning" within their normally understood and intended meanings.

10. JGR objects to the defined term "Allegedly Misappropriated Information" as used in Spire's interrogatories in that it characterizes as "alleged" the admitted misappropriation of JGR's trade secrets and confidential information, the full extent of which is currently unknown.

11. JGR objects to the definitions of "Document" and "Communication" to the extent they impose a burden not required by the Federal Rules of Civil Procedure. JGR will interpret "Document" and "Communication" within their ordinary meaning and understanding and in accordance with the requirements of the Federal Rules of Civil Procedure.

## ANSWERS TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that Joe Gibbs Racing, LLC does not own (partially or wholly) Port City Motors.

**ANSWER:** Admitted.

**REQUEST NO. 2:** Admit that Joe Gibbs Racing, LLC does not participate in any late model or sprint car racing series.

**ANSWER:** Admitted.

**REQUEST NO. 3:** Admit that Joe Gibbs Racing, LLC competes with 23XI Racing in NASCAR Cup Series races.

**ANSWER:** Admitted.

**REQUEST NO. 4:** Admit that portions of Joe Gibbs Racing, LLC's shop floor are viewable to the public.

**<u>ANSWER</u>:** Admitted.

**<u>REQUEST NO. 5</u>:** Admit that none of the documents identified in response to Spire's Interrogatory No. 2 are finalized JGR racecar setups that were implemented at an actual Cup Series race.

**<u>ANSWER</u>:** Denied.

**<u>REQUEST NO. 6</u>:** Admit that Your forensic examiner, Reliance Forensics, deleted all copies of the documents listed in response to Interrogatory No. 2 from the devices and accounts where he located them on or before January 20, 2026.

**<u>ANSWER</u>:** Denied.

**<u>REQUEST NO. 7</u>:** Admit that the "Focus Plan" produced at GABEHART00092 is not a JGR trade secret.

**<u>ANSWER</u>:** Admitted.

**<u>REQUEST NO. 8</u>:** Admit that some of the documents identified in response to Spire's Interrogatory No. 2 are not JGR trade secrets.

**<u>ANSWER</u>:** Admitted that some, but not all, documents identified in Interrogatory No. 2 are not JGR trade secrets.

**<u>REQUEST NO. 9</u>:** Admit that some of the documents identified in response to Spire's Interrogatory No. 2 are not JGR confidential information.

**<u>ANSWER</u>:** Admitted that some, but not all, documents identified in Interrogatory No. 2 are not JGR confidential information.

**<u>REQUEST NO. 10</u>:** Admit that Gabehart did not electronically transmit any JGR trade secrets or confidential information to any other person employed by Spire.

**<u>ANSWER</u>:** Denied.

This 7th day of August, 2026.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Tory Ian Summey
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Kevin Marshall
N.C. Bar No. 50856
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
kevinmarshall@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

**KING & SPALDING LLC**

Danielle T. Williams
dwilliams@kslaw.com
N.C. Bar No. 23283
300 South Tryon Street, Suite 1700
Charlotte, NC 28202
Thomas M. Melsheimer – *Pro Hac Vice*
tmelsheimer@kslaw.com
Chad B. Walker – *Pro Hac Vice*
cwalker@kslaw.com
Tracea Rice – *Pro Hac Vice*
trice@kslaw.com
Alexandra Moore - *Pro Hac Vice*
almoore@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201

*Attorneys for Joe Gibbs Racing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **PLAINTIFF'S ANSWERS TO DEFENDANT SPIRE MOTORSPORTS II, LLC'S FIRST SET OF REQUESTS FOR ADMISSION** was served upon all counsel of record via email.

This the 7th day of August, 2026.


**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Tory Ian Summey
Sarah F. Hutchins
N.C. Bar No. 38172
Tory Ian Summey
N.C. Bar No. 46437
Keith M. Weddington
N.C. Bar No. 14352
Kevin Marshall
N.C. Bar No. 50856
Charles G. Middlebrooks
N.C. Bar No. 55171
Madelyn R. Candela
N.C. Bar No. 63827
Chad F. Lee
N.C. Bar No. 56350
Bank of America Tower
620 South Tryon St., Suite 800
Charlotte, North Carolina 28202
sarahhutchins@parkerpoe.com
torysummey@parkerpoe.com
keithweddington@parkerpoe.com
kevinmarshall@parkerpoe.com
charliemiddlebrooks@parkerpoe.com
madelyncandela@parkerpoe.com
chadlee@parkerpoe.com

*Attorneys for Joe Gibbs Racing, LLC*