# EXHIBIT Z
# Filed Under Seal

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-cv-00133-SCR-DCK

JOE GIBBS RACING, LLC, )
)
Plaintiff, )
)
vs. )
)
CHRISTOPHER GABEHART and )
SPIRE MOTORSPORTS, LLC, )
)
Defendants. )
__________________________________/

VIDEOTAPED RULE 30(B)(6) DEPOSITION OF SPIRE
MOTORSPORTS, LLC, by WILLIAM ANTHONY
(Taken by Plaintiff)
Charlotte, North Carolina
Wednesday, August 19th, 2026
9:11 a.m.

Certified Stenographic Court Reporter
Karen Kidwell, RMR, RPR, CRR

APPEARANCES

ON BEHALF OF THE PLAINTIFF JOE GIBBS RACING, LLC:

ALEXANDRA MOORE, Esquire (via Zoom)
King & Spalding LLP
2601 Olive Street, Suite 2300
Dallas, Texas 75201
(214) 764-4464
amoore@kslaw.com

(and)

KEITH M. WEDDINGTON, Esquire
Parker Poe Adams & Bernstein LLP
620 South Tyron Street, Suite 800
Charlotte, North Carolina 28202
(704) 335-9035
keithweddington@parkerpoe.com
sarahhutchins@parkerpoe.com

ON BEHALF OF THE DEFENDANT CHRISTOPHER GABEHART:

CARY B. DAVIS, Esquire
Robinson, Bradshaw & Hinson, P.A.
600 South Tyron Street, Suite 2300
Charlotte, North Carolina 28202
(704) 377-8383
cdavis@rbh.com

ON BEHALF OF THE DEFENDANT SPIRE MOTORSPORTS, LLC AND THE WITNESS:

JOSHUA D. DAVEY, Esquire
BENJAMIN WHORF, Esquire
Troutman Pepper Locke LLP
301 South College Street, 34th Floor
Charlotte, North Carolina 28202
(704) 916-1503
joshua.davey@troutman.com
benjamin.whorf@tro

ALSO PRESENT:

David Cooper, Videographer

On August 19, 2026, commencing at 9:11 a.m., the Videotaped Rule 30(b)(6) Deposition of Spire Motorsports, LLC, by WILLIAM ANTHONY was taken pursuant to the Federal Rules of Civil Procedure, on behalf of the Defendants, before Karen Kidwell, Registered Merit Reporter, Certified Realtime Reporter, and Notary Public, in and for the State of North Carolina, at Troutman Pepper Locke LLP, 301 South College Street, Suite 3400, Charlotte, North Carolina, 28202.

* * *

I N D E X


| WITNESS/EXAMINATION | Page |
|---|---|
| WILLIAM ANTHONY | |
| By Mr. Weddington | 8 |
| By Mr. Davey | 121 |


E X H I B I T S


| Number | Description | Page |
|---|---|---|
| Exhibit 1 | 2/17/2026 E-mail, Docusign to William Anthony, with attachment, Confidential, Bates Spire_0001004-1017 | 8 |
| Exhibit 2 | E-mail chain, top e-mail 2/6/2026, William Anthony to Stoke Caldwell, with attachment, Confidential, Bates Spire_0000124-130 | 23 |
| Exhibit 3 | E-mail chain, top e-mail 2/16/2026, William Anthony to Cary Davis and other, with attachment, Confidential, Bates Spire_0000331-332 | 49 |
| Exhibit 4 | 2/21/2026 E-mail, Heather Griffin to William Anthony and others, Confidential, Bates Spire_0001391 | 53 |
| Exhibit 5 | Short Message Report, 2/20/2026, Chat: 77 Road Crew, Confidential, Bates Spire_0000774-775 | 64 |

E X H I B I T S (Cont'd)


| Number | Description | Page |
| --- | --- | --- |
| Exhibit 6 | Messages in chronological order, top message Heather Griffin, 2/21/2026, Confidential, Bates DHONDT_0032-41 | 68 |
| Exhibit 7 | E-mail chain, top e-mail 2/18/2026, Chris Gabehart to Heather Griffin and others, with attachment, Confidential, Bates Spire_0001302-1304 | 74 |
| Exhibit 8 | Short Message Report, 12/3/2025, Eric Schaffer, William Anthony, Confidential, Bates ANTHONY_0031-32 | 78 |
| Exhibit 9 | 5/5/2026 E-mail, William Anthony to Spire All, Confidential, Bates Spire_0000757-758 | 79 |


REPORTER'S NOTE: All quotations from exhibits are reflected in the manner in which they were read into the record and do not necessarily indicate an exact quote from the document.

WEDNESDAY, AUGUST 19, 2026

P R O C E E D I N G S

- - -

VIDEOGRAPHER: All right. Stand by. We are going on the record at 9:11:54 a.m., Wednesday, August 19, 2026.

Please note that the microphones are sensitive and may pick up whispering and private conversations. Please turn off all cell phones and place them away from the microphones as they can interfere with the deposition audio.

Recording will continue until all parties agree to go off the record.

