**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **JOE GIBBS RACING, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,**<br><br>**Defendants.** | **Case No. 3:26-cv-00133-SCR-DCK** |

**DEFENDANT CHRISTOPHER GABEHART'S REPLY IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT AGAINST PLAINTIFF JOE GIBBS RACING, LLC**

Plaintiff Joe Gibbs Racing, LLC ("JGR") offers no adequate justification for its failure to answer Defendant Christopher Gabehart's Counterclaims. Instead, JGR blames a "docket-management error"—while the record shows that JGR had ample time and resources to file a half-dozen discretionary motions during the very period it now claims it was too busy to meet a mandatory deadline.

## I. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The court may set aside an entry of default only upon a showing of "good cause." Fed. R. Civ. P. 55(c). JGR bears the burden of demonstrating good cause—a burden it has not met.

## II. JGR'S EXCUSE IS BELIED BY ITS OWN CONDUCT

JGR attributes its missed deadline to an "inadvertent docket-management error" and the "considerable volume of concurrent briefing" during the relevant period. Opp. at 1, 3. But the record tells a different story: the "considerable volume" of briefing was entirely of JGR's own making.

In the window between the Court's order on JGR's motion to dismiss and JGR's belated Answer, JGR filed no fewer than six discretionary motions—none of which carried a court-imposed deadline:

- A notice of supplemental evidence in support of its motion to compel the production of documents from Defendant Spire Motorsports II, LLC ("Spire"). ECF 157, filed August 27, 2026.
- A motion to alter the case schedule and requesting expedited briefing. ECF 164, filed August 28, 2026.
- A motion to compel documents from both Defendants and for leave to depose technical witnesses. ECF 170, filed August 31, 2026.
- A motion for order to show cause seeking a contempt order against Gabehart and Spire. ECF No. 218, filed September 15, 2026.
- A motion for sanctions against Gabehart. ECF 224, filed September 16, 2026.
- A motion for preliminary injunction against Spire. ECF 230, filed September 17, 2026.

JGR's filing activity did not stop there. During this same period, JGR's insistence on sealing non-confidential information that Gabehart contends (and the Court has agreed) does not

warrant protection generated a cascade of additional filings—motions to seal, redacted documents, and the attendant procedural clutter. *See, e.g.*, ECF 188, 198, 203, 211.

The pattern is unmistakable: JGR devoted its resources to an aggressive campaign of motions—timed around the close of fact discovery and the parties' mediation—while leaving Gabehart's Counterclaims unanswered. Such conduct violates both the letter and spirit of Rule 1's command that parties must employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Having chosen that path, JGR cannot now plead overwork as an excuse. And as set forth below, JGR points to no authority suggesting otherwise.

## III. JGR CITES NO AUTHORITY FOR ITS POSITION

JGR fails to cite a single case holding that a party's decision to deploy an army of lawyers to advance its own offensive litigation strategy constitutes "good cause" for missing a mandatory deadline. That is because no such authority exists. The cases JGR does cite—*Kasparov, Tolson, Colleton Preparatory Academy*—stand for the unremarkable proposition that courts disfavor default when counsel makes an isolated, inadvertent calendaring error or there is a service issue. None of those cases involved a party that consciously diverted its legal resources to discretionary filings while ignoring a court-imposed deadline on the same docket.

Here, JGR was represented by no fewer than two large law firms and *fourteen* attorneys of record. Opp. at 10–11. This is not a solo practitioner juggling multiple matters or a small firm caught off guard by an unexpected ruling. JGR had the resources—and the obligation—to track a straightforward fourteen-day answer deadline. Yet JGR chose to direct those resources elsewhere: to six discretionary motions, a barrage of sealing requests, and what JGR itself describes as

"vigorous[] prosecut[ion]" of its affirmative claims. Opp. at 2. That choice was strategic, not inadvertent.

Good cause requires more than a party's assertion that it was busy. A deliberate allocation of resources to advance one's own litigation agenda—while leaving an opponent's claims unanswered—is not an unavoidable circumstance or excusable neglect. It is a strategic choice, and strategic choices carry consequences. The consequence here is that JGR failed to meet a mandatory deadline, and no amount of post-hoc regret can transform that failure into "good cause."

## IV. CONCLUSION

JGR missed its deadline to answer Gabehart's Counterclaims while simultaneously filing a torrent of discretionary motions and accompanying briefs seeking document production, a contempt order, sanctions, and a preliminary injunction. JGR has offered no adequate explanation for this failure, much less the "good cause" required to avoid a default. The Court should enter default against JGR on Gabehart's Counterclaims. In the alternative, the Court should impose an appropriate sanction for JGR's failure to timely answer.

This the 2nd day of October, 2026.

By: _/s/ Cary B. Davis_
Cary B. Davis
N.C. Bar No. 36172
cdavis@rbh.com
Spencer T. Wiles
N.C. Bar No. 53664
swiles@rbh.com
William M. Miller
N.C. Bar No. 36946
wmiller@rbh.com
Anna Claire Tucker
N.C. Bar No. 59457
atucker@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536

*Attorneys for Defendant Christopher Gabehart*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 2, 2026

/s/ *Cary B. Davis*
Cary B. Davis