**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,<br><br>Defendants. | Case No. 3:26-cv-00133-SCR-DCK |

**DEFENDANT SPIRE MOTORSPORTS II, LLC'S REPLY IN SUPPORT OF ITS APPLICATION FOR ENTRY OF DEFAULT**

Plaintiff Joe Gibbs Racing, LLC ("JGR") filed its complaint against Defendant Spire Motorsports II, LLC ("Spire") on February 24, 2026, Dkt. 8, and amended it on June 10, 2026, Dkt. 95. Spire timely filed an Answer and Counterclaims on June 24, 2026. Dkt. 99. JGR moved to dismiss the counterclaims, and the Court denied JGR's motion on August 26, 2026. Under Rule 12(a)(4)(A), JGR's answer was due on September 9, 2026. That day came and went without an answer from JGR. Meanwhile, JGR was hard at work on motions for an order to show cause and for preliminary injunction, which spanned ***845*** pages of briefing and exhibits with redactions and were filed just days after JGR's missed deadline. Dkt. 219, 231. On September 24, 2026, over two weeks after JGR blew past its deadline, Spire applied for entry of default against JGR. Dkt. 247. Spire is entitled to an entry of default, which is non-discretionary and proper in this case. JGR's opposition filed on September 25, 2026, should be rejected. Dkt. 255 (the "Opp.").

**ARGUMENT**

The plain language of Rule 55(a) is dispositive here: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

shown by affidavit or otherwise, the clerk ***must*** enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Rule 55(a) leaves no discretion to the clerk where an application for entry of default is made and supported by an affidavit demonstrating a party's failure to plead. Here, JGR failed to plead, and Spire demonstrated that failure with a declaration. Dkt. 247. That ends the analysis. Under these circumstances, the clerk's entry of default is a non-discretionary, ministerial act. *See, e.g.*, *Mayrant v. Norfolk Redevelopment and Housing Authority*, 801 F. Supp. 3d 601, 613-14 (E.D. Va. 2025) ("Rule 55(a) ***requires*** the clerk to enter a party's default when that party has failed to file a responsive pleading or otherwise defend the action within the applicable time limit." (emphasis added)).

Despite its weeks-late, untimely answer, JGR alleges it has not failed to defend against Spire's counterclaims and there is good cause not to enter default against it. Fed. R. Civ. P. 55(c). When assessing whether good cause exists to grant relief from default, courts consider the following factors: "1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) who bore responsibility for the default; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic." *U.S. Foodservice, Inc. v. Donahue*, 764 F. Supp. 2d 816, 820-21 (S.D.W. Va. 2011) (quoting *Payne ex el. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). The weight of these factors goes against JGR, and default should be entered.

***JGR has failed to plead or otherwise defend.*** JGR claims to have otherwise defended by participating in litigating this case since it filed its initial complaint. However, JGR is missing the point. It's certainly true that JGR has taken a scorched-earth approach to litigating this case. But while JGR has marshalled a massive effort ***against Spire,*** it didn't brother to attend to the defense

of Spire's claims ***against JGR***, ignoring its September 9, 2026, deadline to answer. JGR may have participated in discovery (again largely pursuing its ***own*** claims), but entry of default on Spire's unanswered claims is still proper. *See Viveros v. Nationwide Janitorial Ass'n., Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (granting a default judgment on counterclaims even when the plaintiff had answered interrogatories); *Fashion Shop LLC v. Virtual Sales Group Corp.*, 525 F. Supp. 2d 436, 447 (S.D.N.Y. 2007) (granting a default judgment on counterclaims even when the plaintiff moved for summary judgment and the failure to answer was inadvertent).

***Meritorious defense.*** To prevent entry of default, JGR must allege a meritorious defense. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) ("[R]elief from a judgment of default should be granted where the defaulting party acts with reasonable diligence . . . ***and*** tenders a meritorious defense." (emphasis added) (citations omitted)). "[A] meritorious defense is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). A defendant must do "more than allege in conclusory fashion that it had a meritorious defense." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (affirming refusal to set aside default where defendant "presented no statement of underlying facts. . . to enable the court to appraise the merits of the claimed defense.").

JGR offers no specific facts supporting the merits of its defense because there are none. Indeed, JGR's own corporate witness, David Alpern, admitted JGR's liability to Spire on Spire's counterclaim for breach of the Trade Understanding, and admitted that Spire is entitled to $100,000 from JGR as part of an agreement the two reached for Spire's release of Robert "Cheddar" Smith so JGR could hire him:

> Q. So JGR agrees, though, that the deal was Spire would release [Robert "Cheddar" Smith] so Cheddar could come to JGR, and JGR would pay Spire $100,000?
>
> A. That's correct. That is the deal that Chris Gabehart made with Jeff Dickerson.
>
> . . .
>
> Q. Does JGR contest that it owes Spire $100,000 under the agreement we've been discussing?
>
> A. JGR would be happy to pay if we receive an invoice from Spire.

Ex. A (JGR 30(b)(6) Dep.) at 311:6-312:13.

