# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,, )
)
Plaintiff, )
)
vs. )
)
CHRISTOPHER GABEHART AND )
SPIRE MOTORSPORTS II, LLC, )
)
Defendants. )
)
______________________________ )

VIDEOTAPED DEPOSITION OF
THE 30(b)(6) OF JOE GIBBS RACING, LLC,
DAVID ALPERN
(Taken by Defendant)
Charlotte, North Carolina
Monday, August 3, 2026

Reported in Stenotype by
Kristy L. Clark, RPR, NV CCR #708,
CA CSR #13529, NC Notary #201807900150

Veritext Legal Solutions Job No. NC8326588

APPEARANCES

ON BEHALF OF THE PLAINTIFF:

CHAD F. LEE, ESQUIRE
PARKER POE ADAMS & BERNSTEIN LLP
401 South Tryon Street
Suite 800
Charlotte, North Carolina 28202
(704) 372-9000
chadlee@parkerpoe.com

ON BEHALF OF THE PLAINTIFF:

CHAD B. WALKER, ESQUIRE
KING & SPALDING
300 South Tryon Street
Suite 1700
Charlotte, North Carolina 28202
(704) 503-2600

ON BEHALF OF THE DEFENDANT CHRISTOPHER GABEHART:

WILLIAM MILLER, ESQUIRE
ROBINSON BRADSHAW & HINSON PA
600 South Tryon Street
Suite 2300
Charlotte, North Carolina 28202
(704) 377-8386
cdavis@rbh.com

ON BEHALF OF THE DEFENDANT SPIRE MOTORSPORTS II, LLC:

JOSHUA DAVEY, ESQUIRE
ANAIS JACCARD, ESQUIRE
TROY HOLMSLEY, ESQUIRE
TROUTMAN PEPPER LOCKE
301 South College Street
34th Floor
Charlotte, North Carolina 28202
(704) 916-1502
joshua.davey@troutman.com

THE VIDEOGRAPHER: DAVID COOPER

ALSO PRESENT: ERIC SCHAFFER
DANIELLE WILLIAMS (VIA ZOOM)

VIDEOTAPED DEPOSITION OF DAVID ALPERN, a witness called on behalf of Defendant, before Kristy L. Clark, Registered Professional Reporter and Notary Public, in and for the State of North Carolina, appearing from 620 South Tryon Street, Suite 800, Charlotte, North Carolina, on Monday, August 3, 2026, commencing at 9:05 a.m.

INDEX OF EXAMINATIONS

| EXAMINATION | PAGE |
|---|---|
| By Mr. Davey | 9, 370 |
| By Mr. Walker | 361 |

INDEX TO EXHIBITS

| NUMBER | DESCRIPTION | MARKED |
|---|---|---|
| Exhibit CR1 | Control Number A25557-006-0000068 | 18 |
| Exhibit 1 | Document Bates stamped JGR_0001463 | 32 |
| Exhibit 2 | Plaintiff's Second Supplemental Responses to Interrogatories | 60 |
| Exhibit 3 | Magazine article entitled Here's the New Toyota Camry NASCAR Cup Car | 98 |
| Exhibit 4 | Magazine article entitled He gapped the field | 102 |
| Exhibit 5 | Magazine article entitled Why small changes have created a big learning curve for NASCAR's Chevrolet teams | 110 |
| Exhibit 6 | Documents Bates stamped GABEHART00092 - 93 | 126 |

INDEX TO EXHIBITS (continued)


| NUMBER | DESCRIPTION | MARKED |
|---|---|---|
| Exhibit CR2 | Document Bates stamped JGR_2848 | 139 |
| Exhibit CR3 | Document Bates stamped JGR_3130 | 168 |
| Exhibit CR4 | Document Bates stamped JGR_2852 | 178 |
| Exhibit CR5 | Document Bates stamped JGR_3005 | 179 |
| Exhibit 7 | Documents Bates stamped Spire_0000849 | 185 |
| Exhibit 8 | Document Bates stamped JGR_0000172 -173 | 204 |
| Exhibit 9 | 2026 NASCAR National Series Schedules | 219 |
| Exhibit 10 | 2026 NASCAR Cup Series Standings | 219 |
| Exhibit 11 | 2026 Daytona 500 Results | 219 |
| Exhibit CR6 | Document Bates stamped JGR_2849 | 237 |
| Exhibit 12 | JGR Leadership January 2025 | 239 |
| Exhibit CR7 | Document Bates stamped JGR_3126 | 255 |
| Exhibit 13 | Documents Bates stamped JGR_0002414 - 2428 | 272 |

