**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:26-CV-133-SCR-DCK**

| | | |
|---|---|---|
| **JOE GIBBS RACING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SPIRE MOTORSPORTS, LLC, and CHRISTOPHER GABEHART,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Spire Motorsports II, Motion To Compel Production Of Documents And Information" (Document No. 107); "Plaintiff Joe Gibbs Racing, LLC's Motion To Compel The Production Of Essential Technical Documents" (Document No. 119); "Defendant Christopher Gabeheart's Motion To Compel Toyota Racing Development, U.S.A., Inc." (Document No. 144); "Defendant Spire Motorsports II, LLC's Motion To Compel The Identification Of Trade Secrets And The Production Of Documents And Metadata" (Document No. 167); and "Plaintiff Joe Gibbs Racing, LLC's Motion To Compel The Production Of Documents And For Leave To Depose Technical Witnesses Regarding The Withheld Documents" (Document No. 171).

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, applicable authority, and the arguments of counsel at a Motions Hearing, the undersigned will grant the motions in part and deny the motions in part.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); see also Hickman v. Taylor, 329 U.S. 495, 507 (1945).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denying motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Rsch. Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting the district court's substantial discretion in resolving motions to compel); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (explaining a "motion to compel discovery is addressed to the sound discretion of the district court.").

## DISCUSSION

This matter is before the Court on five (5) different motions to compel discovery. The Court held a lengthy hearing regarding these motions on October 1, 2026, during which the Court

heard from lawyers representing the three (3) parties to the case, as well as two (2) non-parties. Prior to the Motions Hearing, counsel for all the Parties jointly requested that the Court not issue an immediate ruling from the bench on the pending motions, and instead, delay any ruling until at least October 5, 2026.

Respectfully, the Court wishes the Parties could resolve more of these discovery disputes on their own without Court intervention. The Parties in this case litigate like they race – all out to win. That approach has certainly applied to discovery in this case, and while admirable to an extent, has likely contributed to delays and additional expense. That said, the Court does appreciate the efforts of counsel in advocating for their clients, and occasionally, resolving an issue by compromise. Taking into account Federal Rules of Civil Procedure 1 and 26, as well as the arguments of counsel, the Court will resolve the remaining discovery disputes as follows:

**A. "Defendant Spire Motorsports II, Motion To Compel Production Of Documents And Information" (Document No. 107)**

At the Motions Hearing, Defendant Spire reported that the issues in this motion to compel information from Plaintiff JGR had been narrowed to Items 3, 4, 5, and 7 as identified in "Defendant Spire Motorsports II, LLC's Statement Concerning Its Motion To Compel…" (Document No. 240).

Regarding Item 3, incorporating Defendant Spire's Requests For Production ("RFP") Nos. 3, 5, and 19, Defendant Spire seeks metadata for certain "allegedly misappropriated documents and original images of the documents screenshotted and/or photographed by Gabehart." (Document No. 240, p. 1); see also (Document No. 108-5, pp. 7-10, 23-24). Counsel represented at the Motions Hearing that this issue was nearly resolved, but that the Parties needed a date certain for production.

Based on the foregoing, and the arguments of counsel, the undersigned directs that Plaintiff JGR supplement its document production in response to RFP Nos. 3, 5, and 19, including metadata, on or before **October 9, 2026**.

Item 4 incorporates Defendant Spire's RFP No. 8, and is now limited to seeking production of Plaintiff JGR's agreement(s) with Toyota Racing Development ("TRD"). (Document No. 240, p. 1); see also (Document No. 108-5, pp. 11-12) and (Document No. 137, p. 6).

Plaintiff JGR is directed to provide the full agreement with TRD, consistent with the Parties' "Amended Protective Order" (Document No. 124) and an appropriate tier of protection as determined by Plaintiff JGR and non-party TRD, on or before **October 13, 2026**.

Defendant Spire's Item 5 seeks documents "relating to JGR's alleged damages, including the economic value of allegedly misappropriated trade secrets, in response to Spire's Request No. 10." (Document No. 240, p. 10); see also (Document No. 108-5, pp. 14-15) and (Document No. 137, pp. 4-6). At the hearing, Defendant's counsel specifically identified monthly spreadsheets prepared by JGR Chief Financial Officer Tim Carmichael, and apparently mentioned in his Declaration, as likely to be responsive to the issue of JGR's alleged damages.

The undersigned finds that Plaintiff JGR should supplement its response to Request No. 10 to at least include Mr. Carmichael's monthly spreadsheets, beginning with January 2025, unless the Parties mutually agree to a different time frame and/or scope of responsive documents.

Finally, Defendant Spire's Item 7 seeks documents "sufficient to show services performed by Gabehart while employed at JGR, in response to Spire's Request No. 16." (Document No. 240, p. 2); see also (Document No. 108-5, pp. 19-22). Defendant has noted that if Gabehart is prohibited from performing services of competition director and crew chief as performed by Gabehart at JGR, Spire needs to know more about how Gabehart performed those services.

