**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **JOE GIBBS RACING, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,**<br><br>**Defendants.** | **Case No. 3:26-cv-00133-SCR-DCK** |

# DEFENDANT CHRISTOPHER GABEHART'S OPPOSITION TO PLAINTIFF JOE GIBBS RACING, LLC'S MOTION FOR LEAVE TO FILE ITS ANSWERS TO DEFENDANTS' COUNTERCLAIMS OUT OF TIME

Plaintiff Joe Gibbs Racing, LLC ("JGR") offers no adequate justification for its failure to timely answer Defendant Christopher Gabehart's Counterclaims. Instead, JGR blames "inadvertent oversight"—while the record shows that JGR had ample time and resources to file a half-dozen discretionary motions during the very period in which it now claims it was too busy to meet a mandatory deadline. Its motion for leave to file an answer two weeks after it was due should be denied.

## I. LEGAL STANDARD

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). JGR bears the burden of demonstrating excusable neglect, which it cannot do because "run-of-the-mill inattentiveness by counsel" is not excusable neglect. *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (quoting *Thompson v. E.I. DuPont de Nemours & Co. Inc.*, 76 F.3d 530, 535 (4th Cir. 1996)).

## II. JGR'S EXCUSE IS BELIED BY ITS OWN CONDUCT

JGR attributes its missed deadline to its counsel's "inadvertently and incorrectly fail[ing] to calendar the deadline" and the "considerable amount of concurrent briefing" during the relevant period. Mot. at 3, 5. But much of that briefing was of JGR's own making.

Between the Court's August 26, 2026, rulings on JGR's motions to dismiss and JGR's belated Answer, JGR made six discretionary filings, none of which carried a court-imposed deadline:

- A notice of supplemental evidence in support of its motion to compel the production of documents from Defendant Spire Motorsports II, LLC ("Spire"). ECF 157, filed August 27, 2026.
- A motion to alter the case schedule and for expedited briefing. ECF 164, filed August 28, 2026.
- A motion to compel documents from both Defendants and for leave to depose technical witnesses. ECF 170, filed August 31, 2026.
- A motion for an order to show cause seeking a contempt order against Gabehart and Spire. ECF 218, filed September 15, 2026.
- A motion for sanctions against Gabehart. ECF 224, filed September 16, 2026.
- A motion for preliminary injunction against Spire. ECF 230, filed September 17, 2026.

JGR's filing activity did not stop there. During this same period, JGR's insistence on sealing information that Gabehart contends (and the Court has agreed) does not warrant protection generated a cascade of additional filings—motions to seal, redacted documents, and the attendant procedural clutter. *See, e.g.*, ECF 188, 198, 203, 211.

The pattern is unmistakable: JGR devoted its resources to an aggressive campaign of motions—timed around the close of fact discovery and the parties' mediation—while leaving Gabehart's Counterclaims unanswered. That approach is at odds with Rule 1's directive that the Federal Rules be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Having made that choice, JGR cannot now rely on its workload as an excuse, and none of its authority holds otherwise.

## III. JGR'S AUTHORITY DOES NOT SUPPORT ITS POSITION

JGR cites no case holding that a party's decision to devote its lawyers to its own offensive motions practice excuses a missed answer deadline. The cases JGR does cite fall into two groups. The first—*Pioneer*, *Thompson*, and *Symbionics*—set the governing standard, and that standard defeats JGR's motion. The second—*Colleton Preparatory Academy*, *Kasparov*, *Chambers*, *Turner*, and *Jones*—excused delays caused by circumstances absent here. None involved a represented party that filed discretionary motions on the same docket while its answer deadline passed.

JGR concedes that "the reason for the delay is the most important factor." Mot. at 3 (citing *Symbionics*, 432 F. App'x at 219). Its own authority shows why that factor controls here. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* the Supreme Court found excusable neglect because the relevant date was placed in a meeting notice without explanation, creating a "dramatic ambiguity" that was "outside the ordinary course." 507 U.S. 380, 398 (1993). The Court gave "little weight" to the "upheaval" in counsel's law practice, *id.*, and cautioned that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. JGR identifies no ambiguity. It admits that its deadline

arose under Rule 12(a)(4)(A) and the Court's August 26 Text Orders. Mot. at 2. Its explanation—a busy docket and a calendaring failure—is the type of explanation *Pioneer* discounted.

The Fourth Circuit applies *Pioneer* with rigor. "'Excusable neglect' is not easily demonstrated, nor was it intended to be," and "a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing." *Thompson*, 76 F.3d at 534 (citation omitted). A court "should find excusable neglect only in the extraordinary cases where injustice would otherwise result." *Id.* (internal quotation marks omitted). In *Symbionics*, the court reversed a finding of excusable neglect where counsel miscalculated a deadline, holding that there was "nothing extraordinary or unusual about counsel's calendaring error." 432 F. App'x at 220. JGR offers the same excuse: Its counsel "inadvertently and incorrectly failed to calendar the deadline." Mot. at 3, 5.

