**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:26-CV-133-SCR-DCK**

| | | |
|---|---|---|
| **JOE GIBBS RACING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **<u>ORDER</u>** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SPIRE MOTORSPORTS, LLC, and CHRISTOPHER GABEHART,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Spire Motorsports II, LLC's Motion To Seal Certain Exhibits To Consolidated Response To Plaintiff's Second And Third Notices Of Supplemental Evidence" (Document No. 360) and "Defendant Christopher Gabehart's Motion To Seal Certain Portions Of Response To Plaintiffs' Second And Third Notices Of Supplemental Evidence" (Document No. 363) filed October 27, 2026. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will <u>grant</u> the motions.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)** ***Scope of Rule***. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making. As used in this Rule, "materials" includes pleadings and documents of any nature and in

any medium or format.

**(b)** ***Filing under Seal***. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** ***Motion to Seal or Otherwise Restrict Public Access***. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

Having considered the factors provided in LCvR 6.1(c), and recognizing that Defendants' filed redacted version of the documents it seeks to seal, the Court will allow the requested relief. See (Document Nos. 358 and 361).

Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from parties or non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Defendant Spire Motorsports II, LLC's Motion To Seal Certain Exhibits To Consolidated Response To Plaintiff's Second And Third Notices Of Supplemental Evidence" (Document No. 360) is **GRANTED**. Document No. 359 and its attachments shall remain **SEALED** until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that "Defendant Christopher Gabehart's Motion To Seal Certain Portions Of Response To Plaintiffs' Second And Third Notices Of Supplemental Evidence" (Document No. 363) is **GRANTED**. Document No. 362 shall remain **SEALED** until otherwise ordered by the Court.

**SO ORDERED**.

David C. Keesler
United States Magistrate Judge