IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-CV-00133-SCR-DCK

| | |
|---|---|
| **JOE GIBBS RACING, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,**<br><br>**Defendants.** | **DEFENDANT CHRISTOPHER GABEHART'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendant Christopher Gabehart ("Gabehart"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Civil Rule 7.1, and 28 U.S.C. § 2201, respectfully moves the Court for partial summary judgment against Plaintiff Joe Gibbs Racing, LLC ("JGR"). There is no genuine dispute as to any material fact, and Gabehart is entitled to judgment as a matter of law on the following:

1. **Noncompete.** A declaratory judgment on his counterclaim that the noncompete in Section 6 of his Employment Agreement is unenforceable under North Carolina law and, in any event, that its eighteen-month restriction does not apply to him, together with judgment against JGR on its claim for breach of the noncompete;

2. **Wage and Hour Act.** Summary judgment on his counterclaim under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.*, awarding his unpaid wages, an equal amount as liquidated damages, interest, and reasonable attorneys' fees and costs under N.C. Gen. Stat. § 95-25.22; and

3. **Trade Secrets.** Summary judgment on JGR's claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and the North Carolina Trade Secrets Protection Act, N.C. Gen.

Stat. § 66-152 *et seq.*, finding (a) no genuine issue of material fact that the 2025 racecar setups and November 7, 2025 photographs that were removed from Gabehart's possession pre-suit, and the Crew Chief Notes located on Gabehart's personal OneDrive during the Court-ordered forensics process, were not used or disclosed and therefore JGR suffered no damages caused by any misappropriation of those alleged trade secrets; and (b) as to all other claimed trade secrets, that Gabehart is entitled to summary judgment because JGR failed to identify its alleged trade secrets with particularity, the information at issue does not qualify as a trade secret, JGR has no admissible evidence of damages, and/or that no trade secret was improperly acquired, used or disclosed.

In support of this Motion, Gabehart relies on and incorporates his contemporaneously filed Memorandum of Law, the exhibits submitted therewith, and the pleadings and record in this action. Gabehart also adopts the arguments set forth in the Memorandum of Law in Support of Defendant Spire Motorsports II, LLC's Motion for Summary Judgment that JGR has failed to identify its alleged trade secrets with particularity, that the information at issue does not qualify as a trade secret, that JGR has no admissible evidence of damages, and that no trade secret was disclosed to Spire or used for Spire's benefit, because those arguments apply equally to him.

WHEREFORE, Gabehart respectfully requests that the Court grant this Motion and enter (1) a declaratory judgment that the Section 6 noncompete is unenforceable and, in any event, that its eighteen-month restriction does not apply to him, together with judgment against JGR on its claim for breach of the noncompete; (2) judgment in his favor on his NCWHA counterclaim, awarding unpaid wages, an equal amount as liquidated damages, interest, and reasonable attorneys' fees and costs; (3) judgment in his favor on JGR's DTSA and NCTSPA claims; and (4) such other and further relief as the Court deems just and proper.

This the 9th day of November, 2026.


By: _/s/ Cary B. Davis_
Cary B. Davis
N.C. Bar No. 36172
cdavis@rbh.com
Spencer T. Wiles
N.C. Bar No. 53664
swiles@rbh.com
William M. Miller
N.C. Bar No. 36946
wmiller@rbh.com
Anna Claire Tucker
N.C. Bar No. 59457
atucker@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536

*Attorneys for Defendant Christopher Gabehart*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: November 9, 2026

*/s/ Cary B. Davis*
Cary B. Davis