IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-CV-133-SCR-DCK

| | | |
|---|---|---|
| **JOE GIBBS RACING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SPIRE MOTORSPORTS, LLC, and CHRISTOPHER GABEHART,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Spire Motorsports II, LLC's Motion To Compel The Inspection Of JGR's Alleged Trade Secrets" (Document No. 296) filed October 8, 2026. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will respectfully deny the motion.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); see also Hickman v. Taylor, 329 U.S. 495, 507 (1945).

"A party seeking discovery may move for an order compelling . . . inspection." Fed.R.Civ.P. 37(a)(3)(B). Such a motion may be made if "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Id. Fed.R.Civ.P. 34(a) permits a request to enter a party's property only "within the scope of Rule 26(b)," and Rule 26(b) directs that the Court "must limit" discovery that "is unreasonably cumulative, duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that the requesting party "has had ample opportunity to obtain the information by discovery in the action." Fed.R.Civ.P. 26(b)(2)(C)(i)-(ii).

"Neither rule 34 nor rule 26, the general discovery rule, permits blanket discovery upon bare skeletal request when confronted with an objection, . . . [s]ome degree of need must be shown." Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 908 (4th Cir. 1978). "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted." Id. "[T]he degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." Id.

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denying motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Rsch. Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting the district court's substantial discretion in resolving motions to compel); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (explaining a "motion to compel discovery is addressed to the sound discretion of the district court.").

## DISCUSSION

By the instant motion, Defendant Spire Motorsports II, LLC ("Spire") seeks to compel Plaintiff Joe Gibbs Racing, LLC ("JGR") "to permit entry on to JGR's property for inspection of equipment that constitute JGR's alleged trade secrets." (Document No. 296, p. 1). Spire asserts that "JGR has alleged its trade secrets include 'proprietary methods and tools' . . . and has claimed ownership over several specific examples of equipment." (Document No. 297, p. 1).

Spire proposes that "a simple inspection of both parties' equipment side-by-side would demonstrate that JGR's misappropriation claims have no merit." Id. "Although the only evidence is that Spire independently developed its testing equipment without any input from Gabehart, Dkt. 275-11, Spire seeks to physically inspect JGR's equipment so that its experts can compare JGR's equipment to Spire's to further disprove JGR's claims." (Document No. 297, p. 3).

In support of allowing an inspection of JGR's equipment on JGR's property, Spire first argues that the burden of the inspection on JGR is "far outweighed by the need to understand the alleged trade secrets." (Document No. 297, p. 5). Spire asserts that "it is hard to imagine how [it] can defend itself without inspection of JGR's physical trade secrets and related equipment, which JGR has not produced in this litigation or made available to Spire." (Document No. 297, p. 6). Spire further asserts that "JGR cannot put its equipment at issue . . . and then prohibit Spire from seeing it." Id. Spire contends that any burden on JGR can be mitigated by the Court's Protective Order. (Document No. 297, pp. 6-7).

Next, Spire argues that JGR has claimed that its "equipment" is a trade secret, and that such equipment is inspectable. (Document No. 297, p. 8). Spire notes that "[e]ntry on land is proper to inspect 'any designated object or ***operation*** on it.'" Id. (quoting Fed.R.Civ.P. 34(a)(2)).

Defendant Spire further argues that although fact discovery was to be complete by August 31, 2026, its request for inspection on that date is timely. (Document No. 297, p. 9); see also (Document No. 297-4). Spire contends that any delay is due to JGR, because it "revealed the 'memorized' trade secrets targeted by Spire's inspection request **for the first time** on August 18, 2026." Id. (citing Document No. 170-15). According to Spire, "JGR continues serving supplemental interrogatory responses purporting to identify even more trade secrets." Id. Spire concludes that because JGR has delayed Spire's ability to see necessary discovery, the Court should compel the requested inspections. (Document No. 297, p. 10).

Finally, Spire argues that, contrary to JGR's claims, the instant request for inspections does not exceed the Court's limitations on discovery. Id.

In response to Defendant Spire's Motion To Compel, Plaintiff JGR makes three main arguments. (Document No. 347). First, JGR argues that the request to inspect is unenforceable since it was served on the last day of fact discovery, and therefore, necessarily sought responses *after* the discovery completion deadline. (Document No. 347, p. 5) (citing Document No. 117). JGR contends that "Spire cannot show good cause" for the late discovery requested because it has not shown diligence in seeking this now pending request for inspection. (Document No. 347, p. 6). JGR then notes that the Court issued an Order on October 7, 2026, requiring JGR's final trade-secret identification, but "did not reopen fact discovery for premises inspections." Id.

