# EXHIBIT FF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-CV-00133-SCR-DCK

JOE GIBBS RACING, LLC,, )
)
Plaintiff, )
)
vs. )
)
CHRISTOPHER GABEHART AND )
SPIRE MOTORSPORTS II, LLC, )
)
Defendants. )
)
_____________________________ )

VIDEOTAPED DEPOSITION OF
CLARK C. WALTON
(Taken by Defendant)
Charlotte, North Carolina
Thursday, October 29, 2026

Reported in Stenotype by
Kristy L. Clark, RPR, NV CCR #708,
CA CSR #13529, NC Notary #201807900150

Veritext Legal Solutions Job No. NC8533201

Q. Let's see. Part B, page 11.

A. So I think you asked me about the creation of CG master, the CG master file. This is where I address that, and it's -- it's in some data that I recently analyzed. So that -- that reads, and I think it's on point, so we did our collection on January 12th. Mr. Gabehart created 2026 CG master on January 14th, 2026. That drops to a footnote.

That's from the jump list report for Mr. Marchese's rebuttal is where I got that from. So it was initially created on what we define as the undisclosed, personal laptop, like the one that was not subjected to forensic review at the time which also then synced to the personal Gabehart OneDrive. I provide the file path there. The personal Gabehart being -- OneDrive being another item we didn't have access to, so that's where I got those dates.

Q. Got it.

A. When I say "access to," I meant in terms of the return protocol --

Q. Got it.

A. -- also.

Q. Okay. I will call you back to Walton Deposition Exhibit No. 7, your original report. We'll go to paragraph 89. You can read the whole paragraph.

that, February 5th or so.
And I know the -- the folder -- your expert notes it's deleted -- it's deleted -- its empty in the zip file. I can't speak to the contents in the intervening two weeks, but that's the history of that folder.
Q. Okay. You answered my questions.
So do you have any evidence, any forensic evidence, as you sit here today, that Mr. Gabehart downloaded any JGR car setups to the Spire laptop setups?
A. I don't know. Now I know what to look for in terms of what was in the past setups folder. I don't know what was in this quick notes folder for the week that -- or One Note file for the week that he was in it. You know, was one of the docs that we identified as taken early on sitting on his desktop? Was it that blatant? No, but I -- beyond that, I have questions about that.
Q. I guess in terms of affirmatively citing some type of forensic evidence, you don't have anything that would indicate that a past -- that a car setup was download to the Spire laptop?
A. I don't have that right now. But I would also, you know, consider that more of a limitation of

A. -- what they were created from. Not dates.
Q. Did you seek to determine the device these were created from in the way you just described?
A. I did not.
Q. And do you recognize these files in paragraph 35 as among the files that you deleted during the first protocol?
A. Yes. These would have been deleted from the past setups folder I think on or about February 5th.
Q. And you deleted these files from Mr. Gabehart's Google Drive using access from credentials he supplied; correct?
A. Correct. Yes.
Q. Would the deletion of these files have closed off an avenue for recovering some of the metadata we have been describing?
A. Out of the Google Drive, potentially.
Q. Can you explain that briefly because we're running short on time?
A. Yeah, sorry. So Google -- if anybody uses Google Drive here, when you've got a document in Google Drive, it will retain a history, sort of a running history of the file, things like when it was created who it was shared with, when it was last edited, who edited it, that type of thing.

mentioned earlier that you deleted files, so I just -- scratch that.
To back up. What were the two devices or accounts that were subject to the protocol?
A. There was his S22 and his Google Drive specifically. Not any other asset in Google.
Q. And you mentioned earlier that you deleted files from the S22 before returning the device to Mr. Gabehart?
A. On January whatever it was, yes. The 16 that we knew about were deleted. We saw others. We inquired as to whether we should delete those that same day, and we were told to follow the protocol.
Q. Were there additional files -- who provided that instruction?
A. That would have been -- I think it was maybe jointly through counsel. We asked counsel what to do because we got, you know, JGR's material in front of us. What do we do with this? We were told to hold off and follow the protocol.
Q. Who were the lawyers you're talking about?
A. Tory Summey on our side, and I gather it may have been -- is it Mr. Davis, Cary? But I don't know.
Q. And were there additional files identified after the S22 was returned for remediation or deletion?

of the interrogatory responses here.
A. Flip back to page 80?
Q. It's ahead to page 80.
A. All right. I'm on 80.
Q. Okay.
A. Okay.
Q. You see there 11 car roster?
A. I do.
Q. That's another file that was identified -- that according to the location, was identified by Reliance Forensics on Gabehart's Google Drive; correct?
A. There was another file with that name. You know, just by looking at the names of the files, I mean, I have already seen a couple in here that were cause for pause, like meetings.1. That's a couple down. There have been multiple copies of that floating around in this litigation; so I'm not going to take for granted that just because it's got the same title that it's the same document. There's multiple copies of CG master floating around, but they appear to be that -- that file name is there.
Q. Is another way to check beyond the file name would be to -- is there another way to check beyond the file name for these to see if these files correspond to ones that went through the prelitigation protocol?

A. If it's an exact match, you could do a hash check. If it's not an exact match and -- it's hard with office docs in particular because every time you do something to it, it changes. You would be reduced to doing a side-by-side.

Q. But if there were a hash match from one of the files identified here in this chart that we've been looking at to one of the files that went through the prelitigation protocol, you would agree that that's a file that Reliance had access to at the time of prelitigation protocol?

MR. MARSHALL: Object to form.

THE WITNESS: At least a copy of that. It could have been in another location. But yeah, if it's a hash match, it's the exact same file.

MR. MILLER: Okay. Could we get a time check? Maybe a brief break to see if I can wrap this up.

THE VIDEOGRAPHER: We're at about six hours, five or ten minutes.

MR. MILLER: Can we take maybe ten minutes so I can figure out?

THE VIDEOGRAPHER: The time is 6:41 p.m. We're now off the record.

(Whereupon a short recess was taken.)