**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| JOE GIBBS RACING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GABEHART and SPIRE MOTORSPORTS II, LLC,<br><br>Defendants. | Case No. 3:26-cv-00133-SCR-DCK |

**DEFENDANT SPIRE MOTORSPORTS II, LLC'S NOTICE OF WITHDRAWAL OF MOTION TO APPOINT A TECHNICAL ADVISOR**

PLEASE TAKE NOTICE that Defendant Spire Motorsports II, LLC ("Spire"), by and through undersigned counsel, submits this Notice of Withdrawal of its Motion to Appoint a Technical Advisor, Dkt. 291 (the "Motion"), and its accompanying Memorandum of Law in support thereof, Dkt. 292. Spire withdraws the Motion because Joe Gibbs Racing, LLC ("JGR"), realizing that the complicated racecar setup comparison it promised the Court would not bear fruit or proof of misappropriation, has largely abandoned that comparison. JGR's about-face moots any need for a technical advisor.

Spire moved for appointment of a technical advisor because JGR repeatedly represented to the Court that a detailed, comprehensive, and technically complex comparison of the parties' racecar setups for the 2025 and 2026 NASCAR Cup Series seasons would supply the proof of misappropriation it has been desperately attempting to drum up since this case began. At an October 1, 2026 motion to compel hearing, counsel for JGR told the Court that setups were "the most important issue" before it, that its "experts need this information" to compare Spire's 2025 and 2026 setups against JGR's 2025 setups, and that its expert regarded a side-by-side comparison

of Spire's and JGR's setups as "the most direct method of assessing whether the setups were put in use." Dkt. 377 at 64, 73-74; JGR Oct. 1 Hr'g Presentation at 26.[1] JGR's counsel compared Spire's non-production to a patent plaintiff never obtaining "the core source code" it needed to prove its case. Dkt. 377 at 108. JGR further underscored setups as the focus of its case as it justified its request to seal the courtroom: "the central issue that we're planning to spend the most time talking about is the issue of setups." *Id.* at 50. JGR's motion to compel briefing likewise described the setups as "the fundamental technical documents JGR needs to test the extent to which Spire has implemented JGR's trade secrets." Dkt. 119-1 at 1; *see also id.* at 7 (characterizing setups as "the very documents that would reveal whether implementation occurred"); *id.* at 6 ("JGR must be permitted to examine documents evidencing Spire's car setups" to "examine how Spire has used the . . . JGR confidential information to compete with JGR").

JGR now has all the setups (amounting to well over 500 in total). The setups did not deliver the proof JGR had hoped for. Indeed—in recognition of the fact that the setups vary widely and do not show misappropriation—JGR's own experts did not even attempt a comprehensive comparison of Spire's 2026 to JGR's 2025 setups, and they ignored JGR's 2026 entirely. Instead, their expert "analysis" consisted of comparing a few cherry-picked parameters (selected by JGR's Wally Brown) for at most three cars at two races. Dkt. 381 at 15; Dkt. 395-7 (Wheeler Supp. Rep.) ¶¶ 16-17, 20-27, 42-51; Frood Dep. 154:3-24; Wheeler Dep. 98:14-100:21. In other words, Spire's setups passed JGR's "test" and the so-called "source code" JGR needed to prove its case actually undermined it. As a result, JGR's experts dropped the contention that setups prove JGR's case

[1] This presentation is not on the docket. It was submitted to the court *in camera* by JGR's counsel at the October 1 motion to compel hearing.

and have now taken up the argument that setups can be the "same" even if they are different. *See* Dkt. 408 at 35, 55.

Given that JGR abandoned the comprehensive, detailed analysis and comparison it previously promised, Spire's Motion is largely moot. *E.g.*, Dkt. 292 at 6-8 (identifying reasons for the Motion, including the expectation that JGR would comprehensively analyze setup data in a manner that would require the Court to evaluate competing, voluminous technical analyses). The technical evidence offered by JGR is far simpler than Spire expected, and the setup data has not become the "mountain" of thousands of contested data points that prompted Spire's Motion, Dkt. 292 at 1, 7.

Because the premise of the Motion no longer holds, in the interest of conserving the resources of the Court and the parties and in view of upcoming dispositive motion and trial deadlines, Spire withdraws the Motion. Spire does so without conceding the reliability or admissibility of any opinion offered by JGR's experts, which Spire has challenged separately, and without prejudice to its ability seek appropriate relief should the technical record materially change before trial.

Dated: November 19, 2026

By: */s/ Joshua D. Davey*
Joshua D. Davey (N.C. Bar No. 35246)
Jason D. Evans (N.C. Bar No. 27808)
Lawrence J. Cameron (N.C. Bar No. 41922)
Troy C. Homesley, III (N.C. Bar No. 62148)
Anais M. Jaccard (N.C. Bar No. 58438)
Ben E. Whorf (N.C. Bar No. 64279)
**TROUTMAN PEPPER LOCKE LLP**
301 S. College St., 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1503
joshua.davey@troutman.com

lawrence.cameron@troutman.com
troy.homesley@troutman.com
anais.jaccard@troutman.com
ben.whorf@troutman.com

John S. “Evan” Gibbs III – Pro Hac Vice
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree St. NE #3000
Atlanta, GA 30308
Telephone: (404) 885-3093
evan.gibbs@troutman.com