Here begins Media Unit Number 1 in the video-recorded 30(b)(6) deposition of Spire Motorsports II, LLC, with William Anthony, taken by counsel for the plaintiff in the matter of Joe Gibbs Racing, LLC, versus Christopher Gabehart and Spire Motorsports II, LLC, in the United States District Court for the Western District of North Carolina, Charlotte Division, Case Number 3:26-cv-00133-SCR-DCK.

This video deposition is taking place at Troutman Pepper Locke LLP, located at 301 South College Street, Suite 3400, Charlotte,

North Carolina 28202.

My name is David Cooper. I'm the certified legal videographer with Veritext. I am not authorized to administer an oath. I am not related to any party in this action, nor am I financially interested in the outcome.

Counsel and all present in the room and everyone attending remotely will now state their appearance and affiliation for the record.

If there are any objections to the proceeding, please state them at the time of your appearance, beginning with the noticing attorney.

MR. WEDDINGTON: My name is Keith Weddington, representing Joe Gibbs Racing.

MR. DAVEY: Joshua Davey of Troutman Pepper Locke, here representing Spire Motorsports.

MR. WHORF: Benjamin Whorf of Troutman Pepper Locke for Spire Motorsports.

MR. DAVIS: Cary Davis, with Robinson Bradshaw, for Christopher Gabehart.

VIDEOGRAPHER: And on the remote, please?

MS. MOORE: Alex Moore, King & Spalding, for JGR.

VIDEOGRAPHER: The reporter, Karen Kidwell, will now swear in the witness.

WILLIAM ANTHONY

being first duly sworn, testified as follows:

EXAMINATION

BY MR. WEDDINGTON:

Q. Good morning, Mr. Anthony. We met before, but if you would, state your full name for the record?

A. William Anthony.

Q. And what is your current position?

A. President of Spire Motorsports and general counsel for Spire Motorsports.

Q. Okay. And you understand you're here today for a 30(b)(6) deposition?

A. I do.

MR. WEDDINGTON: Okay. I'll start by handing you what we'll mark as Exhibit 1.

(Exhibit 1 was marked for identification.)

MR. WEDDINGTON: I'll ask you to pass these around.

BY MR. WEDDINGTON:

Q. Do you recognize Exhibit 1?

A. Yes.

Q. And that is -- the first is a DocuSigned

cover e-mail dated February 17th, 2026, that is attaching the executed version of Mr. Gabehart's employment agreement with Spire, correct?

A. Yes.

Q. Okay. If you would, let's talk about Mr. Gabehart's compensation.

[redacted]

///

VIDEOGRAPHER: The time is approximately 11:35:43 a.m. We are now off the record.

(A recess transpired from 11:35 a.m. until 11:45 a.m.)

VIDEOGRAPHER: Stand by. The time is approximately 11:45:06 a.m. We are now on the record.

BY MR. WEDDINGTON:

Q. Mr. Anthony, aside from contractual provisions that we have previously discussed, did Spire take any efforts to prevent Mr. Gabehart from sharing or transferring any of JGR's confidential information to Spire?

A. In the context of knowing he was coming off of the forensic protocol with the remediation, we require our employees to sign confidentiality agreements and to abide by those obligations, which includes not receiving or using information from other companies.

We give them the resources that they need to perform their job. We limit access to things based on people's job functions and what they need to do their -- the performance of their job. And then we are present when they're performing their jobs and address any issues that arise.

Q. Up until March 18th, did Mr. Gabehart have access to all of Spire's competition-related systems?
A. He did not.
Q. What did he not have access to?
A. All -- all Cup-related data and confidential information is stored on the Cup Series SharePoint, to which he never had access.
Q. Could he be provided documents or information from that database if someone who did have access transmitted to him?
MR. DAVEY: Objection to the form.
THE WITNESS: That would have been recorded in logs of granting access to files through that system and would be part of the record, which has been examined.
BY MR. WEDDINGTON:
Q. Did Mr. Gabehart, at any time, have access to Spire's Cup Series competition data, such as setup information?
A. He did not. Our access to the GM tools, including the RVG system in the areas where we shared data and information with Hendrick Motorsports, he never accessed that.
Q. Did he have access to crew chief reports?
A. He did not have direct access to crew

chief reports. To the extent he received a -- an attachment that was related to an e-mail or to a meeting that he received, then he may have perhaps received those, but I don't know the extent of that.

Q. Did he have access to competition meeting notes?

A. I don't believe he had access to competition meeting notes.

Q. Were there discussions by Spire's management about limiting Mr. Gabehart's access to Cup Series competition information prior to the lawsuit being filed against Spire?

A. It was not a requirement of his job to have that direct access, and we limit the access based on the need to access that information. So it was never discussed one way or the other.

He was just not granted access to it. I don't believe -- I don't believe I have access to it either.

Q. Has Mr. Gabehart's name, title, or presence been used in sponsorship marketing materials or presentations?

A. No.

Q. Once Mr. Gabehart was hired, were there any communications to sponsors announcing or