Put simply, JGR's 30(b)(6) witness admitted JGR's liability to Spire. JGR therefore has no meritorious defense, and this factor weighs against it.

***Reasonable promptness.*** JGR argues it acted quickly after Spire applied for entry of default. But promptness alone is insufficient. *Matter of Rogers*, 160 B.R. 249, 253 (Bankr. N.D. Ga., 1993) ("[P]romptness in response alone is not enough to set aside a default as the Defendant must make a further showing of good cause to excuse its failure to timely answer the Complaint."). Because JGR itself caused the delay in answering, lacks a meritorious defense, and because its actions prejudice Spire, default should be entered.

***Personal responsibility.*** It has been over a month since the Court denied JGR's motion to dismiss Spire's counterclaims. In that time, JGR has been represented by two large law firms with a combined headcount of over 1,600 lawyers, and a legal team of 14 lawyers who have made an appearance in this case (plus an army of lawyers working behind them). Now that JGR's sizeable team of legal representatives has missed a deadline, JGR asks the Court to excuse its failure to defend Spire's counterclaims as excusable neglect—despite the record being replete with filings and activity from JGR on its own claims. *See infra* "Dilatory Action." Even accepting that JGR's failure to file an answer was due to its counsel's oversight, default should nonetheless be entered given JGR's failure to allege a meritorious defense. *See U.S. Foodservice*, 764 F. Supp. 2d at 820–

21 (refusing to grant relief from default judgment where the defaulting party failed to allege a meritorious defense and "there could possibly be neglect attributable to counsel, [though] it would not be excusable, and thus [the defaulting party] bears responsibility for the default.").

***Prejudice.*** Spire stands to suffer prejudice beyond a "delay in and of itself . . . ." *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 419 (4th Cir. 2010). JGR, even during its delay in answering Spire's counterclaims, has found the time to make numerous filings with the Court. Spire similarly has been forced to spend time and money reviewing and responding to those filings. Now, even after JGR's failure to answer Spire's claims, Spire may be forced to expend ***even more*** time and money litigating counterclaims where even JGR's own corporate witness admits JGR is liable. Ex. A (JGR 30(b)(6) Dep.) at 311:6-312:13. All after Spire has complied with the Court's deadlines and timely made all its filings. Because of the prejudice to Spire in having to litigate a claim JGR did not answer and cannot defend, default should be entered against JGR.

***Dilatory Action.*** JGR has blamed its failure to answer on an "inadvertent docket-management error" amid an "unusually demanding phase of the litigation." Opp. at 1-2. JGR's explanation is unsupported by a declaration or any facts explaining exactly how or why such an extraordinary error occurred. Yet JGR was actively litigating this case at full throttle throughout the entire period it was ignoring its defense of Spire's counterclaims. After the Court denied its motion to dismiss, JGR made six filings before ever filing an answer,[1] in addition to multiple motions to seal and numerous briefs. Further, JGR has increased litigation workload and costs for

[1] Dkt. 158; Dkt. 164; Dkt. 171; Dkt. 219; Dkt. 224; Dkt. 231.

all parties through its abuse[2] of the Court's Protective Order. Dkt. 124. JGR's dilatory action has continued since the filing of its complaint, including the entirety of the time in which it failed to answer Spire's counterclaims. That JGR has managed to file motions for sanctions and show cause orders spanning more than 845 pages of briefing and exhibits (Dkts. 219, 231) shortly after its answer deadline but failed entirely to answer Spire's counterclaims is inexcusable.

***Availability of less drastic sanctions.*** JGR argues less drastic sanctions are available to the Court but does not explain what lesser sanction will rectify the prejudice to Spire in absence of default. Because JGR has not alleged a meritorious defense and its own corporate witness ***admits*** that Spire is entitled to the relief it seeks, default is the proper sanction.

## CONCLUSION

For all these reasons, Spire respectfully requests that the default be entered against JGR for failure to file a timely answer.

This the 2nd day of October, 2026.

By: */s/ Joshua D. Davey*
Joshua D. Davey (N.C. Bar No. 35246)
Jason D. Evans (N.C. Bar No. 27808)
Lawrence J. Cameron (N.C. Bar No. 41922)
Troy C. Homesley, III (N.C. Bar No. 62148)
Anais M. Jaccard (N.C. Bar No. 58438)
Ben E. Whorf (N.C. Bar No. 64279)
**TROUTMAN PEPPER LOCKE LLP**
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
joshua.davey@troutman.com
lawrence.cameron@troutman.com
troy.homesley@troutman.com
anais.jaccard@troutman.com
ben.whorf@troutman.com

[2] JGR's abuse of the Protective Order has been revealed in Spire's motions to compel, Spire's opposition to JGR's motion to supplement the protective order, and during the October 1, 2026 hearing before Judge Keesler. *See* Dkt. 168; Dkt. 105.

John S. "Evan" Gibbs III – Pro Hac Vice
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St, NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
evan.gibbs@troutman.com