INDEX TO EXHIBITS (continued)

| NUMBER | DESCRIPTION | MARKED |
|---|---|---|
| Exhibit 14 | Documents Bates stamped DICKERSON_0062 - 65 | 280 |
| Exhibit 15 | Documents Bates stamped JGR_0001857 - 1862 | 285 |
| Exhibit 16 | Document Bates stamped JGR_0003035 | 315 |
| Exhibit 17 | Documents Bates stamped GABEHART00570 - 571 | 324 |
| Exhibit 18 | Document Bates stamped GABEHART01127 | 325 |
| Exhibit 19 | Documents Bates stamped JGR_0000302 - 303 | 326 |
| Exhibit 20 | Document Bates stamped JGR_0000304 | 329 |
| Exhibit 21 | Documents Bates stamped JGR_0000320 - 322 | 332 |
| Exhibit 22 | Second Amended Complaint | 345 |
| Exhibit 23 | Second Amended Notice of Deposition | 360 |

CHARLOTTE, NORTH CAROLINA; MONDAY, AUGUST 3, 2026;
9:05 A.M.
-oOo-

THE VIDEOGRAPHER: We are going on the record at 9:05:43 a.m., Monday, August 3, 2026. Please note that the microphones are sensitive and may pick up whispering and private conversations. Please turn off all cell folks or place them away from the microphones as they can interfere with the deposition audio. Recording will continue until all parties agree to go off the record.

Here begins Media Unit No. 1 in the 30(b)(6) video deposition of Joe Gibbs Racing, LLC, with Dave Alpern, taken by counsel for the defendants in the matter of Joe Gibbs Racing, LLC, versus Christopher Gabehart, and Spire Motorsports 2, LLC, in the West -- in the United States District Court for the Western District of North Carolina, Charlotte Division, Case No. 326CV00133SCR-DCK.

This video deposition is taking place at Parker Poe Adams & Bernstein, in the Equality Conference Room, located at 620 South Tryon Street, Suite 600, Charlotte, North Carolina 28202.

My name is David Cooper. I'm the certified

legal videographer with Veritext. I am not authorized to administer and oath. I am not related to any party in this action, nor am I financially interested in the outcome.

Counsel and all present in the room and everyone attending remotely will now state their appearance and affiliation for the record. If there are any objections to the proceeding, please state them at the time of your appearance beginning with the noticing attorney.

MR. DAVEY: Joshua Davey, Troutman Pepper Locke, here on behalf of Spire Motorsports.

MR. HOMESLEY: Troy Homesley, Troutman Pepper Locke, on behalf of Spire Motorsports.

MS. JACCARD: Anais Jaccard, Troutman Pepper Locke, on behalf of Spire Motorsports.

MR. MILLER: Good morning. William Miller, Robinson Bradshaw, for Defendant Christopher Gabehart.

MR. DAVIS: Carey Davis, Robinson Bradshaw, for Christopher Gabehart.

MR. WALKER: Chad Walker, King Spalding, for the Plaintiff Joe Gibbs Racing. With me is Chad Lee from Parker Poe, and Eric Schaffer from Joe Gibbs Racing.

THE VIDEOGRAPHER: On the Zoom?

MS. WILLIAMS: Good morning. Daniel Williams here on behalf of Plaintiff.
THE VIDEOGRAPHER: The court reporter, Kristy Clark, will now swear in the witness.
Thereupon--
DAVID ALPERN,
was called as a witness, and having been first duly sworn, was examined and testified as follows:

EXAMINATION
BY MR. DAVEY:
Q. Good morning, sir.
A. Good morning.
Q. Could you please state your name for the record?
A. My name is David Alpern.
Q. And you are the president of Joe Gibbs Racing; is that right?
A. That's correct.
Q. And you held that role since 2006?
A. That's correct.
Q. So about ten years?
A. Approximately ten years.
Q. And you're one of the longest-tenured executives in NASCAR; is that correct?