Plaintiff JGR's counsel acknowledges that there is/was no job description or other document setting out Gabehart's responsibilities.

The undersigned is persuaded that Plaintiff should also further supplement its response to this discovery request. Defendant Spire's suggestion of one (1) month of Gabehart's emails while employed by JGR seems to be a reasonable request and proportional to the needs of the case. Plaintiff JGR shall provide Spire with access to one (1) month of emails as crew chief, and one (1) month of emails as competition director, that would be representative of Gabehart's employment and duties at JGR.

**B. "Plaintiff Joe Gibbs Racing, LLC's Motion To Compel The Production Of Essential Technical Documents" (Document No. 119) and "Plaintiff Joe Gibbs Racing, LLC's Motion To Compel The Production Of Documents And For Leave To Depose Technical Witnesses Regarding The Withheld Documents" (Document No. 171)**

Since Plaintiff JGR's pending motions to compel have overlapping claims and have been addressed, and subsequently summarized by counsel together, the Court will also address the two (2) motions together. See (Document Nos. 119 and 171); see also (Document Nos. 242, 243, 118-5 and 118-6). The undersigned appreciates counsel for both sides working together to narrow the issues in dispute and for presenting a helpful summary of the remaining issues. The undersigned will direct the Parties' discovery production based on the summary table provided via email on October 2, 2026.

First, a contentious and sensitive issue in this lawsuit is the production of "racecar setups." After considering all the Parties' submissions and the arguments, the undersigned is persuaded that *both* Spire and JGR should produce their final, as-raced, racecar setup sheets for the 2025 and 2026 NASCAR Cup Series consistent with the appropriate procedures in the Amended Protective Order,

on or before **October 13, 2026**. In the alternative, the Parties *may* agree to pursue Spire's suggestion of producing the foregoing racecar setups to a neutral expert – as long as that option does not create additional delay of the deadlines in this lawsuit. Spire's proposal would have been welcome, and more feasible, a few months ago.

Next, JGR seeks "additional technical documents" (including run logs, car chief and driver debrief forms, competition meeting materials and missing attachments to competition meeting invitations and emails, lap analysis documents, and EDRP/SMT data) it contends are responsive to RFP Nos. 11, 12, 21, and 24. Apparently, JGR offered to drop the fifth category of EDRP/SMP data, if Spire produced the other categories of documents. (Document No. 242, p. 3).

After considering the Parties' arguments and submissions, the undersigned is persuaded that the requested information is relevant, but likely somewhat burdensome to produce. Under these circumstances, the Court will direct that Defendant Spire supplement its production with the identified categories of information *except* for the EDRP/SMT data that JGR previously offered to drop from its request. Moreover, the Court will allow Spire to limit its production to documents related to the Daytona, Atlanta, Kansas, Circuit of the Americas ("COTA") races and/or any races Defendant Gabehart attended.[1]

Plaintiff JGR also seeks "competition meeting materials" for: (1) Monday morning meetings; (2) NCS competition debrief meetings; (3) engineering meetings; (4) race strategy meetings; (5) post-practice/post-qualifying meetings; and (6) pre-event/race day meetings – limited to meetings Gabehart attended and meetings related to the Daytona, Atlanta, Kansas, COTA races.

[1] It is the Court's understanding that the Parties have an agreement regarding Hendrick Motorsports' ability to review and redact certain materials.

The undersigned finds that Spire must supplement its production to include "competition meeting materials" as proposed by JGR.

Finally, JGR seeks twenty (20) specific categories of additional documents. See (Document No. 171, pp. 5, 11-12; Document No. 212, pp. 7-19; Document No. 243). These particular requests first came to the undersigned's attention at the Motions Hearing. Defendant contends that the information JGR seeks here is "incredibly overbroad" and not "within the scope of the original Requests for Production." (Document No. 212, pp. 8-9). Moreover, Defendant Spire has stated that it "has conducted a reasonable search" and produced some of the requested information.

At this time, the undersigned is not persuaded that further production should be required. If Defendant Spire finds additional responsive information, it shall supplement its production accordingly.

**C. "Defendant Christopher Gabehart's Motion To Compel Toyota Racing Development, U.S.A., Inc." (Document No. 144)**

By the instant motion, Defendant Gabehart seeks to compel non-party TRD to respond to the "Subpoena To Produce Documents…" (Document No. 147-1) it served on or about May 15, 2026. See (Document Nos. 145 and 239). Gabehart notes that it has withdrawn at least two (2) requests and narrowed others. (Document No. 239) (citing Document No. 147-3).