The remaining cases JGR cites arose from circumstances unlike those here. In *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, the defendant's registered agent sent the summons and complaint to a different company, and the defendant did not learn of the lawsuit. 616 F.3d 413, 419-20 (4th Cir. 2010). JGR, by contrast, received the Court's rulings and made filings on the same docket within days.

In *Kasparov, Pte Ltd. v. Zacherl*, the missed deadline resulted from "an internal process failure when an attorney responsible for docket management left the firm." No. 5:22-CV-503-D, 2024 WL 3039647, at *1 (E.D.N.C. June 17, 2024). Even then, the court "admonishe[d]" counsel to correct the failure. *Id.* at *2. JGR identifies no comparable event; its counsel remained in place and active on this docket throughout the answer period. JGR also invokes *Kasparov*'s observation that opposing counsel "could have mitigated any prejudice with a short communication." Mot. at 5 (quoting *Kasparov*, 2024 WL 3039647, at *1). But that observation goes to prejudice, not to the

reason for the delay, and it was JGR's responsibility—not Gabehart's—to track JGR's own deadlines.

*Chambers* is further afield. The defendants in *Chambers* were detention officers whose summonses were mailed to their jail, where a jail administrator—not a party—mistook the papers for a dismissal of the case and did not notify the County Attorney or other counsel. *Chambers v. Brown*, No. 1:24CV562, 2025 WL 654139, at *4 (M.D.N.C. Feb. 28, 2025). The court could not conclude on that record that the delay was within the defendants' reasonable control. *Id. Chambers* also reaffirmed that "'[e]xcusable neglect' is not easily demonstrated," *id.* at *2 (quoting *Thompson*, 76 F.3d at 534), and presumed good faith because there was "no evidence that the delay in filing was to gain a tactical advantage," *id.* at *5 (citation omitted). Here, in the days after its answer deadline passed, JGR sought contempt, sanctions, and injunctive relief against the very parties whose counterclaims it had left unanswered.

*Turner* undercuts JGR on the most important factor. The court held that the defendant's motion "fail[ed] to present a reason for the omission," noted that the same court had found an answer filed three days late to be inexcusable neglect, and repeated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Turner v. Supreme Ct. of Va.*, No. 4:18CV123, 2019 WL 13297449, at *4 & n.4 (E.D. Va. Feb. 20, 2019) (quoting *Pioneer*, 507 U.S. at 392). The court allowed the late answer as a matter of discretion "[i]n the interests of justice" because the defendant had "undeniably revealed an intent to defend." *Id. Turner* does not hold that a delay like JGR's is excusable.

In *Jones*, counsel delivered an opposition brief to the Clerk's Office on the due date, but the Clerk rejected it because it was not filed electronically; counsel registered for electronic filing and filed four days later. *Jones v. Jones*, 206 F. Supp. 3d 1098, 1110 (E.D. Va. 2016). The court

found the delay excusable because it occurred early in the case and counsel promptly took the steps needed to comply. *Id.* JGR missed its answer deadline by two weeks, after fact discovery closed, while filing multiple motions and other papers on the same docket. Mot. at 4.

JGR's motion lists thirteen attorneys from two large law firms. Mot. at 7-8. This is not a solo practitioner juggling multiple matters or a small firm caught off guard by an unexpected ruling. JGR had the resources—and the obligation—to track a fourteen-day answer deadline. It chose to direct those resources elsewhere.

Excusable neglect requires more than a party's assertion that it was busy. A party that directs its resources to its own motions while leaving an opponent's claims unanswered has made a strategic choice. JGR's missed deadline was the result of that choice, not excusable neglect.

## IV. CONCLUSION

In the weeks surrounding its missed deadline to answer Gabehart's Counterclaims, JGR filed discretionary motions seeking compelled discovery, a contempt order, sanctions, and a preliminary injunction. JGR has offered no adequate explanation for its failure to answer, much less the "excusable neglect" required to file an untimely answer. The Court should deny JGR's motion.

This the 8th day of October, 2026.

By: */s/ Cary B. Davis*
Cary B. Davis
N.C. Bar No. 36172
cdavis@rbh.com
Spencer T. Wiles
N.C. Bar No. 53664
swiles@rbh.com
William M. Miller
N.C. Bar No. 36946
wmiller@rbh.com
Anna Claire Tucker

N.C. Bar No. 59457
atucker@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536

*Attorneys for Defendant Christopher Gabehart*

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 8, 2026

/s/ *Cary B. Davis*
Cary B. Davis