> Indeed, the Court there observed that a different Spire proposal — producing racecar setups to a neutral expert — "would have been welcome, and more feasible, a few months ago." *Id.* at 6. The same is true here.

Id.

Next, JGR argues that its trade secrets "include know-how that inspection cannot reveal." (Document No. 347, pp. 6-7). Moreover, JGR asserts that Spire requests an inspection "showing

JGR's equipment as it existed during the Request's January 2022 to November 2025 'applicable timeframe,'" but offers no "explanation of how it will inspect equipment from the past and not authority for the proposition." (Document No. 347, p. 7) (citing Document No. 297-5, p. 6). In addition, JGR asserts that the requested information is available through less intrusive means such as drawings, photographs, written procedures, spreadsheets, and testimony that have already been provided. (Document No. 347, pp. 7-8). Apparently, Spire's own expert relied on such materials to produce an expert report. (Document No. 347, p. 8) (citing Document No. 299-4).

Finally, JGR argues that the burdens and dangers of a competitor's inspection outweigh any benefit. (Document No. 347, pp. 9-10).

> Spire is a direct competitor, and it proposes to send its own personnel and experts into JGR's working race shop to measure, photograph, videotape, test, and sample. . . . JGR's shop is an integrated, access-controlled facility; anyone escorted to the requested equipment would necessarily observe adjacent operations, competition cars being prepared for upcoming races, and work for JGR's other Cup teams. . . . A document produced in error can be clawed back; a competitor's engineers cannot unsee what they observe.

(Document No. 347, p. 9) (internal citations omitted).

In it Reply, in most pertinent part, Defendant Spire seems to assert that it must not only inspect JGR's equipment, but also its operation and "in-shop processes." (Document No. 366, p. 3). "[S]uch observation must happen to allow Spire's experts to engage in meaningful analysis of how Spire's equipment and processes compare to JGR's, if at all." Id. Spire then asserts that there is no less intrusive means to get the information it needs – "[n]o description in written or oral form allows Spire and its experts to meaningfully evaluate the equipment and processes JGR is claiming as its own." Id.

Spire further argues that it has acted with diligence in seeking discovery, noting that JGR served a seventh supplemental response to discovery Spire's interrogatories on October 16, 2026, and that the Parties were conducting a dozen or more depositions during the closing days of discovery. (Document No. 366, pp. 5-6).

In short, the undersigned finds Plaintiff JGR's arguments in opposition to the pending Motion To Compel to be most persuasive. In particular, the undersigned finds that there are less intrusive ways for JGR to provide detailed information about any trade secrets it alleges were violated than conducting an inspection of JGR's premises. It appears that such alternative means have been successfully utilized. See (Document No. 347, pp. 3-4, 7-8).

JGR asserts that:

> Spire has the drawings, which are the "blueprint" for the equipment; the photographs; the written procedures, from which "a technician could reasonably . . . perform the test"; the fill-level spreadsheet; and testimony from JGR's Technical Director. Ex. 3, MacGowan Dep. at 176:9–12, 201:8–10, 217:19–218:21. Spire's own expert used those materials and that exact "blueprint" to compare JGR's tools to commercial products and to Spire's equipment, and to posit that JGR's methods are not novel. Doc. No. 299, Ex. E, Leahy Rep at 31, 34–35, 37. Spire's assertion that "it is hard to imagine how Spire can defend itself without inspection," Doc. No. 297 at 6, is in direct contradiction to its own expert report. To the extent Spire needs more, the Court has already authorized continued depositions to address newly produced discovery. Doc. No. 286 at 11.

(Document No. 347, pp. 7-8).

Based on JGR's arguments, and noting the expedited nature of this action, the undersigned finds that Defendant Spire's request to conduct an inspection on JGR's premises should be denied.[1]

**IT IS, THEREFORE, ORDERED** that "Defendant Spire Motorsports II, LLC's Motion To Compel The Inspection Of JGR's Alleged Trade Secrets" (Document No. 296) is **DENIED**.

[1] The undersigned observes that the Parties' dispositive motions deadline was November 9, 2026.

**SO ORDERED**.

Signed: November 10, 2026

David C. Keesler
United States Magistrate Judge