A. Yes.
Q. And JGR wanted to hire him; right?
A. That's correct.
Q. Okay. And so JGR had an agreement with Spire about hiring Cheddar. Is that fair?
A. That's correct.
Q. Okay. And the agreement was that Spire would waive its noncompete so that Cheddar could join Joe Gibbs Racing; is that right?
A. That's correct.
Q. And in exchange, Joe Gibbs Racing would release a competition employee to be determined at a later time to Spire or alternatively would pay Spire $100,000; is that right?
A. That is not correct.
Q. What's wrong about that?
A. Well, again, ironically, the person that led that deal was Chris Gabehart on behalf of Joe Gibbs Racing. So it was ironically Chris Gabehart dealing with Jeff Dickerson. The first part was correct.
We, like I mentioned before, went about it in the right way. Chris Gabehart called Jeff Dickerson to say, we're interested. Again, as part of Chris's role of competition director trying to make the 54 car better, he determined he was interested in talking to

their car chief. He went, called, asked permission. Was given permission, and they came to an agreement to let Cheddar out in exchange for $100,000. There was not a personnel swap as part of that. That was a later discussion.

Q. Okay. So JGR agrees, though, that the deal was Spire would release Cheddar so Cheddar could come to JGR, and JGR would pay Spire $100,000?

A. That's correct. That is the deal that Chris Gabehart made with Jeff Dickerson.

Q. JGR did, in fact, hire Cheddar?

A. We did.

Q. He works for JGR today?

A. That's correct.

Q. What's his job?

A. He is the car chief for the No. 54.

Q. That's Ty Gibbs's car?

A. Yes.

Q. JGR has not agreed to release any other competition employees to Spire; is that right?

A. That was not part of the deal for Cheddar.

Q. I understand that your testimony is that wasn't part of the deal, but my question is a little different.

JGR has not actually released any competition

personnel to Spire. Is that fair?
A. Yes. That's -- that's a different topic.
Q. Okay. And JGR has not paid Spire $100,000; is that right?
A. We were never invoiced.
Q. Are you waiting for an invoice?
A. We would be happy to pay if we got an invoice. Chris Gabehart was in charge of the invoice and never got one for us.
Q. Does JGR contest that it owes Spire $100,000 under the agreement we've been discussing?
A. JGR would be happy to pay if we receive an invoice from Spire.
Q. JGR agrees that it owes Spire $100,000?
A. The agreement for Cheddar contemplated a $100,000 exchange. At the time Tim Carmichael asked Chris Gabehart, "You need to get us an invoice."
Chris Gabehart told Tim Carmichael, "Hold off on the invoice. There may be a discussion about them being interested in one of our spotters and vice versa."
The spotter that worked for Spire made more money than the spotter that worked for JGR, and Chris Gabehart's comment to Tim was, "Hang on. If we -- if we hire their spotter, Eddie D'Hondt, and they hire our

spotter, they would refund us the difference between the spotter salaries from the $100,000."

Later, Chris came to Tim and said, "Forget it. We're not doing a deal for the spotter." And we never received an invoice. And that was the last we heard of it. Again, Chris Gabehart was in charge of that. He was the one dealing with Spire.

Q. JGR does not contest that it owes Spire $100,000?

MR. WALKER: Objection. Asked and answered.

THE WITNESS: We would pay --

BY MR. DAVEY:

Q. Is that right? It's just a yes or no.

MR. WALKER: Objection. Asked and answered. Argumentative.

BY MR. DAVEY:

Q. You are not claiming you don't owe the money.

MR. WALKER: Objection. Asked and answered.

THE WITNESS: We contemplated $100,000 for Cheddar. We were never invoiced.

BY MR. DAVEY:

Q. I understand that's your testimony, Mr. Alpern. I'm just saying does JGR admit it owes Spire $100,000?

MR. WALKER: Objection. Asked and answered.