Defendant Gabehart's Subpoena's first three (3) Requests seek internal communications, limited to texts and emails of Andy Graves, Jack Irving, Slugger Labbe, and Tyler Gibbs. (Document No. 147-1, 147-3, 239). Gabehart specifically seeks communications from TRD about: (1) his separation from JGR; (2) his employment with Spire; and (3) contemplated or anticipated

litigation against him. (Document No. 147-1, p. 6). The undersigned is persuaded that the requested information is relevant and proportional to the needs of this case and should be produced.

Next, Gabehart seeks discussions between TRD and other NASCAR teams, including owners and employees, or other third parties, about Gabehart or Spire. (Document No. 147-1). The Court finds that Gabehart's Request No. 5 is overly broad and burdensome and will decline to require any further production by TRD.

Gabehart's Request No. 6 seeks contracts, "including but not limited to OEM or other similar agreements, between JGR and TRD or other related entities reflecting any technical support or services provided by TRD to JGR." Id. The undersigned finds that TRD should promptly produce responsive documents.

Gabehart's final pending Request seeks "any other documents or communications relating to the claims or defenses in this Lawsuit." The undersigned will respectfully deny Request No. 8 as overly broad and burdensome.

**D. "Defendant Spire Motorsports II, LLC's Motion To Compel The Identification Of Trade Secrets And The Production Of Documents And Metadata" (Document No. 167)**

Defendant Spire first seeks to compel the identification of trade secrets JGR contends were misappropriated by Gabehart and/or Spire. See (Document No. 168, and 241) (citing Interrogatory Nos. 2 and 22). Defendant(s) understandably want a final statement as to JGR's alleged trade secrets at issue; JGR in turn asserts that the rolling production of discovery has led to the necessity of multiple supplementations to this question.

The undersigned agrees that Plaintiff should promptly and fully identify the trade secrets at issue in this litigation. Plaintiff shall further (and finally) supplement its answer on or before **October 16, 2026**.

Next, Spire seems to seek clarification as to proper use of the "clean room" and suggested at the Motions Hearing that the Parties have different views on how to read the relevant portion of the "Amended Protective Order" (Document No. 124). Apparently, Spire contends that documents produced in the clean room should include complete and accurate metadata, and that only documents containing alleged trade secrets should be submitted to the clean room. (Document Nos. 168 and 241).

Based on counsel's presentations and other information before the Court, the undersigned respectfully encourages the Parties to confer in a good faith attempt to resolve any differences in their positions on proper use of the clean room. The undersigned will decline to compel any action at this time; if necessary, the Parties may file an appropriate motion seeking clarification as to the "Amended Protective Order" (Document No. 124).

Finally, Spire contends JGR has improperly withheld certain documents on the basis of privilege. (Document Nos. 168 and 241). Apparently, there are only five (5) documents at issue and none have attorney communication; however, four (4) of the documents allegedly do involve legal advice from counsel. JGR contends it has produced redacted versions of two (2) of the documents.

This final dispute certainly seems resolvable by capable counsel on both sides. Plaintiff is respectfully encouraged to produce redacted versions of all five (5) documents and for counsel to confer in a final attempt to reach agreement on this issue. If absolutely necessary, Defendant Spire may file a concise motion addressing the five (5) (or fewer) documents at issue.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Spire Motorsports II, Motion To Compel Production Of Documents And Information" (Document No. 107) is **GRANTED**, as directed herein.

**IT IS FURTHER ORDERED** that "Plaintiff Joe Gibbs Racing, LLC's Motion To Compel The Production Of Essential Technical Documents" (Document No. 119) is **GRANTED**, as directed herein.

**IT IS FURTHER ORDERED** that "Defendant Christopher Gabeheart's Motion To Compel Toyota Racing Development, U.S.A., Inc." (Document No. 144) is **GRANTED in part** and **DENIED in part**, as directed herein.

**IT IS FURTHER ORDERED** that "Defendant Spire Motorsports II, LLC's Motion To Compel The Identification Of Trade Secrets And The Production Of Documents And Metadata" (Document No. 167) is **GRANTED in part** and **DENIED in part**, as directed herein.

**IT IS FURTHER ORDERED** that "Plaintiff Joe Gibbs Racing, LLC's Motion To Compel The Production Of Documents And For Leave To Depose Technical Witnesses Regarding The Withheld Documents" (Document No. 171) is **GRANTED in part** and **DENIED in part**, as directed herein.

**IT IS FURTHER ORDERED** that unless otherwise ordered herein, the Parties (and non-party) shall complete their document production and/or other discovery supplementation on or before **October 16, 2026**. Any production should be in consultation with opposing counsel and consistent with the appropriate protections provided by the "Amended Protective Order" (Document No. 124).

**IT IS FURTHER ORDERED** that where necessary and appropriate, the Parties may continue previous depositions for the limited purpose of addressing newly produced discovery. No depositions should exceed **seven (7) hours in total**.

**IT IS FURTHER ORDERED** that the Parties' requests for fees and costs are **DENIED**.

**SO ORDERED**.

Signed: October 7, 2026

David C. Keesler
United States Magistrate Judge